1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SYLABS, INC.,                              Case No.  23-cv-00849-SVK

8                    Plaintiff,                 **FILED UNDER SEAL**

9         v.                                    **ORDER CONTINUING INITIAL CASE**
                                                **MANAGEMENT CONFERENCE;**
10   GREGORY ROSE, et al.,                      **ORDER DENYING WITHOUT**
                                                **PREJUDICE ADMINISTRATIVE**
11                   Defendants.                **MOTION TO SEAL**

12                                              Re: Dkt. No. 22

13

14        Plaintiff Sylabs, Inc. ("Plaintiff") initiated this action on February 24, 2023.  Dkt. 1.  Now

15   pending before the Court is Plaintiff's second motion to continue the initial case management

16   conference to November 21, 2023 (the "Motion").  Dkt. 22.  Plaintiff previously requested and

17   received a continuance of the initial case management conference from May 30, 2023 to July 11,

18   2023.  Dkts. 15, 21.

19        The Court construes the Motion as a request for an extension of time in which to serve the

20   Complaint on Defendants under Federal Rule of Civil Procedure 4(m), as the time for service set

21   forth in the Federal Rules has now expired.  Good cause appearing at the present time, the Court

22   **GRANTS** the Motion.  However, Plaintiff is cautioned that time for service will not be extended

23   indefinitely.  The initial case management conference is continued to **November 14, 2023, at 9:30**

24   **a.m.**  A joint case management statement must be filed no later than **November 7, 2023**.  **If**

25   **Plaintiff has not served Defendants by November 7, 2023, the Court will convert the case**

26   **management conference into a hearing on an order to show cause as to why the complaint**

27   **should not be dismissed without prejudice for failure to prosecute.**

28        Plaintiff additionally seeks to seal its second administrative motion to continue the initial

United States District Court
Northern District of California

case management conference.  Dkt. 22.  The motion is defective on its face and is **DENIED**

**WITHOUT PREJUDICE**.  As a preliminary matter, the administrative motion to seal fails to

comply with Civil Local Rule 79-5, which requires that administrative motions to seal be

submitted separately from the motions that are the subject of the sealing request.  *See* Civ. L.R.

79-5(b).  Plaintiff likewise has failed to submit a proposed order that "lists in table format each

document or portion thereof that is sought to be sealed," and has failed to "highlight the portions

for which sealing is sought" in the unredacted motion.  *Id.* 79-5(c)(3), (e)(2).

Even setting these defects aside, the motion must be denied as inadequate.  Plaintiff argues

that the motion to continue the case management conference should be sealed because filing the

redacted portions on the public docket could constitute an "improper disclosure of information in

violation of Rule 6(e)(2) of the Federal Rules of Criminal Procedure."  Dkt. 22 at 2.  Rule 6(e)(2)

provides:

(2) Secrecy.

(A) No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).

(B) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:

(i) a grand juror;

(ii) an interpreter;

(iii) a court reporter;

(iv) an operator of a recording device;

(v) a person who transcribes recorded testimony;

(vi) an attorney for the government; or

(vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

Fed. R. Crim. Proc. 6(e)(2).  As the Supreme Court has explained, "Rule 6(e) codifies the

requirement that grand jury activities generally be kept secret" in order to protect "the proper

functioning of the grand jury."  *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 n.9

(1979).  Plaintiff's administrative motion to seal fails to offer any facts or argument regarding

whether the information presented in the Motion reveals the content of a grand jury proceeding.[1]
Nor does Plaintiff claim to be among the enumerated persons statutorily forbidden from revealing
such proceedings. *See* Fed. R. Crim. Proc. 6(e)(2)(B).  Good cause for sealing may exist in light
of the Federal Bureau of Investigation's inquiries, but Plaintiff has not presented any arguments or
authorities in support of this ground for sealing.  Accordingly, the Court **DENIES WITHOUT
PREJUDICE** Plaintiff's administrative motion to seal.  Plaintiff may file a renewed motion to
seal addressing the deficiencies set forth in this Order no later than **July 11, 2023**.

Any renewed motion must be narrowly tailored and seek only to seal that material that is
sealable.  In its current form, Plaintiff's motion is not narrowly tailored.  For example, Plaintiff
seeks to seal the following statement, "For the reasons set forth in greater detail below, as of the
date of the filing of this motion, I have not served any of the Defendants in this Action. Further, I
have not been contacted by any of the Defendants or any of Defendants' legal counsel or by any
insurance carrier or their legal counsel regarding this action." Dkt. 22-3 ¶ 8.  That Plaintiff has not
served the summons and Complaint is self-evident from the public docket, given the absence of
filings indicating proof of service or waiver of service by Defendants.  As such, this statement is
not the proper subject of a sealing request.

Plaintiff's motion to continue the initial case management conference shall remain under
seal until **July 11, 2023**.  Out of an abundance of caution, the Court also will file this Order under
seal.  Plaintiff shall submit proposed redactions to this Order no later than **July 11, 2023**.  Failure
to do so shall result in the Order being unsealed.

**SO ORDERED.**

Dated: June 27, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

[1] Dkt. 22-3 ¶ 47 is not sufficient.