| | |
|---|---|
| 1 | NEEL CHATTERJEE (SBN 173985) |
|   | NChatterjee@goodwinlaw.com |
| 2 | ELIZABETH J. LOW (SBN 308098) |
|   | ELow@goodwinlaw.com |
| 3 | ARIEL E. ROGERS (SBN 316910) |
|   | ARogers@goodwinlaw.com |
| 4 | DAVID SERATI (SBN 329811) |
|   | DSerati@goodwinlaw.com |
| 5 | **GOODWIN PROCTER LLP** |
|   | 601 Marshall Street |
| 6 | Redwood City, California 94063 |
|   | Tel.: +1 650 752 3100 |
| 7 | Fax: +1 650 853 1038 |
| 8 | JENNIFER BRIGGS FISHER (SBN 241321) |
|   | JFisher@goodwinlaw.com |
| 9 | **GOODWIN PROCTER LLP** |
|   | Three Embarcadero Center |
| 10 | San Francisco, California 94111 |
|    | Tel.: +1 415 733 6000 |
| 11 | Fax: +1 415 677 9041 |

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a
GREGORY M. KURTZER; JULIA ROSE a/k/a
JULIA KURTZER; ROBERT ADOLPH; MATTHEW
HAYDEN; ERIN FONG; OPEN DRIVES, INC.;
DAVID BUSS; and MARLIN PRAGER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SYLABS, INC., a Delaware corporation, | Case No. 5:23-cv-00849-SVK |
| Plaintiff, | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a CIQ; OPEN DRIVES, INC.; DAVID BUSS; MARLIN PRAGER; JOEL WHITLEY; IAG CAPITAL PARTNERS; and DOES 1 through 50, inclusive, | Courtroom: 6 |
|   | Judge: Hon. Susan van Keulen |
| Defendants. | |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and supporting case law, Defendants CTRL IQ, Inc. d/b/a CIQ; Gregory Rose a/k/a Gregory M. Kurtzer; Julia Rose a/k/a Julia Kurtzer; Robert Adolph; Matthew Hayden; Erin Fong; Marlin Prager; Open Drives, Inc.; and David Buss (collectively, "CIQ Defendants") hereby request that the Court take judicial notice of the following documents in connection with Defendants' Motion to Dismiss:

1.     **Exhibit A to the Declaration of Neel Chatterjee** is a copy of Sylabs' June 7, 2019 patent application with the U.S. Patent and Trademark Office, which was assigned Application No. 16/435,251 (the "'251 Application").

2.     **Exhibit A to the Declaration of Gregory Kurtzer ("Kurtzer Declaration")** is a copy of the Waiver, Release, and Settlement Agreement between Mr. Kurtzer, Plaintiff Sylabs, Inc. ("Sylabs") and nonparties R-Stor, Inc. and Sylabs Holdings LLC dated April 29, 2020 (the "Release").  This document is authenticated by the Kurtzer Declaration filed in support of Defendants' Motion to Dismiss.

This Request for Judicial Notice is based upon the accompanying Memorandum of Points and Authorities, the aforementioned Declarations and the documents submitted as Exhibits attached thereto, the pleadings and papers on file, and any additional argument or evidence permitted at the hearing on Defendants' Motion to Dismiss.

| | | |
|---|---|---|
| 1 | Dated: August 25, 2023 | GOODWIN PROCTER LLP |

By: */s/ Neel Chatterjee*
Neel Chatterjee
*NChatterjee@goodwinlaw.com*
Jennifer Briggs Fisher
*JFisher@goodwinlaw.com*
Elizabeth J. Low
*ELow@goodwinlaw.com*
Ariel E. Rogers
*ARogers@goodwinlaw.com*
David Serati
*DSerati@goodwinlaw.com*

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; OPEN DRIVES, INC.; DAVID BUSS; and MARLIN PRAGER

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants request that this Court take judicial notice of the '251 Application, which is a matter of public record, and the Waiver, Release and Settlement Agreement, which is integral to Plaintiff Sylabs, Inc.'s Complaint.

When ruling on a motion to dismiss, courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that courts may "examine when ruling on Rule 12(b)(6) motions to dismiss, . . . matters of which a court may take judicial notice"); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." (citation and internal quotation marks omitted)).

Here, the '251 Application is the proper subject of judicial notice as it is a public record from the U.S. Patent and Trademark Office ("USPTO"). "Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020); *see also Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1194 n.2 (S.D. Cal. 2013) ("Because the USPTO documents are public records 'capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned,' judicial notice is proper."). Sylabs also cannot credibly dispute the authenticity of this patent application given that they cite to it in their own Complaint. *See* Dkt. No. 1 ¶ 75.

In addition, the accuracy of the Release cannot reasonably be questioned and thus judicial notice is proper. Sylabs cannot argue against the authenticity of the Release; Sylabs itself was a named party and signatory. *See Birdsong v. AT & T Corp.*, No. C12-6175 TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) (noting that "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice . . . .") (citation omitted). And while the Complaint does not expressly cite the Release, the

1

document is integral to Sylabs' claims as its very terms limit Sylabs' ability to bring claims against Gregory Kurtzer.

The Court may also consider the Release under the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002 (noting that this doctrine "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation-by-reference has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint"). Here, the Release itself "is an integral part of [Sylabs'] allegations," which arise from Mr. Kurtzer's and the other CIQ Defendants' resignations from Sylabs, "for [it] would have no valid claims unless the release agreement did not bar them." *Birdsong*, 2013 WL 1120783, at *2 (considering a release agreement on a Rule 12(b)(6) motion under the incorporation-by-reference doctrine). Thus, the incorporation-by-reference doctrine also permits the Court to consider the Release in connection with Defendants' Motion to Dismiss.

For the reasons stated above, Defendants respectfully request that the Court grant this Request for Judicial Notice.

Dated: August 28, 2023

GOODWIN PROCTER LLP

By: */s/ Neel Chatterjee*
Neel Chatterjee
NChatterjee@goodwinlaw.com
Jennifer Briggs Fisher
JFisher@goodwinlaw.com
Elizabeth J. Low
ELow@goodwinlaw.com
Ariel E. Rogers
ARogers@goodwinlaw.com
David Serati
DSerati@goodwinlaw.com

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; OPEN DRIVES, INC.; DAVID BUSS; and MARLIN PRAGER

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on August 28, 2023. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 28, 2023.

*/s/ Neel Chatterjee*
Neel Chatterjee