1  **PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
   LEPISCOPO & ASSOCIATES LAW FIRM
2  23 Corporate Plaza Drive, Suite 150
3  Newport Beach, California 92660
   Telephone: (619) 251-2428; Facsimile: (619) 330-2991
4  Email: plepiscopo@att.net
5  Counsel of Record for Plaintiff, **SYLABS, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **SYLABS, INC.**, a Delaware corporation, | Case No. **5:23-cv-00849-SVK** |
| Plaintiff, | **OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SYLABS, INC.'S OPPOSITION TO CIQ DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (ECF 40)** |
| v. | |
| **GREGORY ROSE** a/k/a **GREGORY M. KURTZER**, et al., | |
| Defendants. | Date:  October 3, 2023<br>Time:  10:00 am<br>Courtroom:  6<br>Judge:  Honorable Susan van Keulen |
| | Filed/Lodged Concurrently with:<br>1.  Opposition to Motion to Dismiss<br>2.  Evidentiary Objections to Exhibit A (Kurtzer Release) to Declaration of Kurtzer<br>3.  Declaration of Peter D. Lepiscopo<br>4.  Declaration of Christopher Tarbell<br>5.  Sylabs' Request for Judicial Notice<br>6.  Exhibits 1 through 37<br>7.  [*Proposed*] Order Denying Motion<br>8.  [*Proposed*] Order Sustaining Objections to and Excluding Kutzer Release |

Plaintiff, Sylabs, Inc. ("Sylabs"), responds to Defendants' Request for Judicial Notice ("Request") (ECF 40-5) as follows.

1.  Exhibit A to the Declaration of Neel Chatterjee is a copy of Sylabs' June 7, 2019, patent application with the U.S. Patent and Trademark Office, which was assigned Application No.16/435,251: **Sylabs does <u>not</u> object to or oppose Patent Application No. 16/435,251 being judicially noticed by this Court.**

**THE KURTZER RELEASE SHOULD <u>NOT</u> BE JUDICIALLY NOTICED:**

2.  Exhibit A to the Declaration of Gregory Kurtzer purports to be a copy of a Waiver, Release, and Settlement Agreement he declares he signed ("Kurtzer Release). Sylabs hereby **objects to** and **opposes** the Kutzer Release being judicially noticed for the following reasons.

This Court may <u>not</u> take judicial notice of the Kurtzer Release because it is neither attached to nor referenced in Sylabs' Complaint, and, therefore, the incorporation doctrine is inapplicable. Defendants admit this but incorrectly posit, "And while the Complaint does not expressly cite the Release, the document is integral to Sylabs' claims as its very terms limit Sylabs' ability to bring claims against Gregory Kurtzer."

With all due respect to Defendants, all documents that all parties have in this matter are "integral" to the claims and defenses in this Action. Defendants merely are stating one of their affirmative defenses that they can set forth in their answer and litigate in this Action. The mere assertion by legal counsel that the Kurtzer Release is "integral" is an argument but that does not make the Kurtzer Release admissible at the pleading stage of this Action. Certainly, Defendants are not waiving their ability to serve Sylabs with requests for admissions, interrogatories, and requests for documents, as well as conducting depositions regarding the Kurtzer Release and other "integral" matters.

Furthermore, the Kurtzer Release is not properly authenticated through the proper foundation. In his Declaration (ECF 40-3), defendant Kurtzer merely indicates that he is attaching the Kurtzer Release to his Declaration as Exhibit A (*see* p. 2, ¶ 2).

However, he provides no foundational facts as to the nature or purpose of the document, he does not provide authentication of other signatures appearing in the document, he does not explain the circumstances surrounding the document, he does not explain how the document was negotiated, he does not explain the scope and intent of the document, and he does not provide any foundational facts to support the document or explain its relevance. Accordingly, this Court should exclude the Kurtzer Release because it is inadmissible on evidentiary grounds. *See* Federal Rules of Evidence, Rules 401, 402, 601, and/or 602 (irrelevant and lack of foundation, competency, and personal knowledge); s*ee also* Sylabs Evidentiary Objections to the Kurtzer Release concurrently filed herewith.)

## CONCLUSION

Based on the foregoing, Sylabs respectfully requests this Court to:

1. Defendants' request to judicially notice the Kurtzer Release; and

2. Exclude the Kurtzer Release on evidentiary grounds under FRE 401, 402, 601, and/or 602.

Dated:  September 11, 2023.   **LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo  _
    **PETER D. LEPISCOPO**
    *Counsel of Record*
    Attorneys for Plaintiff, **SYLABS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 11, 2023. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 11, 2023.

LEPISCOPO & ASSOCIATES LAW FIRM

By: /s/ Peter D. Lepiscopo
     **PETER D. LEPISCOPO**
     *Counsel of Record*
     Attorneys for Plaintiff, **SYLABS, INC.**