1  NEEL CHATTERJEE (SBN 173985)
   NChatterjee@goodwinlaw.com
2  ELIZABETH J. LOW (SBN 308098)
   ELow@goodwinlaw.com
3  ARIEL E. ROGERS (SBN 316910)
   ARogers@goodwinlaw.com
4  DAVID SERATI (SBN 329811)
   DSerati@goodwinlaw.com
5  **GOODWIN PROCTER LLP**
   601 Marshall Street
6  Redwood City, California 94063
   Tel.: +1 650 752 3100
7  Fax: +1 650 853 1038

8  JENNIFER BRIGGS FISHER (SBN 241321)
   JFisher@goodwinlaw.com
9  **GOODWIN PROCTER LLP**
   Three Embarcadero Center
10 San Francisco, California 94111
   Tel.: +1 415 733 6000
11 Fax: +1 650 853 1038

12 Attorneys for Defendants
   CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE
13 a/k/a GREGORY M. KURTZER; JULIA ROSE
   a/k/a JULIA KURTZER; ROBERT ADOLPH;
14 MATTHEW HAYDEN; ERIN FONG; OPEN
   DRIVES, INC.; DAVID BUSS; and MARLIN
15 PRAGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYLABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a CIQ; OPEN DRIVES, INC.; DAVID BUSS; MARLIN PRAGER; JOEL WHITLEY; IAG CAPITAL PARTNERS; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00849-SVK<br><br>**THE CIQ AND OPEN DRIVES DEFENDANTS' MOTION TO FILE UNDER SEAL REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Courtroom:  6<br>Judge:  Hon. Susan van Keulen<br><br>Filed/Lodged Concurrently with:<br>1. Declaration of Elizabeth J. Low<br>2. [Proposed] Order Granting Motion to File Under Seal |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Civil Local Rules 7-11 and 79-5, Defendants CTRL IQ, Inc. d/b/a CIQ; Gregory Rose a/k/a Gregory M. Kurtzer; Julia Rose a/k/a Julia Kurtzer; Robert Adolph; Matthew Hayden; Erin Fong; Marlin Prager (together, the "CIQ Defendants"); and Open Drives, Inc. and David Buss (together, the "Open Drives Defendants") (collectively, with the CIQ Defendants, "Defendants") move to file under seal the following documents that contain or discuss a Waiver, Release and Settlement Agreement:

| Document | Portions to be Filed Under Seal | Designating Party |
|---|---|---|
| CIQ and Open Drives Defendants' Reply in Support of their Motion to Dismiss | Highlighted portions at page 6, lines 27-28; page 7, lines 1-14; and page 13, lines 19-21. | Gregory Kurtzer |

## II. LEGAL STANDARD

Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (internal quotation marks omitted). There is thus "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Civil Local Rule 79-5(b) requires a party seeking to seal a document to "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id.*

1

THE CIQ AND OPEN DRIVES DEFENDANTS' MOTION TO FILE UNDER SEAL
REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 5:23-cv-00849-SVK

## III.   ARGUMENT

### A.   The Highlighted Portions of the Reply Should Remain Under Seal.

Compelling reasons exist to seal the highlighted portions of the Reply, which discuss or refer to an April 29, 2020 Waiver, Release and Settlement Agreement (the "Release") between Mr. Kurtzer, Plaintiff Sylabs, Inc., and nonparties R-Stor Inc. and Sylabs Holdings, LLC, which was submitted in support of Defendants' Motion to Dismiss. *See* Dkt. No. 38; Dkt. No. 38-4 (Release).  The Release contains a confidentiality provision that prohibits the public disclosure of its terms and contents.  Dkt. No. 38-4 § 4; Decl. of Elizabeth J. Low ("Low Decl.") ¶ 3. "[N]umerous courts in this district have recognized the importance of protecting confidential settlement communications and materials 'in order to promote settlement' and have concluded that this general policy satisfies the more 'compelling reasons' standard to seal judicial records." *Doe v. Apple Inc. Health & Welfare Benefit Plan*, No. 22-cv-02566-EJD, 2023 WL 2021697, at *2 (N.D. Cal. Feb. 15, 2023) (granting motion to seal settlement agreement and release) (cleaned up; citation omitted); *see United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-cv-04050-MEJ, 2015 WL 13390186, at *3 (N.D. Cal. Nov. 10, 2015) (sealing settlement agreement and on grounds that "[c]onfidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution.") (cleaned up). Indeed, disclosure of the Release might make other parties less willing to settle with Defendants, or insist on similar settlement terms, in future lawsuits.  Low Decl. ¶ 3.

As Sylabs, R-Stor, and Sylabs Holdings are also parties to the Release, Defendants anticipate that, pursuant to Civil Local Rule 79-5(f), these entities may file their own declarations in support of sealing.  Defendants are concurrently providing R-Stor and Sylabs Holdings with notice of this Motion.

### B.   Sylabs Presents No Basis to Unseal the Release and References Thereto.

The Court should reject Sylabs' opposition to Defendants' request to seal the Release and the portions of the Motion that discuss it.  *See* Dkt. No. 44.  None of Sylabs' arguments justify

2

THE CIQ AND OPEN DRIVES DEFENDANTS' MOTION TO FILE UNDER SEAL
REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 5:23-cv-00849-SVK

making the Release publicly available.

*First*, Defendants' attorneys did not waive any expectation of privacy by disclosing the *existence* of a Release to the public.  The Release is clear that only its terms are confidential, not its existence.  Dkt. No. 38-4 § 4 (emphasis added).  At no point did Defense counsel publicize the Release's terms.

*Second*, Sylabs' argument that Defendants "have already publicly disclosed" the Release and "assigned a false interpretation" is untrue.  Dkt. No. 44 at 2.  Defendants seek to provide the Release to the Court under seal for the sole purpose of informing the Court of its terms, so as to prevent Sylabs from being permitted to plead around a key document that undermines its claims.  *See Khoja*, 899 F.3d at 1002.

*Third*, Sylabs' argument that it is "only fair" to make the release public "to protect and inform investors who might invest in defendant CIQ" ignores the provisions of Section 4 of the Release.

*Finally*, Sylabs' and R-Stor's consent to unseal the Release does not change the fact that Mr. Kurtzer entered into the Release with an expectation that its provisions would remain confidential.  As discussed more thoroughly in Defendants' initial Motion to Seal (Dkt. No. 38), Mr. Kurtzer seeks to maintain the confidential nature of the document and ensure that it does not become "a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 38-1.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion.

Dated: September 18, 2023

GOODWIN PROCTER LLP

By: */s/ Neel Chatterjee*
Neel Chatterjee
*NChatterjee@goodwinlaw.com*
Jennifer Briggs Fisher
*JFisher@goodwinlaw.com*
Elizabeth J. Low
*ELow@goodwinlaw.com*
Ariel E. Rogers
*ARogers@goodwinlaw.com*
David Serati
*DSerati@goodwinlaw.com*

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; OPEN DRIVES, INC.; DAVID BUSS; and MARLIN PRAGER

4

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 18, 2023. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 18, 2023.

/s/ *Neel Chatterjee*
Neel Chatterjee

5

THE CIQ AND OPEN DRIVES DEFENDANTS' MOTION TO FILE UNDER SEAL
REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 5:23-cv-00849-SVK