1  NEEL CHATTERJEE (SBN 173985)
   *NChatterjee@goodwinlaw.com*
2  ELIZABETH J. LOW (SBN 308098)
   *ELow@goodwinlaw.com*
3  ARIEL E. ROGERS (SBN 316910)
   *ARogers@goodwinlaw.com*
4  DAVID SERATI (SBN 329811)
   *DSerati@goodwinlaw.com*
5  **GOODWIN PROCTER** LLP
   601 Marshall Street
6  Redwood City, California  94063
   Tel.: +1 650 752 3100
7  Fax: +1 650 853 1038

8  JENNIFER BRIGGS FISHER (SBN 241321)
   *JFisher@goodwinlaw.com*
9  **GOODWIN PROCTER** LLP
   Three Embarcadero Center
10 San Francisco, California 94111
   Tel.: +1 415 733 6000
11 Fax: +1 415 677 9041

12 Attorneys for Defendants
   CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a
13 GREGORY M. KURTZER; JULIA ROSE a/k/a
   JULIA KURTZER; ROBERT ADOLPH; MATTHEW
14 HAYDEN; ERIN FONG; OPEN DRIVES, INC.;
   DAVID BUSS; and MARLIN PRAGER

15

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                   SAN JOSE DIVISION

19 SYLABS, INC., a Delaware corporation,        | Case No. 5:23-cv-00849-SVK

20              Plaintiff,                        | **CIQ AND OPEN DRIVES
                                                  | DEFENDANTS' REPLY IN SUPPORT
21        v.                                      | OF THEIR MOTION TO DISMISS
                                                  | PURSUANT TO RULE 12(B)(6)**
22 GREGORY ROSE a/k/a GREGORY M.
   KURTZER; JULIA ROSE a/k/a JULIA               | Date:      October 3, 2023
23 KURTZER; ROBERT ADOLPH; MATTHEW               | Time:      10:00 a.m.
   HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a        | Courtroom: 6
24 CIQ; OPEN DRIVES, INC.; DAVID BUSS;           | Judge:     Hon. Susan van Keulen
   MARLIN PRAGER; JOEL WHITLEY; IAG
25 CAPITAL PARTNERS; and DOES 1 through
   50, inclusive,
26
27              Defendants.
                                                  |
28          **REDACTED VERSION SOUGHT TO BE SEALED**

---

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ............................................................................................... 1

II.     ARGUMENT ...................................................................................................... 1

      A.     Sylabs Fails to State a Claim under Rule 12(b)(6).................................... 1

            1.     Sylabs Engages in Improper Group Pleadings............................. 2

            2.     The CUTSA and DTSA Claims Fail............................................ 3

            3.     The CFAA Claim Fails. ............................................................... 6

            4.     The RICO Claims Fail. ................................................................ 9

            5.     CUTSA Preempts Sylabs' State Law Claims. ............................ 10

            6.     Sylabs Waived Defendants' UCL-Related Arguments.............. 11

            7.     Mr. Buss Should Be Dismissed From This Litigation. .............. 11

      B.     The Release Bars Sylabs' Claims as to the CIQ Defendants. ................. 12

            1.     The Court May Judicially Notice and Consider the Release. .... 12

            2.     The Release Is Enforceable......................................................... 13

            3.     The Release Should Remain Under Seal. .................................... 13

      C.     The Court Should Strike the Procedurally Improper Tarbell Declaration, Accompanying Exhibits, and Evidentiary Objections. .......................... 14

            1.     The Tarbell Declaration Is Insufficient to Fix Sylabs' Pleading Deficiencies................................................................................. 14

            2.     The Evidentiary Objections to the Release Are Improper and Should Not be Considered. ........................................................ 14

III.    CONCLUSION ............................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**                                                                                                                              **Page(s)**

3
*Al-Ahmed v. Twitter, Inc.*,
   603 F. Supp. 3d 857 (N.D. Cal. 2022), *appeal dismissed*, No. 22-15914, 2022
4   WL 4352712 (9th Cir. July 7, 2022) ................................................................................... 7, 8

5
*Allen v. Dollar Tree Stores, Inc.*,
   475 F. App'x 159 (9th Cir. 2012) ............................................................................................ 11
6

*AlterG, Inc. v. Boost Treadmills LLC*,
7   388 F. Supp. 3d 1133 (N.D. Cal. 2019) ..................................................................................... 4

8
*Angelica Textile Servs., Inc. v. Park*,
   220 Cal. App. 4th 495 (2013) .................................................................................................. 10
9

*Aqua-Lung Am., Inc. v. Am. Underwater Prods., Inc.*,
10   709 F. Supp. 2d 773 (N.D. Cal. 2010) ....................................................................................... 4

11
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................... 1, 3, 9
12

*Attia v. Google LLC*,
13   No. 17-cv-06037-BLF, 2018 WL 2971049 (N.D. Cal. June 13, 2018) ...................................... 9

14
*Austin v. Budget Rental Car, Inc.*,
   No. 20-cv-06229-AGT, 2020 WL 8614183 (N.D. Cal. Sept. 17, 2020) ................................... 11
15

*Avago Techs. U.S. Inc. v. Nanoprecison Prods., Inc.*,
16   No. 16-cv-03737-JCS, 2017 WL 412524 (N.D. Cal. Jan. 31, 2017) ........................................ 10

17
*Aviva USA Corp. v. Vazirani*,
   632 F. App'x 885 (9th Cir. 2015) ............................................................................................... 9
18

*Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*,
19   No. C 08-3931 RS, 2009 WL 55178 (N.D. Cal. Jan. 7, 2009) ................................................. 10

20
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 1, 2
21

*Birdsong v. AT & T Corp.*,
22   No. C12-6175 TEH, 2013 WL 1120783 (N.D. Cal. Mar. 18, 2013) ................................... 12, 13

