1  CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
   carolyn.luedtke@mto.com
2  MIRIAM KIM (State Bar No. 238230)
   miriam.kim@mto.com
3  TAYLOR L. BENNINGER (State Bar No. 344825)
   Taylor.Benninger@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
5  San Francisco, California 94105-2907
   Telephone:   (415) 512-4000
6  Facsimile:   (415) 512-4077

7  Attorneys for Defendants
   JOEL WHITLEY AND IAG CAPITAL PARTNERS
8

9               UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| | |
|---|---|
| 12  SYLABS, INC., a Delaware corporation, | Case No. 5:23-cv-00849-SVK |
| 13         Plaintiff, | **IAG DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)** |
| 14     v. | |
| 15  GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a CIQ; OPEN DRIVES, INC.; DAVID BUSS; MARLIN PRAGER; JOEL WHITLEY; IAG CAPITAL PARTNERS; and DOES 1 through 50, inclusive, | Date:      October 3, 2023<br>Time:      10:00 a.m.<br>Courtroom:  6, 4th Floor<br>Judge:     Hon. Susan van Keulen |
| 19         Defendants. | |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..................................................................................................................1

II.  SYLABS MISAPPREHENDS THE GOVERNING STANDARD. ....................................2

III. SYLABS CANNOT ESCAPE ITS RELIANCE ON IMPROPER GROUP ALLEGATIONS. ..................................................................................................................2

IV.  SYLABS' CLAIMS AGAINST THE IAG DEFENDANTS FAIL ON THEIR OWN TERMS. ......................................................................................................................5

    A.   Sylabs' Insubstantial Counterarguments Cannot Save its Trade Secret Misappropriation Claims. ...........................................................................................5

    B.   Sylabs Cannot Salvage its Time-Barred and Inadequate CFAA Claims. ..................8

    C.   Sylabs' RICO Claims Remain Fatally Flawed. ........................................................10

    D.   Sylabs' Attempt to Avoid Preemption Fails Under California Law. .......................12

V.   CONCLUSION ..................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alta Devices, Inc. v. LG Elecs., Inc.*,
   343 F. Supp. 3d 868 (N.D. Cal. 2018) ...................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................2, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................2

*Brodsky v. Apple Inc.*,
   445 F. Supp. 3d 110 (N.D. Cal. 2020) ...................................................................................8

*CleanFish v. Sims*,
   No. 19-CV-03663-HSG, 2020 WL 1274991 (N.D. Cal. Mar. 17, 2020)....................................6

*Cnty. of Marin v. Deloitte Consulting LLP*,
   836 F. Supp. 2d 1030 (N.D. Cal. 2011) ...............................................................................11

*Conley v. Gibson*,
   355 U.S. 41 (1957) ..................................................................................................................2

*Corazon v. Aurora Loan Services*,
   No. 11-00542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011) .............................................3, 4

*hiQ Labs, Inc. v. LinkedIn Corp.*,
   639 F. Supp. 3d 944 (N.D. Cal. 2022) ...................................................................................9

*Howard v. Am. Online Inc.*,
   208 F.3d 741 (9th Cir. 2000) ................................................................................................12

*Kimera Labs Inc. v. Jayashankar*,
   No. 21-CV-2137-MMA (DDL), 2022 WL 11965058 (S.D. Cal. Oct. 20, 2022) ......................12

*Lopez v. Apple, Inc.*,
   558 F. Supp. 3d 821 (N.D. Cal. 2021) ...................................................................................9

*Magluta v. Samples*,
   256 F.3d 1282 (11th Cir. 2001).................................................................................................4

*Mattel, Inc. v. MGA Ent., Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2011)..................................................................................13

*Navigation Holdings, LLC v. Molavi*,
   No. 19-CV-02644-LHK, 2020 WL 5074307 (N.D. Cal. Aug. 25, 2020) ....................................6

*New Show Studios v. Needle*,
   No. 2:14-CV-01250-CAS(MRWx), 2014 WL 2988271 (C.D. Cal. June 30,
   2014) ........................................................................................................................... 10

*Nguyen v. Chow*,
   No. 14-CV-01444-VC, 2014 WL 12625960 (N.D. Cal. Sept. 19, 2014) ................... 11

*Resh, Inc. v. Skimlite Mfg. Inc.*,
   -- F. Supp. 3d ----, 2023 WL 2744423 (N.D. Cal. Mar. 31, 2023) ..................... 3, 4, 5

