

# LEPISCOPO & ASSOCIATES

*SERVING SAN DIEGO & ORANGE COUNTIES*

 http://www.linkedin.com/in/petelepiscopo/
www.LepiscopoLawFirm.com

**NEWPORT BEACH OFFICE**

# EXHIBIT 49

## EMPLOYEE'S NON-DISCLOSURE, INVENTION ASSIGNMENT
## AND CONFIDENTIAL INFORMATION AGREEMENT

*Employee Name:*   Matthew Hayden

*Effective Date:*   8/6/2018

### *THIS AGREEMENT MAY NOT BE ALTERED OR MODIFIED BY EMPLOYEE EXCEPT WITH COMPANY'S WRITTEN CONSENT*

Employee acknowledges that Employee will be provided access to information about SYLABS INC. ("Company") which is confidential, and which, if not protected against unauthorized disclosure, could be exploited or publicized and cause damage to Company. In consideration of the current or continued employment of the undersigned employee ("Employee") by Company, Employee agrees as follows:

1.    DEFINITIONS

a.    <u>Confidential Information</u>.  "Confidential Information" describes any non-public information that relates to the actual or anticipated business, research or business development planning or activities of Company and any proprietary information, technical data, formulae, trade secrets, and know-how of Company, whether disclosed directly or indirectly, in writing, orally, or by inspection or observation. "Confidential Information" includes, but is not be limited to technical information, budgets, notebooks, client and customer lists, contact lists, business plans, pricing, inventory lists, lists of suppliers, design and manufacturing techniques, business data, computer programs, the buying habits, practices, customs or traditions of any customers, marketing methods and related data, credit information, costs of materials and the prices for selling products and services, and all other information of a technical or commercial nature relating to the business and affairs of Company that has not been made available to the general public.

2.    CONFIDENTIAL INFORMATION – NON DISCLOSURE AGREEMENT

a.    <u>Disclosure</u>.  Employee agrees at all times during the period of employment, and at all times thereafter, to hold Confidential Information in strictest confidence and not use it for any purpose except for the benefit of Company to fulfill Employee's employment obligations. Employee will not disclose Confidential Information to any third party without written authorization of an officer of Company.

b.    <u>Confidential Information Is Property of Company</u>.  Employee acknowledges that all Confidential Information is and shall remain Company's sole property.  Employee will take all reasonable precautions to prevent any unauthorized disclosure of Confidential Information. In the event of termination of employment with Company, Employee shall promptly deliver all Confidential Information in Employee's possession or control to Company and shall retain no archival copies.

Page 2 of 5

3.    INVENTIONS

    a.    <u>Inventions Defined</u>.  "Inventions" means inventions, original works of authorship, developments, concepts, improvements, designs, formulae, discoveries, ideas, know-how, trademarks, and trade secrets, whether or not patentable or registrable, under copyright or similar laws, that Employee may solely or jointly conceive, develop, or reduce to practice while employed by Company.

    b.    <u>Assignment of all Rights in Inventions; Disclaimer of Rights in Copyrights</u> .  Employee hereby irrevocably assigns to Company on behalf of Employee and Employee's representatives, administrators, beneficiaries, agents, employees, and assigns all right, title and interest worldwide to all Inventions.  In addition, all original works of authorship that are made by Employee (solely or jointly with others) within the scope of and during the period of Employee's employment with Company and that are protectible by copyright are "works made for hire" as that term is defined in the United States Copyright Act and Company will be considered the author of these works and shall own all copyrights to these works.  To the extent that Employee, as a part of Employee's services to Company, contributes to the development or creation of any Materials, Employee disclaims all rights to such Materials and shall not use same or retain copies, including archival copies, of such Materials during or after Employee's employment is terminated, including but not limited to the use of such Materials in portfolios or advertising, without the Company's prior written consent.  Employee agrees that Employee shall not sign or attach any representations or markings to such Materials which in any way identify the Employee.

    c.    <u>Inventions Retained and Licensed</u>.  Employee has attached to this Agreement, as Schedule A, a list describing all Inventions that were made by Employee prior to Employee's employment with Company, that relate to the Company's business, products, or research and development, and that are not assigned to Company under this Agreement (collectively, "Prior Inventions").  If no list is attached, Employee represents that there are no Prior Inventions.  If, in the course of Employee's employment with Company, Employee utilizes a Prior Invention, Company is granted a nonexclusive, royalty-free, irrevocable, perpetual, world-wide license to make, have made, modify, use, and sell the Prior Inventions without restriction of any kind.

    d.    <u>Further Assurances</u>.  Employee agrees to execute any and all documents necessary to protect Company's rights or interests in such Inventions and any related copyrights, patents, or other intellectual property rights in any and all countries.

