

## LEPISCOPO & ASSOCIATES

*SERVING SAN DIEGO & ORANGE COUNTIES*

 http://www.linkedin.com/in/petelepiscopo/
www.LepiscopoLawFirm.com

**NEWPORT BEACH OFFICE**



EXHIBIT 52

# opendrives

## Bilateral Non-Disclosure And Confidentiality Agreement

THIS BILATERAL NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT (this "Agreement") is made and entered into by and between Open Drives LLC ("Open Drives") and SYSLABS ("Company") to assure the protection and preservation of the "Confidential Information," as defined herein, of each party. Each party will disclose such information solely for the "Purpose," as defined herein and may disclose Confidential Information to its Affiliates, as defined herein. The parties agree as follows:

1. Definitions. Subject to Section 2, all information disclosed by one party ("Discloser") to the other party ("Recipient"), which is labeled or marked "Confidential" or with some other similar proprietary legend, is the "Confidential Information." Confidential Information shall include, without limitation, any of Discloser's nonpublic information disclosed either directly or indirectly, in writing, electronically, orally, or by inspection of tangible objects, proprietary or confidential information of third parties, documents, data, prototypes, ideas, inventions, processes, know-how, plans, schematics, all other Discloser technical information, and financial information. "Affiliates" are defined as being any corporate entity which controls, is controlled by, or under common control with a party of this Agreement. The "Purpose" of this Agreement is to permit the parties to evaluate potential business relationships and/or transactions between the parties and/or further any actual business relationships and/or transactions between the parties.

2. Exclusions. "Confidential Information" excludes information which: (a) is now or becomes generally known or available, through no act or failure to act on Recipient's part; (b) Recipient independently knows at the time of receiving such information; (c) a third party hereafter furnishes to Recipient without restriction on disclosure and without breach of any confidentiality obligations; (d) Recipient has independently developed without using any Discloser's Confidential Information or breaching this Agreement; or (e) Discloser gives written permission to Recipient to disclose.

3. Permission; Obligations. Recipient and any of its Affiliates shall: (a) only disclose the Confidential Information to Recipient's or any Affiliates employees and contractors who have written and binding non disclosure obligations with Recipient that are as restrictive as those herein and then only for the Purpose; (b) not disclose any Confidential Information to any third party, without Discloser's prior written consent; (c) use Confidential Information only for the Purpose; (d) not reproduce Confidential Information in any form except for the Purpose; (e) not reverse engineer, decompile, or disassemble any Discloser Confidential Information; (f) not use the Confidential Information to make, have made or sell any products or services that compete with any of Discloser's products or services; and, (g) provide Discloser with notice of any actual or threatened breach of this Agreement. Recipient may disclose Confidential Information in accordance with a judicial or other governmental order, provided that Recipient shall give Discloser written notice prior to such disclosure. Recipient's nondisclosure obligations under sub-Sections (a) and (b) of this Section 3 shall expire 5 years from the date of disclosure of such Confidential Information. Recipient's obligations under sub-sections (c) through (g) shall survive any termination or expiration of this Agreement.

4. Ownership and Return of Confidential Information. All Confidential Information (including all copies thereof) shall remain the property of Discloser. Upon the request of Discloser, Recipient shall return such materials to Discloser, or will certify the destruction thereof.

5. Rights; Disclaimers; and Other. Except as stated, Discloser grants no other rights or licenses of any kind and reserves all other rights in and to its Confidential Information.

6. ALL CONFIDENTIAL INFORMATION IS PROVIDED "AS-IS" WITHOUT ANY KIND OF WARRANTY. EACH PARTY DISCLAIMS ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING ANY WARRANTIES OF TITLE, NONINFRINGEMENT, MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

7. MUTUAL LIABILITY LIMITATION. EXCEPT FOR EITHER PARTY'S BREACH OF THEIR OBLIGATIONS UNDER SECTION 3, NEITHER PARTY WILL BE LIABLE FOR ANY DIRECT OR INDIRECT LOST PROFITS, LOST SAVINGS OR ANY INCIDENTAL, INDIRECT, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES UNDER ANY PART OF THIS AGREEMENT EVEN IF ADVISED OR AWARE OF THE POSSIBILITY OF SUCH DAMAGES.

8. Term and Termination. This Agreement is effective as of the last date signed ("Effective Date") and shall remain in full force and effect for so long as Recipient continues to receive Confidential Information. This Agreement may be terminated by either party upon thirty (30) days written notice, provided however, that except as otherwise noted herein, Sections 1, 2, 3 (c) through (g), 4, 5, 6, 7, 8 and 9 shall survive any termination of this Agreement.

9. Export Control Compliance. The Confidential Information may be subject to Discloser's home country export control laws and regulations, and may be subject to export or import regulations in other countries, too. Recipient agrees that it will not export, reexport or transfer the Confidential Information, or any products developed with or utilizing the Confidential Information or any other product from a party hereto, in violation of any such applicable laws or regulations of from where the Confidential Information was obtained. Recipient is responsible for obtaining any licenses required to export, reexport, transfer or import the Confidential Information. The Confidential Information or any other product from a party hereto may not, in the absence of authorization by U.S. and local law and regulations, as required, be used by or exported or reexported to (i) any U.S. sanctioned or embargoed country, or to nationals or residents of such countries; or (ii) to any person, entity, organization or other party identified on the U.S. Department of Commerce's Denied Persons or Entity List, the U.S. Department of Treasury's Specially Designated Nationals or Blocked Persons List, or the Department of State's Debarred Parties List, as published and revised from time to time; or (iii) any party where the end-use involves nuclear, chemical/biological weapons, rocket systems or unmanned air vehicles. Nothing in this Section 8 shall expand, or be deemed to expand, the rights granted to Recipient under this Agreement.

10. Miscellaneous. This Agreement shall be governed by the laws of the State of California. This Agreement contains the final, complete and exclusive agreement of the parties relative to the subject matter hereof and supersedes all prior and contemporaneous understandings and agreements relating to its subject matter and may not be changed, modified, amended or supplemented except by a written instrument signed by both parties. If any provision of this Agreement is found by a proper authority to be unenforceable, that provision shall be severed and the remainder of this Agreement will continue in full force and effect. Recipient hereby acknowledges and agrees that no remedy at law will afford Discloser adequate protection against or appropriate compensation for, breach of Recipient's obligations under this Agreement. Accordingly, Recipient agrees that Discloser shall be entitled to seek equitable relief in any court of competent jurisdiction including injunctive relief and specific performance of Recipient's obligations.

**\*\* Signature Page Follows \*\***

**Accepted and Approved**

OpenDrives

By: *Sean Lee* (Digitally signed by Sean Lee, Date: 2019.11.01 23:08:05 -07'00')

Name and Title: Sean Lee - Product Evangelist

Date: Nov 1st, 2019

Company: Sylabs Inc

By: [signature]

Name and Title: Gregory Kurtzer, CEO

Date: 11/27/2019