1  NEEL CHATTERJEE (SBN 173985)
   *NChatterjee@goodwinlaw.com*
2  ELIZABETH J. LOW (SBN 308098)
   *ELow@goodwinlaw.com*
3  DAVID SERATI (SBN 329811)
   *DSerati@goodwinlaw.com*
4  **GOODWIN PROCTER LLP**
   601 Marshall Street
5  Redwood City, California  94063
   Tel.: +1 650 752 3100
6  Fax: +1 650 853 1038

7  JENNIFER BRIGGS FISHER (SBN 241321)
   *JFisher@goodwinlaw.com*
8  **GOODWIN PROCTER LLP**
   Three Embarcadero Center
9  San Francisco, California 94111
   Tel.: +1 415 733 6000
10 Fax: +1 415 677 9041

11 Attorneys for Defendants
   CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a
12 GREGORY M. KURTZER; JULIA ROSE a/k/a
   JULIA KURTZER; ROBERT ADOLPH; MATTHEW
13 HAYDEN; ERIN FONG; OPEN DRIVES, INC.;
   DAVID BUSS; and MARLIN PRAGER

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                   SAN JOSE DIVISION

18 SYLABS, INC., a Delaware corporation,       | Case No. 5:23-cv-00849-SVK

19              Plaintiff,                      | **CIQ AND OPEN DRIVES
                                                | DEFENDANTS' NOTICE OF MOTION
20        v.                                    | AND MOTION TO DISMISS
                                                | PURSUANT TO RULE 12(B)(6) AND
21 GREGORY ROSE a/k/a GREGORY M.                | STRIKE PURSUANT TO RULE 12(F);
   KURTZER; JULIA ROSE a/k/a JULIA              | MEMORANDUM OF POINTS AND
22 KURTZER; ROBERT ADOLPH; MATTHEW              | AUTHORITIES
   HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a       |
23 CIQ; OPEN DRIVES, INC.; DAVID BUSS;          | Date:       May 7, 2024
   MARLIN PRAGER; JOEL WHITLEY; IAG             | Time:       10:00 a.m.
24 CAPITAL PARTNERS; and DOES 1 through         | Courtroom: 6
   50, inclusive,                               | Judge:      Hon. Susan van Keulen
25                                              |
              Defendants.                       | Filed/Lodged Concurrently with:
26                                              |    1.  Declaration of Gregory M. Kurtzer
                                                |    2.  Request for Judicial Notice
27                                              |    3.  [Proposed] Order

28
              **REDACTED VERSION SOUGHT TO BE SEALED**

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2
 PLEASE TAKE NOTICE that on May 7, 2024 at 10:00 a.m., or as soon thereafter as the

3
matter may be heard, Defendants Gregory Rose a/k/a Gregory M. Kurtzer, Julia Rose a/k/a Julia

4
Kurtzer, Robert Adolph, Erin Fong, Matthew Hayden, Marlin Prager, CTRL IQ, Inc. d/b/a CIQ,

5
Open Drives, Inc., and David Buss will and do hereby move to dismiss and strike pursuant to

6
Federal Rules of Civil Procedure 12(b)(6) and 12(f) the First Amended Complaint filed by Plaintiff

7
Sylabs, Inc. ("Sylabs" or "Plaintiff").

8
 This Motion is based on the accompanying Memorandum of Points and Authorities, all

9
documents in the Court's file, and such other written and oral argument as may be presented to the

10
Court.

11
Dated: February 23, 2024                    GOODWIN PROCTER LLP

12

13

14
                                    By: */s/ Neel Chatterjee*
                                        Neel Chatterjee
15                                      *NChatterjee@goodwinlaw.com*
                                        Jennifer Briggs Fisher
16                                      *JFisher@goodwinlaw.com*
                                        Elizabeth J. Low
17                                      *ELow@goodwinlaw.com*
                                        David Serati
18                                      *DSerati@goodwinlaw.com*

19                                      Attorneys for Defendants
                                        CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE
20                                      a/k/a GREGORY M. KURTZER; JULIA
                                        ROSE a/k/a JULIA KURTZER; ROBERT
21                                      ADOLPH; MATTHEW HAYDEN; ERIN
                                        FONG; OPEN DRIVES, INC.; DAVID BUSS;
22                                      and MARLIN PRAGER

23

24

25

26

27

28

# **Table of Contents**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................ 1

    A.    **Sylabs Initiates This Action in February 2023.** ................................. 1

    B.    **The Court Grants Defendants' Motions to Dismiss.** ........................... 2

    C.    **Sylabs Files Its First Amended Complaint.** ....................................... 2

III.  ARGUMENT ................................................................................................. 3

    A.    **Motion to Dismiss** .............................................................................. 3

        1.    The Release Bars Claims Against Mr. Kurtzer that Arise from Pre-April 29, 2020 Conduct. ................................................................. 3

        2.    The FAC Again Fails to Allege Trade Secret Misappropriation. ............... 5

        3.    The FAC Fails to State a CFAA Claim. ....................................... 8

        4.    Defendants' Pre-March 31, 2020 Alleged Conduct Does Not Serve as a Basis for the CFAA Claim. ..................................................... 9

        5.    Counts IV and V Fail to State RICO Claims. ........................... 11

        6.    CUTSA Preempts Sylabs' State Law Claims. .......................... 14

        7.    Count VII Fails to State a UCL Claim. ..................................... 16

        8.    The Intentional Misrepresentation Claims Should be Dismissed. ........... 20

        9.    The Breach of Contract and Intentional Misrepresentation Claims Should be Dismissed as to Messrs. Buss and Prager. ............................... 22

        10.   The FAC Lacks Specific Allegations as to Mr. Buss.............................. 23

        11.   The Allegations as to Open Drives Are Insufficient. ............... 24

        12.   Dismissal Should be Without Leave to Amend. ....................... 24

    B.    **Motion to Strike** .............................................................................. 25

        1.    Paragraphs 278-280 Should be Stricken. .................................. 26

        2.    Paragraphs 375-403 Should be Stricken. .................................. 26

        3.    References to Patent Infringement Should be Stricken............................ 26

        4.    Paragraphs 143, 194, 195, 222, 223 Should be Stricken........................ 27

        5.    Paragraphs 452-470 Should be Stricken. .................................. 27

        6.    References to "Crimes" in Paragraphs 643 and 647 Should be Stricken. .................................................................................. 27

IV.   CONCLUSION ............................................................................................ 28

1

# Table of Authorities

2

Page(s)

3

**Cases**

4

*Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc.*,
5
  No. CV 10-3738 ABC, 2010 WL 11463697 (C.D. Cal. Sept. 20, 2010)................................ 18

6
*Alkayali v. Hoed*,
  No. 18-CV-00777-H-JMA, 2018 WL 4537596 (S.D. Cal. Sept. 20, 2018) .......................... 23

7
*Andrews v. Sirius XM Radio Inc.*,
8
  932 F.3d 1253 (9th Cir. 2019)........................................................................... 10, 27

9
*Arthur J. Gallagher & Co. v. Tarantino*,
  No. 20-cv-05505-EMC, 2022 WL 4092673 (N.D. Cal. July 27, 2022)................................ 16
10

11
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................ 22, 24

12
*Attia v. Google LLC*,
13
  983 F.3d 420 (9th Cir. 2020)............................................................................. 5, 11

14
*Attia v. Google LLC*,
  No. 17-cv-06037-BLF, 2018 WL 2971049 (N.D. Cal. June 13, 2018) ................................ 12
15

16
*Avago Techs. U.S. Inc. v. Nanoprecision Prods., Inc.*,
  No. 16-cv-03737-JCS, 2017 WL 412524 (N.D. Cal. Jan. 31, 2017) .................................... 14

17
*Aviva USA Corp. v. Vazirani*,
18
  632 F. App'x 885 (9th Cir. 2015) ........................................................................ 12

19
*Baiul-Farina v. Lemire*,
  804 F. App'x 533 (9th Cir. 2020) ........................................................................ 22
20

21
*Bardin v. DaimlerChrysler Corp.*,
  136 Cal. App. 4th 1255 (2006)............................................................................. 19

22
*Beaver v. Tarsadia Hotels*,
23
  816 F.3d 1170 (9th Cir. 2016)............................................................................. 16

24
*Bos. Sci. Corp. v. BioCardia, Inc.*,
  524 F. Supp. 3d 914 (N.D. Cal. 2021) ................................................................. 22
25

26
*Calendar Rsch. LLC v. StubHub, Inc.*,
  No. 17-CV-04062-SVW-SS, 2020 WL 4390391 (C.D. Cal. May 13, 2020) ................. 10, 11

27
*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
28
  77 F. Supp. 3d 850 (N.D. Cal. 2014) .................................................................. 19

ii

*Carter v. Rasier-CA, LLC*,
  No. 17-CV-00003-HSG, 2017 WL 4098858 (N.D. Cal. Sept. 15, 2017), *aff'd*,
  724 F. App'x 586 (9th Cir. 2018) ........................................................................ 20

*Chavez v. Whirlpool Corp.*,
  93 Cal. App. 4th 363 (2001)................................................................................ 17

*ChromaDex, Inc. v. Elysium Health, Inc.*,
  369 F. Supp. 3d 983 (C.D. Cal. 2019).................................................................. 14

*Classical Silk, Inc. v. Dolan Grp., Inc.*,
  No. CV 14-09224-AB, 2016 WL 7638112 (C.D. Cal. Mar. 21, 2016) .................. 25

*Costa v. Reliance Vitamin Co.*,
  No. 22-CV-04679-WHO, 2023 WL 2989039 (N.D. Cal. Apr. 18, 2023) .............. 21

*Davis v. HSBC Bank Nev., N.A.*,
  691 F.3d 1152 (9th Cir. 2012).............................................................................. 19

*Delacruz v. State Bar of Cal.*,
  No. 16-CV-06858-BLF, 2018 WL 3077750 (N.D. Cal. Mar. 12, 2018) ............... 11

*Dhaliwal v. Singh*,
  No. CV F 13-0484 LJO SKO, 2013 WL 2664336 (E.D. Cal. June 12, 2013)....... 26

*Doan v. Singh*,
  No. 13-CV-00531-LJO, 2013 WL 3166338 (E.D. Cal. June 20, 2013) ................ 26

*Doe 1 v. Univ. of S.F.*,
  No. 22-CV-01559-LB, -- F. Supp. 3d --2023 WL 5021811 (N.D. Cal. Aug. 4,
  2023) ................................................................................................................... 25

