NEEL CHATTERJEE (SBN 173985)
NChatterjee@goodwinlaw.com
ELIZABETH J. LOW (SBN 308098)
ELow@goodwinlaw.com
DAVID SERATI (SBN 329811)
DSerati@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

JENNIFER BRIGGS FISHER (SBN 241321)
JFisher@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a
GREGORY M. KURTZER; JULIA ROSE a/k/a
JULIA KURTZER; ROBERT ADOLPH; MATTHEW
HAYDEN; ERIN FONG; OPEN DRIVES, INC.;
DAVID BUSS; and MARLIN PRAGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYLABS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a CIQ; OPEN DRIVES, INC.; DAVID BUSS; MARLIN PRAGER; JOEL WHITLEY; IAG CAPITAL PARTNERS; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 5:23-cv-00849-SVK<br><br>**CIQ AND OPEN DRIVES DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND STRIKE**<br><br>Courtroom:　　6<br>Judge:　　　　Hon. Susan van Keulen<br><br>Filed/Lodged Concurrently with:<br>　1. Notice of Motion and Motion to Dismiss and Strike<br>　2. Declaration of Gregory M. Kurtzer<br>　3. [Proposed] Order |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and supporting case law, Defendants Gregory Rose a/k/a Gregory M. Kurtzer, Julia Rose a/k/a Julia Kurtzer, Robert Adolph, Erin Fong, Matthew Hayden, Marlin Prager, and CTRL IQ, Inc. d/b/a CIQ, Open Drives, Inc., and David Buss (collectively, "Defendants") hereby request that the Court take judicial notice of Exhibit A to the Declaration of Gregory M. Kurtzer ("Kurtzer Declaration"), filed in connection with Defendants' Motion to Dismiss and Strike.  Exhibit A is a copy of the Waiver, Release, and Settlement Agreement between Mr. Kurtzer, Plaintiff Sylabs, Inc. ("Sylabs"), and nonparties R-Stor, Inc. and Sylabs Holdings LLC dated April 29, 2020 (the "Release").  This document is authenticated by the Kurtzer Declaration filed in support of Defendants' Motion to Dismiss and Strike.

This Request for Judicial Notice is based upon the accompanying Memorandum of Points and Authorities, the aforementioned Declarations and the documents submitted as Exhibits attached thereto, the pleadings and papers on file, and any additional argument or evidence permitted at the hearing on Defendants' Motion to Dismiss and Strike.

Dated: February 23, 2024                    GOODWIN PROCTER LLP

By: */s/ Neel Chatterjee*
Neel Chatterjee
NChatterjee@goodwinlaw.com
Jennifer Briggs Fisher
JFisher@goodwinlaw.com
Elizabeth J. Low
ELow@goodwinlaw.com
David Serati
DSerati@goodwinlaw.com

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; OPEN DRIVES, INC.; DAVID BUSS; and MARLIN PRAGER

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants request that this Court take judicial notice of the Waiver, Release and Settlement Agreement, which is integral to Plaintiff Sylabs, Inc.'s First Amended Complaint, Dkt. 61 ("FAC").

When ruling on a motion to dismiss, courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that courts may "examine when ruling on Rule 12(b)(6) motions to dismiss, . . . matters of which a court may take judicial notice"); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." (citation and internal quotation marks omitted)).

In addition, the accuracy of the Release cannot reasonably be questioned and thus judicial notice is proper. Sylabs cannot argue against the authenticity of the Release; Sylabs itself was a named party and signatory. *See Birdsong v. AT & T Corp.*, No. C12-6175 TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) (noting that "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice . . . .") (citation omitted). And while the FAC does not expressly cite the Release, the document is integral to Sylabs' claims as its very terms limit Sylabs' ability to bring claims against Gregory Kurtzer.

The Court may also consider the Release under the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002 (noting that this doctrine "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation-by-reference has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint"). Here, the Release itself "is an integral part of [Sylabs'] allegations," which arise from Mr. Kurtzer's and the

other CIQ Defendants' resignations from Sylabs, "for [it] would have no valid claims unless the release agreement did not bar them." *Birdsong*, 2013 WL 1120783, at *2 (considering a release agreement on a Rule 12(b)(6) motion under the incorporation-by-reference doctrine). Thus, the incorporation-by-reference doctrine also permits the Court to consider the Release in connection with Defendants' Motion to Dismiss and to Strike.

For the reasons stated above, Defendants respectfully request that the Court grant this Request for Judicial Notice.

Dated: February 23, 2024                    GOODWIN PROCTER LLP

By: */s/ Neel Chatterjee*
Neel Chatterjee
*NChatterjee@goodwinlaw.com*
Jennifer Briggs Fisher
*JFisher@goodwinlaw.com*
Elizabeth J. Low
*ELow@goodwinlaw.com*
David Serati
*DSerati@goodwinlaw.com*

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; OPEN DRIVES, INC.; DAVID BUSS; and MARLIN PRAGER

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on February 23, 2024. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on February 23, 2024.

*/s/ Neel Chatterjee*
Neel Chatterjee