1  **PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
2  LEPISCOPO & ASSOCIATES LAW FIRM
   23 Corporate Plaza Drive, Suite 150
3  Newport Beach, California 92660
   Telephone: (619) 251-2428; Facsimile: (619) 330-2991
4  Email: plepiscopo@att.net
   Counsel of Record for Plaintiff, **SYLABS, INC.**
5

6

7                    **UNITED STATES DISTRICT COURT**

8        **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

   **SYLABS, INC.**, a Delaware corporation,  )  Case No. **5:23-cv-00849-SVK**
9                                              )
                                               )  **EVIDENTIARY OBJECTIONS TO**
10       Plaintiff,                            )  **EXHIBIT A (KURTZER RELEASE) TO**
                                               )  **DECLARATION OF GREGORY**
11  v.                                         )  **KURTZER IN SUPPORT OF SYLABS,**
                                               )  **INC.'S OPPOSITION TO CIQ AND**
12  **GREGORY ROSE** a/k/a **GREGORY**         )  **OPEN DRIVES DEFENDANTS'**
    **M. KURTZER**, et al.,                    )  **MOTION TO DISMISS PURSUANT TO**
13                                             )  **RULE 12(b)(6) AND MOTION TO**
                                               )  **STRIKE PURSUANT TO RULE 12(F)**
14       Defendants.                           )  **(Dkt, 67)**
                                               )
15                                             )
                                               )       Date:   May 7, 2024
16                                             )       Time:   10:00 am
                                               )  Courtroom:   6
17                                             )       Judge:   Honorable Susan van Keulen
                                               )
18                                             )
                                               )  Filed/Lodged Concurrently with:
19                                             )  1.     Opposition to Motion to Dismiss
                                               )  2.     Opposition to Defendants' Request for
20                                             )  Judicial Notice
                                               )  3.     [*Proposed*] Order Denying Motion
21                                             )  4.     [*Proposed*] Order Sustaining
                                               )  Objections to and Excluding Kurtzer
22                                             )  Release
                                               )
23  _____  )
24

25

26

27  **EVIDENTIARY OBJECTIONS TO DECLARATION OF GREGORY KURTZER AND EXHIBIT A**
    **THERETO IN SUPPORT OF SYLABS, INC.'S OPPOSITION TO CIQ AND OPEN DRIVES**
28  **DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND**
    **MOTION TO STRIKE PURSUANT TO RULE 12(F)  (ECF 67)**
    **1**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEPISCOPO & ASSOCIATES LAW FIRM

## **EVIDENTIARY OBJECTIONS TO KURTZER RELEASE**

Exhibit A to the Declaration of Gregory Kurtzer purports to be a copy of a Waiver, Release, and Settlement Agreement he declares he signed ("Kurtzer Release), Dkt. 67-2. Sylabs hereby **objects to** and **opposes** the Kutzer Release being admitted as evidence in support of the Defendants' Rule 12(b)(6) and Rule 12(f) motions, Dkt. 67, as well as being admitted in support of defendants Joel Whitley and IAG's motion to dismiss, Dkt. 68 (collectively the "Motions").

The Kurtzer Release should be excluded for the following reasons.

## I. THE KURTZER RELEASE SHOULD BE EXCLUDED BECAUSE IT IS NOT ADMISSIBLE AT THIS STAGE OF THE PROCEEDINGS.

In its December 19, 2023, Order Granting Defendants' Motion to Dismiss ("MTD Order"), Dkt. 59, this Court correctly indicated that application of the Release during the pleading stage of the proceedings is inappropriate:

> "The Court also observes that consideration of one of the documents at issue—an agreement that purportedly releases from liability several of Defendants—**would not likely resolve any issue at the pleading stage, as the Parties dispute the scope and impact of the release**."

*See* MTD Order, Dkt. 59, p. 7, ll. 16-19 (emphasis added).

The Court's reasoning is correct. First, the Release is **not** within the four corners of the First Amended Complaint ("FAC"), Dkt. 61, and is **not** attached as an exhibit to the FAC. Thus, the Court should **not** consider the Release at this time. *See e.g. Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Second, inclusion of the Release in the FAC is **not** required because it is, in fact and law, a **defense** document. Specifically, Defendants proffer the Release as an affirmative defense to the FAC. Sylabs is under no duty to include Defendants' defenses in the FAC, and, therefore, the Release should **not** be considered at this stage of the proceedings.

Third, all aspects of the Release are disputed. For example, FAC Exhibit 38 is the Declaration of Special Agent Christopher Tarbell, Sylabs' cyber and computer forensics expert, Dkt. 61-38 ("Tarbell Decl."). As a former Special Agent with the FBI, Mr. Tarbell's primary professional responsibility was to conduct criminal investigations into computer and network intrusions, which also involved the retrieval and forensic examination of computer-related evidence. During the course of his career at the FBI, Mr. Tarbell worked on nearly 100 criminal and national security investigations that involved the recovery and forensic analysis of a wide range of electronic evidence as well as the investigations of computer artifacts from cyber intrusions. *See* FAC Exhibit 38, Tarbell Decl., Dkt. 61-38, pp. 4-5, ¶ 17.

