**PETER D. LEPISCOPO, ESQ.  C.S.B. #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone: (619) 251-2428; Facsimile: (619) 330-2991
Email: plepiscopo@att.net

Counsel of Record for Plaintiff, **SYLABS, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **SYLABS, INC.**, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> **GREGORY ROSE** a/k/a **GREGORY M. KURTZER**, et al., <br><br> Defendants. | Case No. **5:23-cv-00849-SVK** <br><br> **SYLABS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO CIQ AND OPEN DRIVES DEFENDANTS' MOTION TO STRIKE PURSUANT TO RULE 12(f)** <br><br> [Opposition filed under CIV. L.R. 7-3(a)] <br><br> Date:  May 7, 2024 <br> Time:  10:00 am <br> Courtroom: 6 <br> Judge:  Honorable Susan van Keulen |

**OPPOSITION TO MOTION TO <u>STRIKE</u> UNDER RULE 12(f)**

Plaintiff Sylabs, Inc. ("Sylabs" or "Plaintiff") hereby opposes the Federal Rule of Civil Procedure, Rule 12(f) motion to strike ("Motion"), Dkt. 67, filed by defendants CTRL IQ, Inc. d/b/a CIQ; Gregory Rose a/k/a Gregory M. Kurtzer; Julia Rose a/k/a Julia Kurtzer; Robert Adolph; Matthew Hayden; Erin Fong; Marlin Prager; Open Drives, Inc.; and David Buss (collectively, "Defendants"). Although Defendants briefed **two** motions in a **single** memorandum, Dkt. 67, Sylabs files this **separate** opposition to the Motion and concurrently files a <u>separate</u> opposition to the Motion to **Dismiss**. *See* CIV. L.R. 7-3(a) and Court Order, Dkt. 62, p. 1, ll. 11-13.

## THE COURT SHOULD DENY DEFENDANTS'
## RULE 12(f) MOTION TO STRIKE

Rule 12(f) defines a very narrow category of material that a party may move to strike from a complaint: ". . . an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is well established in this District that Rule 12(f) motions are generally disfavored, and they should be denied "unless it is clear that the matter to be stricken can have no possible bearing upon the subject matter of the litigation." *Naton v. Bank of California*, 72 F.R.D. 550, 552 n.4 (N.D. Cal. 1976).

"Motions to strike 'are generally disfavored because they are often used as a delaying tactic and because of the limited importance of pleadings in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F.Supp.2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank Fed. Sav. Bank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001).

Another important policy restriction is that a Rule 12(f) motion is designed to avoid draining judicial resources through wasting time and money litigating "spurious" or "frivolous" issues. Accordingly, courts are very reluctant to resolve disputed or substantial legal issues in such motions. Disputed or substantial legal issues are properly determinable only **after discovery** and a **hearing on the merits**. *See e.g. Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994) (quoting *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983)).

Moreover, given the disfavored status of Rule 12(f) motions, "'courts often require a **showing of prejudice by the moving party before granting the requested relief**.'" *Sanchez v. City of Fresno*, 914 F.Supp.2d 1079, 1122 (E.D. Cal. 2012) )("Sanchez") (quoting *California Department of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)) (emphasis added).

Finally, in this Action, given the gravity of the allegations, the Court should require Defendants to demonstrate how each paragraph of the FAC they seek to strike causes them

prejudice. Defendants have made no such showing, and, therefore, the motion should be denied in its entirety. *Id*.

### A. THE REQUEST TO STRIKE PARAGRAPHS 278-280 OF THE FAC SHOULD BE DENIED.

In their motion, Defendants seek to strike Paragraphs 278-280 of the FAC because they are "irrelevant." Motion, Dkt. 67, p. 26, ll. 9-10. First, a Rule 12(f) is not a substitute for evidentiary objections. Second, Defendants simply ignore Paragraph 277, which establishes and explains the pleading sufficiency set forth in Paragraphs 278-280. Specifically, paragraph 277 alleges as part of Sylabs' claims against Defendants that Sylabs' Trade Secrets were fraudulently patented. This is alleged as further proof of Defendants' criminal conspiracy that is actionable under the claims of the FAC. Paragraphs 278-279 set forth what constitutes a fraud upon the USPTO, which includes **inequitable** conduct—i.e. fraud—under 37 Code of Federal Regulations ("CFR") 1.56(a). Paragraph 280 provides allegations as to Defendants' conduct that constitutes violations of CFR 1.56(a). *See* FAC, Dkt. 61, ¶¶ 277-280. Finally, Defendants provide no proof of any prejudice. *Sanchez, supra*, 914 F.Supp.2d at 1122. Accordingly, the request to strike these paragraphs of the FAC should be denied.

