PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583
LEPISCOPO & ASSOCIATES LAW FIRM
23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone: (619) 251-2428; Facsimile: (619) 330-2991
Email: plepiscopo@att.net
Counsel of Record for Plaintiff, **SYLABS, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **SYLABS, INC.**, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> **GREGORY ROSE** a/k/a **GREGORY M. KURTZER**, et al., <br><br> Defendants. | Case No. **5:23-cv-00849-SVK** <br><br> **OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SYLABS, INC.'S OPPOSITION TO CIQ AND OPEN DRIVES DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f)  (Dkt. 67)** <br><br>   Date:  May 7, 2024 <br>   Time:  10:00 am <br> Courtroom:  6 <br>   Judge:  Honorable Susan van Keulen <br><br> <u>Filed/Lodged Concurrently with:</u> <br> 1.   Opposition to Motion to Dismiss and Motion to Strike <br> 2.   Evidentiary Objections to Exhibit A (Kurtzer Release) to Declaration of Kurtzer <br> 3.   [*Proposed*] Orders Denying Motion to Dismiss and Motion to Strike <br> 4.   [*Proposed*] Order Sustaining Objections to and Excluding Kutzer Release |

---

**OPPOSITION TO  DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SYLABS, INC.'S OPPOSITION TO CIQ AND OPEN DRIVES DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE  (Dkt, 67)**

1

Plaintiff, Sylabs, Inc. ("Sylabs"), responds to Defendants' Request for Judicial Notice ("Request") (ECF 67-3) as follows.

**THE KURTZER RELEASE SHOULD <u>NOT</u> BE JUDICIALLY NOTICED:**

Exhibit A to the Declaration of Gregory Kurtzer purports to be a copy of a Waiver, Release, and Settlement Agreement he declares he signed ("Kurtzer Release). Sylabs hereby **objects to** and **opposes** the Kutzer Release being judicially noticed for the following reasons.

**I.   THE KURTZER RELEASE SHOULD NOT BE JUDICIALLY NOTICED.**

In its December 19, 2023, Order Granting Defendants' Motion to Dismiss ("MTD Order"), Dkt. 59, this Court correctly indicated that application of the Release during the pleading stage of the proceedings is inappropriate:

> "The Court also observes that consideration of one of the documents at issue—an agreement that purportedly releases from liability several of Defendants—**would not likely resolve any issue at the pleading stage, as the Parties dispute the scope and impact of the release**."

*See* MTD Order, Dkt. 59, p. 7, ll. 16-19 (emphasis added).

The Court's reasoning is correct. First, the Release is **<u>not</u>** within the four corners of the First Amended Complaint ("FAC"), Dkt. 61, and is **<u>not</u>** attached as an exhibit to the FAC. Thus, the Court should **<u>not</u>** consider the Release at this time. *See e.g. Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Second, inclusion of the Release in the FAC is **<u>not</u>** required because it is, in fact and law, a **<u>defense</u>** document. Specifically, Defendants proffer the Release as an affirmative defense to the FAC. Sylabs is under no duty to include Defendants' defenses in the FAC, and, therefore, the Release should **<u>not</u>** be considered at this stage of the proceedings.

Third, all aspects of the Release are disputed. For example, FAC Exhibit 38 is the Declaration of Special Agent Christopher Tarbell, Sylabs' cyber and computer forensics expert, Dkt. 61-38 ("Tarbell Decl."). As a former Special Agent with the FBI, Mr. Tarbell's primary professional responsibility was to conduct criminal investigations into computer

and network intrusions, which also involved the retrieval and forensic examination of computer-related evidence. During the course of his career at the FBI, Mr. Tarbell worked on nearly 100 criminal and national security investigations that involved the recovery and forensic analysis of a wide range of electronic evidence as well as the investigations of computer artifacts from cyber intrusions. *See* FAC Exhibit 38, Tarbell Decl., Dkt. 61-38, pp. 4-5, ¶ 17.

