NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
ELIZABETH J. LOW (SBN 308098)
*ELow@goodwinlaw.com*
DAVID SERATI (SBN 329811)
*DSerati@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California  94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

JENNIFER BRIGGS FISHER (SBN 241321)
*JFisher@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a
GREGORY M. KURTZER; JULIA ROSE a/k/a
JULIA KURTZER; ROBERT ADOLPH; MATTHEW
HAYDEN; ERIN FONG; OPEN DRIVES, INC.;
DAVID BUSS; and MARLIN PRAGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYLABS, INC., a Delaware corporation, | Case No. 5:23-cv-00849-SVK |
| Plaintiff, | **CIQ AND OPEN DRIVES DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)** |
| v. | |
| GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a CIQ; OPEN DRIVES, INC.; DAVID BUSS; MARLIN PRAGER; JOEL WHITLEY; IAG CAPITAL PARTNERS; and DOES 1 through 50, inclusive, | Date:          May 7, 2024<br>Time:          10:00 a.m.<br>Courtroom: 6<br>Judge:        Hon. Susan van Keulen |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................. 1

    A. Sylabs Has Waived Arguments Relating to its CFAA, RICO, and State Law Claims, Warranting Dismissal. ................................................................ 1

    B. The Court's Decision Not to Reach Alternative Reasons for Dismissal Was Not a Denial Thereof. ................................................................................... 2

    C. The Release Bars Sylabs' Claims Against Mr. Kurtzer. ................................ 3

        1. The Court May Consider the Release as It Is an Integral Part of Sylabs' Claims. ..................................................................................... 3

        2. The Release Applies to Mr. Kurtzer. ............................................... 6

    D. Sylabs Continues to Apply the Incorrect Rule 12(b)(6) Legal Standard. ............... 6

    E. The Trade Secret Claims Again Fail. ............................................................ 6

        1. The FAC Does Not Distinguish the Alleged SIF Technology Trade Secret from the SIF Technology Disclosed in Sylabs' Patent Application. .......................................................................................... 6

        2. The FAC Does Not State Trade Secret Claims Against Mr. Buss, Mr. Prager, Open Drives, Ms. Fong, Mr. Hayden, or Ms. Kurtzer. ............ 7

    F. Sylabs Fails to Plead a CFAA Claim. ........................................................... 8

    G. Sylabs Does Not State RICO Claims. ........................................................... 9

    H. The Court Should Dismiss the State Law Claims. ...................................... 10

        1. CUTSA Preempts the Civil Conspiracy, UCL, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Unjust Enrichment, and Conversion Claims. ............................................... 10

        2. The FAC Fails to Plead a UCL Claim. .......................................... 10

        3. The FAC Does Not State a Breach of Contract Claim Against Messrs. Buss and Prager. ............................................................... 11

        4. The Intentional Misrepresentation Claims Should be Dismissed. ............ 11

    I. There Are No Allegations Regarding Mr. Buss' and Open Drives' Specific Misconduct. ............................................................................................... 12

    J. The Court Should Grant the Motion Without Leave to Amend........................... 14

    K. The Court Should Overrule Sylabs' Meritless and Noncompliant Evidentiary Objections. ............................................................................... 15

        1. Sylabs' Evidentiary Objections Are Meritless. ............................. 15

        2. Sylabs' Separately-Filed Evidentiary Objections Violate the Local Rules and the Court's Order ......................................................... 16

    L. The Court Should Grant Defendants' Motion to Strike. ............................. 16

        1. The Court May Consider Defendants' Motion to Strike.......................... 17

        2. Defendants Are Not Required to Show Prejudice. ................................. 17

i

3.    The Court Should Strike Paragraphs 143, 194, 195, 222, 223 278-280, 375-403, and 452-470, and References to Patent Infringement and "Crimes." .......................................................................................... 18

M.    Sylabs Is Not Entitled to Discovery. ................................................................... 20

III.    CONCLUSION ................................................................................................................... 20

ii

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Abid v. Google LLC*,
 No. 18-CV-00981-MEJ, 2018 WL 1784085 (N.D. Cal. Apr. 13, 2018) ........................... 2, 10

*Allen v. Dollar Tree Stores, Inc.*,
 475 F. App'x 159 (9th Cir. 2012) ...................................................................... 2, 10

*Arledge v. Boise City Att'y*,
 No. 22-35358, 2023 WL 4994529 (9th Cir. Aug. 4, 2023) ................................................. 20

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................ 12, 19

*Attia v. Google LLC*,
 983 F.3d 420 (9th Cir. 2020) ................................................................................... 7

*Austin v. Terhune*,
 367 F.3d 1167 (9th Cir. 2004) ................................................................................. 6

*Bamforth v. Facebook, Inc.*,
 No. 20-CV-09483-DMR, 2021 WL 4133753 (N.D. Cal. Sept. 10, 2021) ........................... 3, 5

*Birdsong v. AT & T Corp.*,
 No. C12–6175 TEH, 2013 WL 1120783 (N.D. Cal. Mar. 18, 2013) .................................. 4, 5

*City of Oakland v. BP PLC*,
 969 F.3d 895 (9th Cir. 2020) .................................................................................. 20

*Costa v. Reliance Vitamin Co.*,
 No. 22-CV-04679-WHO, 2023 WL 2989039 (N.D. Cal. Apr. 18, 2023) ............................. 12

*Custom Packaging Supply, Inc. v. Phillips*,
 No. 15-cv-04584-ODW-AGR, 2016 WL 1532220 (C.D. Cal. Apr. 15, 2016) ........................ 9

*Dhaliwal v. Singh*,
 No. CV F 13-0484 LJO SKO, 2013 WL 2664336 (E.D. Cal. June 12, 2013) ...................... 19

*Doan v. Singh*,
 No. 13-CV-00531-LJO, 2013 WL 3166338 (E.D. Cal. June 20, 2013) ............................... 19

*Doe v. Regents of Univ. of Cal.*,
 No. 22-CV-1506 JLS (AHG), 2024 WL 171387 (S.D. Cal. Jan. 16, 2024) .......................... 17

*In re ESS Tech., Inc.*,
 No. C-02-04497 RMW, 2005 WL 418548 (N.D. Cal. Feb. 22, 2005) ................................. 17

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ...................... 19

*Focus 15, LLC v. NICO Corp.*,
 No. 21-CV-01493-EMC, 2022 WL 267441 (N.D. Cal. Jan. 28, 2022) .................................. 4

*Ghahremani v. Borders Grp., Inc.*,
  No. 10-CV-1248-BEN-RBB, 2010 WL 4008506 (S.D. Cal. Oct. 6, 2010) ........................... 19

*Grausz v. Hershey Co.*,
  No. 23-CV-00028-AJB-SBC, 2024 WL 312688 (S.D. Cal. Jan. 25, 2024) ............................ 7

*GS Holistic, LLC v. Crows Landing Smoke Shop Inc.*,
  No. 22-CV-1454 JLT SAB, 2023 WL 2815746 (E.D. Cal. Apr. 6, 2023) ............................ 17

*Hernandez v. Dutch Goose, Inc.*,
  No. C 13-03537 LB, 2013 WL 5781476 (N.D. Cal. Oct. 25, 2013) ........................................ 18

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
  499 F.3d 1048 (9th Cir. 2007) ........................................................................................................ 5

*Jackson v. Carey*,
  353 F.3d 750 (9th Cir. 2003) .......................................................................................................... 6

*Jones v. Greninger*,
  188 F.3d 322 (5th Cir. 1999) .......................................................................................................... 6

*Karkanen v. California*,
  No. 17-cv-06967-YGR, 2018 WL 3820916 (N.D. Cal. Aug. 10, 2018) ......................... 13, 14

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) .......................................................................................................... 6

*Lamar v. Merlin Ents. Grp. U.S. Holdings Inc.*,
  No. 20cv01049 ................................................................................................................................ 17

