UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREGORY ROSE, et al., <br><br> Defendants. | Case No. 23-cv-00849-SVK <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS FIRST AMENDED COMPLAINT WITH LIMITED LEAVE TO AMEND** <br><br> Re: Dkt. Nos. 67, 68 |

Plaintiff Sylabs, Inc. ("Sylabs") accuses 12 Defendants—Gregory Kurtzer ("GK"), Julia Kurtzer ("JK"), Robert Adolph, Matthew Hayden, Erin Fong, CTRL IQ, Inc. d/b/a/ CIQ ("CIQ"), Open Drives, Inc. ("ODI"), David Buss, Marlin Prager, Joel Whitley, IAG Fund II, LP and IAG Capital Holdings II, LLC (together with IAG Fund II, LP, "IAG")—of conspiring to steal its intellectual property and other valuable non-public information.  The Court previously dismissed all of Sylabs' claims with leave to amend.  *See* Dkt. 59 (the "Prior Order").  Sylabs subsequently filed a first amended complaint.  *See* Dkt. 61 (the "FAC").  Two tranches of Defendants now move to dismiss:  IAG and Defendant Whitley on the one hand and remaining Defendants on the other. *See* Dkts. 67 (the "CIQ Motion"), 68 (the "IAG Motion") (collectively, the "Motions").  Sylabs opposes the Motions.  *See* Dkts. 73, 76.  Defendants filed replies.  *See* Dkts. 77-78.  All necessary parties—Sylabs and all 12 Defendants—have consented to the jurisdiction of a magistrate judge.[1] *See* Dkts. 20, 42, 65.  The Court has determined that the Motions are suitable for resolution

---

[1] Sylabs also sued 50 Doe defendants.  *See* FAC ¶ 121.  These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction.  *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

1  without oral argument.  *See* Civil Local Rule 7-1(b).  After considering the Parties' briefing,
2  relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS IN**
3  **PART** and **DENIES IN PART** the Motions **WITH LIMITED LEAVE TO AMEND**.

## I. BACKGROUND

The following discussion of background facts is based on the allegations contained in the FAC, the truth of which the Court accepts for purposes of resolving the Motions.  *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022).  The core of Sylabs' allegations remains unchanged from its original complaint.  *See generally* Prior Order at 1-4.  In brief, Sylabs created five technologies for the high-performance-computing industry:  (1) SingularityPRO, (2) Singularity Image Format ("SIF") technology, (3) Singularity Enterprise, (4) Fuzzball and (5) Armored Containers.  *See* FAC ¶¶ 124, 137, 158-206.  Wanting to fast-track their own company in the industry, several Defendants who were then employed by Sylabs resigned, plundered Sylabs' servers for its non-public information, founded CIQ as a competitor company and patented technologies based on the information they stole; remaining Defendants invested in CIQ.  *See id.* ¶¶ 111-20, 147, 210-12, 232-68.  Sylabs subsequently commenced this action to recover for the harm it suffered as a result of these acts.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice."  *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted).  A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor.  *See Boquist*, 32 F.4th at 773.  However, a court need not accept as true "allegations that are

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (citation omitted).

## III. DISCUSSION

Sylabs asserts 21 causes of action in the FAC:

- **Count 1:** Violation of the Defend Trade Secrets Act (the "DTSA") (asserted against all Defendants).
- **Count 2:** Violation of the Computer Fraud and Abuse Act (the "CFAA") (asserted against all Defendants).
- **Count 3:** Violation of the California Uniform Trade Secrets Act (the "CUTSA") (asserted against all Defendants).
- **Counts 4-5:** Violation of Sections 1962(c) and 1962(d) of the Racketeer Influenced and Corrupt Organizations Act (the "RICO Act") (asserted against all Defendants).
- **Count 6:** Civil conspiracy (asserted against all Defendants).
- **Count 7:** Violation of the California Unfair Competition Law (asserted against all Defendants).
- **Count 8:** Breach of fiduciary duty (asserted against Defendant GK only).
- **Count 9:** Aiding and abetting breach of fiduciary duty (asserted against all Defendants except Defendant GK).
- **Count 10:** Unjust enrichment (asserted against all Defendants).
- **Count 11:** Conversion (asserted against all Defendants).
- **Counts 12, 14, 16, 18, 20:** Breach of contract (asserted against Defendants GK, Hayden, Fong, Adolph, Buss, Prager and ODI).
- **Counts 13, 15, 17, 19, 21:** Intentional misrepresentation (asserted against Defendants GK,

3

Hayden, Fong, Adolph, Buss, Prager and ODI).

At this juncture, only the DTSA and CUTSA claims survive dismissal (in part), along with those portions of the breach-of-contract claims for which Defendants do not seek dismissal.

### A. The Court Will Not Consider A Release Extrinsic To The FAC

In connection with the CIQ Motion, Defendants filed a request for judicial notice, requesting that the Court judicially notice the purported fact that Sylabs released Defendant GK from liability for all the claims it asserts here against him. *See* Dkts. 67-2 (the "Release"), 67-3 (the "RJN"); CIQ Motion at 3-5. Defendants argue that the Court should either (1) judicially notice the Release or (2) treat the Release as incorporated by reference into the FAC. The Court rejects both arguments.