23
*Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*,
   761 F. App'x 989 (Fed. Cir. 2019) ............................................................................................. 4
24

*Fraser v. Mint Mobile, LLC*,
25   No. C 22-00138 WHA, 2022 WL 1240864 (N.D. Cal. Apr. 27, 2022) ...................................... 9

26
*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) .................................................................................................... 2
27

*Herrejon v. Ocwen Loan Servicing, LLC*,
28   980 F. Supp. 2d 1186 (E.D. Cal. 2013) ...................................................................................... 3

ii

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*,
   499 F.3d 1048 (9th Cir. 2007) ........................................................................................ 13

*Invisible DOT, Inc. v. Dedecker*,
   No. 18-cv-08168-RGK-RAO, 2019 U.S. Dist. LEXIS 68161 (C.D. Cal. Feb. 6,
   2019) ................................................................................................................................ 4

*Jackson Pryor Grp. v. Lima*,
   No. 22-cv-00111-SVK, 2022 WL 17730382 (N.D. Cal. Nov. 10, 2022) ........................ 2

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
   171 Cal. App. 4th 939(2009) ........................................................................................ 10

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ........................................................................................ 13

*Lesnik v. Eisenmann SE*,
   No. 16-CV-01120-LHK, 2018 WL 4700342 (N.D. Cal. Oct. 1, 2018) .......................... 11

*Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc.*,
   No. 15-CV-01267-SC, 2015 WL 4149066 (N.D. Cal. July 9, 2015) .............................. 5

*MedImpact Healthcare Sys., Inc. v. IQVIA Inc.*,
   No. 19cv1865-GPC(LL), 2020 WL 5064253 (S.D. Cal. Aug. 27, 2020) ...................... 10

*Merck & Co., Inc. v. Reynolds*,
   559 U.S. 633 (2010) ........................................................................................................ 8

*Neothermia Corp. v. Rubicor Med., Inc.*,
   345 F. Supp. 2d 1042 (N.D. Cal. 2004) ........................................................................ 5

*Peak Health Ctr. v. Dorfman*,
   No. 19-cv-04145-VKD, 2019 WL 5893188 (N.D. Cal. Nov. 12, 2019) ........................ 14

*Race Winning Brands, Inc. v. Gearhart*,
   No. SACV 22-1446-FWS-DFM, 2023 WL 4681539 (C.D. Cal. Apr. 21, 2023) ............ 10

*Soliman v. CVS RX Servs., Inc.*,
   570 F. App'x 710 (9th Cir. 2014) .................................................................................. 6

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .................................................................................. 2, 14

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .......................................................................................... 3

*Tagoia v. Wells Fargo Bank, N.A.*,
   No. 17-CV-06777-YGR, 2018 WL 3377967 (N.D. Cal. July 11, 2018) ........................ 3

*Teva Pharms. USA, Inc. v. Health IQ, LLC*,
   No. SACV 13-00308-CJC(RNBx), 2013 WL 12132029 (C.D. Cal. Apr. 29,
   2013) ................................................................................................................................ 5

CIQ AND OPEN DRIVES' REPLY ISO MOTION TO DISMISS
CASE NO. 5:23-cv-00849-SVK

*Tobin v. City & Cnty. of San Francisco,*
  No. 13-cv-01504-MEJ, 2016 WL 5791224 (N.D. Cal. Oct. 4, 2016), *aff'd*, 747
  F. App'x 584 (9th Cir. 2019) ................................................................................................. 14

*Van Buren v. United States,*
  593 U.S. --, 141 S. Ct. 1648 (2021) ...................................................................................... 8

*Vendavo, Inc. v. Price f(x) AG*, No. 17-CV-06930-RS .................................................................... 4

**Statutes**

18 U.S.C. § 1030 ................................................................................................................... 7, 8

18 U.S.C. § 1962 ....................................................................................................................... 9

Cal. Civ. Proc. Code § 2019.210 ............................................................................................... 5

Cal. Civ. Code § 3426.1 ............................................................................................................. 4

Cal. Civ. Code § 3426.5 ............................................................................................................. 5

Cal. Civ. Code § 3426.7 ........................................................................................................... 10

**Other Authorities**

Fed. R. Civ. P. 8(a) .................................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 2, 14

Civ. L.R. 7-3(a) ........................................................................................................................ 14

1    **I.    INTRODUCTION**

2        Sylabs' Opposition to Defendants' Motion to Dismiss proves that this case is meritless and

3    the claims should be dismissed, as they reflect nothing more than a three-year-old grudge held

4    against CIQ, its founders, employees, and investors, for being far more successful than Sylabs.

5    Dkt. No. 47 ("Opp."); *see* Dkt. No. 38-3 ("Mot.").  Sylabs' Opposition does nothing to cure the

6    deficiencies in the Complaint, as Sylabs continues to rely on conclusory statements instead of well-

7    pled facts, including improper group pleadings.  These deficiencies are fatal to Sylabs' claims.  The

8    Opposition blatantly ignores the applicable legal standard for a Rule 12(b)(6) motion and provides

9    no on-point legal support for any of Sylabs' arguments.  Rather than address its faulty pleading,

10   Sylabs tries to paint a picture of a wide-reaching conspiracy through the submission of a hodge

11   podge of documents and a private investigator declaration cited nowhere in the Complaint.  And

12   Sylabs attempts to argue around the Release when its very existence is necessarily part of the

13   Complaint's narrative.  The Opposition confirms that Sylabs cannot adequately plead its claims

14   and, therefore, any amendment to the Complaint would be futile.

15       For these reasons, the Court should grant Defendants' Motion to Dismiss, and strike the

16   Declaration of Christopher Tarbell (Dkt. No. 47-1, "Tarbell Decl."), accompanying exhibits, and

17   Sylabs' evidentiary objections (Dkt. No. 50).[1]

18   **II.    ARGUMENT**

19       **A.    Sylabs Fails to State a Claim under Rule 12(b)(6).**

20       Defendants' Motion should be granted because Sylabs fails to state a claim under Rule

21   12(b)(6), fails to show it is entitled to relief under Rule 8(a), and ignores binding precedent.  To

22   defeat a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."