*Safe Flight Instrument Corp. v. McDonnell-Douglas Corp.*,
   482 F.2d 1086 (9th Cir. 1973) ..................................................................................... 2

*Sollberger v. Wachovia Securities*,
   No. SACV 09-0766 AG (ANx), 2010 WL 2674456 (C.D. Cal. June 30, 2010) ......... 4

*In re Toll Roads Litig.*,
   No. SACV 16-00262 AG (JCGx), 2018 WL 6131178, at *9 (C.D. Cal. Jan. 12,
   2018) ............................................................................................................................. 2

*United States v. Nosal*,
   844 F.3d 1024 (9th Cir. 2016) ................................................................................... 10

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,
   No. 14-CV-04050-MEJ, 2014 WL 6788310 (N.D. Cal. Dec. 2, 2014) ....................... 8

*Yu v. Design Learned*,
   No. 15-CV-05345-LB, 2016 WL 1621704 (N.D. Cal. Apr. 22, 2016) ................... 3, 4

**STATE CASES**

*Angelica Textile Servs., Inc. v. Park*,
   220 Cal. App. 4th 495 (2013) .................................................................................... 13

*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310 (2011) ............................................................................................... 12

*Silvaco Data Sys. v. Intel Corp.*,
   184 Cal. App. 4th 210, 239 n.22 (2010) ............................................................... 12, 13

**FEDERAL STATUTES**

18 U.S.C. § 1030(e)(8) ........................................................................................................ 8

18 U.S.C. § 1030(g) ............................................................................................................ 8

18 U.S.C. § 1343 ............................................................................................................... 11

18 U.S.C. § 1962(a) .......................................................................................................... 11

18 U.S.C. § 1962(d) ...................................................................................................................11

**STATE RULES**

Rule 8 ..........................................................................................................................................3, 4

Rule 9(b) ........................................................................................................................................11

Rule 12(b)(6) ...................................................................................................................................9

## I. INTRODUCTION

The central premise of the IAG Defendants'[1] Motion to Dismiss ("Motion") remains unrefuted: Sylabs has no legitimate grievances and is instead using its haphazard collection of conclusory allegations and inapplicable claims to target CIQ and its investors. Sylabs' Opposition ignores the Complaint's numerous, itemized deficiencies set out in the Motion. Instead, it doubles down on its use of improper group pleadings and repeats whole pages worth of its vague but inflammatory allegations with little or no analysis. Further, Sylabs' Opposition suffers from a complete misunderstanding of the use of and standards for a Rule 12(b)(6) motion. Sylabs has not met its burden to support its claims against Joel Whitley and IAG with specific allegations in the Complaint, and it cannot go on a fishing expedition for speculative supporting discovery when it has fallen short of the applicable pleading standard.

Specifically, Sylabs' Opposition fails to respond to the fatal pleading defects in its claims against Whitley and IAG. As the Motion discussed in detail, Sylabs' Complaint rests on group allegations that improperly lump Whitley and IAG into an indistinguishable mass with the other "Defendants." Sylabs has not rebutted the relevant case law and cannot identify any non-group, non-conclusory allegations to support its claims against the IAG Defendants. Indeed, even Sylabs' Opposition resorts to the catch-all "Defendants" language that pervades its Complaint. This Court can and should dismiss all of Sylabs' claims against the IAG Defendants on the basis of group pleadings alone.

Moreover, each and every one of Sylabs' claims against the IAG Defendants is inadequately pleaded, insufficiently particular, time barred, and/or preempted. Sylabs' Opposition raises no meaningful responses to these issues. Repeatedly, it relies on inapplicable legal standards, meaningless distinctions, illogical assumptions, and inapposite case law. As the below sections demonstrate, these attempts cannot succeed, and Sylabs' trade secret, CFAA, RICO, and state law claims all independently warrant dismissal.

---

[1] The terms "IAG," "IAG Defendants," and "IAG Investors" have the same meanings in this Reply as in the Motion to Dismiss.