4.    NON COMPETITION AND NON SOLICITATION

    a.    <u>Non-Competition</u>. Employee shall not during Employee's employment directly or indirectly render any services of a business, commercial or professional nature to any other person or organization, whether for compensation or otherwise, which person or organization competes with Company, or which would prevent Employee from rendering the agreed services to Company to the fullest extent possible during Employee's employment.

    b.    <u>Non-Solicitation of Customers</u>.  Employee agrees that Employee shall not directly or indirectly solicit any customers of Company at any time after termination of Employee's employment with Company using Confidential Information. This requirement shall be enforceable as long as permitted by law.

DocuSign Envelope ID: 3CA4BBD8-D3C6-408A-8979-DEDC7181DB51

     c.    <u>Non Solicitation of Employees</u>.  Employee agrees that Employee shall not during Employee's employment with Company and for twelve (12) months after termination of employment, induce or attempt to induce any other employee of Company to discontinue employment with Company for the purpose of seeking or commencing employment with any competitor of Company.

     d.    <u>Notification to New Employer</u>.  Upon termination of Employee's employment with Company, Company may notify Employee's new employer about the parties' rights and obligations under this Agreement.

## 5.   EQUITABLE REMEDIES AND INJUNCTIVE RELIEF

     Employee agrees that any breach of this Agreement by Employee will cause irreparable damage to Company and that in the event of such breach, Company shall have, in addition to any and all remedies of law, the right to an injunction, specific performance or other equitable relief to prevent the violation of Employee's obligations hereunder.

## 6.   MISCELLANEOUS

     a.    <u>Entire Agreement</u>.  This Agreement contains the entire agreement of the parties and supersedes and replaces any other agreements or understandings between them with respect to the subject matter of this Agreement.  This Agreement may not be changed, modified, waived, released, discharged, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the Company.

     b.    <u>Survival</u>.  This Agreement shall survive the termination of employment.

     c.    <u>Severability</u>.  If one or more of the provisions of paragraphs of this Agreement shall be held to be illegal or otherwise void or invalid, the remainder of this Agreement shall not be affected and shall remain in full force and effect.

     d.    <u>Conflict in Laws Applicable to Employee.</u>  Employee and Company understand that the laws and public policies of various states or countries might differ as to the validity and enforceability of the provisions of this Agreement.  It is the intent of the parties that all provisions of this Agreement be enforced to the fullest extent possible in accordance with the laws and public policies of the State of California, unless the laws of the jurisdiction in which the Employee is employed do not permit such enforcement.

     e.    <u>Attorneys Fees and Costs</u>.  If either party shall retain legal counsel or bring an action or arbitration against the other for matters arising from or related to this Agreement, or the enforcement of any provision thereof, the unsuccessful party shall pay to the prevailing party reasonable attorneys' fees and costs.

     f.    <u>Governing Law</u>.  The interpretation, application, and effect of this Agreement shall be governed by the laws of the State of California without regard to conflict of law principles.  The parties hereto submit and consent to the jurisdiction and venue of the state court in San Francisco County, California for any claims or legal actions by one party against the other arising out of the relationship between the parties contemplated herein (whether or not arising under this Agreement).

     g.    <u>Binding</u>**.**   This Agreement shall be binding upon the heirs, executors, administrators, and successors of Employee and the agents, successors and assigns of Company.

     h.    <u>No Effect on At-Will Employment</u>**.**  Although it is understood that Employee's employment or continued employment is contingent on the acceptance and observance of this Agreement, this Agreement shall not alter the at-will character of the Employee's employment which may be terminated, with or without advance notice, by either Employee or Company at any time.

     i.    <u>Reaffirm Obligations</u>**.**  Upon termination of Employee's employment relationship with Company, Employee, if requested by Company, shall reaffirm in writing Employee's recognition of the importance of maintaining the confidentiality of Company's Confidential Information, disclose the identity of Employee's new employer or business ventures, and reaffirm any of Employee's obligations set forth in this Agreement.

     j.    <u>Confidential Information of Prior Employers</u>.  Employee will not disclose or use during the period of Employee's employment with Company any proprietary or confidential information which Employee may have acquired through a previous employment or acquired from any other third party, whether such information is in Employee's memory or embodied in writing or other physical form.

     k.    <u>Understand Agreement</u>.  Employee represents and warrants that Employee has read and understood each and every provision of this Agreement, and Employee understands that Employee is free to obtain advice from legal counsel of choice, if desired, in order to interpret the provisions of this Agreement.

SYLABS INC.             Employee

By: _____       _____

Name: Gregory Kurtzer          Name:  Matthew Hayden

Title: CEO

# **SCHEDULE A**

"EMPLOYEE'S PRIOR INVENTIONS"

[Paragraph 3.c]