*Epicor Software Corp. v. Alt. Tech. Sols., Inc.*,
  No. SACV 13-00448-CJC(RNBx), 2015 WL 12724073 (C.D. Cal. Apr. 2, 2015)............... 14

*ESPOT, Inc. v. MyVue Media, LLC*,
  492 F. Supp. 3d 672 (E.D. Tex. 2020) ........................................................... 12, 13

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)................ 26, 27

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*,
  868 F. Supp. 2d 983 (E.D. Cal. 2012).................................................................. 21

*Greencycle Paint, Inc. v. Paintcare, Inc.*,
  No. 15-cv-04059-MEJ, 2016 WL 1402845 (N.D. Cal. Apr. 8, 2016) ................... 17

*Hawkins v. Kroger Co.*,
  906 F.3d 763 (9th Cir. 2018)................................................................................ 17

iii

*Hiramanek v. Clark*,
     No. C-13-0228 EMC, 2013 WL 12308479 (N.D. Cal. Mar. 25, 2013) ................................. 24

*Holden v. Fluent, Inc.*,
     No. 20-CV-03816-JCS, 2020 WL 6822914 (N.D. Cal. Nov. 20, 2020) .............................. 20

*Howard v. Am. Online Inc.*,
     208 F.3d 741 (9th Cir. 2000) ..................................................................................... 13

*Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*,
     863 F.3d 1178 (9th Cir. 2017) .................................................................................. 25

*InteliClear, LLC v. ETC Global Holdings, Inc.*,
     978 F.3d 653 (9th Cir. 2020) ....................................................................................... 5

*Jerome's Furniture Warehouse v. Ashley Furniture Indus., Inc.*,
     No. 20CV1765-GPC(BGS), 2021 WL 148063 (S.D. Cal. Jan. 15, 2021) ........................... 19

*JGX, Inc. v. Handlery*,
     No. 17-CV-00287-BLF, 2018 WL 984856 (N.D. Cal. Feb. 20, 2018) ................................. 25

*JMP Sec. LLP v. Altair Nanotechnologies Inc.*,
     880 F. Supp. 2d 1029 (N.D. Cal. 2012) ....................................................................... 21

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
     171 Cal. App. 4th 939 (2009) ............................................................................... 14, 16

*Karkanen v. Cal.*,
     No. 17-cv-06967-YGR, 2018 WL 3820916 (N.D. Cal. Aug. 10, 2018) .............................. 24

*Kearns v. Ford Motor Co.*,
     567 F.3d 1120 (9th Cir. 2009) .................................................................................. 18

*Kimera Labs Inc. v. Jayashankar*,
     No. 21-cv-2137-MMA (DDL), 2022 WL 11965058 (S.D. Cal. Oct. 20, 2022) ..................... 16

*Knievel v. ESPN*,
     393 F.3d 1068 (9th Cir. 2005) ..................................................................................... 3

*Korea Supply Co. v. Lockheed Martin Corp.*,
     29 Cal. 4th 1134 (2003) ........................................................................................... 18

*Kwikset Corp. v. Superior Ct.*,
     51 Cal. 4th 310 (2011) ........................................................................................ 17, 19

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
     114 F. Supp. 3d 852 (N.D. Cal. 2015) ......................................................................... 19

*Lee v. Hertz Corp.*,
     330 F.R.D. 557 (N.D. Cal. 2019) ................................................................................ 25

CIQ AND OPEN DRIVES' MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

*Lukasian House, LLC v. Ample Int'l, Inc.*,
No. CV 11–6449–JFW, 2012 WL 13009130 (C.D. Cal. Apr. 20, 2012) ............................ 11

*LVRC Holdings LLC v. Brekka*,
581 F.3d 1127 (9th Cir. 2009) ............................................................................................ 10

*Maddalena v. Toole*,
No. 13–cv–4873–ODW(RZx), 2013 WL 5491869 (C.D. Cal. Oct. 1, 2013) ........................ 9

*Mattel, Inc. v. MGA Ent., Inc.*,
782 F. Supp. 2d 911 (C.D. Cal. 2011) ................................................................................ 16

*Merritt v. Countrywide Fin. Corp.*,
No. 09-CV-01179-BLF, 2015 WL 5542992 (N.D. Cal. Sept. 17, 2015), *aff'd*,
783 F. App'x 717 (9th Cir. 2019) ...................................................................................... 27

*Metaxas v. Lee*,
503 F. Supp. 3d 923 ................................................................................................... 12, 13

*Moreno v. UtiliQuest, LLC*,
29 F.4th 567 (9th Cir. 2022) .............................................................................................. 22

*Navigation Holdings, LLC v. Molavi*,
445 F. Supp. 3d 69 (N.D. Cal. 2020) .................................................................................... 7

*Nowak v. Xapo, Inc.*,
No. 20-CV-03643-BLF, 2020 WL 6822888 (N.D. Cal. Nov. 20, 2020) .............................. 11

*Oracle USA, Inc. v. XL Glob. Servs., Inc.*,
No. C 09-00537 MHP, 2009 WL 2084154 (N.D. Cal. July 13, 2009) ................................ 21

*Petrie v. Elec. Game Card, Inc.*,
761 F.3d 959 (9th Cir. 2014) .............................................................................................. 26

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
223 Cal. App. 4th 1105 (2014), *as modified on denial of reh'g* (Feb. 27, 2014) .................. 17

*Reyes v. Nationstar Mortg. LLC*,
No. 15-CV-01109-LHK, 2015 WL 4554377 (N.D. Cal. July 28, 2015) .............................. 18

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,
No. 21-CV-01280-JST, 2021 WL 11593043 (N.D. Cal. Aug. 16, 2021) ............................ 19

*Song v. Drenberg*,
No. 18-CV-06283-LHK, 2019 WL 1998944 (N.D. Cal. May 6, 2019) ................................ 9

*Strategic Partners, Inc. v. FIGS, Inc.*,
No. 19-cv-02286-JWH-KSx, 2021 WL 4813645 (C.D. Cal. Aug. 10, 2021) ........................ 16

*SunPower Corp. v. SolarCity Corp.*,
No. 12–CV–00694–LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ............................ 14

*Sylabs, Inc. v. Rose*,
No. 23-CV-00849-SVK, 2023 WL 8813517 (N.D. Cal. Dec. 19, 2023).................................. 3

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*,
975 F.2d 1134 (5th Cir. 1992)................................................................. 13

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,
143 F. Supp. 3d 982 (N.D. Cal. 2015) ................................................... 24

*Van Buren v. United States*,
593 U.S. --, 141 S. Ct. 1648 (2021) .................................................... 10

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003)............................................................. 20

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
467 F. Supp. 3d 849 (N.D. Cal. 2020) .................................................... 6

*Wagda v. Town of Danville*,
No. 16-cv-00488-MMC, 2016 WL 6160160 (N.D. Cal. Oct. 24, 2016) ............................ 24

*Waymo LLC v. Uber Techs., Inc.*,
256 F. Supp. 3d 1059 (N.D. Cal. 2017) ................................................ 14

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010)............................................................. 25

*Williams v. Touchtunes Music Corp.*,
639 F. App'x 504 (9th Cir. 2016) ........................................................ 6

*Wilson v. Bank of Am. Pension Plan for Legacy Cos.*,
No. 18-CV-07755-TSH, 2019 WL 4479677 (N.D. Cal. Sept. 18, 2019) ............................ 25

**Statutes**

18 U.S.C. § 1030................................................................... *passim*

18 U.S.C. § 1832................................................................... 13

18 U.S.C. § 1836................................................................... 12

18 U.S.C. § 1839................................................................... 5

18 U.S.C. § 1962................................................................... *passim*

Cal. Bus. & Prof. Code §§ 17200 *et seq.* .............................................. 17, 18

vi

1

Cal. Civ. Code § 3426 .............................................................................................. *passim*

2

Cal. Penal Code, Title 13, Chapters 1-15 ............................................................... 18, 27

3

**Other Authorities**

4

Fed. R. Civ. P. 8 ......................................................................................................... 1, 24

5

Fed. R. Civ. P. 9(b) ................................................................................................. 18, 20

6

Fed. R. Civ. P. 12(b)(6) .................................................................................. 3, 22, 23, 24

7

Fed. R. Civ. P. 12(f) .......................................................................................... 1, 3, 25

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIQ AND OPEN DRIVES' MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Once again, Plaintiff Sylabs, Inc. ("Sylabs") attempts to distract from its own business failures by trying to disrupt the groundbreaking development efforts of Defendant Ctrl IQ, Inc. ("CIQ") in the high-performance computing industry. This time, Sylabs' First Amended Complaint (Dkt. No. 61, "FAC") throws every inconceivable allegation against the wall to see what might stick, but notably fails to address the very deficiencies this Court previously held warranted dismissal of **_all claims_** asserted by Sylabs in this litigation.

Sylabs' prolix 800 paragraph, 238 page complaint is a far cry from the "short plain statement" contemplated by Rule 8. Sylabs could have set forth a straightforward set of factual assertions to address the Court's previous ruling dismissing Sylabs' complaint. Instead, Sylabs ignored the Court's guidance and instead chose to append 3900 pages of exhibits in a cynical attempt to bury the fact that none of the allegations asserted actually support the claims. Sylabs' FAC goes so far beyond the pale that it omits the fact that it entered into a Waiver, Release, and Settlement Agreement with Gregory Kurtzer, in which Sylabs knowingly waived the right to pursue any claims arising out of Mr. Kurtzer's conduct prior to April 29, 2020. For these reasons, the Court should dismiss the FAC — this time, without leave to amend.

In the alternative, the Court should strike paragraphs 143, 194, 195, 222, 223, 278-280, 375-403, and 452-470 and portions of paragraph 8 pursuant to Rule 12(f). These paragraphs, which are redundant, immaterial, and/or impertinent, serve no purpose but to inflate and clutter the FAC.

### II.    BACKGROUND

#### A.    Sylabs Initiates This Action in February 2023.

Sylabs filed its initial, 89-page Complaint on February 24, 2023, but did not serve any Defendants until August 2023. *See generally* Dkt. No. 1 (Compl.). Defendants summarized Sylabs' allegations and claims in the initial Complaint in their previous motion to dismiss. Dkt. No. 38-3 at 1-4. Defendants incorporate that summary herein by reference.[1]

---

[1] Allegations from the FAC are intended only to aid in the Court's resolution of this motion. Defendants do not admit them by including them here.