Mr. Tarbell has concluded from his review and analysis of the evidence (FAC Exhibits 2-36, 57, 44, 45, & 68-73) that defendants **<u>Greg Kurtzer</u>**, Julia Kurtzer, Robert Adolph, Matthew Hayden, Erin Fong, Joel Whitley, Marlin Prager, and David Buss were "**insider threats**" to Sylabs. This is important because at the **very same time** the Release was being proposed by defendant Greg Kurtzer, Defendants were committing cyber corruption, cyber destruction, and cyber theft of Sylabs' Trade Secrets and Intellectual Property:

> "Sylabs suffered multiple insider threat attacks by their former CEO and his cohorts. Sylabs' former CEO, Gregory Kurtzer ("KURTZER"), used his authorized access to and knowledge of Sylabs' intellectual property, trade secrets, confidential information, resources, including personnel, facilities, information, equipment, networks, and system to delete, share with outsiders, and download Sylabs' sensitive corporate data."

*See* FAC Exhibit 38, Tarbell Decl., Dkt. 61-38, p. 9, ¶ 30.

Together with the evidence, the Tarbell Declaration clearly reveals that during the time frame that defendant Kurtzer was proposing the Release to Sylabs, he and his co-defendants were concealing their cyber theft of Sylabs' Trade Secrets, Corporate Secrets, etc., from Sylabs. Thus, the factual disputes between the Release and the FAC's allegations

are subject to proof and resolution by a **trier of fact** but certainly **not by the Court at the pleading stage**. It is no secret that Sylabs contends that defendant Greg Kurtzer was perpetrating a fraud on Sylabs by pretending to be negotiating the Release in good faith while at the same time he and his co-defendants were stealing Sylabs' trade secrets, corporate secrets, etc. Regardless of how these disputed facts are ultimately resolved, what is legally important is that these disputes are reserved for a **trier of fact** to decide at a **later stage** in these proceedings. Accordingly, it cannot be decided by this Court at the pleading stage through a Rule 12(b)(6) motion.

Fourth, the parties covered by the Release must be established. For example, there would need to be testimony in depositions and/or at trial to determine which, if any, Defendants other than defendant Greg Kurtzer might be covered by the Release.

Fifth, the intent, scope, and impact of the Release are in dispute, which will also require extensive written discovery, as well as deposition and/or trial testimony.

Sixth, it is important to note that there are entities that are **parties to the Release** but who are **not** parties to this Action: R-Stor, Inc. and Sylabs Holdings, LLC. Their testimony must be considered in deciding the intent, scope, and impact of the Release in this Action.

Finally, in essence and most importantly, Defendants are trying to circumvent the pleading, discovery, and trial stages through improper introduction and application of the Release at this stage of the proceedings. Of course, this does not mean that the Release is precluded from being considered in this Action **in the future**, only that it should not be considered at this time.

Based on the foregoing and the MTD Order (Dkt. 59, p. 7, ll. 16-19), the Court should find that the Administrative Motion is moot and should **not** consider the Release during the **pleading** stage of this Action.

\\\\\

\\\\\

LEPISCOPO & ASSOCIATES LAW FIRM

## II. THE KURTZER RELEASE SHOULD BE EXCLUDED BECAUSE IT IS NOT PROPERLY AUTHENTICATED AND LACKS PROPER FOUNDATION.

The Kurtzer Release is not properly authenticated through the proper foundation. In his Declaration (ECF 67-1), defendant Kurtzer merely indicates that he is attaching the Kurtzer Release to his Declaration as Exhibit A—no other foundational information is provided (*see* p. 2, ¶ 2).

Specifically, he provides no foundational facts as to the nature or purpose of the document; he does not provide authentication of other signatures appearing in the document; he does not explain the circumstances surrounding the document; he does not explain how the document was negotiated; he does not explain the scope and intent of the document; and he does not provide any foundational facts to support the document or explain its relevance. Accordingly, this Court should **sustain** the objections to and **exclude** the Kurtzer Release because it is inadmissible on evidentiary grounds. *See* Federal Rules of Evidence, Rules 401, 402, 601, and/or 602 (irrelevant and lack of foundation, competency, and personal knowledge).

Concurrent with the filing of this Objection, Sylabs has submitted a [*Proposed*] Order Sustaining Objections to and Excluding the Kurtzer Release.

Dated:  March 22, 2024.                    **LEPISCOPO & ASSOCIATES LAW FIRM**

By:  /s/ Peter D. Lepiscopo
          **PETER D. LEPISCOPO**
          *Counsel of Record*
          Attorneys for Plaintiff, **SYLABS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on March 22, 2024. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 22, 2024.

LEPISCOPO & ASSOCIATES LAW FIRM

By: /s/ Peter D. Lepiscopo ＿
    **PETER D. LEPISCOPO**
    *Counsel of Record*
    Attorneys for Plaintiff, **SYLABS, INC.**