### B. THE REQUEST TO STRIKE PARAGRAPHS 375-403 OF THE FAC SHOULD BE DENIED.

In their motion, Defendants seek to strike Paragraphs 375-403 of the FAC because they are "redundant, immaterial, and impertinent." Motion, Dkt. 67, p. 26, ll. 12-13. The Court should deny this out of hand because these same statutes and jury instructions were alleged in Paragraphs 182 through 207 of the original complaint, Dkt. 1. Specifically, neither the Defendants in their first motion to dismiss, Dkt. 40, nor the Court in its MTD Order, Dkt. 59, took any exception or objected to these allegations. Clearly, the mere passage of time did not transform them from being unobjectionable in the original complaint, Dkt. 1, to suddenly being objectionable in the FAC. Finally, Defendants provide

no proof of any prejudice. *Sanchez, supra*, 914 F.Supp.2d at 1122. Accordingly, the request to strike these paragraphs of the FAC should be denied.

### C. THE REQUEST TO STRIKE PORTIONS OF PARAGRAPH 8 OF THE FAC SHOULD BE DENIED.

In their motion, Defendants seek to strike portions of Paragraph 8 of the FAC because they assert patent infringement claims and are irrelevant. Motion, Dkt. 67, p. 26, ll. 21-26. The Court should deny this out of hand because these same allegations were alleged in Paragraph 7 of the original complaint, Dkt. 1. Specifically, neither the Defendants in their first motion to dismiss, Dkt. 40, nor the Court in its MTD Order, Dkt. 59, took any exception or objected to these allegations. Clearly, the mere passage of time did not transform them from being unobjectionable in the original complaint, Dkt. 1, to suddenly being objectionable in the FAC. Second, the allegations Defendants seek to strike relate to the fraud Defendants perpetrated on the USPTO, which provides some of the basis for the allegations relating to 18 U.S.C. § 1962 (*i.e.* RICO). This is alleged as the predicate claims of Defendants' criminal conspiracy that is actionable under the claims of the FAC. Finally, Defendants provide no proof of any prejudice. *Sanchez, supra*, 914 F.Supp.2d at 1122. Accordingly, the request to strike these portions of Paragraph 8 of the FAC should be denied.

### D. THE REQUEST TO STRIKE PARAGRAPHS 143, 194, 195, 222, AND 223 OF THE FAC SHOULD BE DENIED.

In their motion, Defendants seek to strike Paragraphs 143, 194, 195, 222, and 223 of the FAC. Motion, Dkt. 67, p. 27, ll. 1-16. The Court should deny this out of hand because these same allegations were alleged in Paragraph 48, 95, 96, 114, and 115 of the original complaint, Dkt. 1. Specifically, neither the Defendants in their first motion to dismiss, Dkt. 40, nor the Court in its MTD Order, Dkt. 59, took any exception or objected to these allegations. Clearly, the mere passage of time did not transform them from being unobjectionable in the original complaint, Dkt. 1, to suddenly being objectionable in the FAC. Second, Paragraphs 143, 194, and 195 underscore the importance of technological

achievements in the high performance computing industry ("HPC"), which underlies Sylabs' Trade Secrets and the six patents that defendant CIQ fraudulently patented. As alleged in Paragraph 137, HPC refers to use of technology that harnesses the power of supercomputers or computer clusters to solve complex problems requiring massive computation, which is utilized by NOAA (Paragraphs 143 and 195), the DoD, and other federal agencies. Third, Paragraphs 222 and 223 of the FAC relate to computer forensics and the FBI computer forensics assessment of destruction of intellectual property such as the Audit Logs in this Action (*see* Exhs. 44 and 45, Dkt. 61-44 and 61-45). Furthermore, Sylabs' forensics expert, Mr. Tarbell, was part of the FBI (*see* Exhs. 1 and 38, Dkt. 61-1 and 61-38). Finally, Defendants provide no proof of any prejudice. *Sanchez, supra*, 914 F.Supp.2d at 1122. Accordingly, the request to strike these paragraphs of the FAC should be denied.