Mr. Tarbell has concluded from his review and analysis of the evidence (FAC Exhibits 2-36, 57, 44, 45, & 68-73) that defendants **Greg Kurtzer**, Julia Kurtzer, Robert Adolph, Matthew Hayden, Erin Fong, Joel Whitley, Marlin Prager, and David Buss were "**insider threats**" to Sylabs. This is important because at the **very same time** the Release was being proposed by defendant Greg Kurtzer, Defendants were committing cyber corruption, cyber destruction, and cyber theft of Sylabs' Trade Secrets and Intellectual Property:

> "Sylabs suffered multiple insider threat attacks by their former CEO and his cohorts. Sylabs' former CEO, Gregory Kurtzer ("KURTZER"), used his authorized access to and knowledge of Sylabs' intellectual property, trade secrets, confidential information, resources, including personnel, facilities, information, equipment, networks, and system to delete, share with outsiders, and download Sylabs' sensitive corporate data."

*See* FAC Exhibit 38, Tarbell Decl., Dkt. 61-38, p. 9, ¶ 30.

Together with the evidence, the Tarbell Declaration clearly reveals that during the time frame that defendant Kurtzer was proposing the Release to Sylabs, he and his co-defendants were concealing their cyber theft of Sylabs' Trade Secrets, Corporate Secrets, etc., from Sylabs. Thus, the factual disputes between the Release and the FAC's allegations are subject to proof and resolution by a **trier of fact** but certainly **not by the Court at the pleading stage**. It is no secret that Sylabs contends that defendant Greg Kurtzer was perpetrating a fraud on Sylabs by pretending to be negotiating the Release in good faith while at the same time he and his co-defendants were stealing Sylabs' trade secrets, corporate secrets, etc. Regardless of how these disputed facts are ultimately resolved, what

is legally important is that these disputes are reserved for a **trier of fact** to decide at a **later stage** in these proceedings. Accordingly, it cannot be decided by this Court at the pleading stage through a Rule 12(b)(6) motion.

Fourth, the parties covered by the Release must be established. For example, there would need to be testimony in depositions and/or at trial to determine which, if any, Defendants other than defendant Greg Kurtzer might be covered by the Release.

Fifth, the intent, scope, and impact of the Release are in dispute, which will also require extensive written discovery, as well as deposition and/or trial testimony.

Sixth, it is important to note that there are entities that are **parties to the Release** but who are **not** parties to this Action: R-Stor, Inc. and Sylabs Holdings, LLC. Their testimony must be considered in deciding the intent, scope, and impact of the Release in this Action.

Finally, in essence and most importantly, Defendants are trying to circumvent the pleading, discovery, and trial stages through improper introduction and application of the Release at this stage of the proceedings. Of course, this does not mean that the Release is precluded from being considered in this Action **in the future**, only that it should not be considered at this time.

## II. THE KURTZER RELEASE SHOULD BE EXCLUDED BECAUSE IT IS NOT PROPERLY AUTHENTICATED AND LACKS PROPER FOUNDATION.

The Kurtzer Release is not properly authenticated through the proper foundation. In his Declaration (ECF 67-1), defendant Kurtzer merely indicates that he is attaching the Kurtzer Release to his Declaration as Exhibit A—no other foundational information is provided (*see* p. 2, ¶ 2).

Specifically, he provides no foundational facts as to the nature or purpose of the document; he does not provide authentication of other signatures appearing in the document; he does not explain the circumstances surrounding the document; he does not explain how the document was negotiated; he does not explain the scope and intent of the

document; and he does not provide any foundational facts to support the document or explain its relevance. Accordingly, this Court should **sustain** the objections to and **exclude** the Kurtzer Release because it is inadmissible on evidentiary grounds. *See* Federal Rules of Evidence, Rules 401, 402, 601, and/or 602 (irrelevant and lack of foundation, competency, and personal knowledge).

## CONCLUSION

Based on the foregoing, Sylabs respectfully requests this Court to:

1. **DENY** Defendants' request to judicially notice the Kurtzer Release; and
2. **EXCLUDE** the Kurtzer Release on evidentiary grounds under FRE 401, 402, 601, and/or 602.

Dated:  April 1, 2024.                     **LEPISCOPO & ASSOCIATES LAW FIRM**


By:  /s/ Peter D. Lepiscopo
     **PETER D. LEPISCOPO**
     *Counsel of Record*
     Attorneys for Plaintiff, **SYLABS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on April 1, 2024. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2024.

**LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo
    **PETER D. LEPISCOPO**
    *Counsel of Record*
    Attorneys for Plaintiff, **SYLABS, INC.**