*Leftenant v. Blackmon*,
  No. 18-CV-01948-EJY, 2023 WL 5612501 (D. Nev. Aug. 29, 2023) .............................. 2, 10

*Mann v. City of Chula Vista*,
  No. 18-CV-2525-WQH-MDD, 2020 WL 5759749 (S.D. Cal. Sept. 28, 2020) ................... 15

*Menzel v. Scholastic, Inc.*,
  No. 17-CV-05499-EMC, 2018 WL 1400386 (N.D. Cal. Mar. 19, 2018) ....................... 13, 14

*NovelPoster v. Javitch Canfield Grp.*,
  140 F. Supp. 3d 954 (N.D. Cal. 2014) ........................................................................................ 8

*Pampena v. Musk*,
  No. 22-CV-05937-CRB, 2023 WL 8588853 (N.D. Cal. Dec. 11, 2023) ................................. 3

*Peak Health Ctr. v. Dorfman*,
  No. 19-cv-04145-VKD, 2019 WL 5893188 (N.D. Cal. Nov. 12, 2019) ............................... 16

*Pliler v. Ford*,
  542 U.S. 225 (2004) ........................................................................................................................ 15

*Power Integrations, Inc. v. Penbrothers Int'l Inc.*,
  No. 19-CV-02700-SVK, 2019 WL 6117479 (N.D. Cal. Nov. 18, 2019) .............................. 10

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*,
    55 Cal. 4th 1169 (2013) ........................................................................................... 5

*Sprint Sols. Inc. v. Pac. Cellupage Inc.*,
    No. 13–cv–07862–CAS–JCG, 2014 WL 12610204 (C.D. Cal. Dec. 17, 2014).................... 17

*Tobin v. City & Cnty. of San Francisco*,
    No. 13-cv-01504-MEJ, 2016 WL 5791224 (N.D. Cal. Oct. 4, 2016), *aff'd*, 747
    F. App'x 584 (9th Cir. 2019) ................................................................................ 16

*Tutor v. Zwirn*,
    No. CV 10–6867 DSF, 2010 WL 11553171 (C.D. Cal. Dec. 22, 2010) ........................... 3, 10

*U.S. Water Servs., Inc. v. Novozymes A/S*,
    843 F.3d 1345 (Fed. Cir. 2016).............................................................................. 18

*United States v. Hussain*,
    972 F.3d 1138 (9th Cir. 2020)................................................................................ 9

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,
    143 F. Supp. 3d 982 (N.D. Cal. 2015) ................................................................ 13, 14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)................................................................................ 12

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010)................................................................................. 18

**Statutes**

18 U.S.C. § 1030 .................................................................................................... 8, 9

18 U.S.C. § 1343 ....................................................................................................... 9

18 U.S.C. § 1961 ....................................................................................................... 9

35 U.S.C. § 271 ....................................................................................................... 18

Cal. Pen. Code § 487................................................................................................ 20

**Other Authorities**

37 C.F.R. § 1.56(a).................................................................................................. 19

Fed. R. Civ. P. 1 ..................................................................................................... 18

Fed. R. Civ. P. 8 ................................................................................................ 11, 13

Fed. R. Civ. P. 9 .......................................................................................... 11, 12, 17

Fed. R. Civ. P. 11 ..................................................................................................... 3

Fed. R. Civ. P. 12 ............................................................................................. *passim*

Fed. R. Civ. P. 56 ................................................................................................... 12

Civ. L.R. 7-3(a) ............................................................................................................. 16

Civ. L.R. 79-5 ............................................................................................................... 16

CIQ AND OPEN DRIVES' REPLY ISO MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

1    **I.    INTRODUCTION**

2          Sylabs' Opposition (Dkt. No. 76) is remarkable for what it lacks:  it fails to identify

3    allegations in its First Amended Complaint (Dkt. No. 61, FAC) that satisfy Rule 12(b)(6)'s pleading

4    requirements, fails to cite applicable (or any) case law in support of its arguments, fails to rebut

5    several of Defendants' arguments, and fails to distinguish Defendants' numerous legal authorities.

6    Sylabs instead continues to rely on inapplicable case law, conclusory statements, and improper

7    group pleading in an attempt to salvage its case.  Despite having the benefit of the Court's prior

8    Order (Dkt. No. 56), Sylabs does nothing to cure the many deficiencies of the FAC that Defendants

9    identified in its initial motion to dismiss and the instant Motion.  Because Sylabs has demonstrated

10    it cannot sufficiently plead its claims, the Court should dismiss Sylabs' claims once more—this

11    time without leave to amend.

12          Sylabs also fails to show how paragraphs 143, 194, 195, 222, 223, 278-280, 375-403, and

13    452-470 and portions of paragraph 8 are pertinent or material to the issues and claims in this

14    litigation, so those paragraphs should be stricken pursuant to Rule 12(f).  The Court should reject

15    Sylabs' kitchen-sink approach to pleading its claims.

16    **II.    ARGUMENT**

17          The Court should grant Defendants' Motion (Dkt. No. 66-3), dismiss the claims pursuant to

18    Rule 12(b)(6), and strike the allegations of the complaint that are "redundant, immaterial, [or]

19    impertinent" pursuant to Rule 12(f).  Sylabs presents no basis to allow these claims to proceed.

20    **A.    Sylabs Has Waived Arguments Relating to its CFAA, RICO, and State Law
21          Claims, Warranting Dismissal.**

22    Sylabs does not oppose, or even address, a number of Defendants' arguments, including:

23    • The Release confirms that Sylabs was aware of Mr. Kurtzer's alleged misconduct giving

24          rise to the CFAA claim no later than April 29, 2020 (Mot. at 8-9);

25    • The FAC does not identify the provision of the CFAA under which Sylabs brings its

26          claim (*id.* at 9);

27    • The CFAA claim cannot be predicated on Defendants' conduct that occurred while they

28          were allegedly Sylabs employees, as Sylabs fails to allege that such conduct was without

1    authorization or exceeded their authorized access (*id.* at 9-10);

2    • The FAC is devoid of allegations that Sylabs suffered a "loss" as required by the CFAA

3    (*id.* at 10-11);

4    • Sylabs bases its civil conspiracy, UCL, breach of fiduciary duty, aiding and abetting

5    breach of fiduciary duty, unjust enrichment, and conversion claims on the same nucleus

6    of fact as its trade secret misappropriation claims, and treats its alleged "Corporate

7    Secrets" or "Corporate Assets" as if they are trade secrets (even though they are not),

8    so CUTSA preempts those claims (*id.* at 14-16);

9    • The FAC does not establish standing or plead "fraudulent" business practices under the

10   UCL (*id.* at 17-20);

11   • The conduct underlying the intentional misrepresentation and breach of contract claims

12   are the same (*id.* at 21-22);

13   • The Open Drives NDA is not binding on Messrs. Buss and Prager because they are not

14   signatories to that agreement (*id.* at 22-23).

15   Sylabs' failure to address, and thus waiver of, these arguments warrants dismissal of the

16   CFAA, RICO, and state law claims. *Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x 159, 159 (9th

17   Cir. 2012) (waiver occurs where a plaintiff's "opposition to the motion to dismiss fail[s] to respond

18   to [the defendant's] argument"); *Abid v. Google LLC*, No. 18-CV-00981-MEJ, 2018 WL 1784085,

19   at *5 (N.D. Cal. Apr. 13, 2018) ("Because Plaintiff's Opposition does not respond to Google's

20   arguments regarding this claim, Plaintiff concedes this issue.") (citation omitted).