**Judicial Notice.** "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999. The non-public Release is certainly not "generally known." And regardless of the Release's accuracy,

> accuracy [of a document] is only part of the inquiry under Rule 201(b). A court must also consider—and identify—which fact or facts it is noticing from [the document]. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.

*Khoja*, 899 F.3d at 999. Here, the Court cannot "accurately and readily determine[]" that the Release actually releases Defendant GK from all of Sylabs' claims; it is possible, for example, that the Release is unenforceable.[2] *See, e.g., Aledlah v. S-L Distrib. Co.*, No. 20-cv-00234-JSC, 2020 WL 2927980, at *2 (N.D. Cal. June 3, 2020) ("[T]he pertinent 'fact' for purposes of the instant motion—a purported general release of claims against Defendant contained in the 2017 Sale

---

[2] Sylabs suggests as much in its briefing. *See* Dkt. 76 at 3 ("[A]t the very same time the Release was being proposed by [Defendant GK], Defendants were—as insider threats—committing and concealing cyber corruption, cyber destruction, and cyber theft of Sylabs' Computer Systems, data, folders, and files." (emphasis omitted)).

4

1 Agreement—is subject to reasonable dispute." (citation omitted)); *see also United States ex rel.*
2 *Lazar v. S.M.R.T., LLC*, 542 F. Supp. 3d 1078, 1083 (S.D. Cal. 2021) (non-public agreements "are
3 not 'capable of accurate and ready determination by resort to sources whose accuracy cannot
4 reasonably be questioned'").

**Incorporation By Reference.** The doctrine of incorporation by reference "permits [courts] to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). The doctrine also applies where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *See id.* (citations omitted). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) (citation omitted), *aff'd*, 691 F. App'x 393 (9th Cir. 2017); *accord In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Sylabs did not incorporate by reference the Release into the FAC—it does not discuss the Release in its allegations, and its claims do not depend on the contents of the Release. Relying on three decisions from the district courts of California, Defendants counter that Sylabs' claims necessarily depend on the Release, because "its very terms limit Sylabs' ability to bring claims against" Defendant GK. *See* RJN at 1; Dkt. 78 at 3-6 (citing *Bamforth v. Facebook, Inc.*, No. 20-cv-09483-DMR, 2021 WL 4133753 (N.D. Cal. Sept. 10, 2021); *Birdsong v. AT&T Corp.*, No. 12-cv-06175-TEH, 2013 WL 1120783 (N.D. Cal. Mar. 18, 2013); *Advanced Cleanup Techs., Inc. v. BP Am. Inc.*, No. 14-cv-09033-CAS, 2015 WL 13841820 (C.D. Cal. Oct. 9, 2015)). But these other decisions do not bind this Court, and, respectfully, the Court disagrees with those decisions. A release serves as a <u>defense</u> to a claim, as opposed to a basis on which a claim depends, and a complaint does not incorporate by reference a document that merely creates a defense. *See Khoja*,

5

899 F.3d at 1002.  To hold otherwise would contradict the incorporation-by-reference doctrine as understood by the Ninth Circuit and permit the application of the doctrine "to any document a defendant asserts in defense, obliterating the general rule that courts may not consider material outside the pleadings when evaluating the sufficiency of a complaint."  See *Aledlah*, 2020 WL 2927980, at *3 (citation omitted); *accord Mayen v. W.M. Bolthouse Farms, Inc.*, No. 21-cv-00318-DAD, 2022 WL 3567191, at *3 (E.D. Cal. Aug. 18, 2022); *Mednick v. Virtual Sonics, Inc.*, No. 21-cv-03755-MRW, 2021 WL 4805194, at *2 (C.D. Cal. July 22, 2021).

* * *

In sum, the Court may not judicially notice the Release, and Sylabs did not incorporate by reference the Release into the FAC.  Accordingly, the Court **DENIES** the RJN and will not consider the Release in evaluating the Motions.

**B.     Sylabs Has Stated Claims Under The DTSA And CUTSA**

Courts analyze DTSA and CUTSA "claims together because the elements are substantially similar."  See *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (citation omitted).  "To state a claim for trade secret misappropriation under the DTSA and the CUTSA, a plaintiff must allege that:  '(1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff.'"  *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018) (citations omitted).  Sylabs satisfies these requirements with respect to CIQ and Defendants GK and Hayden only.

1.     Sylabs Owns Five Trade Secrets

"[W]hat may be considered a 'trade secret' is broad."  *InteliClear*, 978 F.3d at 657 (citation omitted).  "[T]he definition of trade secret consists of three elements:  (1) information, (2) that is valuable because it is unknown to others, and (3) that the owner has attempted to keep secret."  *Id.* (citations omitted).  In identifying a trade secret at the pleading stage, a plaintiff "need not 'spell out the details of the trade secret,' but must minimally provide 'reasonable notice of the issues which must be at the time of trial and . . . provide reasonable guidance in ascertaining the scope of appropriate discovery.'"  *Autodesk, Inc. v. ZWCAD Software Co.*, No. 14-cv-01409-EJD, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015) (citations omitted).  Sylabs identifies five

6

purported trade secrets in the Complaint: (1) SingularityPRO, (2) SIF technology, (3) Singularity Enterprise, (4) Fuzzball and (5) Armored Containers.