23   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678

24   (2009) (claim is facially plausible when it "allows the court to draw the reasonable inference that

25   the defendant is liable for the misconduct alleged").  "Allegations that are merely conclusory,

26   _____

27   [1] For the purposes of this filing, Defendants are CTRL IQ, Inc. d/b/a CIQ; Gregory Rose a/k/a
     Gregory M. Kurtzer; Julia Rose a/k/a Julia Kurtzer; Robert Adolph; Matthew Hayden; Erin Fong;
     Marlin Prager (collectively, "CIQ Defendants") and Open Drives, Inc. and David Buss
28   (collectively, with the CIQ Defendants, "Defendants").  Defendants also join in the reply brief
     separately filed by Defendants IAG and Mr. Whitley.

CIQ AND OPEN DRIVES' REPLY ISO MOTION TO DISMISS
CASE NO. 5:23-cv-00849-SVK

unwarranted deductions of fact, or unreasonable inferences" need not be considered by the court. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Jackson Pryor Grp. v. Lima*, No. 22-cv-00111-SVK, 2022 WL 17730382, at *4 (N.D. Cal. Nov. 10, 2022) (same). The purpose of requiring "sufficient allegations of underlying facts" is to give defendants "fair notice" and allow them to "defend [themselves] effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Sylabs must plead allegations with particularity ***at the outset*** so that the Court can determine if the claims are viable, regardless of whether the parties later engage in discovery. Sylabs not only fails to do so, it also completely ignores binding precedent, intentionally conflating the standard for a motion to dismiss with the standard for a motion for summary judgment in a not-so-subtle push for premature discovery. *See* Opp. at 2, 8 (citing *Safe Flight Instrument Corp. v. McDonnell-Douglas Corp.*, 482 F.2d 1086 (9th Cir. 1973) (concerning a motion for summary judgment)). The summary judgment standard is inapplicable here, especially because Sylabs has not even alleged facts sufficient for its claims to survive beyond Defendants' Rule 12(b)(6) motion to dismiss, which focuses on the sufficiency of the allegations of Sylabs' Complaint. It is Sylabs' "obligation to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. For the following reasons and for those stated in Defendants' Motion, Sylabs cannot meet its obligations.

### 1.    Sylabs Engages in Improper Group Pleadings.

As an initial matter, Sylabs engages in improper group pleadings. The Complaint lacks any allegations of misappropriation by Mr. Buss, Ms. Fong, Mr. Hayden, Mr. Prager, and Open Drives, and its Opposition makes no further effort to explain why its Complaint is sufficient. *See* Mot. at 13-14 (reviewing allegations for each of the above-mentioned defendants); Opp. at 20. Absent well-pled allegations, the Court should dismiss the trade secret claims as to these Defendants.

Beyond the allegations of misappropriation, the Complaint spans 89-pages without ***any specific*** allegations that the CIQ employees engaged in any wrongful conduct. Instead, Sylabs lumps all "Defendants" and "Co-Conspirators" together in non-specific group pleadings, as discussed extensively in the IAG Defendants' Motion to Dismiss (Dkt. No. 39).[2] In response to

---

[2] Defendants joined in this motion. *See* Mot. at 3 n.3.

CIQ AND OPEN DRIVES' REPLY ISO MOTION TO DISMISS
CASE NO. 5:23-cv-00849-SVK

1    the IAG Defendants' Motion, Sylabs concludes, without any case law in support, that "[m]ore

2    details of Defendants' conspiracy will be revealed during written discovery and depositions."  Dkt.

3    No. 51 at 9-10.  But even at the pleading stage, Sylabs is not allowed "to merely lump multiple

4    defendants together" and must "differentiate [its] allegations and inform *each* defendant separately

5    of the allegations surrounding his alleged participation in the [wrongdoing]."  *Swartz v. KPMG*

6    *LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (emphasis added; ellipses and citation omitted).  Courts

7    in this jurisdiction regularly grant motions to dismiss where the operative complaint does "not

8    purport to allege any wrongdoing committed by . . . particular defendants," *Tagoia v. Wells Fargo*

9    *Bank, N.A.*, No. 17-CV-06777-YGR, 2018 WL 3377967, at *5 (N.D. Cal. July 11, 2018) or "lacks

10   specific, clearly defined allegations of each defendant's alleged wrongs to give fair notice of claims

11   plainly and succinctly to warrant dismissal of this action," *Herrejon v. Ocwen Loan Servicing, LLC*,

12   980 F. Supp. 2d 1186, 1197 (E.D. Cal. 2013).

13                    **2.      The CUTSA and DTSA Claims Fail.**

14        Sylabs fails to state claims under the CUTSA and DTSA because the Complaint fails to

15   identify the alleged trade secrets with reasonable particularity and does not allege how Sylabs

16   sought to maintain the secrecy of the alleged trade secrets.  Mot. at 8-12.

17                    **a.      The Trade Secrets Are Not Identified with Particularity.**

18        Sylabs does not provide any rebuttal to Defendants' argument that Sylabs does not

19   distinguish Singularity PRO, SIF Technology, or Singularity Enterprise from open source

20   materials, nor does Sylabs explain which of its alleged trade secrets were misappropriated.  Mot.

21   at 8-12.  Regurgitating the CUTSA's definition of a trade secret does not satisfy the *Iqbal/Twombly*

22   pleading standard.  *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a

23   formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S.