IAG DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)

## II. SYLABS MISAPPREHENDS THE GOVERNING STANDARD.

As a threshold matter, Sylabs argues that its claims cannot be dismissed unless "no set of facts" would entitle it to relief, and the Court "should exercise its discretion to deny the motion" because of "disputed factual issues, complex forensic, technology, and patent issues," and a supposed need for "expert testimony." Opp. at 3, 7 (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Sylabs is fundamentally wrong. The correct rule is clear: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim must contain more than "conclusory statements" or "facts that are 'merely consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). And courts do not have "discretion" to immunize cases from these requirements. Sylabs' contrary argument relies on *Safe Flight Instrument Corp. v. McDonnell-Douglas Corp.*, 482 F.2d 1086, 1093 (9th Cir. 1973), and *In re Toll Roads Litig.*, No. SACV 16-00262 AG (JCGx), 2018 WL 6131178, at *9 (C.D. Cal. Jan. 12, 2018), but these are *summary judgment* cases. The standards for motions to dismiss come from *Iqbal*, *Twombly*, and their progeny, which Sylabs ignores, and Sylabs must satisfy *those* standards before this case can proceed to discovery as Sylabs requests.

## III. SYLABS CANNOT ESCAPE ITS RELIANCE ON IMPROPER GROUP ALLEGATIONS.

As the Motion to Dismiss explained at length, Sylabs' improper reliance on group allegations against "Defendants" or "Co-Conspirators" is fatal to all its claims against the IAG Investors. *See* Motion at 6-10.

Sylabs' Opposition essentially disregards this argument. Sylabs does not respond to IAG and Whitley's point that the Complaint contains *no* individualized allegations that they committed any misconduct. *See* Motion at 4, 7. Nor does Sylabs mention *any* of the numerous cases holding that group allegations neither comply with *Twombly* and *Iqbal* nor provide defendants with sufficient notice of their alleged wrongdoing. *See* Motion at 6-7 (summarizing case law).

1   Ironically, Sylabs' Opposition only compounds the group pleading problems.  The Opposition

2   claims to use the term "Defendants" to mean only "Joel Whitley, IAG Capital Partners, IAG Fund

3   II, LP, and IAG Capital Holdings II, LLC."  Opp. at 1.  Yet it repeatedly uses the term

4   "Defendants" to refer to acts that the Complaint alleges against *other* Defendants, and not against

5   Whitley and IAG, such as "presenting Sylabs' technologies as their own inventions," "filing

6   fraudulent patent applications,"[2] and "pillaging [files] both before and after they left their

7   employment with Sylabs."  Opp. at 4, 15, 22.  In responding to the Opposition, as with the

8   Complaint, the IAG Defendants are left to "guess amongst themselves as to whom a specific

9   'Defendants' reference Plaintiff intended to apply."  *Resh, Inc. v. Skimlite Mfg. Inc.*, -- F. Supp. 3d

10  ----, 2023 WL 2744423, at *2 (N.D. Cal. Mar. 31, 2023).

11        Instead of addressing the substance of the group pleading problems, Sylabs presents two

12  general and unsupported arguments in response: Sylabs argues that "Defendants failed to pay any

13  mind to Rule 8(a)" and that group pleading arguments "can always be made when a conspiracy is

14  alleged."  Opp. at 8-9.  Neither has merit.

15        First, the rule against group pleading does not ignore Rule 8, but rather implements it.

16  This District's group pleading cases—which Sylabs ignores—are unanimous and emphatic about

17  this principle.  In *Corazon v. Aurora Loan Services*, the court held that group pleading "violates

18  Rule 8(a)(2) because it fails to provide" any individual defendant "with fair notice of its alleged

19  misconduct."  No. 11-00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011).  In *Yu v.

20  Design Learned*, the court explained that "Rule 8(a)(2) requires the complaint to 'put defendants

21  on sufficient notice of the allegations against them,'" which does not occur when pleadings "fail[]

22  to differentiate among the defendants."  No. 15-CV-05345-LB, 2016 WL 1621704, at *5 (N.D.

23  Cal. Apr. 22, 2016) (quoting *Corazon*, 2011 WL 1740099, at *4).  And in *Resh*, the court

24  acknowledged "the well-established law in this circuit that so-called 'shotgun pleadings' do not

---

[2] Sylabs filed a Motion for Judicial Notice of the U.S. Patent No. 10,970,133.  *See* Dkt. No. 52. Sylabs does not explain why this patent is relevant for its Opposition, but the IAG Defendants note that the patent lists Defendants CIQ, Greg Kurtzer, and Robert Adolph—not Whitley or IAG—as the applicant and inventors.

satisfy Rule 8's notice requirement" because they do not explain "which allegations are levied against which Defendants." 2023 WL 2744423, at *2 (citation omitted).