**B.    The Court Grants Defendants' Motions to Dismiss.**

On August 28, 2023, all Defendants moved to dismiss every asserted claim.  Dkt. Nos. 38-3, 40.  On December 19, 2023, the Court granted the motions and dismissed all of Sylabs' claims with leave to amend for the following reasons:

- The Complaint lacked allegations of specific conduct as to the IAG Defendants, Open Drives, and Messrs. Prager and Buss.  Dkt. No. 59 ("Order") at 7-8.

- Sylabs failed to state trade secret claims because (1) there were no allegations showing how Sylabs' patent application did not close its purported SIF technology trade secret, and (2) "Sylabs d[id] not sufficiently allege any efforts to maintain the secrecy of its technologies."  *Id.* at 10-11.

- Sylabs did not allege that it had suffered any harm within the meaning of the CFAA. *Id.* at 12.

- Because Sylabs' trade secret claims failed, so too did its RICO claims.  *Id.* at 13.

- CUTSA preempted Sylabs' state law claims, as the state law claims were based on Defendants' alleged misappropriation of trade secrets.  *Id.* at 13-15.

**C.    Sylabs Files Its First Amended Complaint.**

Sylabs filed its FAC on January 22, 2024.  The FAC consists of 238 pages and attaches 74 exhibits spanning more than 3,900 pages.  As can be seen in the redline comparison of the initial complaint (Dkt. No. 61-74), the FAC adds 412 paragraphs, which are largely repeated throughout the FAC.[2]  These new allegations add nothing more than volume, as they suffer from the same defects that the Court identified in its Order.

The FAC also adds ten new claims for breach of written contract and intentional misrepresentation, each against Mr. Kurtzer (claims 12 and 13), Mr. Hayden (claims 14 and 15), Ms. Fong (claims 16 and 17), Mr. Adolph (claims 18 and 19), and Mr. Buss, Mr. Prager, and Open Drives (claims 20 and 21).  FAC ¶¶ 694-772.

---

[2] In some instances, the relevance of the allegations to the asserted claim is unclear.  For instance, Sylabs recites allegations related to its efforts to maintain the secrecy of it trade secret claims in connection with its CFAA claim.  FAC ¶¶ 452-70.

2

1

## III.    ARGUMENT

2

The Court should dismiss each of Sylabs' claims pursuant to Rule 12(b)(6).  As Sylabs has

3

already had an opportunity to amend its claims, dismissal should be without leave to amend.  In the

4

alternative, the Court should strike paragraphs 143, 194, 195, 222, 223, 278-280, 375-403, and 452-

5

470, and portions of paragraph 8 pursuant to Rule 12(f) on grounds that such allegations are

6

redundant, immaterial, and/or impertinent.

7

### A.    Motion to Dismiss

8

The Court's prior Order articulated the legal standard on a Rule 12(b)(6) motion.  *Sylabs,*

9

*Inc. v. Rose*, No. 23-CV-00849-SVK, 2023 WL 8813517, at *4 (N.D. Cal. Dec. 19, 2023).  The

10

Court should apply the same standard here.

11

### 1.    The Release Bars Claims Against Mr. Kurtzer that Arise from Pre-April 29, 2020 Conduct.

12

13

As an initial matter, all of Sylabs' claims against Mr. Kurtzer are barred by the Waiver,

14

Release and Settlement Agreement (the "Release") that Mr. Kurtzer, on the one hand, and Sylabs,

15

Sylabs Holdings LLC, and R-Stor, Inc. (collectively, the "Sylabs Companies"), on the other,

16

negotiated upon Mr. Kurtzer's resignation from Sylabs.  *See* Dkt. No. 38-3 at 4-6.[3]

17

Although the FAC again omits any reference to the Release, for the reasons set forth in

18

Defendants' concurrently-filed Request for Judicial Notice, the Court may consider the Release in

19

ruling on the instant Motion by taking judicial notice of it or under the incorporation by reference

20

doctrine.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the

21

'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the

22

contents of a document, the defendant attaches the document to its motion to dismiss, and the parties

23

do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege

24

the contents of that document in the complaint.") (citations omitted).

25

26

27

[3] Defendants maintain that the Release applies to all of the CIQ Defendants.  *See* Release § 3(B) (defining the "GK Release Parties" as Mr. Kurtzer and "his . . . employees, employers, and affiliations").  However, for purposes of this Motion, Defendants seek dismissal pursuant to the terms of the Release only as to Mr. Kurtzer.

28

3

As is relevant here, the Sylabs Companies

> waive[d] any and all claims and completely releases and forever discharges GK [Greg Kurtzer] . . . from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct prior to and including the date of the Agreement that have or could have been alleged or otherwise referred to prior to the date of this Agreement.

Release § 3(B). Schedule 1 of the Release outlines specific conduct about which Sylabs was aware and released (*see id.* § 3(F) & Schedule 1), and covers the following allegations in the FAC:

| Release | Allegations of the FAC Covered by the Release |
|---|---|
| ██████████████████████ | FAC ¶¶ 307, 308, 338, 339 |
| ██████████████████████ | FAC ¶¶ 567, 640 |
| ██████████████████████ | FAC ¶¶ 237, 238, 305, 306, 307, 308, 309, 337, 338, 339, 340, 567, 640, 707 |
| ██████████████████████ | FAC ¶¶ 49, 51, 233, 234, 235, 255, 310, 313 |

4

1    The allegations identified above relate to Mr. Kurtzer's alleged downloading, deletion, and

2    changing sharing and access permissions of Sylabs' files—conduct which forms the basis of

3    Sylabs' trade secret, CFAA, RICO, and state law claims.  Because Sylabs released Mr. Kurtzer

4    from "███████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████

7    ██████████" (Kurtzer Decl., Ex. A ¶ 3(B)), they cannot form the basis of the aforementioned claims.

**2.  The FAC Again Fails to Allege Trade Secret Misappropriation.**

9    Both the California Uniform Trade Secrets Act ("CUTSA") and the Defend Trade Secrets

10   Act ("DTSA") require Sylabs to allege "that the plaintiff possessed a trade secret," which "consists

11   of three elements: (1) information, (2) that is valuable because it is unknown to others, and (3) that

12   the owner has attempted to keep secret." *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d

13   653, 657 (9th Cir. 2020) (citing 18 U.S.C. §§ 1839(3), (5)); *see* Cal. Civ. Code § 3426.1(d).  First,

14   the trade secret claims should be dismissed to the extent they are predicated on Sylabs' SIF

15   technology, as the FAC again fails to show that it is unknown to others.  Second, these claims

16   should be dismissed as to Mr. Buss, Mr. Prager, Open Drives, Ms. Fong, Mr. Hayden, and Ms.

17   Kurtzer, as there are no allegations that these Defendants misappropriated any alleged trade secrets.

**a.  The FAC Again Does Not Allege Facts Showing that the SIF Technology Is Not Disclosed in Sylabs' Patent Application.**

20   Sylabs' DTSA and CUTSA claims fail to the extent they are predicated on Sylabs' SIF

21   technology,[4] as the FAC again does not distinguish between the SIF technology that was disclosed

22   in Sylabs' Patent Application No. 16/435,251 (the "'251 Application") and the SIF technology that

23   it claims as its alleged trade secret.  "[A] plaintiff has a viable trade secret claim that would protect

24   his proprietary unpatented technology only if he reveals implementation details and techniques

25   *beyond* what was disclosed in [its] patent."  *Attia v. Google LLC* ("*Attia II*"), 983 F.3d 420, 426

26   (9th Cir. 2020).  The Court previously found that Sylabs' failure to "allege with particularity those

---

[4] Not only is Sylabs' SIF technology disclosed in the '251 Application, but it is also publicly available, open source software.

CIQ AND OPEN DRIVES' MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

aspects of its SIF technology not discussed in the patent application" was fatal to the claim. Order at 10. It should do so again here.

Sylabs alleges that it "provided sufficient" allegations showing how "those aspects of its SIF technology [are] **not** discussed in Sylabs' SIF Application[.]" FAC ¶ 412 (citing *id.* ¶¶ 57, 207-09 & Fig. 10) (emphasis in the original). But this conclusory statement is not actually supported by any new allegations that demonstrate any difference between what is described in the FAC and what is contained in the patent application. To the contrary, the allegations Sylabs points to are in fact completely unrelated to the SIF technology and the '251 Application. For example, Paragraph 57 concerns *CIQ's* patents, which are irrelevant, and Sylabs' Fuzzball technology, which is an entirely different technology. Similarly, Paragraphs 207, 208, and 209 relate to "Sylabs' Market Sectors," CIQ's patents, and Sylabs' audit logs, respectively. Sylabs does not identify with particularity any aspects of the SIF technology that are not discussed in Sylabs' SIF Application, and therefore cannot establish that the SIF technology is a trade secret for purposes of its DTSA and CUTSA claims.

Sylabs has now had two attempts to allege facts showing that its SIF technology is not disclosed in the '251 Application, and has had the benefit of the Court's guidance on how to do so. *See* Order at 10. Because Sylabs "failed to cure this pleading defect after the court gave [it] an opportunity to do so," Sylabs should not be allowed another opportunity to amend. *Williams v. Touchtunes Music Corp.*, 639 F. App'x 504 (9th Cir. 2016) (affirming the district court's dismissal with prejudice); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 467 F. Supp. 3d 849, 857 (N.D. Cal. 2020) (dismissing some of the plaintiffs' claims with prejudice because plaintiffs failed to adequately address the court's previous order laying out the deficiencies in the same claims).

### b. The FAC Fails to Allege Misappropriation by Mr. Buss, Mr. Prager, Open Drives, Ms. Fong, Mr. Hayden, or Ms. Kurtzer.

Sylabs fails to allege facts that Mr. Buss, Mr. Prager, Open Drives, Ms. Fong, Mr. Hayden, or Ms. Kurtzer misappropriated any of Sylabs' alleged trade secrets.

**Mr. Buss and Open Drives.** As set forth below (*infra* §§ III(A)(8)-(9)), the FAC lacks plausible allegations of specific misconduct by either Mr. Buss or Open Drives.

**Mr. Prager.** There are also no allegations that Mr. Prager had reason to believe that he was in receipt of Sylabs' alleged trade secrets. Sylabs alleges that Mr. "Kurtzer provided defendants Prager and Open Drives with access to the Sylabs Server, in particular to all documents relating to Fuzzball" (FAC ¶ 310), there are again no allegations that Mr. Prager had reason to believe that such documents constitute trade secrets. *See Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 79 (N.D. Cal. 2020) (dismissing trade secret claims in the absence of "any factual substantiation of Defendants' knowledge" of the alleged misappropriation).