E.  **THE REQUEST TO STRIKE PARAGRAPHS 452-470 OF THE FAC SHOULD BE DENIED.**

In their motion, Defendants seek to strike Paragraphs 452-470 of the FAC. Motion, Dkt. 67, p.27, ll. 17-24. These paragraphs are alleged in response to the Court's MTD Order, Dkt. 59. For example, Paragraph 453 of the FAC reads as follows (internal quotation marks omitted):

> "453. In its MTD Order, this Court indicated that: [T]he definition of trade secret consists of three elements: (1) information, (2) that is valuable because it is unknown to others, and (3) that the owner has attempted to keep secret. In identifying a trade secret at the pleading stage, a plaintiff need not spell out the details of the trade secret, but must minimally provide reasonable notice of the issues which must be at the time of trial and . . . provide reasonable guidance in ascertaining the scope of appropriate discovery. *See* MTD Order, Dkt. 59, p. 9, ll. 1-6."

Paragraph 453 provides the predicate for the remaining allegations in Paragraphs 454-470, which are coupled with supporting excerpts from Mr. Tarbell's Declaration (Exh. 38) and his supporting evidence (Exhs. 1-36, 44, 45, 57, and 68-73). In particular, these allegations relate to curing pleading deficiencies raised by the Court in its MTD Order,

including, for example: description of Sylabs' Trade Secrets supporting its Claims; the policies and security measures Sylabs utilized to protect those Trade Secrets; Sylabs' conflict of interests policies in place to prevent competition against Sylabs through theft and/or misuse of its Trade Secrets and other protected and confidential information; technical protections in place to maintain the secrecy of Sylabs' Trade Secrets; Sylabs utilized IP assignment and nondisclosure agreements (Exhs. 48-52) to protects its Trade Secrets and other protected information; and protections demanded by the U.S. Government under the SBIR program.

Finally, Defendants provide no proof of any prejudice. *Sanchez, supra*, 914 F.Supp.2d at 1122.  Accordingly, the request to strike these paragraphs of the FAC should be denied.

### F. THE REQUEST TO STRIKE REFERENCES TO "CRIMES" IN PARAGRAPHS 643 AND 647 OF THE FAC SHOULD BE DENIED.

In their motion, Defendants seek to strike Paragraphs 643 and 647 of the FAC. Motion, Dkt. 67, p. 27, ll. 25-27 through p. 28, ll. 1-2. The criminal statutes listed are in response to the Court's request for predicate acts to support the RICO claims: "Sylabs' RICO Act Claims Fail Because Sylabs Does Not Sufficiently Allege That Defendants Committed Any Predicate Acts." *See* MTD, Dkt. 59, p. 13, l. 1. In Paragraphs 643 and 647, Sylabs alleges the civil and criminal violations of law that comprise the requisite predicate acts. This is because RICO is both a civil and criminal statutory scheme, which makes the allegations of both appropriate and necessary to establish the requisite predicate acts, even if the criminal offenses are not remediable in this case. Finally, Defendants provide no proof of any prejudice. *Sanchez, supra*, 914 F.Supp.2d at 1122.  Accordingly, the request to strike these paragraphs of the FAC should be denied.

### CONCLUSION

Based on the foregoing, Sylabs respectfully requests the Court to deny the Motion to Strike in its entirety. Alternatively, if this Court grants the Motion in whole or in part,

LEPISCOPO & ASSOCIATES LAW FIRM

then Sylabs hereby requests leave to amend the FAC. *See Breier v. Northern California Bowling Proprietors' Association*, 316 F.2d 787, 790 (1963).

Dated:  March 22, 2024.          **LEPISCOPO & ASSOCIATES LAW FIRM**

                                          By:  /s/ Peter D. Lepiscopo
                                                  **PETER D. LEPISCOPO**

LEPISCOPO & ASSOCIATES LAW FIRM

**SYLABS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO CIQ AND OPEN DRIVES DEFENDANTS' MOTION TO STRIKE PURSUANT TO RULE 12(F)  (ECF 67)**
**7**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on March 22, 2024. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 22, 2024.

                                                                   **LEPISCOPO & ASSOCIATES LAW FIRM**

                                                                   By:  /s/ Peter D. Lepiscopo
                                                                             **PETER D. LEPISCOPO**
                                                                             *Counsel of Record*
                                                                             Attorneys for Plaintiff, **SYLABS, INC.**