21   **B.    The Court's Decision Not to Reach Alternative Reasons for Dismissal Was
          Not a Denial Thereof.**

22

23   Sylabs dismisses many of Defendants' arguments, claiming that they are irrelevant and

24   unfounded because the Court did not previously rule on them. *See, e.g.*, Opp. at 8, 16.   But the

25   fact that the Court did not reach certain arguments when Defendants raised them in connection with

26   their first motion to dismiss does not amount to a finding that Sylabs sufficiently pleaded such facts

27   in its Complaint or that Defendants' arguments lacked merit.   Courts "have no obligation to

28   explicitly address each and every one of the arguments made by the parties[.]"   *Leftenant v.*

2

*Blackmon*, No. 18-CV-01948-EJY, 2023 WL 5612501, at *1 n.2 (D. Nev. Aug. 29, 2023); *see also Tutor v. Zwirn*, No. CV 10–6867 DSF (AJWx), 2010 WL 11553171, at *7 n.7 (C.D. Cal. Dec. 22, 2010) ("Although the Court did not need to address every argument raised in order to dispose of these motions, an amended complaint should also address the other valid arguments raised but not addressed explicitly in this order."). Similarly, that the Court did not identify certain deficiencies is not a basis for Sylabs to argue that it has sufficiently pleaded its claims. *See* § II(J), *infra*.

### C. The Release Bars Sylabs' Claims Against Mr. Kurtzer.

The Court need not consider whether Sylabs adequately pleads its claims as to Mr. Kurtzer, as all of its claims against him are barred the Release. Sylabs, knowing full well it had negotiated and entered into the Release with Mr. Kurtzer that bars its claims, sued him anyway and *intentionally* omitted any reference to the Release in its FAC. Such tactics reek of bad faith. The Court should not allow Sylabs to play this game, and should instead dismiss the claims against Mr. Kurtzer. *See Pampena v. Musk*, No. 22-CV-05937-CRB, 2023 WL 8588853, at *8 (N.D. Cal. Dec. 11, 2023) ("The policy concern underlying incorporation by reference is to '[p]revent[ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.'") (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); brackets in *Pampena*); *see also* Fed. R. Civ. P. 11 advisory committee notes (1993 amendments) (Rule 11(b) and (c) "require attorneys . . . to conduct a reasonable inquiry into the law and facts before signing pleadings[.]").

### 1. The Court May Consider the Release as It Is an Integral Part of Sylabs' Claims.

Defendants' Request for Judicial Notice establishes that it is proper at this juncture for the Court to take judicial notice of the Release or incorporate it by reference. *See* Dkt. No. 67-3 (RJN). Indeed, "courts have held that release agreements that may bar a plaintiff's claims can be considered under the incorporation by reference doctrine." *Bamforth v. Facebook, Inc.*, No. 20-CV-09483-DMR, 2021 WL 4133753, at *10 (N.D. Cal. Sept. 10, 2021), *aff'd sub nom. Bamforth v. Facebook, Inc.*, 2023 WL 5925982 (9th Cir. Sept. 12, 2023).

Sylabs fails to present any reason as to why the Court may not judicially notice the Release

3

or incorporate it by reference.  Sylabs' 4-page Opposition to Defendants' Request for Judicial Notice, which focuses solely on the request for judicial notice and does not address the incorporation by reference arguments, does not cite a single case.  Dkt. No. 76-2 (RJN Opp.).  And Sylabs makes no attempt to distinguish *Birdsong v. AT & T Corp.*, which is directly on point.  *See* RJN Opp.; RJN at 1-2 (citing *Birdsong v. AT & T Corp.*, No. C12–6175 TEH, 2013 WL 1120783 (N.D. Cal. Mar. 18, 2013)).  The *Birdsong* court found that "[t]he [r]elease [wa]s an integral part of [the plaintiff's allegations, for she would have no valid claims unless the release agreement did not bar them."  2013 WL 1120783, at *2.  And, while the "[p]laintiff argue[d] extensively in her opposition to the motion [to dismiss] that the [r]elease agreement is unenforceable," she "d[id] not dispute that she signed it."  *Id.*  Moreover,  the "[p]laintiff's counsel was clearly aware of the existence of the [r]elease agreement[,]" which "raise[d] the spectre that [the p]laintiff failed to mention the release agreement in order to avoid dismissal."  *Id.*  Thus, the *Birdsong* court concluded that "[t]he conditions for incorporation by reference [we]re met here."  *Id.*

Similarly, in *Advanced Cleanup Technologies, Inc. v. BP America Inc.*, the Court incorporated by reference and considered a settlement agreement on a motion for judgment on the pleadings.[1]  No. 14-cv-09033-CAS(AJWx), 2015 WL 13841820, at *2 n.2 (C.D. Cal. Oct. 9, 2015). The court noted that "[a] well-established application of this [incorporation-by-reference] doctrine is a settlement agreement that, if valid, would bar claims alleged by the plaintiff in his or her complaint."  *Id.* (collecting cases).  The "plaintiff d[id] not dispute that it signed the settlement agreement, but rather contend[d] that the agreement is unenforceable because it was procured under economic duress."  *Id.*  This did not preclude incorporating the agreement by reference because, even "where a plaintiff admits that it signed a release of claims, courts have incorporated the release agreement even where the plaintiff disputes whether the agreement is enforceable."  *Id.*  Thus, "the [c]ourt f[ound] that the conditions for incorporation by reference [we]re satisfied and therefore consider[ed] the settlement agreement in ruling on defendants' motion."  *Id.*

---

[1] Even though *Advanced Cleanup Technologies* concerned a Rule 12(c) motion for judgment on the pleadings, it is still applicable here, as "[b]oth Rule 12(b)(6) and Rule 12(c) motions are generally confined to the four corners of the complaint and any materials it incorporates, and a district court generally may not consider materials outside the pleadings." *Focus 15, LLC v. NICO Corp.*, No. 21-CV-01493-EMC, 2022 WL 267441, at *6 (N.D. Cal. Jan. 28, 2022).

CIQ AND OPEN DRIVES' REPLY ISO MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK

The same is true here.  Although Sylabs raises a litany of meritless objections to the Release, it does not dispute that it signed the agreement, *see* Dkt. No. 76-1, or argue that Exhibit A to the Kurtzer Declaration is not a true and correct copy of the Release.  *See* Dkt. No. 66-4 at 8.  Instead, Sylabs argues that Mr. Kurtzer engaged in misconduct while negotiating the Release.  RJN Opp. at 2-3.  But this goes to enforceability and does not preclude the Court from incorporating the Release by reference.  *See Birdsong*, 2013 WL 1120783, at *2-3 (incorporating release by reference where "Plaintiff argue[d] extensively in her opposition to the motion that the Release agreement is *unenforceable*, but d[id] not dispute that she signed it") (emphasis in the original); *Bamforth*, 2021 WL 4133753, at *10 (incorporating settlement by reference where "Plaintiff d[id] not dispute the authenticity of the 2008 Agreement but instead only argue[d] that it is unenforceable").  And, Sylabs cannot deny that it was unaware of the Release, given that it is a signatory the agreement.  At the very latest, Sylabs and its counsel became aware of the Release when Defendants attached it to its first motion to dismiss.  Dkt. No. 38-4.

Sylabs' assertion that Defendants will not be prejudiced if the Court considers the Release "in the future" (Opp. at 4) ignores the fact that allowing the claims against Mr. Kurtzer to proceed will require him to engage in expensive and time consuming discovery and additional motion practice.  There is no reason to force Mr. Kurtzer to incur such substantial attorneys' fees and costs when the plain language of the Release bars the claims against him.  To that end, there is no need to obtain discovery regarding R-Stor, Inc.'s and Sylabs Holdings, LLC's about the "intent, scope, and impact of the Release."  Opp. at 4; *see Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1174 (2013) ("Extrinsic evidence of the agreement's terms is . . . irrelevant, and cannot be relied upon.").  The Release is clear and its terms are unambiguous.