**With respect to SIF technology**, the Court previously held that Sylabs failed to sufficiently allege that this technology constitutes a trade secret because Sylabs disclosed the technology in its application to patent the technology. *See* Prior Order at 10. The Court directed Sylabs to "allege with particularity those aspects of its SIF technology not discussed in the patent application" in its amended pleading. *See id.* Sylabs has adequately complied. In the FAC, it alleges that its SIF technology includes a "specific method of encrypting container images" known as "Open Container Initiative," which it "has never publicly disclosed." *See* FAC ¶ 130. Defendants counter that Sylabs improperly pulls this undisclosed aspect of SIF technology from CIQ's own patents, "which are irrelevant." *See* CIQ Motion at 6. To the contrary, Sylabs alleges that CIQ used Sylabs' trade secrets to obtain its own patents, and so it is entirely plausible that a formerly undisclosed aspect of those trade secrets would be subsequently published in CIQ's patents.

**With respect to Sylabs' four remaining technologies**, the Court previously held that Sylabs failed to allege that these technologies constitute trade secrets because Sylabs did not "allege any efforts to maintain the secrecy of these technologies." *See* Prior Order at 11. Sylabs corrected this deficiency in the FAC, and Defendants do not argue otherwise. *See* FAC ¶¶ 59-85 (describing efforts to maintain secrecy of trade secrets).

Thus, Sylabs has sufficiently identified its ownership of five trade secrets.

2.  <u>Only Three Defendants Misappropriated Sylabs' Trade Secrets</u>

"Under the DTSA and CUTSA, 'misappropriation' means either the '(1) [a]cquisition of a trade secret by another person who knows or has reason to know that the trade secret was acquired by improper means;' or the '(2) [d]isclosure or use of a trade secret of another without express or implied consent.'" *Alta*, 343 F. Supp. 3d at 882 (emphasis added) (citations omitted). With respect to the acquisition, disclosure or use of Sylabs' non-public information by Defendants, Sylabs alleges as follows:

- **Defendant GK.** Defendant GK downloaded, edited, changed permissions for, provided

external access to and viewed files. *See* FAC ¶¶ 307-10, 337-340. Some of these files appear to have concerned Sylabs' trade secrets. *See, e.g.*, *id.* ¶ 307(n) (Defendant GK viewed file titled "Fuzzball Slides Content").

- **Defendant JK.** Defendant JK downloaded, edited, viewed and emailed files. *See id.* ¶¶ 314-15, 342. None of these files appear to have concerned Sylabs' trade secrets.
- **Defendant Adolph.** Defendant Adolph downloaded, edited, changed permissions for and viewed files. *See id.* ¶¶ 319-20. None of these files appear to have concerned Sylabs' trade secrets.
- **Defendant Hayden.** Defendant Hayden downloaded, edited, changed permissions for and viewed files. *See id.* ¶¶ 323-24, 343-49. Some of these files appear to have concerned Sylabs' trade secrets. *See, e.g.*, *id.* ¶ 323(g) (Defendant Hayden viewed file titled "Fuzzball Slides Content").
- **Defendant Fong.** Defendant Fong downloaded, edited, changed permissions for and viewed files. *See id.* ¶¶ 321-22. None of these files appear to have concerned Sylabs' trade secrets.
- **CIQ.** CIQ relied on Sylabs' trade secrets (which it obtained through the efforts of some of Defendants) in obtaining patents for its technology. *See id.* ¶¶ 210-12.
- **IAG And Defendant Whitley.** Defendant Whitley downloaded and viewed files. *See id.* ¶¶ 332-34. None of these files appear to have concerned Sylabs' trade secrets.
- **ODI And Defendants Prager And Buss.** Defendant Prager viewed and edited files. *See id.* ¶¶ 326-31. None of these files appear to have concerned Sylabs' trade secrets.

Thus, only CIQ and Defendants GK and Hayden allegedly acquired, disclosed or used Sylabs' trade secrets.[3] Defendants GK and Hayden shared these trade secrets with CIQ without Sylabs' consent, and necessarily therefore, CIQ's subsequent use of these trade secrets also

---

[3] Sylabs alleges that Defendants Adolph, Whitley and Prager viewed a document titled "Fuzz Budget" and that Defendant Whitley also downloaded that document. *See* FAC ¶¶ 320, 326, 333-34. While that document presumably concerns Sylabs' Fuzzball trade secret in a general sense, the Court cannot reasonably infer that a budget discloses any information that is itself a trade secret.

8

occurred without Sylabs' consent. Accordingly, Sylabs has sufficiently alleged that CIQ and Defendants GK and Hayden misappropriated its trade secrets.

Defendants argue that the Release bars Sylabs from pursuing its DTSA and CUTSA claims against Defendant GK (*see* CIQ Motion at 3-5), but, as discussed above, the Court will not consider the Release in evaluating the Motions. Defendants also argue that Defendant Hayden did not misappropriate any documents concerning Sylabs' trade secrets (*see id.* at 7-8), but, as explained above, he did view at least one document concerning Fuzzball.