24   at 555).  Yet this is exactly what Sylabs' Complaint and Opposition do.  Sylabs claims that its

25   "Trade Secrets and IP constitute information, including systems and methods, code, compilations,

26   programs, devices, methods, techniques, or processes that derive independent economic value from

27   not being generally known to the public or other persons who can obtain significant economic value

28   from the Trade Secrets and IP's disclosure."  *See* Opp. at 18 (citing Compl. ¶ 211).  This definition

simply repeats the language of CUTSA and offers no plausible pleading of facts.  *See* Cal. Civ. Code § 3426.1(d) ("'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that . . . [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.").  Sylabs also ignores the requirement that "the pleadings must contain enough specificity to provide both the Court and defendants with notice of the boundaries of this case," *Invisible DOT, Inc. v. Dedecker*, No. 18-cv-08168-RGK-RAO, 2019 U.S. Dist. LEXIS 68161, at *12 (C.D. Cal. Feb. 6, 2019), and "separate [the alleged trade secrets] from matters of general knowledge in the trade or of special persons who are skilled in the trade," *Vendavo, Inc. v. Price f(x) AG*, No. 17-CV-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018) (cleaned up).

Sylabs' failure to plead a trade secret that is distinguishable from the public patent disclosures is fatal to its misappropriation claims.  Sylabs incorrectly argues that the Complaint need not distinguish between its alleged trade secrets and its patent disclosures, and that such analysis requires expert testimony.  Opp. at 19.  But Sylabs must plead plausible facts "to delineate the boundaries between its trade secrets and its information that has been made public through patents and patent applications."  *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1146 (N.D. Cal. 2019) (citation omitted).  "A patent is a public record, the issuance of which results in a public disclosure of the claims and specifications of the patent in return for a limited patent monopoly."  *Aqua-Lung Am., Inc. v. Am. Underwater Prods., Inc.*, 709 F. Supp. 2d 773, 788 (N.D. Cal. 2010).  It follows that "a plaintiff has a viable trade secret claim that would protect his proprietary unpatented technology, only if he reveals 'implementation details and techniques' beyond what was disclosed in his patent."  *Id.* (citation omitted).  Put another way, "[p]lacing [trade secret] information in a patent application is a failure to use such reasonable efforts" to maintain secrecy.  *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, 761 F. App'x 989, 994 (Fed. Cir. 2019).

Sylabs cannot even decide what constitutes its own trade secrets, much less identify them with the particularity required to sustain a cause of action for misappropriation.  For example, Sylabs' identification of its alleged trade secrets in its Opposition is inconsistent with its Complaint.

4

1  The Opposition asserts that Sylabs' trade secrets are SingularityPRO, SIF technology, Singularity

2  Enterprise, Fuzzball, and Armored Containers.  Opp. at 16-17.  The Complaint, however, goes

3  beyond those enumerated technologies, and alleges an all-inclusive, vague list of allegations that

4  "Sylabs' Trade Secrets and IP include scientific, technical, economic, and engineering information,

5  *as well as Sylabs' Corporate Secrets, IP, and/or other privileged and protected information as*

6  *herein alleged*."  Compl. ¶ 210 (emphasis added); *see id.* ¶ 117 (defining "Corporate Secrets").

7  Sylabs does nothing to identify what "other privileged and protected information" is.

8  ### b.  Discovery Does Not Cure Sylabs' Pleading Deficiencies.

9  Defendants are not required, as Sylabs suggests, to use the discovery process to gain greater

10  insight into Sylabs' alleged trade secrets.  *See* Opp. at 18 ("Any confusion Defendants might have

11  can be clarified through written discovery and depositions.").  Sylabs forgets that, in a trade secret

12  misappropriation case, "before commencing discovery relating to the trade secret, the party alleging

13  the misappropriation shall identify the trade secret with reasonable particularity subject to any

14  orders that may be appropriate under Section 3426.5 of the Civil Code."  Cal. Civ. Proc. Code

15  § 2019.210.  "Courts in the Northern District of California . . . have generally found that section

16  2019.210 is applicable in federal cases."  *Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc.*, No. 15-

17  CV-01267-SC, 2015 WL 4149066, at *3 (N.D. Cal. July 9, 2015); *Neothermia Corp. v. Rubicor*

18  *Med., Inc.*, 345 F. Supp. 2d 1042, 1044 (N.D. Cal. 2004) (emphasizing the purpose of Section

19  2019.210 in part to help "frame[] the appropriate scope of discovery" and "enable[] the defendant

20  to form complete and well-reasoned defenses").

21  ### c.  Sylabs Fails to Allege Reasonable Efforts to Maintain Secrecy
22  ### Over the Alleged Trade Secrets.

23  The Complaint only contains insufficient, conclusory allegations that Sylabs has taken

24  reasonable steps to keep the trade secrets confidential.  Mot. at 13 (citing Compl. ¶¶ 212, 252).

25  Dismissal is proper where a plaintiff "fail[s] to outline any steps taken to protect the [alleged trade

26  secret] information, such as limiting access to the information or advising employees of its

27  confidential nature."  *Teva Pharms. USA, Inc. v. Health IQ, LLC*, No. SACV 13-00308-

28  CJC(RNBx), 2013 WL 12132029, at *6 (C.D. Cal. Apr. 29, 2013).  Sylabs' assertion that its trade

1  secrets were "secure and secret" does not meaningfully address this argument. *See* Opp. at 19

2  ("[T]he Sylabs' Trade Secrets and Intellectual Property contained in the Fuzzball Patents and

3  Armored Containers Patents were ***secure and secret*** until Defendants published them to open

4  source, stole them through cyber theft, and fraudulently submitted the six patent applications.")

5  (emphasis added). Sylabs fails to allege or describe the particular efforts that Sylabs undertook to

6  maintain the secrecy of the alleged trade secrets. This defect is fatal to its misappropriation claims.

7            **3.      The CFAA Claim Fails.**

8            Not only is Sylabs' CFAA claim time-barred, but the Complaint also does not contain

9  allegations of unauthorized access or that Sylabs suffered a "loss." Mot. at 14-17. Dismissal is

10  warranted for any of these reasons.