Here, Sylabs' reliance on group allegations illustrates that it has not, in fact, complied with the requirements of Rule 8. Like the complaints in *Yu*, *Corazon*, and *Resh*, Sylabs' Complaint "failed to differentiate among defendants or specify which defendant was the subject of Plaintiff's various allegations." *Yu*, 2016 WL 1621704, at *4 (cleaned up) (quoting *Corazon*, 2011 WL 1740099, at *4). Thus, Sylabs "violated Rule 8(a)(2) because it failed to provide" Whitley or IAG "with fair notice of its alleged misconduct." *Id.* (cleaned up) (quoting *Corazon*, 2011 WL 1740099, at *4).

Second, Sylabs' assertion that a group pleading argument "can always be made when a conspiracy is alleged," Opp. at 9, is equally meritless. Sylabs cites no authority for this position and ignores contrary authority—namely, *Sollberger v. Wachovia Securities*, which the IAG Defendants cited in their Motion. Motion at 6, 8. The plaintiff in *Sollberger* suspected that the defendants were "co-conspirators" and alleged they "did certain things or 'knew or should have known' certain information, without making any specific allegations against Defendants." No. SACV 09-0766 AG (ANx), 2010 WL 2674456, at *3, *5 (C.D. Cal. June 30, 2010). Notwithstanding the allegations of conspiracy, the court held that "[t]his shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong" and that "this defect alone warrant[ed] dismissal." *Id.* at *5.

Accordingly, Sylabs' attempt to use its conspiracy claim to justify its group allegations cannot succeed. Conspiracy claim or no, Sylabs has a duty to inform every Defendant of "exactly what [it is] accused of doing wrong," which it can only satisfy with specific, non-conclusory allegations about each Defendant's conduct. *Id*. This need for individualized allegations is all the more acute because Sylabs' Complaint "make[s] plain that all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding complaint to be "a quintessential 'shotgun' pleading" that "mak[es] no distinction among the fourteen defendants charged"). Thus, without individualized allegations, Defendants have "to guess amongst themselves as to whom a specific 'Defendants' reference Plaintiff

intended to apply." *Resh*, 2023 WL 2744423, at *2. Even in a conspiracy claim, such guesswork is impermissible.

In sum, Sylabs cannot escape that its claims against the IAG Defendants rest on unjustifiable group pleadings. This issue is dispositive: This Court can and should dismiss the entire Complaint against Whitley and IAG on this ground alone.

## IV. SYLABS' CLAIMS AGAINST THE IAG DEFENDANTS FAIL ON THEIR OWN TERMS.

In addition to its group pleading argument, the IAG Investors' Motion explained in detail why each category of Sylabs' claims—trade secret misappropriation, CFAA, civil RICO, and state law claims—failed as to the IAG Defendants. Sylabs failed to rebut those arguments. Accordingly, every claim against the IAG Defendants warrants dismissal on its own terms.

### A. Sylabs' Insubstantial Counterarguments Cannot Save its Trade Secret Misappropriation Claims.

As the IAG Defendants explained, Sylabs' trade secret misappropriation claims fail because Sylabs did not allege misappropriation or reasonable efforts to maintain secrecy, and because it did not describe its trade secrets with particularity. Motion at 10-15. Sylabs fails to rebut these arguments.

*First*, Sylabs' Opposition does not show that either Whitley or IAG misappropriated any purported trade secrets. Sylabs does not dispute that it only attempts an indirect acquisition theory of misappropriation, *see* Motion at 10, and contends only that the "[IAG] Defendants knew or had reason to know the information it [*sic*] acquired was a trade secret." Opp. at 16. But the Opposition cites no non-group and non-conclusory allegations showing as much—because there are none. *See* Motion at 12.

Sylabs' counterarguments overwhelmingly rest on its interpretation of a single email that Kurtzer allegedly sent to Whitley, *see* Opp. at 16, 18; *see also* Compl. ¶ 147, but that allegation cannot support the weight Sylabs places on it. As the IAG Defendants already explained, *see* Motion at 11, the fact that an employee allegedly left a former employer and started a new business in the same industry does not put his professional connections on notice of potential trade

secret misappropriation. *See, e.g.*, *Navigation Holdings, LLC v. Molavi*, No. 19-CV-02644-LHK, 2020 WL 5074307, at *5 (N.D. Cal. Aug. 25, 2020).[3] Thus, even if Kurtzer's email disclosed "his plan to leave Sylabs and take with him technology and employees to carry on the same work at Defendant CIQ," Opp at 16, that is legally insufficient to show that Kurtzer would use *trade secrets* to do so. And Kurtzer's reassurance in his email that Fuzzball was "all open source," Compl. ¶ 147, *undermines* any possible inference that Whitley or IAG had reason to know that Kurtzer might have been improperly disclosing a trade secret and instead supports "an innocent explanation." *CleanFish*, 2020 WL 1274991, at *10 (citation omitted).[4]