**Ms. Fong.** There is no suggestion that Ms. Fong misappropriated any trade secrets when she allegedly accessed the Server. Indeed, the file names of the documents that Ms. Fong allegedly downloaded confirm they are not trade secrets. FAC ¶ 321(b). For instance, the FAC does not explain how documents titled "LinkedIn Email Logo.png," "Twitter Email Logo.png," "Github Email Logo.png," "Youtube Email Logo.png," and "Untitled spreadsheet" constitute Sylabs' alleged trade secrets. FAC ¶¶ 321(b), 322(a). Moreover, Sylabs defined its alleged trade secrets to exclude the remaining documents. *Compare id.* ¶¶ 321(b), 322(a) (alleging Ms. Fong downloaded documents titled "Sylabs Reseller Agreement_Mannai Corporation," "Sylabs Master Purchase Agreement - KAUST," "Mannai NEW SUPPLIER ACCOUNT OPENING FORM-0910-VEV (2), "HPE_Sylabs_NDA.pdf," "ABB_Sylabs_NDA.pdf," "HPC Now_Sylabs_NDA.pdf," "Facebook_Sylabs_NDA.pdf," "Intel_Sylabs_NDA.pdf," "Greg Kurtzer (9/1/19) salary adjustment letter.docx," "Separation Agreement – MG (1).pdf," and "Payroll_Register_PDF_with_Employer_ Charges.pdf.") *with id.* ¶ 124 (defining the alleged trade secrets as "(1) SingularityPRO, (2) Singularity Image Format ('SIF') technology, (3) Singularity Enterprise, (4) Fuzzball and (5) Armored Containers").

**Mr. Hayden.** The FAC also lacks allegations that Mr. Hayden misappropriated any of Sylabs' alleged trade secrets. That Mr. Hayden purportedly created and downloaded a file titled "Direct to Phase II" (*id.* ¶¶ 344-45) is insufficient, as there is no allegation that this document contained any of Sylabs' alleged trade secrets. The allegation that Mr. Hayden "access[ed] Sylabs'

Server and download[ed] Sylabs' SBIR Proposal and work relating to Sylabs' SIF and Armored Containers technology utilized with the National Security Agency[.]"  *Id.* ¶ 366.  Sylabs' trade secrets do not include the SBIR proposal.  *Id.* ¶ 124.  This also does not meet the requisite level of particularity to withstand a 12(b)(6) motion, as there are no allegations as to kind of "work relating to Sylabs' SIF and Armored Containers" was allegedly downloaded.

**Ms. Kurtzer.**  The trade secret claims as to Ms. Kurtzer likewise fail, as the FAC does not identify any instances of misappropriation.  Sylabs alleges that "[o]n April 16, 2020, . . . Julia Kurtzer . . . download[ed] and email[ed] Sylabs' Purchase Orders received from customers to defendants Greg Kurtzer, Fong, and Adolph."  *Id.* ¶ 342.  But Sylabs' definition of its alleged trade secrets confirms that purchase orders do not fall within this category.  *See id.* ¶ 124.

### 3.    The FAC Fails to State a CFAA Claim.

The CFAA claim should be dismissed because (1) it is clearly time barred, as the alleged misconduct took place more than two years ago; (2) the FAC does not identify the provision of the statute at issue; (3) the claim fails to the extent it is predicated on the Individual Defendants' pre-resignation conduct; and (4) Sylabs fails to allege it suffered the requisite $5,000 loss.

#### a.    The CFAA Claim Is Time-Barred.

The FAC and its exhibits show that Sylabs' CFAA claim is barred by the statute's two-year limitations period.  Sylabs initiated this action on February 24, 2023; thus, any alleged conduct giving rise to the CFAA claim must have occurred no earlier than February 24, 2021 to be actionable.  *See* 18 U.S.C. § 1030(g) ("No action may be brought . . . unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.").  The FAC, however, alleges misconduct that occurred prior to February 24, 2021.  *See, e.g.*, FAC ¶ 213 (Defendants' conduct took place "during the time period between ***March 1 through June 1 of 2020***"); *id.* ¶ 221 (Ms. Kurtzer "sent an email to a website known as: 'joindeleteme.com[]' . . . ***on March 30, 2020***"); *id.* ¶ 304 ("Greg Kurtzer spent the month of March 2020 methodically eviscerating Sylabs of its Trade Secrets and Corporate Secrets . . . ."); *id.* ¶ 365 ("***On March 24 through 31, 2020***, defendant Adolph commenced deleting and downloading items from the Sylabs' Server . . . ."); *id.* ¶ 366 ("***Commencing on March 24 and continuing through April 6, 2020***,

defendant Hayden commenced his cyber theft of Sylabs' Corporate Secrets . . . ."); *id.*, Ex. 44 ("Drive Audit Logs" showing activity between January 2, 2020 and April 15, 2020); *id.*, Ex. 45 ("Mail Audit Logs" showing activity between March 18, 2020 and April 17, 2020).

Sylabs' allegation that it did not discover the alleged misconduct until the April 6, 2021 publication of CIQ's patent (FAC ¶ 208) does not save the claim because it is not plausible in light of the Release. The Release, which outlines and releases Mr. Kurtzer from the alleged conduct, confirms that Sylabs was aware of the basis for its CFAA claim at least by April 29, 2020, when the Release was executed.

As Sylabs waited almost three years to file suit, the claim should be dismissed as untimely. *See Maddalena v. Toole*, No. 13–cv–4873–ODW(RZx), 2013 WL 5491869, at *5 (C.D. Cal. Oct. 1, 2013) (dismissing CFAA claim where, "[b]ecause [p]laintiffs waited almost two-and-a-half years to file their complaints, their actions [we]re time-barred").

### b. The FAC Again Does Not Identify the Specific CFAA Subsection at Issue.

Like the initial Complaint, the FAC does not identify which provisions of the CFAA were allegedly violated. "18 U.S.C. §§ 1030(a)(1)-(7) is comprised of many parts and subparts, all of which are defined to give rise to liability under the CFAA in different ways and which have different pleading requirements." *Song v. Drenberg*, No. 18-CV-06283-LHK, 2019 WL 1998944, at *4 (N.D. Cal. May 6, 2019). Sylabs' "fail[ure] to identify whether any particular section of the CFAA is implicated" is fatal, as it fails to give Defendants sufficient notice of the nature of the claim. *Id.* at *5 (dismissing claim and noting that "courts have found as insufficient pleadings that fail to specify which part of a multi-part statute [d]efendants have allegedly violated").

### 4. Defendants' Pre-March 31, 2020 Alleged Conduct Does Not Serve as a Basis for the CFAA Claim.

The FAC does not plausibly allege that Defendants accessed the Sylabs Server "without authorization" or "exceed[ed] authorized access." 18 U.S.C. § 1030(a)(2), (e)(6). "[A] person uses a computer 'without authorization' . . . when the person has not received permission to use the computer for any purpose (such as when a hacker accesses someone's computer without any permission) or when the employer has rescinded permission to access the computer and the

9

1    defendant uses the computer anyway." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th

2    Cir. 2009). "[A]n individual 'exceeds authorized access' when he accesses a computer with

3    authorization but then obtains information located in particular areas of the computer—such as

4    files, folders, or databases—that are off limits to him." *Van Buren v. United States*, 593 U.S. --,

5    141 S. Ct. 1648, 1662 (2021).

6         Sylabs' CFAA claim is not actionable because it is predicated on conduct that occurred

7    before Mr. Kurtzer, Ms. Kurtzer, Mr. Adolph, Ms. Fong, and Mr. Hayden resigned from Sylabs.

8    *See* FAC ¶¶ 304-08, 313-324, 333. There are no allegations that these individuals were *not*

9    permitted to access, view, edit, change permissions for, or even delete the files as part of their job

10    duties, or that Sylabs had revoked their access during this period. In other words, there is nothing

11    to suggest that the Individual Defendants acted without authorization or exceeded their authorized

12    access. *See Calendar Rsch. LLC v. StubHub, Inc.*, No. 17-CV-04062-SVW-SS, 2020 WL 4390391,

13    at *24 (C.D. Cal. May 13, 2020) ("Plaintiff fails to establish that Individual Defendants were not

14    authorized to delete files off of their work computers while they were still employed. Unlike other

15    cases finding plausible CFAA liability, Plaintiff here had not revoked Defendants' access to the

16    computer at the time of the alleged erasure.") (citations omitted).

17                              a.    **There Are No Allegations that Sylabs Suffered the Requisite
                                      Loss.**
18

19         The face of the FAC confirms that Sylabs' alleged "loss" is strictly for costs that it incurred

20    for bringing this litigation—not due to the injuries it suffered as a result of the alleged unauthorized

21    access. Such "losses" do not give rise to a CFAA claim. Rather, "[t]he statute's 'loss' definition—

22    with its references to damage assessments, data restoration, and interruption of service—clearly

23    limits its focus to harms caused by computer intrusions, not general injuries unrelated to the hacking

24    itself." *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019).

25         Sylabs asserts that it has been damaged "in an amount that exceeds $75,000[.]"  FAC

26    ¶¶ 484-85. However, there are no allegations that its claimed monetary losses were due to the

27    alleged hacking. Rather, it appears that the identified expenses were incurred in connection with

28    this lawsuit, rather than the allegedly unlawful access. *See id.* ¶ 484(e)-(f) ("costs, wages, and fees

10

incurred to assess . . . evidence"); *id.* ¶ 484(i)-(j) ("costs, wages, and fees incurred to prepare forensic reports"); Ex. 61-38 ¶ 23 ("I have been retained as an expert in the above-captioned case by counsel on behalf of the plaintiff, Sylabs, to provide my analysis and opinions, based on my education, experience, and review of the materials described in this Declaration.").  Such costs are not recoverable under the CFAA.  *Delacruz v. State Bar of Cal.*, No. 16-CV-06858-BLF, 2018 WL 3077750, at *8 (N.D. Cal. Mar. 12, 2018) ("[L]egal expenses are not a cognizable loss under the CFAA.") (citations omitted); *Calendar Rsch.*, 2020 WL 4390391, at *26 ("[F]ees paid to an expert to assist in litigation do not constitute a 'loss' under CFAA[.]") (cleaned up); *Lukasian House, LLC v. Ample Int'l, Inc.*, No. CV 11–6449–JFW (FMOx), 2012 WL 13009130, at *3 (C.D. Cal. Apr. 20, 2012) ("[F]ees incurred for the forensic analysis of Defendants' computers during the course of this litigation is not the type of loss that is recoverable under the CFAA."); *Nowak v. Xapo, Inc.*, No. 20-CV-03643-BLF, 2020 WL 6822888, at *5 (N.D. Cal. Nov. 20, 2020) ("[I]t is unclear how hiring an investigative firm to trace stolen funds constitutes a cognizable 'loss' relating to computers under the CFAA.") (citations omitted).