Sylabs' reliance on *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1051 (9th Cir. 2007), is misplaced.  Opp. at 4-5.  The *Intri-Plex* court found that the district court properly took judicial notice of filings from a prior litigation, which were relevant in light of the defendant's res judicata argument, and properly granted the Rule 12(b)(6) motion without leave to amend.  499 F.3d at 1051, 1056.  Sylabs argues from *Intri-Plex* that court filings are the only types of documents that may be judicially noticed or incorporated by reference, but *Intri-Plex* stands for no such

proposition, and the case law discussed above—which Sylabs does not distinguish—makes plain that release agreements can be incorporated by reference.

### 2.    The Release Applies to Mr. Kurtzer.

Defendants argue in the instant Motion that the Release bars the claims against Mr. Kurtzer, not all of the CIQ Defendants.  Mot. at 3-5.  Specifically, Schedule 1 of the Release identifies particular conduct about which Sylabs was aware and which is the very conduct that gives rise to Sylabs' trade secret, CFAA, RICO, and state law claims against Mr. Kurtzer (Mot. at 4-5).  The Court should find these claims are barred by the Release and dismiss them without leave to amend.

The Court's prior declination to judicially notice or incorporate by reference the Release does not preclude it from doing so now.  While the Court found that "the Parties dispute the scope and impact of the Release" (MTD Order at 7), Sylabs cannot, and does not, dispute that the Release applies to Mr. Kurtzer, a signatory to and direct beneficiary of the Release.  And, as Defendants only argue for purposes of the instant Motion that the Release applies to Mr. Kurtzer (Mot. at 3 n.3), Sylabs' contention that deposition or trial testimony is required "to determine which, if any, defendants other than [Mr.] Kurtzer might be covered by the Release" (Opp. at 4) is unfounded.

### D.    Sylabs Continues to Apply the Incorrect Rule 12(b)(6) Legal Standard.

Despite the Court's reminder to Sylabs that *Twombly* expressly abrogated the *Conley* notice pleading standard (Order at 6 n.6), Sylabs continues to rely on pre-*Iqbal/Twombly* and out-of-circuit case law for the proposition that "the Court must simply determine whether the allegations in the FAC are such that Sylabs is 'entitled to offer evidence to support [its] claim[s].'"  Opp. at 1 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)); *see id.* at 1-2 (*Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003); *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004)); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007) (recognizing *Twombly* abrogated the *Conley* standard articulated in *Jones*).  Sylabs is wrong.

### E.    The Trade Secret Claims Again Fail.

#### 1.    The FAC Does Not Distinguish the Alleged SIF Technology Trade Secret from the SIF Technology Disclosed in Sylabs' Patent Application.

The FAC again lacks allegations distinguishing the SIF technology claimed in Sylabs'

6

patent application, the '251 Application, from the SIF technology Sylabs asserts as a trade secret. Mot. at 5-6. Sylabs' response to Defendants' Motion is a red herring. Instead of responding to those arguments, Sylabs cites to allegations related to CIQ's patent. *See* Opp. at 8-9. This is irrelevant. Rather, the proper inquiry is whether *Sylabs* disclosed its SIF technology trade secret in its own patent. Order at 11 ("*Sylabs* does not sufficiently allege any efforts to maintain the secrecy of its technologies. Indeed, *Sylabs* offers no allegations of any specific measures it took.") (emphasis added). Because Sylabs fails to point to any allegations in the FAC showing how the alleged SIF technology trade secret goes "*beyond* what was disclosed in [its] patent[,]" *Attia v. Google LLC*, 983 F.3d 420, 426 (9th Cir. 2020) (emphasis in the original), the Court should dismiss the trade secret claims to the extent they are predicated on this technology. Dismissal should also be without leave to amend, as Sylabs has identified no further facts it could plead to cure the deficiency the Court identified in its Order.

### 2. The FAC Does Not State Trade Secret Claims Against Mr. Buss, Mr. Prager, Open Drives, Ms. Fong, Mr. Hayden, or Ms. Kurtzer.

Defendants have shown the FAC fails to plead sufficient facts showing misappropriation by Mr. Buss, Mr. Prager, Open Drives, Ms. Fong, Mr. Hayden, or Ms. Kurtzer. Mot. at 6-8. Sylabs makes no attempt to respond to Defendants' specific arguments as to each of these Defendants. *Id.*

Sylabs simply asserts in a conclusory fashion that "the FAC pleads sufficient facts to demonstrate that [these] defendants . . . have engaged in misappropriation of Trade Secrets[.]" Opp. at 8 (citing FAC ¶ 61; Ex. 38 ¶¶ 29-127; Exs. 2-36, 44, 45, 57, and 68-73). But this is not enough, particularly where Sylabs makes no attempt to explain how its citations support its contentions. Indeed, the paragraphs Sylabs cites do not show misappropriation by any of these individuals. Paragraph 61 of the FAC relates to access by unspecified "Defendants" to Sylabs' Server. Not only is this group pleading improper (*see* Mot. at 24), but paragraph 61 also relates to Sylabs' CFAA claim, not its trade secret claims. And merely pointing to 43 exhibits which span thousands of pages, without explaining how they support Sylabs' assertion or providing a pin cite, is not enough to overcome Defendants' Motion. *See Grausz v. Hershey Co.*, No. 23-CV-00028-AJB-SBC, 2024 WL 312688, at *5 (S.D. Cal. Jan. 25, 2024) ("Plaintiff fails to provide a pin cite to this claim, and

7

1   the report . . . to which Plaintiff cites is nearly 500 pages.  As the courts have often admonished

2   litigants, '[j]udges are not like pigs, hunting for truffles buried in briefs.'") (quoting *Greenwood v.*

3   *F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994); brackets omitted).

4          Because Sylabs has repeatedly proven it cannot sufficiently allege that Mr. Buss, Mr.

5   Prager, Open Drives, Ms. Fong, Mr. Hayden, or Ms. Kurtzer engaged in misappropriation, the trade

6   secret claims against them should be dismissed without leave to amend.

7          **F.      Sylabs Fails to Plead a CFAA Claim.**

8          Sylabs' Opposition confirms that the FAC does not state a claim under the CFAA.

9          ***First,*** Sylabs' CFAA claim is time-barred, as Sylabs initiated this lawsuit more than two

10  years after the alleged misconduct.  *See* Mot. at 8-9.  Defendants identified allegations showing that

11  the acts giving rise to this claim place between March and April 2020.  *Id.* (citing FAC ¶¶ 213, 221,

12  304, 365, 366).  Rather than grapple with these allegations, Sylabs cites the portions of the FAC

13  and the Tarbell Declaration as they relate to "the security features of Sylabs' Server and Google

14  Workspace[,]" "the type of harm remediable under the CFAA[,]" Sylabs' alleged "cognizable

15  damage . . . under the CFAA[,]" and the allegedly unauthorized access to Sylabs' Server.  Opp.

16  at 12-13.  This is entirely unrelated to Defendants' untimeliness argument.

17         ***Second,*** Sylabs does not meaningfully address Defendants' argument that Sylabs does not

18  allege the requisite "loss" within the meaning of the CFAA.  Mot. at 10-11.  As set forth in

19  Defendants' Motion, the FAC only identifies expenses that Sylabs incurred in connection with this

20  litigation—not losses due to the alleged hacking.  *Id.*  And Sylabs does not address any of

21  Defendants' legal authorities showing that litigation expenses do not constitute a "loss" under the

22  CFAA.  *See* Opp. at 11-14.

23         Sylabs instead conflates "damage" with "loss."  *Id.* at 13-14.  Under the CFAA, these are

24  distinct concepts: "while 'damage' covers harm to data and information, 'loss' refers to monetary

25  harms sustained by the plaintiff."  *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 961

26  (N.D. Cal. 2014); *compare* 18 U.S.C. § 1030(e)(8) (defining "damage") *with* 18 U.S.C.