### 3.     Defendants' Misappropriation Damaged Sylabs

CIQ obtained six patents using Sylabs' trade secrets. *See id.* ¶¶ 210-12. Sylabs therefore suffered harm to the extent these patents caused it to lose profits or royalties or unjustly enriched Defendants. *See Cisco Sys., Inc. v. Chung*, No. 19-cv-07562-PJH, 2023 WL 2622155, at *7 (N.D. Cal. Mar. 22, 2023) ("Three types of damages are available to trade secret plaintiffs: (1) lost profits, (2) unjust enrichment, and (3) reasonable royalties." (citations omitted)). However, while Plaintiff alleges that CIQ obtained patents in reliance on Sylabs' SIF technology, Fuzzball and Armored Containers trade secrets, it does not allege that CIQ obtained patents in reliance on Sylabs' SingularityPRO or Singularity Enterprise trade secrets. *See* FAC ¶¶ 130 (CIQ obtained patents based on SIF technology), 210-12 (CIQ obtained patents based on Fuzzball and Armored Containers). Accordingly, Sylabs has sufficiently alleged that it suffered harm with respect to Defendants' misappropriation of only its SIF technology, Fuzzball and Armored Containers trade secrets.

\* \* \*

In sum, Sylabs has sufficiently alleged DTSA and CUTSA claims against CIQ and Defendants GK and Hayden with respect to its SIF technology, Fuzzball and Armored Containers trade secrets. The Court will dismiss Sylabs' DTSA and CUTSA claims (without leave to amend as discussed in Section III.H, *infra*) (1) to the extent asserted against remaining Defendants and (2) to the extent based on misappropriation of its other trade secrets.

///

///

### C. Sylabs CFAA Claim Fails

"The CFAA prohibits a number of different computer crimes . . . ." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009) (citations omitted). In that vein, the statute "is comprised of many parts and subparts, all of which are defined to give rise to liability under the [statute] in different ways and which have different pleading requirements." *See Song v. Drenberg*, No. 18-cv-06283-LHK, 2019 WL 1998944, at *4 (N.D. Cal. May 6, 2019). Yet nowhere in the FAC does Sylabs identify which particular provisions Defendants allegedly violated. Sylabs has therefore failed to state a claim under the CFAA. *See, e.g.*, *id.* at *4-6 (dismissing CFAA claim where plaintiff failed to specify in complaint provisions allegedly violated); *Doe v. Walmart Inc.*, No. 18-cv-02125-LHK, 2019 WL 499754, at *11 (N.D. Cal. Feb. 8, 2019) (dismissing claim where "Plaintiffs have not specified which portion of the [statute in question] Defendants are alleged to have violated"); *cf. Lesnik v. Eisenmann SE*, No. 16-cv-01220-LHK, 2018 WL 4700342, at *12 (N.D. Cal. Oct. 1, 2018) (dismissing claim where plaintiffs did not "identify the statutes and theories under which they proceed" in complaint).

In its opposition briefing, Sylabs attempts to belatedly cure this deficiency by enumerating the specific subsections of the CFAA at issue. *See* Dkt. 73 at 23. But "[i]t is axiomatic that [a] complaint may not be amended by briefs [submitted] in opposition to a motion to dismiss." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) (citation omitted). The Court also recognizes that Sylabs excerpts in the FAC certain provisions of the CFAA "[i]n its relevant part." *See* FAC ¶ 383. However, these excerpts remain outside the section of the FAC in which Sylabs expressly discusses its CFAA cause of action. *See* FAC ¶ 447-486. That will not do. "[A]llegations must put defendants 'on sufficient notice of the particular misconduct alleged to permit [them] to prepare a defense to [a plaintiff's] claims." *Song*, 2019 WL 1998944, at *6 (citation omitted). The FAC fails to provide such sufficient notice because it is not clear whether Sylabs alleges Defendants violated the excerpted provisions of the CFAA.

Accordingly, the Court will dismiss Sylabs' CFAA claim (with leave to amend as discussed in Section III.H, *infra*).

///

### D. Sylabs' RICO Act Claims Fail

Sylabs alleges that Defendants conspired to engage in racketeering activity in violation of Sections 1962(c) and (d) of the RICO Act. "The elements of a Section 1962(c) RICO claim are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to a plaintiff's business or property." *Marani v. Cramer*, No. 19-cv-05538-YGR, 2023 WL 4034207, at *2 (N.D. Cal. Mar. 2, 2023) (citation omitted). "A pattern [of racketeering activity] is defined as 'at least two acts of racketeering activity' within ten years of each other." *Attia v. Google LLC*, 983 F.3d 420, 427 (9th Cir. 2020) (citation omitted). Sylabs selects Defendants' alleged violations of the DTSA as the necessary predicate acts.[4] *See* FAC ¶¶ 575, 613; Dkts. 73 at 26-27, 76 at 14-15; 18 U.S.C. § 1961(1). But it fails to allege the commission of at least two such acts.