11            **a.      The CFAA Claim Is Untimely.**

12            Count II is barred by a two-year statute of limitations. Sylabs does not dispute that the

13  conduct giving rise to the claim occurred in 2020. *See* Opp. at 21; Mot. at 13-15 (citing Compl.

14  ¶¶ 110, 113, 177). The Release also confirms that Sylabs was aware of the alleged conduct giving

15  rise to its CFAA claim at least as of April 29, 2020. Dkt. No. 38-4. Sylabs instead contends that it

16  is not required to allege facts that negate a statute of limitation defense, and that it supposedly did

17  not learn of the alleged theft until April 6, 2021. Opp. at 21. Neither argument saves the claim.

18            "[T]he statute of limitations may be raised as a defense on a motion to dismiss if the running

19  of the statute is apparent on the face of the complaint." *Soliman v. CVS RX Servs., Inc.*, 570 F.

20  App'x 710, 712 (9th Cir. 2014) (cleaned up). The Complaint makes clear that the conduct giving

21  rise to the claim occurred in 2020. *See* Compl. ¶¶ 110, 113, 177. Sylabs's reliance on decades-old,

22  out-of-circuit case law is unpersuasive. *See* Opp. at 21 (citing *Tregenza v. Great Am. Commc'ns

23  Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003);

24  *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1279 (11th Cir. 2002)).

25            Sylabs also does not dispute that the Release confirms that Sylabs was aware of the alleged

26  conduct giving rise to its CFAA claim at least as of April 29, 2020. Dkt. No. 38-4. Specifically,

27  Schedule 1 of the Release acknowledged the following conduct ████████████████████

28  ████████████████████████:

6

| Schedule 1 | Allegations of the Complaint |
|---|---|
|  | "Greg Kurtzer downloaded, then deleted multiple documents relating to Sylabs' sales opportunities . . ." Compl. ¶ 168. |
|  | "On April 6, 2020, defendant Greg Kurtzer . . . accessed Sylabs' Server . . . by downloading all of the folders and files . . ." Compl. ¶ 174. |
|  | "On March 24 through 31, 2020, defendant Adolph commenced deleting and downloading items from the Sylabs' Server by using defendant Greg Kurtzer's Command Control email account and defendant Adolph's personal email account." Compl. ¶ 164. "Julia Kurtzer . . . accessed Sylabs' Server . . . by downloading and emailing Sylabs' Purchase Orders . . ." Compl. ¶ 175. |

Sylabs' contention that it did not "fully learn[]" that Defendants "had stolen and used Sylabs' source code" until April 6, 2021 (Opp. at 21) does not render the claim timely. The CFAA's statute of limitations is not triggered when a plaintiff "fully learn[s]" of the ostensible violation, whatever that means. Rather, "a CFAA claim starts to run when the plaintiff is aware of the alleged damage not when the plaintiff learns exactly what has happened." *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 875-76 (N.D. Cal. 2022), *appeal dismissed*, No. 22-15914, 2022 WL 4352712 (9th Cir. July 7, 2022) (cleaned up). "The main inquiry in determining when the statute of limitation starts to accrue is when Plaintiff learned the integrity of [its] computer had been compromised, even if the identity of the hacker was not known at the time." *Id.* (cleaned up). It is therefore irrelevant when Sylabs "fully learned" about the alleged fraudulent patenting, because it knew about the alleged intrusion in 2020. What's more, because the statute of limitations runs from "the date of the act complained of or the date of the ***discovery*** of the damage," 18 U.S.C. § 1030(g) (emphasis added), the question is when "a reasonably diligent plaintiff" could have "hypothetical[ly] discover[ed]" the relevant facts, *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 645 (2010), which

would have occurred in 2020. *See also Al-Ahmed*, 603 F. Supp. 3d at 873 ("For the discovery rule to apply, the plaintiff must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.") (cleaned up). Sylabs again cannot rely on conclusory statements within its Opposition and Complaint to obtain a discovery rule exemption from the statute of limitations.  .

Sylabs' argument that the statute of limitations began to run with the issuance of the patents also does not save the claim because it says nothing about the alleged "Corporate Secrets" and other information that Defendants allegedly obtained, which Sylabs contends is the basis of its CFAA claim. *See* Compl. ¶ 235.

### b.    Sylabs Fails to Identify the Provision(s) of the CFAA at Issue.

The CFAA claim fails because there are no allegations as to which provision(s) of the statute were allegedly violated.  Mot. at 15.  Sylabs' response consists of a single sentence: "Sylabs' Complaint alleges facts with sufficient particularity to show violations of the CFAA, Sections 1030(a), 1030(e), and 1030(g), and, therefore, Sylabs alleges violations of these sections."  Opp. at 22 (citing Compl. ¶¶ 190-91, 239).  This is insufficient.  Paragraphs 190 and 191 parrot the language of the statute, and Paragraph 239 fails to identify which subsection of Section 1030 is at issue.

### c.    The Complaint Fails to Plead the Requisite "Loss."

The Complaint lacks plausible allegations that Sylabs suffered a "loss" within the meaning of the CFAA.  Mot. at 16-17.  Sylabs incorrectly contends that it suffered a loss by virtue of the alleged conversion of certain trade secrets or IP to open source and CIQ's alleged patenting of Sylabs' trade secrets.  Opp. at 22.  This conflates "damage," defined as "any impairment to the integrity or availability of data, a program, a system, or information" (18 U.S.C. § 1030(e)(8)), and "loss," defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service" (*id.* § 1030(e)(11)).  *See also Van Buren v. United States*, 593 U.S. --, 141 S. Ct. 1648, 1660 (2021) ( "'[L]oss' . . . focus[es] on technological harms—

such as the corruption of files—of the type unauthorized users cause to computer systems and data."). By conflating these terms, Sylabs fails to allege that it suffered any technological harms as a result of Defendants' actions, which is required for its CFAA claim to survive. *See Fraser v. Mint Mobile, LLC*, No. C 22-00138 WHA, 2022 WL 1240864, at *5 (N.D. Cal. Apr. 27, 2022).