Sylabs also argues that the IAG Defendants should have known Kurtzer was sharing trade secrets when he allowed Whitley and IAG to access "Sylabs' Server, in particular . . . all documents relating to Fuzzball." Opp. at 19 (quoting Compl. ¶ 150). This argument fails. First of all, Sylabs does not allege or explain how Whitley or IAG could know that Google Drive links from Kurtzer constituted "Sylabs' Server." Sylabs also does not respond to the point that the mere receipt of information cannot establish the requisite knowledge that it contains trade secrets, *see* Motion at 12, and Sylabs instead assumes that all documents on or links to company's server must contain trade secrets, which is illogical and incorrect. Thus, this argument, like Sylabs' other arguments, does not show misappropriation by Whitley or IAG.

***Second***, Sylabs' counterarguments cannot change the fact that its Complaint lacks allegations disclosing Sylabs' measures to protect the secrecy of its alleged trade secrets.

Sylabs first points to its bare allegation that it "took reasonable measures to protect the secrecy of the Sylabs' Trade Secrets and IP." Opp. at 13 (quoting Compl. ¶¶ 212, 252). But this

---

[3] Sylabs' attempt to distinguish *Navigation Holdings* and *CleanFish v. Sims*, No. 19-CV-03663-HSG, 2020 WL 1274991 (N.D. Cal. Mar. 17, 2020), as involving non-technology trade secrets, *see* Opp. at 19, is a distinction without a difference. *Navigation Holdings* and *CleanFish* illustrate the specificity necessary to allege an indirect acquisition theory, *see* Motion at 10-11—a requirement that does not depend on the kind of trade secrets at issue, and one Sylabs does not satisfy.

[4] Without any allegations or inferences of misconduct, there is no occasion for a "jury or court sitting as the trier of fact to assess" the email's language. Opp. at 16.

is merely "a legal conclusion couched as a factual allegation," which is "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

Sylabs next asserts that "the reasonable manner by which Sylabs secured and stored its Trade Secrets and IP" illustrates that it "has sufficiently pleaded reasonable measures to protect its trade secrets." Opp. at 13-14. This argument assumes the conclusion and also seems to assume that storing trade secrets on Google Drives is *de facto* reasonable. *See id.* at 14 (citing Compl. ¶ 110 n.13, which discusses "Google Drive"). But Sylabs neither gives any legal authority for this claim, nor alleges any details to demonstrate why its use of Google Drives constituted a reasonable effort to maintain secrecy.

Finally, Sylabs argues that "allegations detailing how Defendants conspired to and evaded Sylabs' reasonable security measures" reveal that it used "credentials" and "access limitations" to protect its secrets. Opp. at 14-15. But the underlying allegations state only that some Defendants were able to "grant[] full and complete credentials" to personal email addresses and non-employees, and to "transfer[] . . . administrative credentials" to each other. Opp. at 14-15 (quoting Compl. ¶¶ 143, 169. These allegations do *not* disclose any barriers preventing these actions; if anything, they imply that Sylabs instituted *no* measures to prevent outside email accounts from accessing Google Drive. Accordingly, the allegations in the Complaint are insufficient to demonstrate that Sylabs took reasonable measures to protect its secrets.

*Third*, Sylabs fails to demonstrate that it has described its trade secrets with particularity. Sylabs concedes that it must distinguish its trade secrets "from matters of general knowledge in the trade or of special persons who are skilled in the trade." Opp. at 11 (quoting *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018)). Sylabs does not meet this requirement. Its explanation of its trade secrets consists of block-quoted allegations that, according to Sylabs, show particularity in its trade secrets. Opp. at 11. This approach ignores the IAG Defendants' specific arguments about the inadequacy of that block-quoted language. *See* Motion at 14. Repeating the allegations does not make them specific or respond to Whitley and IAG's arguments. And ultimately, the quoted allegations do not meaningfully distinguish Sylabs' purported trade secrets from its patented (and public) SIF technology or its corporate records, *see*

Motion at 14, or clarify which "systems and methods, code, compilations, programs, devices, methods, techniques, or processes" comprise Sylabs' "value-added" trade secrets. Opp. at 11-12 (quoting Compl. ¶¶ 53, 211, 251). As for Sylabs' descriptions of Fuzzball's "genesis, development, functionality, . . . and . . . value," Opp. at 10, those do not help separate Sylabs' purported trade secrets "from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade." *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2014 WL 6788310, at *21 (N.D. Cal. Dec. 2, 2014) (citation omitted).