While Sylabs also identifies "costs, wages, and fees to remedy harm" and "all other costs, wages, and fees incurred as a consequence of Defendants" alleged conduct (FAC ¶ 484(l)-(n)), it is impossible to discern from these conclusory allegations what exactly such expenses entail or whether they, standing alone, amount to $5,000 and whether those expenses were incurred in a one-year period.  These allegations thus do not save the claim.

## 5.    Counts IV and V Fail to State RICO Claims.

The Court should dismiss Sylabs' RICO claims brought under 18 U.S.C. § 1962(c) and (d). The § 1962(c) claim fails, as Sylabs does not allege a pattern of "racketeering activity" or a threat of continued criminal activity.  And as the § 1962(c) claim fails, so too does the § 1962(d) claim.

### a.    There Are No Allegations of a Pattern of Racketeering Activity.

Sylabs fails to plead "at least two acts of racketeering activity'" so as to establish a pattern. *See Attia II*, 983 F.3d at 427 (citations omitted).  The FAC alleges that Defendants' "interstate cyber corruption, cyber destruction of Sylabs' Server, data, folders, files, and directories, and theft and sale of Sylabs' Trade Secrets, Corporate Assets, and Corporate Secrets constitutes a pattern of

11

1    racketeering activity under RICO[.]"   FAC ¶ 575.   While Sylabs alleges multiple instances of

2    Defendants accessing the Sylabs Server over a span of weeks (*see, e.g.*, *id.* ¶¶ 213-68), these

3    allegations – at best – only collectively form a "series of steps that were part of a single plan."

4    *Aviva USA Corp. v. Vazirani*, 632 F. App'x 885, 888 (9th Cir. 2015).   In other words, Sylabs has

5    not identified two (or even one) predicate acts, which is insufficient to show a pattern of

6    racketeering activity.   *See Attia v. Google LLC*, No. 17-cv-06037-BLF, 2018 WL 2971049, at *18-

7    19 (N.D. Cal. June 13, 2018).

8    	The FAC is unclear as to whether the allegations that Sylabs' trade secrets were used in the

9    filing of patent applications (*see, e.g.*, FAC ¶¶ 277, 279) are intended to serve as a predicate for the

10   RICO claim.   This lack of clarity alone is fatal to Sylabs' RICO claims.   But even if Sylabs actually

11   alleged that the incorporation of Sylabs' alleged trade secrets into a patent filing was wrongful, that

12   conduct constitutes a "use" misappropriation of trade secrets that does not qualify as a predicate act

13   under RICO, as it is only actionable under the DTSA's civil provision, 18 U.S.C. § 1836.   *See*

14   *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 695 (E.D. Tex. 2020).

15   	In addition, the patent filing allegations are part of the same "series of steps that were part

16   of a single plan" as the accessing of the Sylabs Server because the patent filing allegedly contained

17   the same trade secrets.   *See Aviva*, 632 F. App'x at 888-89.   The Court should reject Sylabs'

18   attention to "turn a single trade secret misappropriation claim into a RICO offense."   *Attia*, 2018

19   WL 2971049, at *18 n.15.

20   		**b.**	**Sylabs Does Not Plead a Threat of Continued Criminal Activity.**

21   	Sylabs has not alleged facts sufficient to show a threat of continued criminal activity.   In

22   addition to alleging at least two predicate acts, a plaintiff must allege the racketeering predicates

23   "'amount to or pose a threat of continued criminal activity.'"   *Metaxas v. Lee*, 503 F. Supp. 3d 923,

24   941 (quoting *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004); additional citation omitted).

25   The continuity requirement has been interpreted as "'both a closed- and open-ended concept.'"   *Id.*

26   (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989)).   To establish closed-ended

27   continuity, a plaintiff must show "'a series of related predicates extending over a substantial period

28   of time," *i.e.*, more than "'a few weeks or months.'"   *Id.* (quoting *H.J. Inc.*, 492 U.S. at 241).   Open-

12

1    ended continuity concerns "'past conduct that by its nature projects into the future with a threat of

2    repetition.'"  *Id.* (quoting *H.J. Inc.*, 492 U.S. at 241).  These requirements aim "'at eliminating

3    RICO actions against perpetrators of isolated or sporadic acts.'"  *Id.* (quoting *Sun Sav. and Loan*

4    *Ass'n v. Dierdorff*, 825 F.2d 187, 193 (9th Cir. 1987)).

5         There are no allegations of either a closed- or open-ended concept of continuity.  The

6    relevant alleged misconduct took place between March and April 2020.  *See* FAC, Exs. 44-45.  This

7    two-month period falls well short of the "substantial period of time" required to establish closed-

8    ended continuity.  *See, e.g.*, *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1140 (5th

9    Cir. 1992) (scheme spanning seven months insufficient to establish closed-ended continuity for

10   RICO claim).

11        Sylabs also does not establish open-ended continuity, as there are no allegations of a future

12   threat of repetition from Defendants.  *See Metaxas*, 503 F. Supp. 3d at 941 ("Particularly in the

13   context of open-ended continuity, a criminal scheme with a singular goal poses no threat of

14   continuing criminal activity once that goal is achieved.") (citation omitted).  Sylabs alleges that its

15   purported trade secrets were stolen over 3 years ago (*see supra* § III(A)(3)(a)), and does not allege

16   that Defendants have attempted to steal trade secrets, either from Sylabs or elsewhere, since then.

17        Moreover, RICO identifies the criminal provision of the DTSA—§ 1832—which is

18   concerned with "the ways in which a person or entity can take or receive a trade secret, not use it

19   once taken."  *ESPOT*, 492 F. Supp. 3d at 695 ("If the criminal statute is limited to the point in time

20   that a trade secret falls into unauthorized hands, then the ongoing use of the trade secrets once

21   obtained cannot be a predicate act to establish a threat of continued criminal activity."); *see* FAC

22   ¶ 615 (Defendants "conspired and agreed to directly, and indirectly participate in the affairs of the

23   Enterprise through a pattern of racketeering activities in violation of 18 U.S.C. § 1832 . . . .").

24   Thus, any alleged violation of the DTSA cannot serve as "continued criminal activity."

25                        **c.    Sylabs' § 1962(d) Claim Fails.**

26        As Sylabs' "section 1962(c) claim does not state an action upon which relief could ever be

27   granted," its "section 1962(d) claim cannot be entertained."  *Howard v. Am. Online Inc.*, 208 F.3d

28   741, 751 (9th Cir. 2000) (cleaned up).

13

1

### 6.    CUTSA Preempts Sylabs' State Law Claims.

2      Sylabs' FAC again lacks allegations showing that its state law claims are based on a set of

3   facts different from its CUTSA claim, so as to avoid preemption.  "CUTSA provides the exclusive

4   civil remedy for conduct falling within its terms and supersedes other civil remedies based upon

5   misappropriation of a trade secret."  *Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1062

6   (N.D. Cal. 2017) (citing Cal. Civ. Code § 3426.7; additional citations omitted).  California courts

7   "share the broad view that CUTSA's 'comprehensive structure and breadth' suggests a legislative

8   intent to occupy the field."  *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171

9   Cal. App. 4th 939, 957 (2009).  Consequently, CUTSA "occupies the field" of common law claims

10  "based on trade secret misappropriation, and provides 'the exclusive civil remedy' under California

11  law for conduct that falls within its purview."  *Epicor Software Corp. v. Alt. Tech. Sols., Inc.*,

12  No. SACV 13-00448-CJC(RNBx), 2015 WL 12724073, at *2 (C.D. Cal. Apr. 2, 2015) (citation

13  omitted); *see also Avago Techs. U.S. Inc. v. Nanoprecision Prods., Inc.*, No. 16-cv-03737-JCS,

14  2017 WL 412524, at *5-6 (N.D. Cal. Jan. 31, 2017).  "CUTSA serves to preempt all claims

15  premised on the wrongful taking and use of confidential business and proprietary information, even

16  if that information does not meet the statutory definition of a trade secret."  *ChromaDex, Inc. v.*

17  *Elysium Health, Inc.*, 369 F. Supp. 3d 983, 989 (C.D. Cal. 2019).  To avoid preemption, a plaintiff's

18  tort and common law claims must "allege wrongdoing that is materially distinct from the

19  wrongdoing alleged in a CUTSA claim."  *SunPower Corp. v. SolarCity Corp.*, No. 12–CV–00694–

20  LHK, 2012 WL 6160472, at *9 (N.D. Cal. Dec. 11, 2012) (cleaned up).

21      Sylabs' attempt to circumvent preemption fails.  Sylabs alleges that the "Trade Secrets" that

22  are the subject of its CUTSA claim are separate from the "Corporate Assets" or "Corporate Secrets"

23  that are the subject of its state law claims.[5]  FAC ¶¶ 33, 261, 285, 623.  This is a distinction with

24  no meaningful difference.

25

26

---

27  [5]  The FAC uses the terms "Sylabs' Corporate Assets" and "Sylabs' Corporate Secrets"
    interchangeably.  They appear, however, to consist of the same documents and information.
28  *Compare* FAC ¶¶ 33 (defining "Corporate Assets") *with id.* ¶¶ 261, 285 (defining "Corporate
    Secrets").

First, as the Court noted,

[t]he CUTSA preempts a plaintiff's claims based on misappropriation of information that does not qualify as a trade secret

> unless one of the following conditions is met: (1) [the plaintiff] can allege facts that show that "the [non-trade secret proprietary] information . . . was 'made property by some provision of positive law,' . . . on grounds that are qualitatively different from the grounds upon which trade secrets are considered property", or (2) it can otherwise be concluded that [the plaintiff's] Non–Trade Secret Claims allege "wrongdoing" that is "material[ly] distinct[ ] [from] the wrongdoing alleged in a [C]UTSA claim[.]"

Order at 14 (quoting *SunPower Corp.*, 2012 WL 6160472, at *9). Again, "Sylabs satisfies neither of these two conditions." *Id.* at 15. There are no allegations either of these conditions apply here.