27  § 1030(e)(11) (defining "loss").  A claim brought under § 1030(a)(5)(C) requires a showing of both

28

damage **and** loss.[2]  18 U.S.C. § 1030(a)(5)(C) (creating private right of action against one who "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage **and** loss") (emphasis added).  Sylabs has merely identified alleged damages, it has failed to make an adequate showing of "loss" and thus its CFAA claim should be dismissed.

In sum, Sylabs' attempt to cure the deficiencies of the CFAA claim failed.

### G.    Sylabs Does Not State RICO Claims.

Sylabs gives short shrift to Defendants' arguments demonstrating that the RICO claims fail.  *See* Opp. at 14-15.  Indeed, Sylabs ignores, and thus concedes, Defendants' arguments that the FAC fails to plead a pattern of racketeering activity or threat of continued criminal activity.  *See* § II(A), *supra*.  For this reason alone, the RICO claims should be dismissed.

The arguments that Sylabs does assert fare no better.  Sylabs points to various "criminal statutes, including: 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1030(a)(4) (Computer Fraud), 18 U.S.C. § 1030(a)(2) (Theft of Information from a Computer), 18 U.S.C. § 1030(b) (Conspiring to Violate the CFAA), and 18 U.S.C. § 1030(a)(5)(B) (Recklessly Damaging a Computer)" that ostensibly form the basis of its RICO claims.  Opp. at 14-15 (citing FAC ¶¶ 90, 145).  Merely listing statutes does not salvage the claim, particularly where a CFAA violation is not a predicate act, and Sylabs does not plead the elements of wire fraud.  *See* 18 U.S.C. § 1961(1) (defining "racketeering activity"); *United States v. Hussain*, 972 F.3d 1138, 1143 (9th Cir. 2020) ("There are thus three elements of wire fraud: (1) a scheme to defraud, (2) use of the wires in furtherance of the scheme and (3) a specific intent to deceive or defraud.") (cleaned up).  Sylabs' laundry list of supposed predicate acts is also irrelevant given that the FAC lacks allegations to show a pattern of racketeering activity and a threat of continued criminal activity (Mot. at 11-13)—which Sylabs does not dispute and thus concedes (*see* § II(A), *supra*).

---

[2] Therein lies the problem of Sylabs' failure to identify the specific provision of the CFAA at issue, as they each have different requirements.  *See* Mot. at 9; § II(A), *supra*.  For instance, although § 1030(a)(5)(C) requires both damage **and** loss, "[c]laims under 18 U.S.C. §§ 1030(a)(2)(C) and (a)(4), on the other hand, require a showing of damage **or** loss." *Custom Packaging Supply, Inc. v. Phillips*, No. 15-cv-04584-ODW-AGR, 2016 WL 1532220, at *4 (C.D. Cal. Apr. 15, 2016) (emphasis added).

**H.    The Court Should Dismiss the State Law Claims.**

    **1.    CUTSA Preempts the Civil Conspiracy, UCL, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Unjust Enrichment, and Conversion Claims.**

Sylabs cannot circumvent CUTSA preemption simply by asserting that its state law claims only relate to its "Corporate Assets" or "Corporate Secrets," because it again "predicates its CUTSA and non-CUTSA claims on the same underlying conduct": "alleged looting of Sylabs' servers." Order at 15. Sylabs' Opposition does not rebut Defendants' arguments that Sylabs' "state law and CUTSA claims are based on the same nucleus of fact," alleging that Defendants misappropriated "the Corporate Assets or Secrets as if they are in fact trade secrets (even though they are not)." Mot. at 15. Sylabs therefore waives this argument, and the Court should again find that CUTSA preempts the civil conspiracy, UCL, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and conversion claims.[3] *See* § II(A), *supra*.

    **2.    The FAC Fails to Plead a UCL Claim.**

Defendants set forth in detail the reasons why the UCL claim should be dismissed, including that the predicate claims fail, Sylabs lacks standing, and Sylabs fails to plead "fraudulent" business practices. Mot. at 16-19. Sylabs' Opposition wholly fails to address these arguments. This amounts to waiver. *Allen*, 475 F. App'x at 159; *Abid*, 2018 WL 1784085, at *5; *see* § II(A), *supra*.

Contrary to Sylabs' contention, the fact that the Court's Order did not reach Defendants' arguments regarding the UCL claim does not amount to a finding that the claim is sufficiently pled. *See* Opp. at 16. The Court need not address every asserted argument in order to dismiss a claim when one reason will suffice. *See Leftenant*, 2023 WL 5612501, at *1; *Tutor*, 2010 WL 11553171, at *7 n.7; *Power Integrations, Inc. v. Penbrothers Int'l Inc.*, No. 19-CV-02700-SVK, 2019 WL 6117479, at *2 (N.D. Cal. Nov. 18, 2019) ("[T]he Court concludes that it does not have personal jurisdiction . . . and therefore does not reach [the] other arguments for dismissal."). The fact

---

[3] Sylabs states that "[e]xcept under preemption, Defendants (Buss and Prager excepted) do not attack the breach of contract claims alleged in Counts XII, XIV, XVI, XVIII, or XX." Opp. at 17. This is incorrect. Defendants do not seek dismissal of the breach of contract claims based on CUTSA preemption. Mot. at 15-16 ("The Court thus should dismiss Sylabs' civil conspiracy, UCL, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and conversion claims as preempted by CUTSA.").

10

1    remains that the FAC again does not plead facts that Sylabs has standing or that Defendants have

2    engaged in "fraudulent" business practices.  The FAC makes no attempt to cure these deficiencies.

3          **3.      The FAC Does Not State a Breach of Contract Claim Against
                     Messrs. Buss and Prager.**
4

5          Neither Mr. Buss nor Mr. Prager can be held liable for breach of contract when they are not

6    parties to the contract issue.  Mot. at 22-23.  Sylabs does not dispute that Messrs. Buss and Prager

7    are not signatories to the Open Drives NDA.  *See* Opp. at 21-22; *see also* Dkt. No. 61-52 (Open

8    Drives NDA).  Sylabs also ignores Defendants' case law that is directly on point: "California law

9    holds that only a signatory to a contract may be liable for any breach."  Mot. at 22 (quoting *Baiul-*

10   *Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) (internal quotation marks omitted)); *see*

11   *id.* (citing *Bos. Sci. Corp. v. BioCardia, Inc.*, 524 F. Supp. 3d 914, 919 (N.D. Cal. 2021)).  The

12   Court should dismiss the breach of contract claim against Mr. Buss and Mr. Prager.

13         Sylabs asserts that Messrs. Buss and Prager agreed "to abide by the terms of the [Open

14   Drives] NDA" by "accepting their email credentials and access to Sylabs' Computer Systems[.]"

15   Opp. at 21.  But Sylabs fails to identify any allegations in the FAC that either Mr. Buss or

16   Mr. Prager "accept[ed] their email credentials and access to Sylabs' Computer Systems[.]"

17   Furthermore, Sylabs does not cite any authority or explain how doing so means they can be held

18   liable as individuals for breach of an NDA that they did not sign.  Sylabs thus cannot state a claim

19   for breach of contract against Mr. Buss and Mr. Prager.

20         **4.      The Intentional Misrepresentation Claims Should be Dismissed.**

21         The FAC is devoid of allegations to support intentional misrepresentation claims against

22   Mr. Kurtzer, Mr. Hayden, Ms. Fong, Mr. Adolph, Mr. Buss, Mr. Prager, and Open Drives.  Mot.

23   at 20-22.  Sylabs' Opposition confirms that these claims are baseless.

24         ***First,*** the FAC does not state with particularity the circumstances of the allegedly

25   intentional misrepresentations so as to satisfy Rule 9(b)'s heightened pleading standard.  Mot. at 20.