The RICO Act sweeps many statutory violations within its definition of predicate acts. *See* 18 U.S.C. § 1961(1). Included are two provisions of the DTSA: Section 1831 (concerning "economic espionage" benefitting foreign actors, which is not relevant here) and Section 1832 (concerning "theft of trade secrets" generally, which is relevant here). Violations of other provisions of the DTSA, such as Section 1836 (concerning the use of stolen trade secrets), do not, therefore, constitute predicate acts. *See CrossBorder Sols., Inc. v. Macias, Gini & O'Connell, LLP*, No. 20-cv-04877-NSR, 2022 WL 562934, at *10 (S.D.N.Y. Feb. 23, 2022) ("Put into context, while a plaintiff may bring a civil claim for the 'use' of a stolen trade secret under § 1836, such 'use' cannot constitute a predicate act under RICO . . . ."); *Hardwire, LLC v. Ebaugh*, No. 20-cv-00304, 2021 WL 3809078, at *7 (D. Md. Aug. 26, 2021) (misappropriations of trade secrets do not constitute predicate acts); *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 695 (E.D. Tex. 2020) ("Likewise, 'use' of a trade secret, though independently actionable under section 1836, is not a RICO predicate because it is not included in the definition of 'racketeering activity' under section 1961."). Thus, to state a claim under Section 1962(c) of the RICO Act, Sylabs must allege that Defendants engaged in at least two acts of <u>theft</u> regarding its trade secrets;

---

[4] Sylabs argues that Defendants' violations of certain criminal statutes also constitute predicate acts. *See* Dkts. 73 at 27, 76 at 14-15. The Court disagrees because Sylabs does not offer non-conclusory allegations of these criminal violations in the FAC. *See* FAC ¶¶ 90, 545.

1  subsequent use of such stolen trade secrets (*e.g.*, to create new, patented technologies) does not
2  count.
3        Sylabs has not done so. Certainly, the FAC contains allegations of multiple thefts of
4  Sylabs' trade secrets. *See* Section III.B.2, *supra* (describing separate thefts by Defendants GK and
5  Hayden). But Defendants' "collective conduct is in a sense a single episode having [a] singular
6  purpose . . . rather than a series of separate, related acts," rendering such conduct a single predicate
7  act. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992); *accord Aviva USA*
8  *Corp. v. Vazirani*, 632 F. App'x 885, 888-89 (9th Cir. 2015).
9        Therefore, Sylabs' claim under Section 1962(c) of the RICO Act fails. *See, e.g.*, *Cnty. of*
10 *Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d 1030, 1044 (N.D. Cal. 2011) ("Having found
11 that the Amended Complaint fails to allege sufficient predicate acts to establish SAP participated
12 in a pattern of racketeering activity, Marin's section 1962(c) claim must be dismissed."). Because
13 Sylabs' Section 1962(c) claim fails, its Section 1962(d) claim fails as well. *See* 18 U.S.C. §
14 1962(d); *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("[I]f the section
15 1962(c) claim does not state an action upon which relief could *ever* be granted, regardless of the
16 evidence, then the section 1962(d) claim cannot be entertained." (citation omitted)); *see,*
17 *e.g.*, *Wagh v. Metris Direct, Inc.*, No. 01-cv-01711-TEH, 2002 WL 257846, at *4 (N.D. Cal. Feb.
18 20, 2002) ("[S]ince Plaintiff cannot satisfy the requirements of his Section 1962(c) claim,
19 Plaintiff's Section 1962(d) claim must fail as well.").
20       Accordingly, the Court will dismiss Sylabs' RICO Act claims (without leave to amend as
21 discussed in Section III.H, *infra*).
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### E. Sylabs' Breach-Of-Contract Claims Against ODI And Defendants Prager And Buss Fail

Several Defendants entered into assignment and non-disclosure agreements with Sylabs. *See* FAC ¶ 80; Dkts. 61-48 through 61-52. Sylabs alleges that these Defendants breached those agreements by disclosing and using its trade secrets and other confidential information in violation of the terms of those agreements. *See* FAC ¶¶ 694-99, 710-15, 726-31, 742-47, 757-62. Defendants now move to dismiss those claims as asserted against ODI and Defendants Prager and Buss.

**With respect to ODI**, the FAC contains no non-conclusory allegations regarding any disclosure or use by ODI of Sylabs' trade secrets or other confidential information. The Court will therefore dismiss the breach-of-contract claim asserted against ODI. *See, e.g.*, *Cotti v. Cal. Dep't of Soc. Servs. Dir. Will Lightbourne*, No. 18-cv-02980-BLF, 2018 WL 6660073, at *3 (N.D. Cal. Dec. 19, 2018) (dismissing claims that "suffer from a . . . lack of factual support for purely conclusory allegations of wrongdoing"); *Holomaxx Techs. v. Microsoft Corp.*, 783 F. Supp. 2d 1097, 1106 (N.D. Cal. 2011) (dismissing claim where plaintiff's "allegations are both conclusory and devoid of factual support"). In opposing this conclusion, Sylabs identifies various allegations of ODI's conduct (as conducted on its behalf by Defendants Prager and Buss). *See* Dkt. 76 at 23-27. But again, Sylabs fails to (1) identify any disclosure or use by ODI of Sylabs' trade secrets or other confidential information or (2) provide non-conclusory allegations of such disclosure or use. For example, Sylabs alleges that ODI accessed Sylabs' systems through the external email accounts of Defendants Prager and Buss. *See id.* at 23. But that allegation does not identify any disclosure or use of Sylabs' trade secrets or other confidential information by ODI in violation of the Parties' agreement. Likewise, Sylabs alleges that ODI successfully conspired with other Defendants to "transfer all of Sylabs' Trade Secrets and assets to CIQ." *See id.* at 24. But that allegation, without supporting facts, is conclusory.