### 4.    The RICO Claims Fail.

Sylabs has failed to state a claim under RICO because the Complaint does not allege "racketeering activity," establish a "pattern" of racketeering activity, or plead a threat of continued racketeering activity to render claims under 18 U.S.C. § 1962(c) or (d) plausible. Mot. at 17-20. Sylabs' Opposition does nothing to address these defects. Opp. at 22-23.

***First***, blindly parroting a statute is not enough to show "sufficient particularity" that any alleged actions constitute "racketeering." *Id.* at 22-23 (citing Compl. ¶¶ 187, 188, 198); *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). And as Sylabs failed to state a DTSA claim, the DTSA cannot serve as a predicate act to save its RICO claims.

***Second***, Sylabs cannot establish a "pattern" and "ongoing criminal activity" by referring to alleged misdeeds that go from "March through June of 2020, and continues to the present" just because "Defendants continue to seek investment capital." Opp. at 23. A one-off comment pointing to Defendants' fundraising efforts does not show continuity for a RICO claim—nor does Sylabs cite any legal authority in support of such an assertion. A "pattern" of racketeering requires more than conclusory statements that the conduct continues to the present, and Sylabs cannot rely on its allegations regarding conduct that occurred between March and June 2020 to establish a pattern as RICO requires. *Aviva USA Corp. v. Vazirani*, 632 F. App'x 885, 888-89 (9th Cir. 2015) (series of steps that were part of a single plan was insufficient to establish a pattern of racketeering). Sylabs' conclusory and implausible allegations of a conspiracy by Ms. Kurtzer, Mr. Hayden, Ms. Fong, and Mr. Buss also do not show (1) they were "aware of the essential nature and scope of the [alleged] RICO scheme" or (2) they "otherwise agreed to participate in a scheme that meets RICO's substantive requirements—including a plausible pattern of racketeering activity." *Attia v. Google LLC*, No. 17-cv-06037-BLF, 2018 WL 2971049, at *17-19 (N.D. Cal. June 13, 2018).

1

5.        **CUTSA Preempts Sylabs' State Law Claims.**

2        CUTSA preempts Sylabs' state civil conspiracy, UCL, breach of fiduciary duty, aiding and

3    abetting breach of fiduciary duty, unjust enrichment, and conversion claims.  Mot. at 20-21.

4        Sylabs' only argument against preemption is found in the Opposition's introduction.  There,

5    Sylabs asks the Court to "consider the State Law Claims separate and independent of the claims for

6    cyber theft of trade secrets and intellectual property," asserting that under *Angelica Textile Services,*

7    *Inc. v. Park*, 220 Cal. App. 4th 495, 506 (2013), the state law claims cannot be preempted by

8    CUTSA.  Opp. at 1-2 (emphasis omitted).

9        Courts have limited *Angelica* to cases involving claims of breach of contract or conversion

10    of physical property, neither of which are alleged in the Complaint.  *See, e.g.*, *Race Winning Brands,*

11    *Inc. v. Gearhart*, No. SACV 22-1446-FWS-DFM, 2023 WL 4681539, at *7 (C.D. Cal.

12    Apr. 21, 2023); *Avago Techs. U.S. Inc. v. Nanoprecison Prods., Inc.*, No. 16-cv-03737-JCS, 2017

13    WL 412524, at *7 (N.D. Cal. Jan. 31, 2017).  Furthermore, the *Angelica* allegations were based on

14    clearly defined facts distinct from any misappropriation, namely a breach of an employment

15    agreement prohibiting disparagement, negotiating new contracts, and theft of ***physical property***.

16    220 Cal. App. 4th at 499.  Sylabs makes no such clear distinction between its "Trade Secrets and

17    Intellectual Property" and its "separate and distinct corporate records, financial records,

18    collaboration records, customer lists, sales lists, statements of work, purchase order, marketing, HR

19    records, and employees' files."  Opp. at 2 (citing Compl. ¶¶ 117-20, 133-35).

20        Neither Sylabs' Complaint nor Opposition attempts to show how its allegations related to

21    materials other than its supposed trade secrets fall outside of the "same nucleus of facts as trade

22    secret misappropriation," as required to defeat CUTSA preemption.  *See MedImpact Healthcare*

23    *Sys., Inc. v. IQVIA Inc.*, No. 19cv1865-GPC(LL), 2020 WL 5064253, at *16 (S.D. Cal. Aug. 27,

24    2020) (citing *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th

25    939, 954, 962 (2009) and Cal. Civ. Code § 3426.7).  And Sylabs offers no analysis as to how any

26    of its state law claims survive without the alleged trade secret misappropriation.  The law is that if

27    "all events ultimately are grounded" on the same facts as those in the trade secret misappropriate

28    claim, then "they all relate to the same nucleus of facts underlying that claim."  *Axis Imex, Inc. v.*

10

*Sunset Bay Rattan, Inc.*, No. C 08-3931 RS, 2009 WL 55178, at *5 (N.D. Cal. Jan. 7, 2009) ("If the 'trade secret' facts are removed from claims one and nine, neither retains sufficient independent facts to survive."). As Sylabs alleges the "same nucleus of facts" to support both the alleged trade secret misappropriation and its state law claims, the CUTSA preempts Sylabs' claims.