Accordingly, Sylabs has failed to state its trade secrets it's the requisite particularity. For this reason, and separately because Sylabs failed to allege either misappropriation or reasonable efforts to maintain secrecy, its trade secret claims against the IAG Defendants must be dismissed.

### B.  Sylabs Cannot Salvage its Time-Barred and Inadequate CFAA Claims.

The IAG Defendants' Motion described four independent reasons why Sylabs' CFAA claims fail. *See* Motion at 15-17. Sylabs' opposition fails to undermine any of these arguments.

***First***, Sylabs' trade secrets claim is time barred. Motion at 15. Sylabs argues that "the earliest [it] would have fully learned that Defendants had taken [its] Trade Secrets and Intellectual Property and had stolen and used [its] source code would have been on April 6, 2021, when U.S Patent No. US 10,970,113, the first and earliest of the six Fuzzball and Armored Containers U.S. Patents, was granted and published." Opp. at 20. Once again, though, Sylabs uses the wrong standard.

A CFAA claim must be "begun within 2 years of the date of the act complained of or the date of the discovery of the damage," 18 U.S.C. § 1030(g), which is defined as the "impairment to the integrity or availability of data, a program, a system, or information," 18 U.S.C. § 1030(e)(8). If a plaintiff's discovery is "delayed," it must "include . . . allegations of delayed discovery" in its complaint. *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 138 (N.D. Cal. 2020). And where, as here, "legislators have written the word 'discovery' directly into the statute . . . state and federal courts have typically interpreted the word to refer not only to actual discovery, but also to the

hypothetical discovery of facts a reasonably diligent plaintiff would know." *hiQ Labs, Inc. v. LinkedIn Corp.*, 639 F. Supp. 3d 944, 968 (N.D. Cal. 2022)

These rules confirm that Sylabs' CFAA claim is time barred.  Sylabs' Complaint is silent as to when it *actually* discovered the allegedly unauthorized access.  But based on the existing allegations, a reasonably diligent plaintiff would have noticed right away if important documents on its server were "deleted," "renamed," or "edited."  Compl. ¶¶ 168, 177-78.  A reasonably diligent plaintiff would then promptly "inquire about the cause of [this] injury," and the subsequent alleged audit logs and forensic evidence would have "put [Sylabs] on notice of [its] claim" well before the end of 2020.  *hiQ*, 639 F. Supp. 3d at 969 (citation omitted); *see also* Opp. at 17, 21.  Sylabs' CFAA claim should therefore be dismissed as time barred.

***Second***, Sylabs has not identified the applicable subsection or subsections of the CFAA.  Motion at 15.  Sylabs counters that it "dedicates an entire section of its Complaint to identifying and setting out the specific provisions of the CFAA that Sylabs alleges Defendants violated."  Opp. at 20.  But the referenced paragraphs simply list multiple subsections of the CFAA, including 18 U.S.C. § 1030(a)(2), (a)(4), (a)(5)(A), (a)(5)(B), and (a)(5)(C), without ever clarifying which ones apply to the IAG Defendants.

***Third***, Sylabs has not alleged that Whitley or IAG actually accessed Sylabs' computers.  Motion at 15-17.  Sylabs counters that its "forensic computer evidence incontrovertibly demonstrates" such access.  Opp. at 20.  But Sylabs' *allegations* are what matter at this stage, not its purported "evidence."[5]  Sylabs' Complaint only alleges that Whitley and IAG were "*provided . . . with* access to the Sylabs Server."  Compl. ¶ 150-51 (emphasis added).  This is

---

[5] Sylabs filed a purported "expert declaration" and nearly 3,000 pages of exhibits.  *See* Declaration of Christopher Tarbell, Dkt. No. 47-001 (Sept. 11, 2023); *see also* Dkt. Nos. 47-004-040 (exhibits).  Although that declaration is offered in opposition to "*CIQ Defendants'* motion to dismiss," *id.* at 1 (emphasis added), the IAG Defendants' agree that it must be stricken, *see* CIQ Defendants' Reply in Support of Motion to Dismiss, Dkt. No. 54 , at 14-15 (Sept. 18, 2023); *see also, e.g.*, *Lopez v. Apple, Inc.*, 558 F. Supp. 3d 821, 825 (N.D. Cal. 2021) ("As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" (citation omitted)).