Second, the FAC's allegations show that Sylabs considers the Corporate Assets or Secrets as if they are in fact trade secrets (even though they are not). Sylabs alleges its "Corporate Assets derive independent economic value from not being generally known to Sylabs' competitors . . . or the public or other persons who can obtain significant economic value from the Sylabs' Corporate Assets' disclosure[.]" FAC ¶¶ 667, 680. This is a nearly verbatim recitation of CUTSA's definition of a trade secret. *See* Cal. Civ. Code § 3426.1(d)(1) (A "[t]rade secret . . . [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use[.]"). Sylabs further alleges that "Sylabs has taken reasonable measures to protect the secrecy of Sylabs' Corporate Assets." *Id.* ¶¶ 668, 681. This too is a component of a trade secret. Cal. Civ. Code § 3426.1(d)(2) (A "[t]rade secret . . . [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy."). Sylabs even repeatedly alleges that Defendants engaged in "***misappropriation*** of the Corporate Assets." *See, e.g.*, FAC ¶¶ 629-30, 633-34, 640, 642, 645, 652, 655-56, 661-63, 668-69, 676-77, 681-82, 689-92 (emphasis added). Thus, the state law and CUTSA claims are based on the same nucleus of fact, that is, Defendants misappropriated Sylabs' alleged Corporate Assets. *See id.* (all).

The Court thus should dismiss Sylabs' civil conspiracy, UCL, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and conversion claims as

15

1   preempted by CUTSA.  *See, e.g.*, *Strategic Partners, Inc. v. FIGS, Inc.*, No. 19-cv-02286-JWH-

2   KSx, 2021 WL 4813645, at *7 (C.D. Cal. Aug. 10, 2021) (holding CUTSA preempted, among

3   others, claims of breach of fiduciary duty and aiding and abetting where claims were "premised

4   entirely upon the acquisition or use of [plaintiff's] Confidential Information"); *Mattel, Inc. v. MGA*

5   *Ent., Inc.*, 782 F. Supp. 2d 911, 989 (C.D. Cal. 2011) (repackaging a trade secrets claim in the guise

6   of fiduciary duty claims does not avoid preemption); *Arthur J. Gallagher & Co. v. Tarantino*, No.

7   20-cv-05505-EMC, 2022 WL 4092673, at *15-16 (N.D. Cal. July 27, 2022) (rejecting the "narrow

8   approach" and holding an "allegation of 'conspiracy' to commit trade secrets misappropriation does

9   not, in itself, avoid preemption by CUTSA"); *Kimera Labs Inc. v. Jayashankar*, No. 21-cv-2137-

10  MMA (DDL), 2022 WL 11965058, at *11 (S.D. Cal. Oct. 20, 2022) (dismissing civil conspiracy

11  claim "essentially based on the same factual scenario alleged in its trade secrets claims"); *K.C.*

12  *Multimedia*, 171 Cal. App. 4th at 962 (CUTSA preempted UCL claim where, "[a]s a legal basis for

13  its unfair competition claim, appellant asserts a violation of CUTSA.  As a factual basis for its

14  claim, appellant alleges the same conduct that gives rise to trade secrets claim.").

15              **7.      Count VII Fails to State a UCL Claim.**

16          Sylabs fails to plausibly allege that Defendants violated the UCL.  "The UCL is a California

17  consumer protection statute that broadly proscribes the use of any 'unlawful, unfair or fraudulent

18  business act or practice.'"  *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016) (quoting

19  Cal. Bus. & Prof. Code § 17200).  Sylabs brings its UCL claim under all three prongs.

20          This claim should be dismissed for at least three reasons.  First, as each of the underlying

21  predicate violations fail, the UCL likewise should be dismissed.  Second, Sylabs does not allege

22  any facts that it has "lost money or property" to give rise to UCL standing.  Third, Sylabs does not

23  plead any facts showing any "fraudulent" business practices.

24              **a.      The UCL Claim Should be Dismissed as the Predicate Claims**
                        **Fail.**
25

26          Sylabs' UCL claim fails to the extent it is predicated on its CFAA, RICO, civil conspiracy,

27  breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, or

28  conversion claims.  "To state a cause of action based on an unlawful business act or practice under

                                              16

1  the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law."

2  *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1133 (2014), *as modified*

3  *on denial of reh'g* (Feb. 27, 2014).  As these predicate violations fail, the UCL claim should also

4  be dismissed.  *See Greencycle Paint, Inc. v. Paintcare, Inc.*, No. 15-cv-04059-MEJ, 2016 WL

5  1402845, at *9 (N.D. Cal. Apr. 8, 2016) ("[W]here the same conduct alleged to be unfair under the

6  UCL is also alleged to be a violation of another law, the UCL claim rises or falls with the other

7  claims.") (cleaned up); *see also Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375 (2001) ("To

8  permit a separate inquiry into essentially the same question under the unfair competition law would

9  only invite conflict and uncertainty . . . .") (citation omitted).

10                              **b.    Sylabs Fails to Plead Facts Establishing UCL Standing.**

11             The FAC lacks allegations showing that Sylabs has standing under the UCL.  *See* Cal. Bus.

12  & Prof. Code § 17204.  The UCL "requires that a plaintiff have 'lost money or property' to have

13  standing to sue.  The plain import of this is that a plaintiff now must demonstrate some form of

14  economic injury."  *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011) (citation omitted);

15  *Hawkins v. Kroger Co.*, 906 F.3d 763, 768 (9th Cir. 2018) ("California law requires plaintiffs

16  alleging UCL . . . claims to show that they 'ha[ve] suffered injury in fact and ha[ve] lost money or

17  property as a result of the unfair competition.'") (brackets in the original; citation omitted).  A UCL

18  plaintiff may suffer an economic injury in "innumerable ways[,]" including by:

19  
20             (1) surrender[ing] in a transaction more, or acquir[ing] in a transaction less, than he
             or she otherwise would have; (2) hav[ing] a present or future property interest
21             diminished; (3) be[ing] deprived of money or property to which he or she has a
             cognizable claim; or (4) be[ing] required to enter into a transaction, costing money
22             or property, that would otherwise have been unnecessary.

23  *Kwikset*, 51 Cal. 4th at 323.

24             There are no facts that Sylabs has "lost money or property" in such a manner.  Sylabs merely

25  alleges that Defendants' conduct caused "investors to invest $25,000,000 and $33,000,000

26  in . . . CIQ."  FAC ¶¶ 648, 650.  But this does not satisfy the federal pleading standard, as Sylabs

27  does not, and cannot, explain how investments in CIQ constitute "lost money" by Sylabs.  Sylabs

28  does not, for instance, allege that it is an investor in CIQ.  *See Reyes v. Nationstar Mortg. LLC*, No.

17

15-CV-01109-LHK, 2015 WL 4554377, at *10 (N.D. Cal. July 28, 2015) (As "[p]laintiffs fail to allege that Plaintiffs have lost money or property, . . . [p]laintiffs fail to show that they have standing to bring a claim pursuant to Business and Professions Code §§ 17200 *et seq.*"); *Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-3738 ABC (CWx), 2010 WL 11463697, at *10 (C.D. Cal. Sept. 20, 2010) (dismissing UCL claim where plaintiff "conclusorily alleged the loss of a property interest, loss of goodwill, and economic and financial loss due to [d]efendants' conduct, without alleging any specific facts as to what was lost and how").

Nor are there any allegations that support Sylabs' entitlement to "disgorgement of and restitution to Sylabs of all Defendants' revenues and capital investments (between $25,000,000 and $33,000,000) associated with their unfair competition." FAC ¶ 650. "Under the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003); *id.* at 1149 ("The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest."). The FAC is devoid of allegations that suggest Sylabs has an ownership or vested interest in "Defendants'"[6] revenues and capital investments.

### c.    Sylabs Fails to Plead "Fraudulent" Business Practices.

Sylabs also fails to state a claim under the "fraudulent" prong. *First*, Sylabs' allegations of "fraudulent" business practices fail to meet the heightened pleading requirements of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b)'s pleading standard applies to the UCL). The FAC lacks specific allegations as to the circumstances of the alleged fraudulent conduct, and instead only vague and conclusory allegations. *See, e.g.*, FAC ¶ 643 ("Defendants' actions were in clear contravention of the established public policy aims of California, as expressed in the UCL and in the crimes against property provisions of the California Penal Code, Title 13, Chapters 1-15.").

*Second*, "a business practice is fraudulent under the UCL if members of the public are likely

---

[6] Although the FAC lumps "Defendants" collectively and does not specify which Defendant's revenues and capital investments are at issue, it presumably does not include the Individual Defendants.

CIQ AND OPEN DRIVES' MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

to be deceived," but Sylabs fails to allege any conduct that would cause the public to be deceived. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). This alone warrants dismissal. *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 865 (N.D. Cal. 2014) (dismissing UCL counterclaim alleging "fraudulent" business practices predicated upon allegations of inequitable conduct before the USPTO on grounds that counterclaim "d[id] not allege that members of the public have been deceived by [the] alleged fraudulent misrepresentations about the strength of its patent rights"); *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1275 (2006) (trial court properly sustained demurrer as to UCL claim brought under fraudulent prong where complaint failed to allege that members of the public were likely to be deceived by alleged misconduct).

**Third**, there are no factual assertions that Sylabs relied upon the alleged "fraudulent" business practices. "[A] UCL fraud plaintiff must allege [it] was motivated to act or refrain from action based on the truth or falsity of a defendant's statement, not merely on the fact it was made." *Kwikset*, 51 Cal. 4th at 327. "[N]o California state court has addressed whether competitor plaintiffs must plead their own reliance or whether pleading consumer reliance is sufficient for fraudulent business practice claims brought by competitors[.]" *Jerome's Furniture Warehouse v. Ashley Furniture Indus., Inc.*, No. 20CV1765-GPC(BGS), 2021 WL 148063, at *6 (S.D. Cal. Jan. 15, 2021) (cleaned up). As a result, "there is a split of authority in the district courts in California as to whether competitors must allege actual reliance under the fraudulent prong of the UCL but the majority view is that a plaintiff must allege its own reliance and not the reliance of third parties." *Id.* (cleaned up). Sylabs' UCL claim fails under either view, as the FAC lacks any allegations of reliance by Sylabs or consumers. Dismissal is therefore warranted. *See L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 866-67 (N.D. Cal. 2015), *abrogated by Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2021 WL 11593043 (N.D. Cal. Aug. 16, 2021) ("[B]ecause [p]laintiffs do not plead their own reliance on [defendant's] allegedly false advertising, they lack standing to seek relief under the UCL's fraud prong"); *see also Scilex Pharms.*, 2021 WL 11593043, at *6 (explaining that under "the minority view" a non-consumer plaintiff still must allege a "sufficient causal connection" between defendant's conduct and the alleged injury to be

1  persuasive and correct to support a fraud-based UCL claim).