26   Sylabs does little to show otherwise.  Sylabs tries to convince this Court that "the allegations

27   regarding the State Fraud Counts satisfy the pleading requirements of Rule 8(a) and Rule 9(b)"

28   (Opp. at 17), but saying so does not make it true.  Sylabs does not support its conclusory assertion

1    with a single allegation identifying "'the who, what, when, where, and how' of the misconduct

2    charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

3        ***Second,*** Sylabs' citation to paragraphs 703-708, 719-724, 735-740, 751-755, and 766-771

4    of the FAC does not save the claim and is insufficient to survive a Rule 12(b)(6) motion.  Opp. at

5    18.  As Defendants' Motion explains, those allegations are nothing more than formulaic recitations

6    of the elements of an intentional misrepresentation claim.  Mot. at 22; *see Ashcroft v. Iqbal*, 556

7    U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice.").  Accordingly, these "allegations are conclusory and not

9    entitled to be assumed true."  *Iqbal*, 556 U.S. at 681.  Sylabs likewise makes no attempt to explain

10   how Exhibits 48-52 to the FAC, which consist of employee agreements, meet Rule 9(b)'s

11   particularity requirement.  *See* Opp. at 18 (citing FAC, Exs. 48-52).

12       ***Third,*** Sylabs again conflates the standard for a motion to dismiss with Rule 56's summary

13   judgment standard.  *See* Opp. at 18 ("It would be up to a trier of fact—not the Court deciding a

14   Rule 12(b)(6) motion—to decide the disputed facts and draw whatever inferences and conclusions

15   they choose . . . .").  In order to proceed past the pleading stage, Sylabs must first allege plausible

16   facts showing it is entitled to relief.  *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a

17   plausible claim for relief survives a motion to dismiss.").  Sylabs has not met that burden here.

18       ***Finally,*** Sylabs fails to show that the economic loss rule does not apply to the intentional

19   misrepresentation claims.  Mot. at 21-22.  Sylabs does not refute Defendants' showing that the

20   conduct giving rise to Sylabs' intentional misrepresentation and breach of contract claims are the

21   same. *Id.* at 21.  And, despite the California Supreme Court's pending decision in *Rattagan v. Uber*

22   *Technologies, Inc.* (*see* Opp. at 18), courts have continued to assess intentional misrepresentation

23   claims in light of the economic loss rule.  *See, e.g.*, *Costa v. Reliance Vitamin Co.*, No. 22-CV-

24   04679-WHO, 2023 WL 2989039, at *5 (N.D. Cal. Apr. 18, 2023).  The Court should do the same.

### I.    There Are No Allegations Regarding Mr. Buss' and Open Drives' Specific Misconduct.

25

26       The claims against Mr. Buss and Open Drives should be dismissed because the FAC does

27   not allege specific instances of their wrongdoing.  Mot. at 23-24.  None of the allegations cited in

28

12

1    Sylabs' Opposition suggests otherwise.  Opp. at 23-27.

2          *Paragraph 8.*  Sylabs cites paragraph 8 for the proposition that "[e]mail accounts external

3    to Sylabs . . . were used by . . . Buss . . . while employed by defendant Open Drives, Inc., to access

4    Sylabs' Computer Systems.  *See* FAC, Dkt. 61, ¶ 8 . . ."  Opp. at 23.  It says no such thing.  Rather,

5    paragraph 8 merely identifies the statutory and common law schemes under which Sylabs

6    purportedly brings its claims.

7          *Paragraph 39.*  As explained in Defendants' Motion, paragraph 39 consists of speculation

8    about Mr. Buss' prior experience, not facts.  Mot. at 23.  Asserting allegations "on information and

9    belief" without factual support cannot withstand a Rule 12(b)(6) motion.  *See Menzel v. Scholastic,*

10   *Inc.*, No. 17-CV-05499-EMC, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018) ("A conclusory

11   allegation based on information and belief remains insufficient under *Iqbal/Twombly*. . . . An

12   allegation made on information and belief must still be based on factual information that makes the

13   inference of culpability plausible[.]") (cleaned up); *United Tactical Sys., LLC v. Real Action*

14   *Paintball, Inc.*, 143 F. Supp. 3d 982, 1017 (N.D. Cal. 2015) ("[A]llegations made 'upon information

15   and belief' are appropriate where (1) the support for the claims turns on the content of records held

16   by the defendants, or (2) where there is other factual information elsewhere in the complaint upon

17   which the allegations are based.") (cleaned up).

18         *Paragraphs 31, 34, 37, and 38.*  Vague assertions that Mr. Buss was "involved in" various

19   meetings or "met" with other Defendants (Opp. at 24 (citing FAC ¶¶ 31, 34, 37, 38)) do not amount

20   to allegations of specific conduct.  Neither Sylabs' Opposition nor the FAC explains how Mr. Buss

21   was "involved in" these meetings or what his role in those meeting was.  In other words, the fact

22   that Mr. Buss is specifically named does not change the fact that, by failing to specify exactly what

23   Mr. Buss did, these paragraphs engage in improper group pleading.  *See Karkanen v. California*,

24   No. 17-cv-06967-YGR, 2018 WL 3820916, at *7 (N.D. Cal. Aug. 10, 2018) ("Courts consistently

25   conclude that a complaint which 'lump[s] together . . . multiple defendants in one broad allegation

26   fails to satisfy [the] notice requirement of Rule 8(a)(2).'").

27         *Paragraph 40.*  Paragraph 40 of the FAC alleges that "Sylabs is informed and believes, and

28   based upon such information and belief alleges that in March of 2020, defendant Buss and the other

Defendants included a government project that Sylabs was already involved with regarding the U.S. Air Force." This is deficient because it engages in improper group pleading and allegations that are based solely on "information and belief." *See Karkanen*, 2018 WL 3820916, at *7; *Menzel*, 2018 WL 1400386, at *; *United Tactical Sys.*, 143 F. Supp. 3d at 1017.

**Paragraphs 42 and 43.** Sylabs does not explain how merely receiving emails gives rise to any sort of liability. There are no allegations, for instance, that Mr. Buss used the allegedly stolen SBIR award or even requested it.

**Paragraph 44.** Paragraph 44 alleges that Mr. Buss told unspecified "codefendants" that he "just received a LinkedIn connection request from Matt Williams, who runs the Navy's SBIR program" and that he accepted the request. Sylabs' contention that this shows Mr. Buss' "involvement with SBIR" is nonsensical. Not only does Sylabs not explain what Mr. Buss' alleged "involvement" entailed, but Sylabs also does not explain how accepting an unsolicited LinkedIn request constitutes evidence of such "involvement."

**Paragraphs 45 and 46.** These allegations, which refer to Mr. "Buss and the other Defendants" or "Defendants," engage in improper group pleading and do not identify specific misconduct by Mr. Buss. *See Karkanen*, 2018 WL 3820916, at *7.

**Paragraph 47.** Sylabs offers no explanation as to how Mr. Buss' "email activity . . . with . . . co-defendant Adolph" (Opp. at 26) suggests any wrongful conduct. The cited Exhibits 44, 45, and 57 offer no further clarity. Exhibits 44 and 45, which purport to be audit logs, are illegible. Dkt. Nos. 61-44, 61-45. Exhibit 57 purports to be a log of emails sent, but does not show the contents of the emails. Dkt. No. 61-57.

In sum, none of the aforementioned allegations cure the deficiencies the Court identified in its Order. Order at 8; *see* Mot. at 23-24. Accordingly, Sylabs cannot impute allegations relating to Mr. Buss to Open Drives. Opp. at 23 (Mr. Buss' "individual and collective actions are binding on defendant Open Drives and its representatives.").