**With respect to Defendants Prager and Buss**, while their employer ODI entered into an agreement with Sylabs, they themselves did not—they did not sign the agreement between Sylabs and ODI, and the agreement does not identify them as parties to the agreement. *See* Dkt. 61-52. The Court will also, therefore, dismiss the breach-of-contract claims asserted against Defendants

Prager and Buss. *See Baiul-Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) ("California law holds that 'only a signatory to a contract may be liable for any breach.'" (citation omitted)); *see, e.g.*, *Malofsky v. Life Ins. Co. of N. Am.*, No. 10-cv-00327-JW, 2010 WL 11586787, at *4 (N.D. Cal. Apr. 22, 2010) ("CIGNA is not liable for breach of contract . . . because it is not a party to the insurance contract."). In opposing this conclusion, Sylabs argues only that "upon accepting their email credentials and access to Sylabs' Computer Systems, defendants Buss and Prager agreed to abide by the terms of the" Sylabs-ODI agreement. *See* Dkt. 76 at 21. But the FAC contains no allegations of such acceptance, and Sylabs offers no explanation of how such acceptance constitutes an agreement to be bound by the terms of the Sylabs-ODI agreement.

Accordingly, the Court will dismiss Sylabs' breach-of-contract claims asserted against ODI and Defendants Prager and Buss (with leave to amend as discussed in Section III.H, *infra*).

### F. The Economic-Loss Doctrine Bars Sylabs' Intentional-Misrepresentation Claims

Sylabs alleges that it entered into the above-referenced agreements with Defendants in reliance on the "promises" made by those Defendants in those agreements. *See* FAC ¶¶ 703-05, 719-21, 734-37, 751-52, 766-68. It seeks to recover through intentional-misrepresentation claims for Defendants' failures to keep their promises. Defendants counter that under the economic-loss doctrine, Sylabs may not recover under both breach-of-contract and intentional-misrepresentation claims for any purely economic harm that it suffered as a result of Defendants' failures to comply with their contractual promises. *See* CIQ Motion at 21-22. The Court agrees.

The economic-loss doctrine "is deceptively easy to state: In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *See Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (2022) (citations omitted). An exception to the rule permits recovery for economic losses stemming from a defendant's intentional misrepresentations that are "independent" of a contractual breach. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 991 (2004). But the exception "is narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent

14

of the plaintiff's economic loss." *See id.* at 993. Thus, the exception does not apply where a tort claim "arise[s] from—or [is] not independent of—the parties' underlying contracts." *See Sheen*, 12 Cal. 5th at 923 (citations omitted).

Here, the doctrine bars Sylabs from pursuing its intentional-misrepresentation claims: (1) Sylabs does not dispute that it seeks to recover for purely economic harm; and (2) its intentional-misrepresentation claims necessarily arise out of its breach-of-contract claims, as the representations in question <u>are the very contractual obligations that Defendants allegedly breached</u>. *See, e.g.*, *Wine Bottle Recycling, LLC v. Niagara Sys. LLC*, No. 12-cv-01924-SC, 2013 WL 5402072, at *3-4 (N.D. Cal. Sept. 26, 2013) (economic-loss doctrine bars intentional-misrepresentation claim where "all of Defendants' purported misrepresentations only concern whether they would perform what the contract said they would do"); *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (economic-loss doctrine bars fraud and negligent-misrepresentation claims where plaintiff's "tort claims consist of nothing more than [defendant's] alleged failure to make good on its contractual promises"); *Guzzetta v. Ford Motor Co.*, No. 21-cv-09151-MEMF, 2023 WL 5207429, at *17 (C.D. Cal. July 3, 2023) (dismissing fraud claim as barred by economic-loss doctrine where plaintiffs "do not allege a harm separate from the economic harm derived from [the defendant's] alleged breach of its warranty obligations"); *Traba v. Ford Motor Co.*, No. 18-cv-00808-SVW, 2018 WL 6038302, at *3-4 (C.D. Cal. June 27, 2018) (granting judgment on the pleadings to bar fraud claims where "the alleged fraudulent concealment resulted only in Plaintiffs' 'disappointed expectations' because of Defendant's alleged broken promise: the vehicle allegedly failed to conform to express and implied warranties").

Accordingly, the Court will dismiss Sylabs' intentional-misrepresentation claims (with leave to amend as discussed in Section III.H, *infra*).