## 6. Sylabs Waived Defendants' UCL-Related Arguments.

Sylabs' UCL claim fails on several grounds: (1) as the predicate violations fail, so too does the UCL claim; (2) Sylabs fails to allege facts giving rise to standing under the statute; and (3) Sylabs does not plead an "unfair" or "fraudulent" business practice. Mot. at 21-24. Sylabs' Opposition does not address *any* of these arguments. It is well-established that waiver occurs where a plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's] argument." *Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x 159, 159 (9th Cir. 2012). Indeed, courts often interpret such waivers as a concession that a claim cannot be cured by amendment. *See Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2018 WL 4700342, at *5 (N.D. Cal. Oct. 1, 2018) (collecting cases). The Court should thus dismiss the UCL claims without leave to amend.

## 7. Mr. Buss Should Be Dismissed From This Litigation.

The Complaint does not allege any specific conduct by Mr. Buss. Mot. at 25. Sylabs' Opposition does not explain how the claims against Mr. Buss survive. Instead, Sylabs' sole citation to paragraph 35 of the Complaint (Opp. at 24) confirms that the Complaint lacks any allegations specific to Mr. Buss. Paragraph 35 makes the following conclusory allegation:

> During all relevant timeframes herein alleged, Co-Conspirator Buss is a director of defendant Open Drives and Open Drives' chief executive officer and secretary and while he was employed by Open Drives, ***he conspired with other defendants to engage in cyber theft and misappropriation of Sylabs' Trade Secrets; cyber theft of Sylabs' corporate secrets; cyber theft, misappropriation, and unlawful use of privileged documents; unfair trade practices; and other tortious conduct***.

(emphasis added). Sylabs alleges the emphasized portion, verbatim, as to Mr. Hayden, Ms. Fong, Mr. Buss, Mr. Prager, and Mr. Whitley. Compl. ¶¶ 33-37. This generic pleading is insufficient to state a claim against Mr. Buss. *See, e.g., Austin v. Budget Rental Car, Inc.*, No. 20-cv-06229-AGT, 2020 WL 8614183, at *2 (N.D. Cal. Sept. 17, 2020) (dismissing claim where plaintiff engaged in group pleading, alleging only "[c]onclusory statements that lack[ed] a factual basis" and failing to

1    explain what each of the defendants allegedly did).

2         Sylabs' citation to paragraphs 109 through 178 of the Complaint to demonstrate "allegations

3    concerning the Defendants' comprehensive actions" (Opp. at 23-24) is insufficient, as those

4    paragraphs do not contain *specific* allegations regarding Mr. Buss' conduct.  Indeed, Mr. Buss'

5    name fails to appear even once in any of the above-mentioned paragraphs.

6         Sylabs' citation[3] to the Tarbell Declaration (*id.* at 24-25) is also inappropriate and does not

7    point to any factual allegations in the Complaint that demonstrate why Mr. Buss has been roped

8    into this litigation.  Mr. Buss should be dismissed.

9         **B.    The Release Bars Sylabs' Claims as to the CIQ Defendants.**

10        The Release applies to, and thus bars, Sylabs' trade secret claims against Mr. Kurtzer,

11   Ms. Kurtzer, Mr. Adolph, Ms. Fong, Mr. Hayden, and CIQ to the extent they arise out of conduct

12   prior to April 29, 2020.  Mot. at 7-8.  Importantly, Sylabs does not explain *why* the Release does

13   not cover these claims.  Instead, Sylabs argues that the Court should not consider the Release on a

14   motion to dismiss and that the Release is unenforceable.  Neither argument is persuasive.

15        **1.    The Court May Judicially Notice and Consider the Release.**

16        It is proper for the Court to consider the Release at this juncture.  *See* Dkt. No. 40-5 at 1-2

17   (Request for Judicial Notice, "RJN").  For instance, in *Birdsong v. AT & T Corp.*, which Defendants

18   cite in their RJN, the court judicially noticed a settlement agreement and release that was not

19   attached to the complaint.  No. C12-6175 TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013).

20   Noting that "[t]he Release is an integral part of [the plaintiff's] allegations, for she would have no

21   valid claims unless the release agreement did not bar them[,]" the court further explained that:

22        > the primary problem raised by looking to documents outside the complaint—lack of
         > notice to the plaintiff—is dissipated where plaintiff has actual notice . . . .  Here,
23        > Plaintiff's counsel was clearly aware of the existence of the Release
         > agreement. . . . This raises the spectre that Plaintiff failed to mention the release
24        > agreement in order to avoid dismissal.

25

26   *Id.* (cleaned up).  Such is the case here.  Sylabs knew of the Release and should not be permitted to

27

28   ---
     [3] As discussed in Section C(1), *infra*, the Court should strike the Tarbell Declaration as it is
     procedurally improper.

1  pursue its claims by pleading around it to avoid dismissal. *See, e.g.*, *Khoja v. Orexigen*
2  *Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The [incorporation-by-reference] doctrine
3  prevents plaintiffs from selecting only portions of documents that support their claims, while
4  omitting portions of those very documents that weaken—or doom—their claims.").

5       Not only does Sylabs fail to distinguish *Birdsong*, but its cited case, *Intri-Plex Technologies,*
6  *Inc. v. Crest Group, Inc.*, 499 F.3d 1048 (9th Cir. 2007), does not support its position. *See* Opp.
7  at 10. In *Intri-Plex*, the court merely noted that the defendant filed a request for judicial notice, but
8  did not otherwise consider whether it was proper to consider the document. 499 F.3d at 1051-52.

9       Sylabs' argument that it is improper for the Court to consider documents outside of the four
10 corners of the Complaint is also confusing, given that Sylabs attaches to its Opposition the Tarbell
11 declaration and 37 exhibits totaling 2,857 pages, none of which were attached to the Complaint,
12 and expects the Court to consider them. Sylabs cannot have it both ways.