1  functionally identical to an allegation that the IAG Defendants "gained access to confidential and
2  sensitive information," which is insufficient to support a CFAA claim. *New Show Studios v.*
3  *Needle*, No. 2:14-CV-01250-CAS(MRWx), 2014 WL 2988271, at *6 (C.D. Cal. June 30, 2014);
4  *see also* Motion at 15-16.

5        ***Fourth***, and more importantly, even if Whitley or IAG did access Sylabs' Server—which,
6  it bears repeating, was *not* alleged—such access was necessarily with authorization. S*ee* Motion
7  at 16-17. The term "authorization" in the CFAA means "permission or power granted by an
8  authority," such that "one 'accesses a computer without authorization'" only if one "accesses a
9  computer without permission to do so *at all*." *United States v. Nosal*, 844 F.3d 1024, 1035, 1037
10 (9th Cir. 2016) (emphasis added) (citations omitted). Because Kurtzer, the then-CEO of Sylabs,
11 allegedly gave Whitley and IAG permission and power to access "the Sylabs Server," Compl.
12 ¶¶ 150-51, their access, if any, was authorized.

13       Sylabs does not meaningfully grapple with this reasoning, and its attempts to sidestep this
14 argument are not persuasive. It is of no moment that several CFAA cases involved "former
15 employees" rather than investors, Opp. at 21, because the IAG Defendants cite these cases for
16 their binding interpretation of the statutory text. And Sylabs' assertion that "Kurtzer accessed
17 Sylabs' Server both before and after his employment with Sylabs ended," Opp. at 21 (citing
18 Compl. ¶¶ 109-34, 170-78), has nothing to do with Whitley and IAG's supposed access. The
19 Complaint never alleges that the IAG Defendants' authorization was revoked or that they accessed
20 the documents after such revocation. Sylabs has therefore failed to allege unauthorized access.

21       In sum, Sylabs has failed to rebut any one of the four independent reasons why its CFAA
22 claim against Whitley and IAG fails. The Court should dismiss this claim.

23       **C.**     **Sylabs' RICO Claims Remain Fatally Flawed.**

24       Sylabs' RICO claims, like its trade secret misappropriation and CFAA claims, fail because
25 Sylabs has not included sufficient allegations to state a plausible claim for relief against Whitley
26 or IAG. The arguments in Sylabs' Opposition do nothing to change this fact.

27       Sylabs argues, based on a single allegation in the Complaint, *see* Compl. ¶ 150, that
28 Whitley and IAG committed multiple predicate acts of trade secret misappropriation. *See* Opp. at

22. However, as explained in the IAG Defendants' Motion to Dismiss, and again here, trade secret misappropriation cannot be a predicate act because the only relevant allegation does *not*, in fact, state a claim for trade secret misappropriation against these Defendants. *See* Motion at 18; *see also* Section IV.A, *supra*. What's more, even if Sylabs' allegations *could* constitute trade secret misappropriation (which they cannot), one alleged instance thereof cannot demonstrate a pattern of racketeering activity. Sylabs' argument that one instance of misappropriation satisfies the elements of multiple subsections of the DTSA, *see* Opp. at 22 (referencing 18 U.S.C. § 1832(a)(1), (a)(2) and (a)(3)), misses the mark. "A pattern of racketeering activity must constitute at least two *separate* predicate acts," *Cnty. of Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d 1030, 1043 (N.D. Cal. 2011) (emphasis added). "[T]he requisite continuity to constitute a pattern" does not exist where "the alleged act only occurred one time." *Nguyen v. Chow*, No. 14-CV-01444-VC, 2014 WL 12625960, at *2 (N.D. Cal. Sept. 19, 2014). Accordingly, Sylabs cannot establish a continuous pattern of racketeering activity.

      Sylabs' remaining attempts to defend its RICO claims can be quickly disregarded. Sylabs argues that the IAG Defendants committed the predicate acts of securities fraud and fraud against the USPTO. *See* Opp. at 22-23. These arguments fail for several reasons: Sylabs identifies only the trade secret misappropriation statute as a predicate act in its Complaint, *see* Compl. ¶ 199; provides no analysis supporting its assertion that fraud on the USPTO is wire fraud under 18 U.S.C. § 1343, *see* Opp. at 22; references these predicate acts only in brief, conclusory allegations, *see* Compl. ¶¶ 98, 139; and does not come close to meeting the heightened pleading standard for fraud claims, *see* Fed. R. Civ. P. 9(b). Sylabs also argues that it set forth a claim under 18 U.S.C. § 1962(a) against the IAG Defendants. Opp. at 24. It simply did not. Its RICO claims proceed under 18 U.S.C. §§ 1962(c) (Count IV) and 1962(d) (Count V). Finally, Sylabs' assertion that it "has alleged facts with sufficient particularity to show Defendants' conspiracy to engage in Racketeering Activity" ignores the legal rule that, if its § 1962(c) claims against Whitley and IAG fail, its § 1962(d) claims also fail. *See* Motion at 19 (quoting *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)).