2          **8.**    **The Intentional Misrepresentation Claims Should be Dismissed.**

3        Sylabs' intentional misrepresentation claims are based on Mr. Kurtzer's, Mr. Hayden's,

4  Ms. Fong's, Mr. Adolph's, Mr. Buss', Mr. Prager's, and Open Drives' alleged promises without

5  intent to perform their obligations under their respective contracts.  FAC ¶¶ 703, 719, 735, 751,

6  766.  The Court should dismiss these claims for at least three reasons.  First, these claims, which

7  sound in fraud, do not meet the heightened pleading standard of Rule 9(b).  Second, the economic

8  loss rule bars the claims.  Third, the FAC lacks sufficient allegations that the aforementioned

9  Defendants intended to defraud Sylabs or induce Sylabs' reliance.

10          **a.**    **The Intentional Misrepresentation Claims Do Not Satisfy**
11                  **Rule 9(b)'s Heightened Pleading Standard.**

12        Because the intentional misrepresentation claims sound in fraud, the FAC "must satisfy the

13  heightened pleading requirements of Rule 9(b), which provides, in relevant part, that '[i]n alleging

14  fraud or mistake, a party must state with particularity the circumstances constituting fraud or

15  mistake.'"  *Carter v. Rasier-CA, LLC*, No. 17-CV-00003-HSG, 2017 WL 4098858, at *4 (N.D.

16  Cal. Sept. 15, 2017), *aff'd*, 724 F. App'x 586 (9th Cir. 2018) (applying Rule 9(b) pleading standards

17  to intentional misrepresentation claim) (quoting Fed. R. Civ. P. 9(b); brackets in the original); *see*

18  *Holden v. Fluent, Inc.*, No. 20-CV-03816-JCS, 2020 WL 6822914, at *8 (N.D. Cal. Nov. 20, 2020)

19  ("[I]t is generally accepted that claims for intentional misrepresentation sound in fraud and

20  therefore are subject to Rule 9(b).").  The FAC fails to do so.

21        "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of

22  the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

23  (citation omitted).  Sylabs, however, fails to allege any facts showing who made the alleged

24  misrepresentation that induced Sylabs to enter into the contracts; when, where, and how the alleged

25  misrepresentation was made; or what the alleged misrepresentation entailed.  These claims should

26  thus be dismissed on this basis.

27

28

1

2

        **b.**      **The Economic Loss Rule Bars the Intentional Misrepresentation Claims.**

3        Sylabs' intentional misrepresentation claims should be dismissed because these claims are

4 based on the same allegations underpinning its breach of contract claim and seek the same remedy

5 for the same economic loss, rendering the intentional interference claims superfluous and

6 impermissible under California law.  Known as the "economic loss rule," "the fundamental rule in

7 California is that no tort cause of action will lie where the breach of duty is nothing more than a

8 violation of a promise which undermines the expectations of the parties to an agreement."  *Oracle*

9 *USA, Inc. v. XL Glob. Servs., Inc.*, No. C 09-00537 MHP, 2009 WL 2084154, at *4 (N.D. Cal. July

10 13, 2009).  California law emphasizes maintaining strict boundaries between tort and contract

11 claims, dismissing tort claims where a party "has taken the allegations underpinning a

12 straightforward claim for breach of a commercial contract and recast them as torts."  *JMP Sec. LLP*

13 *v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012).

14        "[T]o maintain a fraud claim for affirmative intentional misrepresentations based on the

15 same factual allegations as a breach of contract claim, a plaintiff must show that the duty that gives

16 rise to tort liability is either completely independent of the contract or arises from conduct which is

17 both intentional and intended to harm."  *Costa v. Reliance Vitamin Co.*, No. 22-CV-04679-WHO,

18 2023 WL 2989039, at *5 (N.D. Cal. Apr. 18, 2023) (cleaned up).  Sylabs fails to do so.  The actions

19 underpinning Sylabs' intentional misrepresentation claims are the same that give rise to its breach

20 of contract claims. *Compare* FAC ¶¶ 697, 713, 729, 745, 760 (Mr. Kurtzer, Mr. Hayden, Ms. Fong,

21 Mr. Adolph, Mr. Buss, Mr. Prager, and Open Drives "failed to perform the significant and material

22 terms and conditions of the[ir respective] Agreement[s], and, in fact, willfully and intentionally

23 breached the terms of said agreement by intentionally committing cyber theft and misappropriation

24 of Sylabs' Corporate Assets.") *with id.* ¶¶ 706, 722, 738, 753, 769 (same).  And there are no

25 allegations that Mr. Kurtzer, Mr. Hayden, Ms. Fong, Mr. Adolph, Mr. Buss, Mr. Prager, and Open

26 Drives made false statements that caused Sylabs to enter into their respective contracts, so as to

27 create an exemption to the economic loss rule.  *Cf. Foster Poultry Farms v. Alkar-Rapidpak-MP*

28 *Equip., Inc.*, 868 F. Supp. 2d 983, 992 (E.D. Cal. 2012) ("Pursuant to the fraudulent inducement

exception, courts have declined to apply the economic loss rule in cases where a false statement causes a party to enter a contract."). The intentional misrepresentation claims are thus entirely duplicative of the breach of contract claims.

### c. Sylabs Fails to Allege Intent to Defraud or Induce Reliance.

The intentional misrepresentation claims further fail because the FAC lacks allegations that Mr. Kurtzer, Mr. Hayden, Ms. Fong, Mr. Adolph, Mr. Buss, Mr. Prager, and Open Drives made a misrepresentation. "The elements of a . . . intentional misrepresentation claim are: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) damage." *Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 574 (9th Cir. 2022) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)).

The FAC lacks allegations as to the third element, that is, that these Defendants intended to defraud Sylabs or induce Sylabs' reliance on the alleged misrepresentation. At best, the FAC contains conclusory allegations that Mr. Kurtzer, Mr. Hayden, Ms. Fong, Mr. Adolph, Mr. Buss, Mr. Prager, and Open Drives "intended that Sylabs rely on the promises . . . for the express purpose of having Sylabs' [*sic*] provide [them] with access to Sylabs' Corporate Assets." FAC ¶¶ 704, 720, 736, 752, 767. This is nothing more than a recitation of the elements of the claim, without any supporting allegations as to how Sylabs believes this to be true. This is insufficient to meet Rule 12(b)(6)'s requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### 9. The Breach of Contract and Intentional Misrepresentation Claims Should be Dismissed as to Messrs. Buss and Prager.

The breach of contract and intentional misrepresentation claims also fail as to Messrs. Buss and Prager, as neither individual is a signatory to the agreement at issue. *See* FAC, Ex. 52; *Baiul-Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) ("California law holds that 'only a signatory to a contract may be liable for any breach.'") (quoting *Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987)); *Bos. Sci. Corp. v. BioCardia, Inc.*, 524 F. Supp. 3d 914, 919 (N.D. Cal. 2021) (dismissing complaint with prejudice where plaintiff could not establish

22

1    contractual relationship with defendant). Rather, these claims should thus be dismissed without

2    leave to amend, as there is no way for Sylabs to cure this defect.

3        Sylabs' allegation that the alleged contract is binding on Messrs. Buss and Prager because

4    they are directors (FAC ¶ 80 n.6) does not save the claim. "Under California law, directors and

5    officers are not personally liable on contracts signed . . . on behalf of the corporation unless they

6    purport to bind themselves individually." *Alkayali v. Hoed*, No. 18-CV-00777-H-JMA, 2018 WL

7    4537596, at *4 (S.D. Cal. Sept. 20, 2018) (cleaned up). There are no allegations that either

8    Mr. Buss or Mr. Prager purported to bind themselves individually to the contract identified in

9    Exhibit 52.

10            **10.    The FAC Lacks Specific Allegations as to Mr. Buss.**

11        The FAC again lacks allegations of specific misconduct by Mr. Buss that satisfy the

12    Rule 12(b)(6) standard. The FAC attempts to cure the deficiencies that the Court identified (Order

13    at 8) with the following allegations:

14
15    - "Pursuant to this Court's concerns regarding defendant Buss (Dkt. 59, p. 4, ll. 21-22), it is important to note that defendant Buss was in attendance at this 12/19/19 Fuzzball Planning Meeting, as well as other meetings. See Exh. 63." FAC ¶ 31.
16

17    - "As will be discussed in detail below, Sylabs is informed and believes, and based upon such information and belief alleges that as a retired U.S. Navy Admiral, defendant David Buss used his knowledge and expertise with the Department of Defense ("DoD") to recognize the value of Sylabs' DoD projects and how to promote them at the DoD. Sylabs is further informed and believes, and based upon such information and belief alleges that defendant Buss was involved in assessing Sylabs' DoD pr`ojects that were under way for the purpose of including them in CIQ's business plan and CIQ Budget because he knew Sylabs' Trade Secrets would be used as the basis to procure the six CIQ Patents. See Exhs. 37 and 39-43." FAC ¶ 39.
18
19
20
21
22

23

24        First, Exhibit 63, cited in paragraph 31, does not show that Mr. Buss attended a "12/19/19

25    Fuzzball Planning Meeting." Exhibit 63 appears to be a user guide. It makes no mention of

26    Mr. Buss or any such meeting.

27        Second, paragraph 39 is entirely speculative, and nothing in the FAC indicates how Sylabs

28    knows the allegations to be true. Sylabs cannot rely on pleading such facts on "inform[ation] and

CIQ AND OPEN DRIVES' MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

1    belie[f.]" FAC ¶ 39. "[A]llegations made 'upon information and belief' are appropriate where (1)

2    the support for the claims turns on the content of records held by the defendants, or (2) where there

3    is other factual information elsewhere in the complaint upon which the allegations are based."

4    *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1017 (N.D. Cal.

5    2015) (cleaned up).  Neither of these conditions is present here.

6    Thus, there are no allegations that "allow[] the [C]ourt to draw the reasonable inference that

7    [Mr. Buss] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Wagda v. Town of

8    Danville*, No. 16-cv-00488-MMC, 2016 WL 6160160, at *21 (N.D. Cal. Oct. 24, 2016) (plaintiff's

9    "claim fails because the FAC does not allege any specific misconduct by either said defendant in

10   connection with the instant case"); *Hiramanek v. Clark*, No. C-13-0228 EMC, 2013 WL 12308479,

11   at *2 (N.D. Cal. Mar. 25, 2013) ("[M]any of the claims are deficient in that they fail to identify the

12   specific wrongdoing that each defendant allegedly committed.").