**J.    The Court Should Grant the Motion Without Leave to Amend.**

Sylabs has had years to develop its case and multiple attempts to plead its claims, yet still fails. The Court should not permit Sylabs a further opportunity to amend the FAC. Despite adding

14

413 paragraphs to its FAC, Sylabs is still unable to state enough facts in support of its trade secret, CFAA, RICO, civil conspiracy, UCL, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, conversion, and UCL claims.  Contrary to Sylabs' suggestion that "any deficiencies would easily cured" if granted leave to amend (Opp. at 30), there is nothing to suggest that there are any additional facts that Sylabs could plead to salvage its claims that are not already contained in the 772 paragraphs and 239 pages of the FAC.  The Court is also not obligated to advise Sylabs—who is represented by counsel—how to properly plead its claims.  *See* Opp. at 7 ("[I]f the Court determines that there are remaining pleading deficiencies from the MTD Order, then each should be specifically identified and Sylabs should be provided leave to amend to cure those remaining pleading deficiencies."); *id.* at 11, 14, 15, 17, 21, 22, 27 (same); *see, e.g.*, *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("Requiring district courts to advise a *pro se* litigant . . . would undermine district judges' role as impartial decisionmakers.").

### K.    The Court Should Overrule Sylabs' Meritless and Noncompliant Evidentiary Objections.

The Court should overrule Sylabs' evidentiary objections (Dkt. No. 76-1, "Objs.") because they lack merit and because they are procedurally improper.

#### 1.    Sylabs' Evidentiary Objections Are Meritless.

Sylabs incorrectly argues that the Release is inadmissible and not properly authenticated. As an initial matter, "in considering evidence on a motion to dismiss, the court looks not at whether the evidence is currently presented in an admissible form, but instead whether it 'could be presented in an admissible form at trial.'" *Mann v. City of Chula Vista*, No. 18-CV-2525-WQH-MDD, 2020 WL 5759749, at *14 (S.D. Cal. Sept. 28, 2020) (quoting *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004)).  Sylabs' admissibility argument is thus baseless.

Mr. Kurtzer properly authenticated the Release.  Mr. Kurtzer declared that Exhibit A is a true and correct copy of the Release, "which [he] signed after [his] departure from Sylabs, Inc." Dkt. No. 67-1 (Kurtzer Decl.) ¶ 2; *see* Dkt. No. 66-4 (Release) at 8.  This is sufficient, and Sylabs is incorrect that a declarant must provide "foundational facts" regarding, for instance, the "authentication of other signatures[,]" "how the document was negotiated[,]" and "the scope and

intent of the document." Objs. at 5. Sylabs cites no rule or case law for the proposition a witness must attest to any such facts before offering a document. For these reasons, the Court should overrule Sylabs' objections.

### 2. Sylabs' Separately-Filed Evidentiary Objections Violate the Local Rules and the Court's Order.

The Court should overrule Sylabs' objections as they fail to comply with Civl Local Rule 7-3(a) and the Court's January 30, 2024 Order regarding page limits. *See* Dkt. No. 76-1 (Objs.); *see also* Dkt. No. 76-2 (Opp. to RJN) at 4-5 (reasserting evidentiary objections).

Civil Local Rule 7-3(a) provides that "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." *See also Peak Health Ctr. v. Dorfman*, No. 19-cv-04145-VKD, 2019 WL 5893188, at *4 (N.D. Cal. Nov. 12, 2019) (rejecting separately-filed objections that "d[id] not comply with Civil Local Rule 7-3(a)"); *Tobin v. City & Cnty. of San Francisco*, No. 13-cv-01504-MEJ, 2016 WL 5791224, at *2 (N.D. Cal. Oct. 4, 2016), *aff'd*, 747 F. App'x 584 (9th Cir. 2019) ("Any objections not contained in Plaintiff's Opposition . . . are overruled for failure to comply with the Local Rule [7-3(a)].") (citation omitted). Notably, this is the second time that Sylabs has violated Civil Local Rule 7-3(a), as Sylabs also filed its evidentiary objections as a separate document when it opposed Defendants' first motion to dismiss.[4] Dkt. No. 50 (evidentiary objections); *see* Dkt. No. 53-3 at 14 (arguing on reply that "the Cout should strike the objections as they violate Local Rule 7-3(a)").

Sylabs' objections also violate the Court's January 30, 2024 Order allowing Sylabs 30 pages for its opposition. *See* Dkt. No. 63 ¶ 2. Sylabs' objections and Opposition brings the total page count to 34 pages.

### L. The Court Should Grant Defendants' Motion to Strike.

As established in Defendants' Motion, the FAC is rife with irrelevant allegations that have no bearing on the asserted claims and should be stricken. Mot. at 25-28. Sylabs offers no

---

[4] Sylabs has shown a repeated disregard of the Court's Orders and the Local Rules. *See, e.g.*, Dkt. No. 23 at 1-2 (denying without prejudice Sylabs' motion to seal as "defective on its face" and noncompliant with Civil Local Rule 79-5); Dkt. No. 75 (striking Sylabs' initial opposition to CIQ Defendants' motion to dismiss the FAC because it "exceed[ed] the 30-page limit set forth in the January 30 stipulation"); Dkt. No. 77 at 1 (noting that Sylab' opposition to the IAG Defendants' motion to dismiss (Dkt. No. 73) is "a full five pages overlength").

compelling reason to find otherwise.

### 1.    The Court May Consider Defendants' Motion to Strike.

Contrary to Sylabs' assertion (Opp. at 28), the Court may consider Defendants' Rule 12(f) motion regardless of whether it could have been brought with Defendants' initial Rule 12(b)(6) motion.  Sylabs cites no authority to the contrary.  *See id.*  Indeed, "regardless of whether the motion was timely filed, because a district court may make appropriate orders to strike under Rule 12(f) at any time on its own initiative, the Court may consider and grant an untimely motion to strike where it seems proper to do so."  *Sprint Sols. Inc. v. Pac. Cellupage Inc.*, No. 13–cv–07862–CAS–JCG, 2014 WL 12610204, at *2 (C.D. Cal. Dec. 17, 2014) (cleaned up); *see In re ESS Tech., Inc.*, No. C-02-04497 RMW, 2005 WL 418548, at *3 (N.D. Cal. Feb. 22, 2005) ("Rule 12(f) permits the court to strike any immaterial matter at any time."); Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. ***The court may act: (1) on its own*** . . .") (emphasis added).  It is proper to do so here, in light of the sheer volume of redundant, immaterial, and impertinent allegations in the FAC.

### 2.    Defendants Are Not Required to Show Prejudice.

Contrary to Sylabs' argument, the Court need not find prejudice in order to strike "any redundant, immaterial, impertinent, or scandalous matter" from the FAC.  *See* Fed. R. Civ. P. 12(f). Indeed, "Rule 12(f) does not require a showing of prejudice and no Ninth Circuit authority requires a showing of prejudice to prevail on a Rule 12(f) motion."  *Lamar v. Merlin Ents. Grp. U.S. Holdings Inc.*, No. 20cv01049 JAH-MSB, 2023 WL 5811847, at *3 (S.D. Cal. Sept. 6, 2023); *see Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (AHG), 2024 WL 171387, at *4 (S.D. Cal. Jan. 16, 2024) ("The plain language of Rule 12(f) does not require a moving party to show prejudice, and no published Ninth Circuit authority requires a showing of prejudice to strike affirmative defenses. . . . Moreover, in the related context of Federal Rule of Civil Procedure 9(b), the Ninth Circuit has rejected courts' attempts to add new requirements—mentioned nowhere in the text of the Rule—simply because they like the effects of doing so.") (cleaned up); *GS Holistic, LLC v. Crows Landing Smoke Shop Inc.*, No. 22-CV-1454 JLT SAB, 2023 WL 2815746, at *3 (E.D. Cal. Apr. 6, 2023) ("[I]n an unpublished opinion, the Ninth Circuit rejected the argument that

17

a moving party should be required to demonstrate prejudice to strike redundant material, observing 'Rule 12(f) says nothing about a showing of prejudice.'") (quoting *Atl. Richfield Co. v. Ramirez*, 1999 WL 273241, at *2 (9th Cir. 1999)).

Sylabs is also wrong that there is no prejudice here.  In fact, Defendants will suffer prejudice by being forced to expend significant time and expense on discovery related to allegations that are "redundant, immaterial, [or] impertinent" to the claims at issue.  *See Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013) ("In many cases, the obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice."); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.") (cleaned up); *see also* Fed. R. Civ. P. 1 (requiring "the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").  Accordingly, the Court should strike the aforementioned paragraphs and references.

### 3. The Court Should Strike Paragraphs 143, 194, 195, 222, 223 278-280, 375-403, and 452-470, and References to Patent Infringement and "Crimes."

As set forth in Defendants' Motion, paragraphs 143, 194, 195, 222, 223 278-280, 375-403, and 452-470, and the FAC's references to patent infringement and "crimes" should be stricken. Mot. at 26-28.  Sylabs' Opposition provides no valid basis to allow these paragraphs to survive.

***Paragraph 8.***  Sylabs' argument that its references to patent infringement statute "relate to the fraud Defendants perpetrated on the USPTO" (Opp. at 28)  is nonsensical.  Patent infringement and claims related to fraud on the USPTO—i.e., inequitable conduct—are entirely different claims. Patent infringement occurs when a person or corporation "without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor[.]"  35 U.S.C. § 271(a).  Fraud on the USPTO, however, generally occurs in the prosecution of one's own patent. *See U.S. Water Servs., Inc. v. Novozymes A/S*, 843 F.3d 1345, 1352 (Fed. Cir. 2016) ("Inequitable conduct occurs when a patentee breaches his or her duty to the U.S. Patent and Trademark Office . . . of candor, good faith, and honesty.") (cleaned up).  Patent infringement does not beget,

18

1    and is not related to, fraud on the USPTO.

2        ***Paragraphs 278-280.***  Paragraphs 278 and 279 are nothing more than conclusory statements

3    about Defendants' conduct and a recitation of 37 C.F.R. § 1.56(a).  Mot. at 26; FAC ¶¶ 278-79.

4    Quotations of regulations are immaterial.  *Doan v. Singh*, No. 13-CV-00531-LJO, 2013 WL

5    3166338, at *14 (E.D. Cal. June 20, 2013); *Dhaliwal v. Singh*, No. CV F 13-0484 LJO SKO, 2013

6    WL 2664336, at *21-22 (E.D. Cal. June 12, 2013).  These paragraphs, along with paragraph 280,

7    are also immaterial and impertinent because Sylabs does not assert any claims based on fraudulent

8    patenting.  For this reason too, paragraph 277 does not save Sylabs' argument.  *See* Opp. at 27.

9        ***Paragraphs 375-403.***  Quoting statutes and jury instructions does not establish "pleading

10   sufficiency."  Opp. at 28.  Merely reciting statutes is the very definition of "threadbare recitals of a

11   cause of action's elements[.]"  *Iqbal*, 556 U.S. at 663.  Sylabs also ignores Defendants' cases that

12   show that "there is no need for a verbatim recitation" of statutes.  Mot. at 26 (quoting *Doan*, 2013

13   WL 3166338, at *14); *see id.* (citing *Dhaliwal*, 2013 WL 2664336, at *21-22).

14       ***Paragraphs 143, 194, 195, 222, and 223.***  Allegations related to federal agencies' alleged

15   use of supercomputers and computer forensics are "redundant, immaterial, and impertinent."  Fed.

16   R. Civ. P. 12(f); *see* Mot. at 27.  They are at most "[s]uperfluous historical allegations [that] are a

17   proper subject of a motion to strike."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993),

18   *rev'd on other grounds*, 510 U.S. 517 (1994).  Sylabs fails to tie this historical background to

19   Defendants' alleged theft of Sylabs' trade secrets, or otherwise show how it bears on the parties'

20   dispute.  *See Ghahremani v. Borders Grp., Inc.*, No. 10-CV-1248-BEN-RBB, 2010 WL 4008506,

21   at *3 (S.D. Cal. Oct. 6, 2010) (striking as immaterial and impertinent "allegations [that] provide[d]

22   no historical background between Defendants' alleged infringement activities and Plaintiff's owl

23   designs" and "ha[d] no possible bearing on the controversy between the parties") (cleaned up).

24       ***Paragraphs 452-470.***  Sylabs' Opposition confirms that paragraphs 452 through 470 relate

25   to its trade secret claims, specifically, Sylabs' efforts to maintain the secrecy of its alleged trade

26   secrets.  Opp. at 29.  However, as Defendants' Motion establishes, Sylabs asserts paragraphs 452

27   and 470 in connection with its ***CFAA*** claim, to which confidentiality is immaterial.  Mot. at 27.

28

*References to "Crimes" in Paragraphs 643 and 647.* Sylabs' attempt to construe the citations to "crimes against property provisions of the California Penal Code, Title 13, Chapters 1-15" as a predicate for its RICO violations is an attempt to rewrite the FAC. Opp. at 30. In fact, Sylabs cites this statute in connection with its *UCL* claim. FAC ¶ 643 (alleging, under the UCL's "fraudulent" prong, that "Defendants' actions were in clear contravention of the established public policy aims of California, as expressed in the UCL and in the crimes against property provisions of the California Penal Code, Title 13, Chapters 1-15."); *id.* ¶ 647 (alleging, under the UCL's "unlawful" prong, that "Defendants' conspiracy and their acts and practices engaged in furtherance of their conspiracy were intended to and did result in violations of the Crimes Against Property provisions of the California Penal Code, Title 13, Chapters 1-15, including, for example, Penal Code Section 487, Grand Theft."). On the other hand, "California Penal Code, Title 13, Chapters 1-15" does not appear anywhere in Sylabs' RICO claims. *See* FAC ¶¶ 542-619.

### M.     Sylabs Is Not Entitled to Discovery.

Sylabs' assertion that it should be afforded the opportunity to obtain discovery is premature in light of the fact that it has failed to state CUTSA, DTSA, CFAA, RICO, and state law claims. "The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints **without subjecting themselves to discovery**." *Arledge v. Boise City Att'y*, No. 22-35358, 2023 WL 4994529, at *1 (9th Cir. Aug. 4, 2023) (cleaned up) (emphasis added); *id.* (the "district court did not err in dismissing . . . action without allowing [the plaintiff] to engage in discovery."); *see City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) ("The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of a claim for relief[.]") (cleaned up). Sylabs cannot assert bare allegations, and use that as a basis to seek discovery to shore up its claims.

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss these claims without leave to amend, and strike paragraphs 143, 194, 195, 222, 223, 278-280, 375-403, 452-470, 643, and 647 and portions of paragraph 8.

1    Dated: April 15, 2024

2

3

GOODWIN PROCTER LLP


By: _/s/ Jennifer Briggs Fisher_
    Neel Chatterjee
    *NChatterjee@goodwinlaw.com*
    Jennifer Briggs Fisher
    *JFisher@goodwinlaw.com*
    Elizabeth J. Low
    *ELow@goodwinlaw.com*
    David Serati
    *DSerati@goodwinlaw.com*

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE
a/k/a GREGORY M. KURTZER; JULIA
ROSE a/k/a JULIA KURTZER; ROBERT
ADOLPH; MATTHEW HAYDEN; ERIN
FONG; OPEN DRIVES, INC.; DAVID BUSS;
and MARLIN PRAGER

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3     United States District Court for the Northern District of California by using the CM/ECF system

4     on April 15, 2024.  I further certify that all participants in the case are registered CM/ECF users

5     and that service will be accomplished by the CM/ECF system.

6          I certify under penalty of perjury that the foregoing is true and correct.  Executed on

7     April 15, 2024.

8

9                                /s/ *Jennifer Briggs Fisher*
                               Jennifer Briggs Fisher

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIQ AND OPEN DRIVES' REPLY ISO MOTION TO DISMISS AND TO STRIKE
CASE NO. 5:23-cv-00849-SVK