///

///

///

///

### G. The CUTSA Preempts Sylabs' Remaining State-Law Claims

As the Court held in the Prior Order, Sylabs may not pursue its remaining state-law claims based on misappropriation of its trade secrets because the CUTSA preempts those claims. *See* Prior Order at 13-15. In an attempt to avoid preemption of these same claims (as renewed in the FAC), Sylabs now bases these state-law claims on Defendants' misappropriation of its non-trade-secret information (*e.g.*, financial records, customer lists, employee files). *See* FAC ¶ 623; Dkts. 73 at 28-29, 76 at 15-16. But the California Court of Appeal has "emphatically reject[ed]" limiting CUTSA preemption to the misappropriation of only trade-secret information:

> On the contrary, a prime purpose of the law was to sweep away the adopting states' bewildering web of rules and rationales and replace it with a uniform set of principles for determining when one is—and is not—liable for acquiring, disclosing, or using "information . . . of value." Central to the effort was the act's definition of a trade secret. Information that does not fit this definition, and is not otherwise made property by some provision of positive law, belongs to no one, and cannot be converted or stolen.

*See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 n.22 (6th Dist. 2010) (citations omitted), *disapproved on other grounds by Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310 (2011); *see also ChromaDex, Inc. v. Elysium Health, Inc.*, 369 F. Supp. 3d 983, 989 (C.D. Cal. 2019) ("CUTSA serves to preempt all claims premised on the wrongful taking and use of confidential business and proprietary information, <u>even if that information does not meet the statutory definition of a trade secret</u>." (emphasis added) (citations omitted)).

Thus, as before, the CUTSA preempts Sylabs' remaining state-law claims

> unless one of the following conditions is met: (1) [Sylabs] can allege facts that show that "the [non-trade secret proprietary] information . . . was 'made property by some provision of positive law,' . . . on grounds that are qualitatively different from the grounds upon which trade secrets are considered property", or (2) it can otherwise be concluded that [Sylabs'] Non–Trade Secret Claims allege "wrongdoing" that is "material[ly] distinct[] [from] the wrongdoing alleged in a [C]UTSA claim[.]"

*SunPower Corp. v. SolarCity Corp.*, No. 12-cv-00694-LHK, 2012 WL 6160472, at *9 (N.D. Cal.

16

Dec. 11, 2012) (citations omitted). Sylabs satisfies neither of these two conditions. Its rights in the non-trade-secret information clearly stem from the same "grounds upon which trade secrets are considered property" (*i.e.*, the information constitutes Sylabs' valuable, non-public information), and Sylabs does not argue otherwise, and the alleged wrongdoing underlying its state-law claims mirrors the alleged wrongdoing underlying its CUTSA claim (*i.e.*, Defendants' alleged looting of Sylabs' servers).

Accordingly, the Court will dismiss Sylabs' remaining state-law claims (with leave to amend as discussed in Section III.H, *infra*).[5]

### H.     The Court Will Grant Sylabs Limited Leave To Amend Its Pleading

Sylabs has thrown everything but the proverbial kitchen sink (although perhaps even that and then some) at the Court in amending its original complaint: the FAC spans 238 pages (a nearly three-fold increase over the original complaint) and includes thousands of pages of exhibits not included with the original complaint. Yet despite seemingly emptying its silos, Sylabs still fails to state most of its claims. The Court is thus compelled to conclude that (1) Sylabs simply cannot state most of these claims, (2) it may be acting in bad faith and (3) further leave to amend would be futile and would unduly prejudice Defendants. *See, e.g.*, *Hong v. Garcia*, No. 21-55019, 2022 WL 2256326, at *1 (9th Cir. 2022) (affirming dismissal without leave to amend as futile where, "[d]espite 'spen[ding] nearly one hundred additional pages,' [the plaintiff's] prior amendment failed to cure the deficiencies identified by the district court" (citations omitted)); *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (affirming denial of request for leave to amend because, *inter alia*, lengthy pleadings "prejudice[] the opposing party and may show bad faith"); *see also Doe ex rel. United States v. Vratsinas Constr. Co.*, 853 F. App'x 133, 134 (9th Cir. 2021) ("'The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.' That is especially true where . . . a plaintiff had an opportunity to cure deficiencies identified by the district court and has failed to do so." (citations omitted)).

---

[5] The Court does not evaluate whether CUTSA preemption applies to Sylabs' breach-of-contract and intentional-misrepresentation claims.

17

With respect to each of Sylabs' claims, the Court holds as follows:

- **Violations Of The DTSA And CUTSA.** No leave to amend. The FAC's deficiencies on these claims stem from insufficiently pled allegations, and, as explained above, the Court does not believe Sylabs can cure these deficiencies in an amended pleading.
- **Violations Of The CFAA.** Leave to amend. The FAC's deficiencies on this claim (to the extent identified in this Order) stem from Sylabs' failure to identify the specific provisions of the statute that Defendants' allegedly violated. Sylabs can easily cure that deficiency in an amended pleading.
- **Violations Of Sections 1962(c) And 1962(d) Of The RICO Act.** No leave to amend. The FAC's deficiencies on these claims stem from insufficiently pled allegations, and, as explained above, the Court does not believe Sylabs can cure these deficiencies in an amended pleading.
- **Breach Of Contract.** Leave to amend. This is the first time Sylabs pled this claim, and the Court will provide Sylabs an opportunity to correct the deficiencies identified in this Order.
- **Intentional Misrepresentation.** Leave to amend. This is the first time Sylabs pled this claim, and the Court will provide Sylabs an opportunity to correct the deficiencies identified in this Order.
- **Remaining State-Law Claims.** No leave to amend. These claims are preempted by the CUTSA, a legal conclusion the Court also reached in the Prior Order. The Court does not believe Sylabs can successfully plead around that legal conclusion in an amended pleading, and it failed to do so in the FAC.

In its amended pleading, Sylabs <u>may not add new claims or parties</u> without first obtaining leave from the Court to amend its pleading in those specific respects. *See, e.g.*, *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-cv-01390-LHK, 2010 WL 4285006, at *7 (N.D. Cal. Oct. 22, 2010); *Ketab Corp. v. Mesriani & Assocs.*, No. 14-cv-07241-RSWL, 2015 WL 8022874, at *8 (C.D. Cal. Dec. 4, 2015).

///

### IV.  THE COURT WILL NOT STRIKE ANY PORTION OF THE FAC

In the CIQ Motion, Defendants request that the Court strike portions of the FAC. *See* CIQ Motion at 25-28. But permitting Sylabs to file an amended pleading may moot that request—if Sylabs does file an amended pleading, the FAC will no longer govern Sylabs' claims. Accordingly, the Court will not strike any portion of the FAC at this juncture. Defendants may renew their request to strike portions of the FAC if Sylabs elects not to file an amended pleading.

### V.  GENERAL ADMONISHMENTS

Sylabs' conduct in connection with the FAC and the Motions compels the Court to admonish it as follows:

- Sylabs filed a 30-page opposition in response to the IAG Motion. *See* Dkt. 73. But this Court's Civil Local Rules limit oppositions to 25 pages.[6] *See* Civil Local Rules 7-3(a), 7-4(b). Going forward, the Court will strike all pages in excess of the limit.

- As explained above, Sylabs inundated the Court and Defendants with a prolix FAC in its attempt to cure the deficiencies of its original complaint. Yet the Federal Rules of Civil Procedure require pleadings to include "a short and plain statement of [each] claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The FAC does not comply with that requirement. *See, e.g.*, *Cal. Coal. for Fams. & Child. v. San Diego Cnty. Bar Ass'n*, 657 F. App'x 675, 678 (9th Cir. 2016) ("It is clear that the FAC did not comply with Rule 8. The FAC is voluminous at 251 pages and 1397 attached pages of exhibits. The claims are not stated in a 'simple, concise, and direct' manner but are instead complicated, lengthy, and meandering."). The Court strongly urges Sylabs to condense its amended pleading (should it choose to file one) into a clear and concise narrative. In that vein, Sylabs need not (1) excerpt entire portions of statutes or (2) repeat its allegations verbatim. Less is more.

- In the Prior Order, the Court observed that Sylabs "direct[ed] the Court to apply the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard" in resolving Defendants' previous

---

[6] Pursuant to stipulation of the Parties, the Court permitted Sylabs to file a 30-page opposition in response to the CIQ Motion; it expressly did not do so with respect to the IAG Motion. *See* Dkt. 63.

19

motions to dismiss and explained that "[t]he Supreme Court expressly abrogated that standard in *Twombly*." *See* Prior Order at 6 n.6 (citation omitted). Despite this explanation, Sylabs again insists that the "no set of facts" standard applies. *See* Dkt. 73 at 5. Counsel may not knowingly present to the Court false or inaccurate propositions of law. *See* Fed. R. Civ. P. 11(b)(2). Such conduct is particularly egregious here, given (1) that the Court expressly raised the issue in the Prior Order and (2) the prevalence of the superseding *Twombly-Iqbal* standard. The Court will consider appropriate consequences (including issuing sanctions) if Sylabs continues to misrepresent the law.

## VI.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions and **DISMISSES** the FAC **WITH LIMITED LEAVE TO AMEND** as follows:

- The DTSA and CUTSA claims survive only to the extent they are asserted against CIQ and Defendants GK and Hayden based on misappropriation of Sylabs' SIF technology, Fuzzball and Armored Containers trade secrets. The DTSA and CUTSA claims are otherwise **DISMISSED WITHOUT LEAVE TO AMEND**.
- The CFAA, breach-of-contract, and intentional-misrepresentation claims are **DISMISSED WITH LEAVE TO AMEND**.
- All other claims are **DISMISSED WITHOUT LEAVE TO AMEND**.
- In its amended pleading, Sylabs may not add new claims or parties without first obtaining leave from the Court to amend its pleading in those specific respects.

If Sylabs elects to file an amended complaint, it shall do so by **May 29, 2024**. If Sylabs does not file an amended complaint by that date, the Court will schedule an initial case-management conference.

**SO ORDERED.**

Dated: May 8, 2024

SUSAN VAN KEULEN
United States Magistrate Judge