13            **2.    The Release Is Enforceable.**

14      There is also no basis to find that the Release is unenforceable, and Sylabs' argument to the
15 contrary lacks merit. *See* Opp. at 11. Sylabs contends that the Release is contrary to public policy,
16 and thus should be ignored. But, as Sylabs recognizes, there has been a public policy encouraging
17 settlement of disputes since at least 1893. *Id.* at 12 (citing *McClure v. McClure*, 100 Cal. 339, 343
18 (1893)). And Sylabs fails to cite any authority in support of its proposition that releasing claims
19 arising out of cyber theft is contrary to public policy—particularly where ██████████████
20 ████████████████████████████████████████████████████████████
21 ██████████████████. *See* Opp. at 12-14. The Court need not entertain Sylabs' unsupported
22 theories.

23            **3.    The Release Should Remain Under Seal.**

24      As set forth in more detail in Defendants' concurrently-filed Motion to File Under Seal the
25 Reply, the Release should remain under seal because (1) the existence of the Release is not
26 confidential, only its terms, (2) Defendants did not waive confidentiality by referring to the Release
27 generally, (3) section 4 of Release contains a carve-out that addresses Sylabs' concerns regarding
28 investors, and (4) Mr. Kurtzer entered into the Release with an expectation that its provisions would

                                        13

1    remain confidential nor disclosed any of the confidential terms of the Release.

2        **C.    The Court Should Strike the Procedurally Improper Tarbell Declaration,**
3        **Accompanying Exhibits, and Evidentiary Objections.**

4        In an attempt to salvage its Complaint and oppose Defendants' request for this Court to

5    judicially notice the Release, Sylabs' Opposition improperly cites to an alleged "expert" declaration

6    and exhibits thereto, as well as separately-filed evidentiary objections.  Opp. at 8-9, 14-16.  Such

7    errors violate both the Local and Federal Rules and should not be tolerated.

8        **1.    The Tarbell Declaration Is Insufficient to Fix Sylabs' Pleading**
         **Deficiencies.**

9        Sylabs completely ignores the procedural posture of this case and seemingly tries to fast-

10   forward to summary judgment.  Sylabs cannot rely on the improper Tarbell Declaration, which

11   attaches 36 exhibits to purportedly show that Sylabs' claims have merit.  *See* Opp. at 8, 14-16, 24-

12   25.  This is improper, as a Rule 12(b)(6) motion focuses on the *sufficiency* of the Complaint's

13   allegations, not the merits.  *Starr*, 652 F.3d at 1216.  Furthermore, as discussed in Section B, *supra*,

14   the Release can and should be considered on a motion to dismiss, and the Tarbell Declaration does

15   nothing to change the fact that it is a judicially noticeable fact.

16       **2.    The Evidentiary Objections to the Release Are Improper and Should**
         **Not be Considered.**
17

18       The Court should strike Sylabs' separately-filed evidentiary objections (Dkt. No. 50), which

19   are a failed attempt to try to exclude the Release, for two reasons.  First, the Cout should strike the

20   objections as they violate Local Rule 7-3(a).  *See* Civ. L.R. 7-3(a) ("Any evidentiary . . . objections

21   to the motion must be contained within the brief or memorandum."); *Peak Health Ctr. v. Dorfman*,

22   No. 19-cv-04145-VKD, 2019 WL 5893188, at *4 (N.D. Cal. Nov. 12, 2019) (rejecting separately-

23   filed objections that "d[id] not comply with Civil Local Rule 7-3(a)"); *Tobin v. City & Cnty. of San*

24   *Francisco*, No. 13-cv-01504-MEJ, 2016 WL 5791224, at *2 (N.D. Cal. Oct. 4, 2016), *aff'd*, 747 F.

25   App'x 584 (9th Cir. 2019) ("Any objections not contained in Plaintiff's Opposition . . . are

26   overruled for failure to comply with the Local Rule [7-3(a)].") (citation omitted).  Second, the

27

28

1  Release is proper as Mr. Kurtzer sufficiently authenticated the document.  *See* Dkt. No. 40-3 ¶ 2.[4]

2  ## III.    CONCLUSION

3         Not only has Sylabs released its claims, but Sylabs has demonstrated that it cannot not allege

4  any plausible facts, despite arguing that it already possesses "evidence" support of its claims.  *See*

5  Opp. at 14-16; *see also* Tarbell Decl.   For these reasons, the Court should dismiss Sylabs'

6  Complaint without leave to amend.

7
8  Dated: September 18, 2023                    GOODWIN PROCTER LLP

9
10                                             By:  */s/ Neel Chatterjee*
                                                   Neel Chatterjee
11                                                 *NChatterjee@goodwinlaw.com*
                                                   Jennifer Briggs Fisher
12                                                 *JFisher@goodwinlaw.com*
                                                   Elizabeth J. Low
13                                                 *ELow@goodwinlaw.com*
                                                   Ariel E. Rogers
14                                                 *ARogers@goodwinlaw.com*
                                                   David Serati
15                                                 *DSerati@goodwinlaw.com*

16                                             Attorneys for Defendants
                                               CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE
17                                             a/k/a GREGORY M. KURTZER; JULIA
                                               ROSE a/k/a JULIA KURTZER; ROBERT
18                                             ADOLPH; MATTHEW HAYDEN; ERIN
                                               FONG; OPEN DRIVES, INC.; DAVID BUSS;
19                                             and MARLIN PRAGER

20

21

22

23

24

25

26

27
   _____
   [4] Sylabs also fails to cite case law in support of its proposition that "other foundational information"
28 is required or that Mr. Kurtzer must engage in attorney argument and "explain its relevance."  *See*
   Dkt. No. 50 at 2.  Indeed, Defendants' Motion explains the relevance of the Release.  Mot. at 6.
                                               15

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3

United States District Court for the Northern District of California by using the CM/ECF system

4

on September 18, 2023.  I further certify that all participants in the case are registered CM/ECF

5

users and that service will be accomplished by the CM/ECF system.

6

I certify under penalty of perjury that the foregoing is true and correct.  Executed on

7

September 18, 2023.

8

9

/s/ *Neel Chatterjee*
Neel Chatterjee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16