      Accordingly, Sylabs' RICO claims against Whitley and IAG must be dismissed.

**D.      Sylabs' Attempt to Avoid Preemption Fails Under California Law.**

Sylabs' final argument is that its state law claims are not preempted because they address "separate and distinct corporate records, financial records, collaboration records, customer lists, sales lists, statements of work, purchase order, marketing, HR records, and employees' files" rather than "Trade Secrets and Intellectual Property." Opp. at 24. This argument fails because it is both an inaccurate characterization of Sylabs' Complaint and an insufficient distinction under California law.[6]

Sylabs' Complaint belies its argument that its state law claims do not address trade secrets. The IAG Defendants already described how each and every one of the state law claims in Sylabs' Complaint includes trade secrets within its scope. *See* Motion at 20-21. Sylabs' argument ignores both the Motion and the text of its own Complaint.

Worse, Sylabs ignores the well-established rule that "CUTSA displaces all claims 'based upon the misappropriation of . . . confidential information, whether or not that information rises to the level of a trade secret.'" *Kimera Labs Inc. v. Jayashankar*, No. 21-CV-2137-MMA (DDL), 2022 WL 11965058, at *11 (S.D. Cal. Oct. 20, 2022) (citation omitted). And it ignores the cases in the IAG Defendants' Motion, which explain that the California Court of Appeal has "'emphatically reject[ed]' the suggestion that CUTSA did not preempt 'conversion claims based on the taking of information that, though not a trade secret, was nonetheless of value to the claimant.'" Motion at 19 (quoting *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 n.22 (2010), *overruled on other grounds by Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310 (2011)). It even ignores the passage in the sole case it cites, which acknowledges that "the acquisition, disclosure or transfer of information that does not fit [C]UTSA's definition of a trade secret does not give rise to any liability, even when that liability is couched in terms of a separate

---

[6] The IAG Defendants also joined in the CIQ Defendants' arguments that Sylabs' "UCL claims also fail because the predicate claims fail, because Sylabs lacks UCL standing, and because Sylabs does not allege unfair or fraudulent business practices." Motion at 19 n.6. Sylabs failed to address these arguments in either Opposition. Accordingly, the IAG Defendants join the CIQ Defendants' argument that, because Sylabs failed to address these arguments, they are waived. *See* CIQ Defendants' Reply, Dkt. No. 54, at 11.

tort or statutory violation." *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 506 (2013).

Plaintiff nonetheless persists in arguing, based on its interpretation of *Angelica Textile*, that "documents and information" are "'the proper subject of a conversion claim'" even when they "contain[] no trade secrets." Opp. at 25 (quoting *Angelica Textile Servs.*, 220 Cal. App. 4th at 508). But the conversion claim in *Angelica Textile* survived because the defendant took physical, "tangible property." 220 Cal. App. 4th at 508. Sylabs' conversion claim targeting the "cyber theft" of "protected information," Compl. ¶ 349, is wholly different, because "information is not property unless some law makes it so." *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 996-97 (C.D. Cal. 2011) (quoting *Silvaco*, 184 Cal. App. 4th at 239). Because Sylabs does not and "cannot 'identify any property right' in its confidential information 'outside of trade secrets law,'" its conversion claim, like its other state law claims, fails. *Id.* at 997 (quoting *Silvaco*, 184 Cal. App. 4th at 239) (alteration adopted).

## V.   CONCLUSION

For the foregoing reasons, and for the reasons stated in the IAG Defendant's Motion, Sylabs' Complaint must be dismissed.

DATED: September 18, 2023            MUNGER, TOLLES & OLSON LLP

By: */s/ Carolyn Hoecker Luedtke*
CAROLYN HOECKER LUEDTKE
carolyn.luedtke@mto.com
MIRIAM KIM
miriam.kim@mto.com
TAYLOR L. BENNINGER
Taylor.Benninger@mto.com

Attorneys for JOEL WHITLEY AND IAG CAPITAL PARTNERS