13                    **11.    The Allegations as to Open Drives Are Insufficient.**

14   There are likewise no specific or plausible allegations as to Open Drives.  Rather, the FAC

15   largely engages in improper group pleading and lumps Open Drives with the other Defendants

16   without identifying any specific conduct by Open Drives.  *See, e.g.*, FAC ¶¶ 18-19, 27, 89;

17   *Karkanen v. Cal.*, No. 17-cv-06967-YGR, 2018 WL 3820916, at *7 (N.D. Cal. Aug. 10, 2018)

18   ("Courts consistently conclude that a complaint which "lump[s] together . . . multiple defendants

19   in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'") (quoting *Gen-*

20   *Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) and collecting cases).

21   The FAC's attempt to identify conduct by Open Drives fails.  For instance, the FAC alleges that

22   Mr. Kurtzer "granted permissions to . . . Open Drives" and that "Open Drives sent emails to Greg

23   Kurtzer regarding Sylabs' SBIR." FAC ¶¶ 51(a), 51(b), 260.  But there are no allegations as to *who*

24   at Open Drives received permissions or sent emails, whether it was Mr. Prager, Mr. Buss, or

25   someone else.  Indeed, Open Drives—a corporate entity—cannot send emails.

26                    **12.    Dismissal Should be Without Leave to Amend.**

27   Sylabs has had two opportunities to adequately plead its trade secret, CFAA, RICO, and

28   state law claims, yet still cannot satisfy Rule 12(b)(6)'s pleading requirements.  Dismissal should

24

1   thus be without leave to amend.  *See Wilson v. Bank of Am. Pension Plan for Legacy Cos.*, No. 18-

2   CV-07755-TSH, 2019 WL 4479677, at \*6 (N.D. Cal. Sept. 18, 2019) (dismissal with prejudice is

3   appropriate where the Court previously granted leave to amend, the amended claims fail to cure the

4   defects, and further amendment would be futile) (citing *Surf City Steel, Inc. v. Int'l Longshore &*

5   *Warehouse Union*, 780 F. App'x 467, 472 (9th Cir. 2019) (district court's dismissal with prejudice

6   was appropriate because plaintiff's amended pleading, "fail[ed] to present any facts which could

7   cure the defect underlying the district court's dismissal")); *Int'l Longshore & Warehouse Union v.*

8   *ICTSI Or., Inc.*, 863 F.3d 1178, 1187 n.5 (9th Cir. 2017) (dismissal upheld where complaint could

9   not be saved by further amendment).

10      In the event the Court grants leave to amend, the scope of amendment should be limited to

11   allegations that cure the defects of the claims asserted in the FAC.  Sylabs should not be permitted

12   to add any new claims that it could have asserted in the initial Complaint or the FAC, but did not.

13      **B.**    **Motion to Strike**

14      In the alternative, the Court should strike the numerous allegations of the FAC that are

15   "redundant, immaterial, [or] impertinent[.]"  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion

16   to strike is to avoid the expenditure of time and money that must arise from litigating spurious

17   issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618

18   F.3d 970, 973 (9th Cir. 2010) (cleaned up); *see Classical Silk, Inc. v. Dolan Grp., Inc.*, No. CV 14-

19   09224-AB (MRWx), 2016 WL 7638112, at \*2 (C.D. Cal. Mar. 21, 2016) (granting motion to strike

20   "to simplify and streamline the issues at trial").  Thus, "[a] motion to strike should be granted if it

21   will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues."  *Lee v.*

22   *Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

23   1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  "The decision to strike a

24   portion of a party's pleading is within the sound discretion of the court."  *JGX, Inc. v. Handlery*,

25   No. 17-CV-00287-BLF, 2018 WL 984856, at \*6 (N.D. Cal. Feb. 20, 2018) (citing *Nurse v. United*

26   *States*, 226 F.3d 996, 1000 (9th Cir. 2000)).

27      "'Immateriality' and 'impertinence' under Rule 12(f) both speak to the relevance of

28   challenged allegations."  *Doe 1 v. Univ. of S.F.*, No. 22-CV-01559-LB, -- F. Supp. 3d --2023 WL

5021811, at *5 (N.D. Cal. Aug. 4, 2023). "Immaterial" is "defined . . . as 'that which has no essential or important relationship to the claim for relief or the defenses being plead.'" *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (quoting *Fantasy, Inc.*, 984 F.2d at 1527). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527 (cleaned up).

### 1.      Paragraphs 278-280 Should be Stricken.

Paragraphs 278 through 280 accuse Defendants of engaging in inequitable conduct and fraud on the U.S. Patent and Trademark Office, due to Defendants' alleged patenting of Sylabs' technology. These allegations are irrelevant, as Sylabs does not assert claims for inequitable conduct, improper inventorship, or correction of inventorship.

### 2.      Paragraphs 375-403 Should be Stricken.

Paragraphs 375 through 403 merely recite statutes and jury instructions and are therefore redundant, immaterial, and impertinent. There is no reason for a complaint to contain a verbatim recitation of statutes or jury instructions, even if they form the basis of the asserted claims. *See Doan v. Singh*, No. 13-CV-00531-LJO, 2013 WL 3166338, at *14 (E.D. Cal. June 20, 2013) (granting motion to strike allegations reciting statutes because, "although plaintiffs allege a RICO violation, there is no need for a verbatim recitation of 18 U.S.C. § 1961"); *Dhaliwal v. Singh*, No. CV F 13-0484 LJO SKO, 2013 WL 2664336, at *21-22 (E.D. Cal. June 12, 2013) (striking quotations of statutes).

### 3.      References to Patent Infringement Should be Stricken.

The Court should strike the allegation in paragraph 8 that suggests that Sylabs asserts a patent infringement claim as immaterial and impertinent. *See* FAC ¶ 8 ("Sylabs . . . brings this action under federal and California statutory schemes, separately alleged in Counts I through XXI, inclusive, under . . . Patent Infringement, 18 U.S.C. § 1962 . . . ."). Sylabs does not in fact assert an infringement claim. *See also* Dkt. No. 38-3 at 3 n.4 (noting that while the initial Complaint referenced a claim for patent infringement, Sylabs did not assert such a claim). It is thus irrelevant.

1

### 4. Paragraphs 143, 194, 195, 222, 223 Should be Stricken.

2      Paragraphs 143, 194, and 195, which relate to the National Oceanic and Atmospheric

3  Administration's ("NOAA") alleged use of supercomputers, should be stricken as redundant,

4  immaterial, and impertinent.  *See Fantasy, Inc.*, 984 F.2d at 1527 ("Superfluous historical

5  allegations are a proper subject of a motion to strike.").  At best, paragraph 195 merely offers a

6  hypothetical use case of Sylabs' alleged trade secrets.  FAC ¶ 195 ("For example, the Virginia

7  supercomputer node **could** be tasked by scientists through Fuzzball with collecting, storing, and

8  analyzing certain data . . . .") (emphasis added).  But as there are no allegations that NOAA does in

9  fact use Sylabs' alleged trade secrets, such allegations have no bearing on the subject of the

10  litigation.  *See Merritt v. Countrywide Fin. Corp.*, No. 09-CV-01179-BLF, 2015 WL 5542992, at

11  *13 (N.D. Cal. Sept. 17, 2015), *aff'd*, 783 F. App'x 717 (9th Cir. 2019) (striking "superfluous

12  historical allegations or unrelated information" that "have no apparent pertinence to the claims in

13  this case").

14      Similarly, paragraphs 222 and 223 contain allegations regarding the FBI's use of computer

15  forensics.  This too is redundant, immaterial, and impertinent, as the FBI's computer forensics have

16  no bearing on the issues here.  *See Merritt*, 2015 WL 5542992, at *13.

17

### 5. Paragraphs 452–470 Should be Stricken.

18      Although paragraphs 452 through 470 relate to Sylabs' efforts to maintain the secrecy of its

19  alleged trade secrets, they are asserted here as part of Sylabs' CFAA claim.  *See Andrews*, 932 F.3d

20  at 1263 ("[T]he CFAA is 'an anti-hacking statute,' not 'an expansive misappropriation statute.'")

21  (citation omitted).  Not only are they repeated verbatim at other points in the FAC (*see* FAC ¶¶ 407-

22  25, 490-508), but Sylabs makes no attempt to explain how its trade secrets are relevant to the CFAA

23  claim, which has different entirely different elements.  Paragraphs 452 through 470 are thus

24  redundant and immaterial to the CFAA claim.

25

### 6. References to "Crimes" in Paragraphs 643 and 647 Should be Stricken.

26      The Court should strike the reference to "the crimes against property provisions of the

27  California Penal Code, Title 13, Chapters 1-15" set forth in paragraphs 643 and 647.  There are no

28

CIQ AND OPEN DRIVES' MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

1    allegations that any Defendant has been charged with any such crimes.    Accordingly, such

2    allegations are immaterial and impertinent.

3    **IV.    CONCLUSION**

4            For the foregoing reasons, Defendants respectfully request the Court grant their Motion and

5    dismiss each of Sylabs' claims without leave to amend or, in the alternative, strike paragraphs 143,

6    194, 195, 222, 223, 278-280, 375-403, 452-470, and portions of paragraph 8.

7

8    Dated:  February 23, 2024                                GOODWIN PROCTER LLP

9

10

11                                                            By:  */s/ Neel Chatterjee*

                                                            Neel Chatterjee
12                                                           *NChatterjee@goodwinlaw.com*
                                                            Jennifer Briggs Fisher
13                                                           *JFisher@goodwinlaw.com*
                                                            Elizabeth J. Low
14                                                           *ELow@goodwinlaw.com*

15                                                           David Serati
                                                            *DSerati@goodwinlaw.com*
16

17                                                           Attorneys for Defendants
                                                            CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE
18                                                           a/k/a GREGORY M. KURTZER; JULIA
                                                            ROSE a/k/a JULIA KURTZER; ROBERT
19                                                           ADOLPH; MATTHEW HAYDEN; ERIN
                                                            FONG; OPEN DRIVES, INC.; DAVID BUSS;
20                                                           and MARLIN PRAGER

21

22

23

24

25

26

27

28

CIQ AND OPEN DRIVES' MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

1

## CERTIFICATE OF SERVICE

2          I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3   United States District Court for the Northern District of California by using the CM/ECF system

4   on February 23, 2024.  I further certify that all participants in the case are registered CM/ECF users

5   and that service will be accomplished by the CM/ECF system.

6          I certify under penalty of perjury that the foregoing is true and correct.  Executed on

7   February 23, 2024.

8

9                                          _/s/ Neel Chatterjee_
                                                Neel Chatterjee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIQ AND OPEN DRIVES' MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK