NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
ELIZABETH J. LOW (SBN 308098)
*ELow@goodwinlaw.com*
DAVID SERATI (SBN 329811)
*DSerati@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 Marshall Street
Redwood City, California 94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

JENNIFER BRIGGS FISHER (SBN 241321)
*JFisher@goodwinlaw.com*
**GOODWIN PROCTER** LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendants
CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a
GREGORY M. KURTZER; JULIA ROSE a/k/a
JULIA KURTZER; ROBERT ADOLPH; MATTHEW
HAYDEN; ERIN FONG; OPEN DRIVES, INC.;
DAVID BUSS; and MARLIN PRAGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYLABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY ROSE a/k/a GREGORY M. KURTZER; JULIA ROSE a/k/a JULIA KURTZER; ROBERT ADOLPH; MATTHEW HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a CIQ; OPEN DRIVES, INC.; DAVID BUSS; MARLIN PRAGER; JOEL WHITLEY; IAG CAPITAL PARTNERS; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00849-SVK<br><br>**CIQ DEFENDANTS' AND OPEN DRIVES DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(F)**<br><br>Date:       August 6, 2024<br>Time:       10:00 a.m.<br>Courtroom: 6<br>Judge:      Hon. Susan van Keulen |

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ............................................................................................................... 2

    A.   The Court Should Dismiss the CUTSA and DTSA Claims Premised
        upon Unspecified "Corporate Assets" and "Sylabs' Data." .................................... 2

    B.   The Court Should Dismiss the CFAA Claims. ........................................................ 3

       1.  Sylabs Ignores, and thus Concedes, Defendants' CFAA Arguments. ........... 3

       2.  The CFAA Claims Are Time-Barred. ............................................................. 4

          a. Defendants May Raise Arguments that the Court Did Not
            Reach in its Prior Orders. ................................................................... 5

          b. Sylabs Fails to Identify Allegations Showing that the
            CFAA Claim Is Timely. .................................................................... 6

       3.  The Court Should Dismiss the CFAA Claims against Ms. Fong, Open Drives,
          Mr. Buss, Mr. Prager, Ms. Kurtzer, and Mr. Adolph. .................................... 6

       4.  The SAC Does Not Allege a "Loss" Required to State Claims under
          §§ 1030(a)(4) and (a)(5)(A)-(C). .................................................................. 7

       5.  There Are No Allegations that Defendants Exceeded or
          Acted Without Authorization. ........................................................................ 8

       6.  The SAC Does Not Allege a "Transmission" and thus Does Not
          State a § 1030(a)(5)(A) Claim. ..................................................................... 9

    C.   Sylabs Is Not Entitled to Discovery. ...................................................................... 9

    D.   The Court Should Dismiss the SAC Without Leave to Amend. ........................... 11

    E.   The Court Should Grant the Motion to Strike. ..................................................... 11

III.   CONCLUSION........................................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                              **Page(s)**

*Abid v. Google LLC*,
   No. 18-CV-00981-MEJ, 2018 WL 1784085 (N.D. Cal. Apr. 13, 2018) ........................... 6, 11

*Allen v. Dollar Tree Stores, Inc.*,
   475 F. App'x 159 (9th Cir. 2012) ................................................................................ 6, 11

*Arledge v. Boise City Att'y*,
   No. 22-35358, 2023 WL 4994529 (9th Cir. Aug. 4, 2023)....................................................... 9

*Austin v. Terhune*,
   367 F.3d 1167 (9th Cir. 2004)............................................................................................. 10

*Brodsky v. Apple Inc.*,
   445 F. Supp. 3d 110 (N.D. Cal. 2020) ............................................................................... 7

*City of Oakland v. BP PLC*,
   969 F.3d 895 (9th Cir. 2020)................................................................................................. 9

*Cobarrubia v. Edwards*,
   No. 19-CV-07899-KAW, 2021 WL 4846948 (N.D. Cal. June 4, 2021) ................................. 4

*Conley v. Gibson*,
   355 U.S. 41 (1957) ............................................................................................................... 10

*Doe v. Regents of Univ. of Cal.*,
   No. 22-CV-1506 JLS (AHG), 2024 WL 171387 (S.D. Cal. Jan. 16, 2024) ......................... 12

*GS Holistic, LLC v. Crows Landing Smoke Shop Inc.*,
   No. 22-CV-1454 JLT SAB, 2023 WL 2815746 (E.D. Cal. Apr. 6, 2023) ............................. 12

*Henry v. Napa Valley Unified*,
   No. 16-CV-04021-MEJ, 2016 WL 7157670 (N.D. Cal. Dec. 8, 2016) ................................... 4

*Hernandez v. Dutch Goose, Inc.*,
   No. C 13-03537 LB, 2013 WL 5781476 (N.D. Cal. Oct. 25, 2013)....................................... 12

*Hirlinger v. WP Co. LLC*,
   No. 23-CV-05963-AMO, 2024 WL 2941630 (N.D. Cal. June 10, 2024) ............................... 2

*Jackson v. Carey*,
   353 F.3d 750 (9th Cir. 2003)............................................................................................... 10

*Jones v. Greninger*,
   188 F.3d 322 (5th Cir. 1999)............................................................................................... 10

ii

CIQ DEFENDANTS' AND OPEN DRIVES' DEFENDANTS REPLY ISO
MOTION TO DISMISS AND TO STRIKE THE SAC
CASE NO. 5:23-cv-00849-SVK

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) ............................................................................ 10

*Leftenant v. Blackmon*,
  No. 18-CV-01948-EJY, 2023 WL 5612501 (D. Nev. Aug. 29, 2023) .................... 5

*Muhmoud v. City of San Jose*,
  No. 20-CV-08808-EJD, 2024 WL 2883509 (N.D. Cal. June 6, 2024) .................... 5

*Scheuer v. Rhodes*,
  416 U.S. 232 (1974) ........................................................................................ 10

*Tutor v. Zwirn*,
  No. CV 10–6867 DSF, 2010 WL 11553171 (C.D. Cal. Dec. 22, 2010) ............ 5, 11

*Van Buren v. United States*,
  593 U.S. 374 (2021) ....................................................................................... 8, 9

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ............................................................................ 12

**Statutes**

18 U.S.C. § 1030 ...................................................................................... *passim*

42 U.S.C. § 1983 .............................................................................................. 10

**Other Authorities**

Fed. R. Civ. P. 1 .............................................................................................. 12

Fed. R. Civ. P. 8 ........................................................................................... 9, 11

Fed. R. Civ. P. 9 ...................................................................................... 1, 3, 4, 12

Fed. R. Civ. P. 11 ............................................................................................ 10

Fed. R. Civ. P. 12 ................................................................................... *passim*

iii

CIQ DEFENDANTS' AND OPEN DRIVES' DEFENDANTS REPLY ISO
MOTION TO DISMISS AND TO STRIKE THE SAC
CASE NO. 5:23-cv-00849-SVK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Much like its Second Amended Complaint (Dkt. No. 82, "SAC"), Sylabs' Opposition (Dkt. No. 85, "Opp.") consists of pages of text but little substance.  As it has done in the past,[1] Sylabs wholly ignores or gives short shrift to several of the dispositive arguments that Defendants raised in its Motion to Dismiss and Strike (Dkt. No. 84, "Mot.").  Sylabs fails to address, and therefore concedes, the following arguments by Defendants:

- The CFAA claims fail as to Ms. Fong, Open Drives, Mr. Buss, Mr. Prager, Ms. Kurtzer, and Mr. Adolph to the extent the claims are predicated on the alleged misappropriation of trade secrets by these Defendants;

- The § 1030(a)(4) claim does not meet Rule 9's heightened pleading standard;

- The § 1030(b) claim falls with the § 1030(a)(4) and (5) claims;

- The SAC fails to allege facts that satisfy the "transmission" or "loss" elements of §§ 1030(a)(4) or (5)(A)-(C) claims; and

- The Court should strike immaterial and impertinent allegations pursuant to Rule 12(f).

Sylabs' Opposition otherwise presents no basis to allow the CFAA claims to proceed, as it fails to identify allegations that the claims are timely.  And Sylabs' contention that allegations and portions of claims that the Court previously dismissed should be addressed via motions *in limine* or limiting jury instructions is nonsensical and unsupported by case law.

The Court has entertained Sylabs' attempt to litigate unfounded claims long enough.  It is clear from the SAC and Sylabs' Opposition that the CFAA claim, and any future amendments thereto, serve no purpose but to harass Defendants by forcing them to expend significant time and expense fighting claims that Sylabs knows lack merit.  The Court should therefore dismiss the CFAA claims without leave to amend, and strike all immaterial and impertinent allegations.

---

[1] Sylabs also flouts the Court's two admonishments by again citing outdated case law.  *See* Dkt. No. 80 at 19-20.  The Court should not entertain Sylabs' arguments premised on these cases, particularly where Sylabs has repeatedly and blatantly ignored the Court's Orders and shown an inability to follow the Local Rules.

1

1

2   **II.   ARGUMENT[2]**

3        **A.   The Court Should Dismiss the CUTSA and DTSA Claims Premised upon**
             **Unspecified "Corporate Assets" and "Sylabs' Data."**

4        Sylabs' trade secret claims should be dismissed for at least two reasons.  First, by alleging

5   that Defendants misappropriated Sylabs' "Corporate Assets" and "Data," Sylabs improperly

6   attempts to expand the scope of the Court's Order dismissing the trade secret claims in part.

7   Second, the SAC fails to plead facts showing that "Corporate Assets" and "Data" constitute trade

8   secrets.

9        The Court's Order was clear:  The Court dismissed the trade secret claims "to the extent

10  [they were] based on misappropriation of [Sylabs'] other trade secrets[,]" that is, SingularityPRO

11  and Singularity Enterprise.  Dkt. No. 80 at 9.  The Court further stated that "[i]n its amended

12  pleading, Sylabs <u>may not add new claims or parties</u> without first obtaining leave from the Court to

13  amend its pleading in those specific respects."  Dkt. No. 80 at 18 (emphasis in the original).  Sylabs'

14  attempt to assert its "Corporate Assets" and "Sylabs' Data" as trade secrets violates the Court's

15  Order because it purports to add new claims of trade secret misappropriation.  *See* Mot. at 4.

16       Sylabs' argument that the SAC does not add trade secrets ignores the plain language of the

17  SAC.  The SAC clearly alleges "misappropriation of Sylabs' Trade Secrets and Sylabs' Corporate

18  Assets[.]"   SAC  ¶¶ 26-32, 35, 134-35, 137, 141, 145, 149, 153; *id.*  ¶¶ 172-77 (alleging

19  "misappropriation of Sylabs' Data, . . . Corporate Assets, and Corporate Secrets").  And Sylabs

20  cannot re-write the SAC by amending the definition of "Trade Secrets" in its Opposition.

21  "'Statements made in an opposition brief cannot amend the complaint.'"  *Hirlinger v. WP Co. LLC*,

22  No. 23-CV-05963-AMO, 2024 WL 2941630, at *6 (N.D. Cal. June 10, 2024) (quoting *Rodriguez*

23  *v. Kwok*, No. C 13-04976 SI, 2014 WL 889570, at *6 (N.D. Cal. Mar. 3, 2014)).

24       Sylabs' argument that the improper assertion of "Corporate Assets" and "Data" should be

25  addressed through motions *in limine* or a limiting jury instruction (Opp. at 12) is absurd.  Not only

26

27  _____

    [2] The SAC contains two paragraph 12s and two paragraph 13s.  SAC at 4:18-5:20.  Citations to the
28  paragraphs of the SAC in Defendants' Motion and this Reply are as they appear in the SAC.  In
    other words, Defendants did not re-number the paragraphs.

1    are they not the proper mechanisms to dispose of claims that violate the Court's Order, but

2    Defendants should not be forced to incur the significant time and expense of discovery on claims

3    that Sylabs never should have asserted in the first place.

4        **B.    The Court Should Dismiss the CFAA Claims.**

5            Defendants' Motion sets forth numerous reasons why the SAC fails to set forth claims under

6    §§ 1030(a)(2), (a)(4), (a)(5)(A)-(C), and (b). Mot. at 5-15. Sylabs' Opposition offers no arguments

7    to the contrary. Rather than meaningfully address Defendants' arguments or address the CFAA's

8    subsections separately, Sylabs spends much of its Opposition simply regurgitating the SAC's

9    allegations in a stream-of-conscious narrative without explaining how they satisfy the elements of

10   §§ 1030(a)(2), (a)(4), (a)(5)(A)-(C), and (b) claims. *See, e.g.*, Opp. at 14-24. This is insufficient

11   to withstand Defendants' Motion.

12           **1.    Sylabs Ignores, and thus Concedes, Defendants' CFAA Arguments.**

13           As set forth in Defendants' Motion, Sylabs fails to state claims under the CFAA for a

14   number of reasons, including that (1) the claims as to Ms. Fong, Open Drives, Mr. Buss,

15   Mr. Prager, Ms. Kurtzer, and Mr. Adolph fail to the extent they are predicated on the alleged

16   misappropriation of Sylabs' trade secrets, as the Court dismissed the trade secret claims against

17   them; (2) the § 1030(a)(4) claim does not meet Rule 9's heightened pleading standard; (3) there are

18   no allegations that Sylabs suffered a $5,000 loss, as required by §§ 1030(a)(4) and (a)(5)(A)-(C);

19   (4) there are no allegations that Defendants transmitted a program, information, code or command,

20   as required by § 1030(a)(5)(A); (5) there are no allegations that Defendants' conduct exceeded or

21   was without authorization, as required by §§ 1030(a)(2), (a)(4), and (a)(5)(A)-(C); (6) the SAC fails

22   to allege facts that satisfy the "transmission" or "loss" elements of §§ 1030(a)(4) or (5)(A)-(C)

23   claims; and (7) the § 1030(b) claim fails with the § 1030(a)(4) and (5) claims. Mot. at 8-14.

24           Sylabs' Opposition does not address the following arguments:

25       •   The SAC does not state a CFAA claim as to Ms. Fong, Open Drives, Mr. Buss,

26           Mr. Prager, Ms. Kurtzer, and Mr. Adolph to the extent the claims are predicated on

27           the alleged misappropriation of trade secrets by these Defendants;

28

---

3

CIQ Defendants' and Open Drives' Defendants Reply ISO
Motion to Dismiss and to Strike the SAC
Case No. 5:23-cv-00849-SVK

- The § 1030(a)(4) claim does not meet Rule 9's heightened pleading standard;

- The § 1030(b) claim falls with the § 1030(a)(4) and (5) claims; and

- The SAC fails to allege facts that satisfy the "transmission" or "loss" elements of §§ 1030(a)(4) or (5)(A)-(C) claims.

Accordingly, the Court should find that Sylabs has waived them.[3]  *See Cobarrubia v. Edwards*, No. 19-CV-07899-KAW, 2021 WL 4846948, at *3 (N.D. Cal. June 4, 2021) ("[T]he Court properly found that [p]laintiff abandoned or waived her legal argument . . . due to the failure to address the issue in her opposition."); *Henry v. Napa Valley Unified*, No. 16-CV-04021-MEJ, 2016 WL 7157670, at *4 (N.D. Cal. Dec. 8, 2016) ("Typically, failure to address in an opposition arguments raised in an opening motion, as [p]laintiff did here, constitutes waiver or concession of the argument.").

### 2.    The CFAA Claims Are Time-Barred.[4]

Defendants have established that the CFAA's two-year statute of limitations bars Sylabs' CFAA claims, and explains why the allegation that Sylabs did not discover the alleged violation— which allegedly took place on March 23, 2020 (SAC ¶ 123)—until April 6, 2021 does not toll the limitations period. Mot. at 5-7.  Simply put, there are no allegations that plausibly explain why Sylabs could not discover that Fuzzball had been released to open source when it occurred on March 23, 2020, and why the publication of CIQ's patent application triggered an investigation into Defendants' alleged wrongdoing whereas Fuzzball's release to open source. *Id.* at 7.

Sylabs does little to address the substance of Defendants' arguments.  Instead, Sylabs' Opposition largely rests on incorrect procedural arguments and a recitation of the SAC's allegations

---

[3] Sylabs has repeatedly chosen to not to address arguments that Defendants raised in their motions to dismiss. *See* Dkt. No. 53-3 (noting Sylabs' failure to address arguments as to why Sylabs' UCL claim should be dismissed); Dkt. No. 78 at 1-2 (identifying 8 arguments from Defendants' motion to dismiss the first amended complaint that Sylabs ignored in its opposition).

[4] The IAG Investors filed their own motion to dismiss that also argued that the CFAA claims are time-barred. Dkt. No. 83 at 8-10.  However, Sylabs dedicates much of its Opposition explaining why its CFAA claims against the IAG Investors are not time-barred. Opp. at 18-19.  Defendants do not address those arguments in the instant Reply, but join the IAG Investors in their reply on this issue. Dkt. No. 87, § II(A)(3).

1    with no rebuttal to Defendants' arguments as to why they are deficient.  Opp. at 10-11, 14-24.  Both

2    of these strategies are insufficient.

3                    **a.      Defendants May Raise Arguments that the Court Did Not**
                              **Reach in its Prior Orders.**

4

5            Sylabs wrongly implies that Defendants' statute-of-limitations arguments fail because

6    "Defendants made the same arguments in their motions to dismiss the original complaint and the

7    first amended complaint."  Opp. at 10 (citations omitted).  But as Defendants pointed out in their

8    previous reply (Dkt. No. 78 at 2-3), the fact that the Court did not reach certain arguments when

9    Defendants raised them in connection with their first motion to dismiss does not amount to a finding

10   that Sylabs sufficiently pleaded such facts in its Complaint.  Nor does the Court's decision not to

11   address certain arguments constitute a rejection of such arguments.

12           Courts "have no obligation to explicitly address each and every one of the arguments made

13   by the parties[.]"  *Leftenant v. Blackmon*, No. 18-CV-01948-EJY, 2023 WL 5612501, at *1 n.2 (D.

14   Nev. Aug. 29, 2023).  And courts in this District have found that they are not precluded from

15   considering arguments that parties previously raised, but were not reached in prior orders.

16   *Muhmoud v. City of San Jose*, No. 20-CV-08808-EJD, 2024 WL 2883509, at *5 (N.D. Cal. June 6,

17   2024) ("Plaintiff contends that the . . . [d]efendants are precluded from challenging standing under

18   the 'law of the case' doctrine because the 'Court declined to dismiss [plaintiff's] claim for equal

19   protection under the California Constitution, which the Court acknowledged seeks injunctive

20   relief.' . . . As an initial matter, the Court's prior Order did not reach [defendants'] arguments on

21   this issue.  Nevertheless, the Court is not now precluded from considering it.") (citation omitted).

22           The Court may now consider the arguments that Defendants raised in its prior motions to

23   dismiss.  Moreover, Sylabs has been on notice of Defendants' arguments since August 28, 2023,

24   when Defendants first moved to dismiss the Complaint.  *See* Dkt. No. 38-3.  Yet Sylabs has

25   repeatedly refused to amend the Complaint to address Defendants' prior arguments regarding the

26   CFAA claim, even though "an amended complaint should also address the other valid arguments

27   raised but not addressed explicitly in [the Court's] order."  *Tutor v. Zwirn*, No. CV 10–6867 DSF

28

                                                         5

1   (AJWx), 2010 WL 11553171, at *7 n.7 (C.D. Cal. Dec. 22, 2010).  Its failure to do so confirms that

2   a further opportunity to amend would be futile

3          **b.     Sylabs Fails to Identify Allegations Showing that the CFAA**
               **Claim Is Timely.**

4

5          Sylabs also does not address the allegations in the SAC that Defendants cited which plainly

6   show that the conduct at issue occurred prior to February 24, 2021, that is, more than two years

7   before Sylabs initiated this lawsuit on February 24, 2023.  Mot. at 6-7 (citing SAC ¶¶ 107, 122-23,

8   142, 144, 217, 219-26, 231).  Sylabs instead relies on the allegation that it did not discover the

9   alleged CFAA violation until April 6, 2021.  But Sylabs' Opposition—like its SAC—does not

10  explain why it was unaware of Fuzzball's release to open source on March 23, 2020, why Sylabs

11  was unable to discover the release at that time, or why Fuzzball's release did not trigger an

12  investigation into the alleged misconduct but the publication of CIQ's patent application did.  *See*

13  Mot. at 7.  Sylabs' failure to rebut these arguments amounts to waiver.  *See Allen v. Dollar Tree*

14  *Stores, Inc.*, 475 F. App'x 159, 159 (9th Cir. 2012) (waiver occurs where a plaintiff's "opposition

15  to the motion to dismiss fail[s] to respond to [the defendant's] argument"); *Abid v. Google LLC*,

16  No. 18-CV-00981-MEJ, 2018 WL 1784085, at *5 (N.D. Cal. Apr. 13, 2018) ("Because Plaintiff's

17  Opposition does not respond to [Defendant's] arguments regarding this claim, Plaintiff concedes

18  this issue.") (citation omitted).

19         The Court should thus find the CFAA claims are time-barred.  Furthermore, Sylabs has had

20  three opportunities to allege facts showing why the statute of limitations should be tolled and has

21  failed to do so.  Sylabs makes no effort to explain how this defect could be cured in a third amended

22  complaint.  The Court should dismiss the CFAA claim <u>without</u> leave to amend.

23          **3.     The Court Should Dismiss the CFAA Claims against Ms. Fong, Open**
               **Drives, Mr. Buss, Mr. Prager, Ms. Kurtzer, and Mr. Adolph.**

24

25         Sylabs' Opposition confirms that the sole basis for the CFAA claims against Ms. Fong,

26  Open Drives, Mr. Buss, Mr. Prager, Ms. Kurtzer, and Mr. Adolph is trade secret misappropriation.

27  Opp. at 23 ("As alleged in Section VIII of the SAC, during the time frame January 2, 2020, through

28

CIQ DEFENDANTS' AND OPEN DRIVES' DEFENDANTS REPLY ISO
MOTION TO DISMISS AND TO STRIKE THE SAC
CASE NO. 5:23-cv-00849-SVK

the present, Defendants G. Kurtzer, J. Kurtzer, Adolph, Hayden, Fong, CIQ, Open Drives, Buss, Prager, Whitley, IAG Fund II, and IAG Capital Holdings II have ***stolen, used and/or disclosed, and continue to use and disclose Sylabs' Trade Secrets***, without Sylabs' consent or permission, to benefit themselves in violation of CFAA, 18 USC § 1030(a)(5)(A)-(C).") (emphasis added); *see id.* at 24 (same).  But the Court dismissed the trade secret claims against Ms. Fong, Open Drives, Mr. Buss, Mr. Prager, Ms. Kurtzer, and Mr. Adolph, so the CFAA claim cannot proceed on this basis as to them.  Moreover, "'the plain language of the CFAA targets the unauthorized procurement or alteration of information, not its misuse or misappropriation.'"  *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 128-29 (N.D. Cal. 2020) (quoting *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012) (en banc)) (cleaned up).  Any alleged misappropriation of trade secrets cannot form the basis of a CFAA claim.

     **4.**       **The SAC Does Not Allege a "Loss" Required to State Claims under §§ 1030(a)(4) and (a)(5)(A)-(C).**

As set forth in Defendants' Motion, Sylabs has not alleged facts sufficient to establish that it suffered a "loss" of $5,000 or more, as required by §§ 1030(a)(4) and (a)(5)(A)-(C).  Mot. at 8-10.  Sylabs' Opposition fails to show otherwise.  In fact, Sylabs does not even address Defendants' arguments that it alleges a litany of expenses that are unrecoverable under the CFAA, including legal expenses and other expenses that Sylabs fails to connect to the alleged technological harms.  Mot. at 8-10.  Sylabs also entirely ignores Defendants' arguments that paragraph 237 of the SAC— which asserts a litany of costs that are not recoverable under the CFAA, and does not parse out the amount of items that potentially could be recoverable—is insufficient to establish that Sylabs has lost $5,000 or more.  These allegations therefore fail to salvage the claim.  Mot. at 9-10.

Sylabs solely relies on the Tarbell Declaration to contend that it properly alleged the loss element.  Opp. at 20-22.  But while the Tarbell Declaration purports to identify the "harms" that Sylabs allegedly suffered, it says nothing about how much loss those "harms" caused Sylabs to incur, let alone a "loss" of $5,000.  Sylabs thus fails to show that the SAC alleges this element of its §§ 1030(a)(4) and (a)(5)(A)-(C) claims.

7

1
2

**5.      There Are No Allegations that Defendants Exceeded or Acted Without Authorization.**

3

4

5

6

7

8

The §§ 1030(a)(2), (a)(4), and (a)(5)(A)-(C) claims fail because the SAC does not allege that Defendants' access to Sylabs' server exceeded or was without authorization. Mot. at 11-14. Contrary to Sylabs' assertion, the NDAs do not establish that these Defendants did so in violation of the CFAA. Opp. at 21. Moreover, Sylabs' theory that Defendants used their authorized access to Sylabs' servers and computers for an improper purpose has been rejected by *Van Buren v. United States*, 593 U.S. 374 (2021).

9

10

11

12

13

14

**First,** the NDAs apply only as to Mr. Hayden, Ms. Fong, Mr. Adolph, and Open Drives. *See* Dkt. Nos. 82-12 (Hayden), 82-13 (Fong), 82-14 (Adolph), 82-15 (Open Drives). Sylabs does not allege that Mr. Kurtzer signed an NDA with Sylabs. Although Sylabs cites Dkt. No. 82-11 (Opp. at 21), this document is titled "Assignment of IP and Other Assets" and is not an NDA. And Sylabs does not attach or otherwise identify any NDA between Sylabs and Ms. Kurtzer, Mr. Prager, or Mr. Buss.

15

16

17

18

19

20

21

22

**Second,** the NDAs concern the dissemination of Sylabs' confidential information, not access to Sylabs' computers and servers. *See, e.g.*, Dkt. No. 82-12 at 2 ("Employee agrees at all times during the period of employment, and at all times thereafter, to hold Confidential Information in strictest confidence . . . Employee will not disclose Confidential Information to any third party without written authorization of an officer of Company."). Sylabs does not identify any portion of the NDAs that concern the scope of access to Sylabs' computers or servers. The NDAs are thus irrelevant, and do not satisfy the "exceeds authorized access" or "without authorized access" elements of the §§ 1030(a)(2), (a)(4), and (a)(5)(A)-(C) claims.

23

24

25

26

27

**Third,** *Van Buren* rejected Sylabs' theory that Defendants' conduct "exceeds authorized access." Sylabs does not argue that Defendants were not authorized to access Sylabs' servers or computer while they were Sylabs employees. Instead, Sylabs argues that Defendants used their authorized access for improper purposes. *See* Opp. at 21 ("Defendants' access to Sylabs' Computer Systems and Data for the purpose of deleting and trashing Sylabs' Computer Systems and

28

8

CIQ DEFENDANTS' AND OPEN DRIVES' DEFENDANTS REPLY ISO
MOTION TO DISMISS AND TO STRIKE THE SAC
CASE NO. 5:23-cv-00849-SVK

Data . . .") (emphasis omitted).  But the *Van Buren* Court expressly held that this type of access does not fall within the scope of the CFAA.  593 U.S. at 396 (defendant "did not 'excee[d] authorized access' to the database, . . . even though he obtained information from the database for an improper purpose," because he had technical authorization to "use the system to retrieve license-plate information.").

Accordingly, the Court should dismiss the §§ 1030(a)(2), (a)(4), and (a)(5)(A)-(C) claims.

**6.     The SAC Does Not Allege a "Transmission" and thus Does Not State a § 1030(a)(5)(A) Claim.**

Sylabs' Opposition confirms that the § 1030(a)(5)(A) claim fails because it does not allege a "transmission of a program, information, code, or command[.]"  18 U.S.C. § 1030(a)(5)(A). Sylabs identifies allegations and portions of the Declaration of Christopher Tarbell (Dkt. No. 82-3, "Tarbell Decl.") that relate to access to folders or files that were allegedly downloaded, trashed, deleted, or renamed; user permissions; and identities and email addresses used to access Sylabs' computers.  Opp. at 19.  But Sylabs points to no case law explaining how this is a "transmission" within the meaning of the statute.

**C.     Sylabs Is Not Entitled to Discovery.**

Sylabs' assertion that it should be afforded the opportunity to obtain discovery (Opp. at 6-8) is unwarranted given its failure to meet Rule 8's pleading requirements.  "[R]ule [12(b)(6)] is designed 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery,' the cost of which can be 'prohibitive.'"  *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *Arledge v. Boise City Att'y*, No. 22-35358, 2023 WL 4994529, at *1 (9th Cir. Aug. 4, 2023) (noting that "[t]he purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery" and holding that the "district court did not err in dismissing [the plaintiff's] action without allowing him to engage in

1    discovery.") (cleaned up).  Sylabs cannot assert allegations that lack a Rule 11 basis, and use them

2    as an excuse to seek discovery to shore up its claims.

3         Like it did in its earlier opposition briefs, Sylabs improperly relies on pre-*Iqbal/Twombly*

4    case law to assert that the case should be permitted to proceed to discovery.  The Court previously

5    admonished Sylabs for presenting such case law in prior oppositions, stating that such conduct was

6    sanctionable:

> In the Prior Order, the Court observed that Sylabs "direct[ed] the Court to apply the
> *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard" in resolving
> Defendants motions to dismiss and explained that "[t]he Supreme Court expressly
> abrogated that standard in Twombly."  *See* Prior Order at 6 n.6 (citation omitted).
> Despite this explanation, Sylabs again insists that the "no set of facts" standard
> applies.  *See* Dkt. 73 at 5.  Counsel may not knowingly present to the Court false or
> inaccurate propositions of law.  *See* Fed. R. Civ. P. 11(b)(2).  Such conduct is
> particularly egregious here, given (1) that the Court expressly raised the issue in the
> Prior Order and (2) the prevalence of the superseding *Twombly-Iqbal* standard.  The
> Court will consider appropriate consequences (including issuing sanctions) if Sylabs
> continues to misrepresent the law.

14   Dkt. No. 80 at 19-20.  Ignoring this admonition, Sylabs' Opposition quotes verbatim that same

15   abrogated case law.  *Compare* Opp. at 7-8 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.

16   1999); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003); *Austin v. Terhune*, 367 F.3d 1167,

17   1171 (9th Cir. 2004); *with* Dkt. No. 73 at 1, 5 (same) *and* Dkt. No. 76 at 1-2 (same); *see also In re*

18   *Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007) (recognizing *Twombly*

19   abrogated the *Conley* standard articulated in *Jones*); *Jackson*, 353 F.3d at 755 (relying on *Scheuer*

20   *v. Rhodes*, 416 U.S. 232, 236 (1974), which in turn relied on *Conley*).

21        Moreover, none of Sylabs' pre-*Iqbal/Twombly* cases support Sylabs' position.  *See* Opp.

22   at 7-8.  In *Jones*, the Fifth Circuit explained that "[t]he court may dismiss a claim when it is clear

23   that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief[,]"

24   and *affirmed* the district court's dismissal of the complaint with prejudice.  188 F.3d at 324.  And

25   *Austin* was an appeal taken from a grant of summary judgment—not a ruling on a Rule 12(b)(6)

26   motion.  367 F.3d at 1169 ("[Plaintiff] appeals *pro se* the district court's summary judgment

27   dismissing his claims under 42 U.S.C. § 1983 and state law.").  None of these cases justify allowing

28

CIQ DEFENDANTS' AND OPEN DRIVES' DEFENDANTS REPLY ISO
MOTION TO DISMISS AND TO STRIKE THE SAC
CASE NO. 5:23-cv-00849-SVK

Sylabs to take discovery when it cannot meet Rule 8's pleading requirements.

**D.     The Court Should Dismiss the SAC Without Leave to Amend.**

Although Sylabs requests leave to amend or dismissal without prejudice, Sylabs fails to identify what it could allege at this stage that it was unable to plead in its initial, First Amended, or Second Amended Complaints.  Sylabs has had three opportunities to plead its claims, and the Court has afforded Sylabs with the appropriate "due process" to which it contends it is entitled.  Opp. at 14.

Sylabs also made a strategic decision not to address in the SAC the arguments that Defendants raised in its motions to dismiss the initial and First Amended Complaints.  *See, e.g.*, *Tutor*, 2010 WL 11553171, at *7 n.7.  Defendants should not be forced to endure another round of briefing because Sylabs chose not to assess its allegations under the correct pleading standard.

As the Court previously concluded, "(1) Sylabs simply cannot state most of these claims, (2) it may be acting in bad faith and (3) further leave to amend would be futile and would unduly prejudice Defendants."  Dkt. No. 80 at 17.  It should find the same again here.  However, should Sylabs be permitted yet another attempt to amend its claims, Defendants reserve the right to seek sanctions against Sylabs for reasserting claims that clearly lack any factual basis, and asserting legal arguments that the Court repeatedly rejected.

**E.     The Court Should Grant the Motion to Strike.**

Defendants' Motion identifies specific paragraphs and headers, and provides detailed reasons explains why they should be stricken as immaterial and impertinent pursuant to Rule 12(f).  Mot. at 15-21 (moving to strike SAC ¶¶ 6-13, 27-28, 30-32, 34, 37, 48, 50-58, 80, 83, 89, 98, 100, 102, 115, 135-36, 141, 145, 149, 153, 158-59, 161-62, 165-68, 170-77, 184, 217, 230, 243-44, 246, 249, 251-52, 254-59, 265-66; SAC at 38:13-14, 41:5-6, 42:8-9, 43:15-16, 44:22-23; SAC Exs. 50-52).  Sylabs wholly fails to address, and thus waives, these arguments.  *See Allen*, 475 F. App'x at 159; *Abid*, 2018 WL 1784085, at *5.

Sylabs instead asserts that "the Court should require Defendants to demonstrate how each paragraph of the SAC they seek to strike causes them prejudice."  Opp. at 25.  This ignores the

1    well-established case law holding that prejudice is not required in order to grant a motion to strike.

2    Mot. at 16 (citing *Lamar v. Merlin Ents. Grp. U.S. Holdings Inc.*, No. 20cv01049 JAH-MSB, 2023

3    WL 5811847, at *3 (S.D. Cal. Sept. 6, 2023) ("Rule 12(f) does not require a showing of prejudice

4    and no Ninth Circuit authority requires a showing of prejudice to prevail on a Rule 12(f) motion.");

5    *see also Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (AHG), 2024 WL 171387, at *4

6    (S.D. Cal. Jan. 16, 2024) ("The plain language of Rule 12(f) does not require a moving party to

7    show prejudice, and no published Ninth Circuit authority requires a showing of prejudice to strike

8    affirmative defenses. . . . Moreover, in the related context of Federal Rule of Civil Procedure 9(b),

9    the Ninth Circuit has rejected courts' attempts to add new requirements—mentioned nowhere in

10   the text of the Rule—simply because they like the effects of doing so.") (cleaned up); *GS Holistic,*

11   *LLC v. Crows Landing Smoke Shop Inc.*, No. 22-CV-1454 JLT SAB, 2023 WL 2815746, at *3

12   (E.D. Cal. Apr. 6, 2023) ("[I]n an unpublished opinion, the Ninth Circuit rejected the argument that

13   a moving party should be required to demonstrate prejudice to strike redundant material, observing

14   'Rule 12(f) says nothing about a showing of prejudice.'") (quoting *Atl. Richfield Co. v. Ramirez*,

15   1999 WL 273241, at *2 (9th Cir. 1999)).

16        Sylabs' argument also ignores the fact that Defendants will suffer prejudice by being forced

17   to expend significant time and expense responding to, and engaging in discovery on, allegations

18   that are "redundant, immaterial, [or] impertinent" to the claims at issue.  *See Hernandez v. Dutch*

19   *Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013) ("In many

20   cases, the obligation to conduct expensive and potentially unnecessary and irrelevant discovery is

21   a prejudice."); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("The

22   function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

23   from litigating spurious issues by dispensing with those issues prior to trial.") (cleaned up); *see also*

24   Fed. R. Civ. P. 1 (requiring "the court and the parties to secure the just, speedy, and inexpensive

25   determination of every action and proceeding.").

26

27

28

1    And, contrary to Sylabs' assertion (Opp. at 25), Defendants' Rule 12(f) motion to strike

2    allegations is also not an "evidentiary concern[]" that can be addressed through motions *in limine*

3    or through limiting jury instructions.

4    **III.    CONCLUSION**

5    Sylabs' Opposition confirms that it has no basis to assert the two newly-added trade secret

6    claims, its CFAA claims, and the sheer number of immaterial and impertinent allegations shows

7    that Sylabs is maintaining this lawsuit for no purpose but to harass Defendants.  Accordingly, the

8    Court should grant Defendants' Motion.

9

10   Dated: June 24, 2024                          GOODWIN PROCTER LLP

11

12                                                 By: */s/ Neel Chatterjee*
                                                   Neel Chatterjee
13                                                 *NChatterjee@goodwinlaw.com*
                                                   Jennifer Briggs Fisher
14                                                 *JFisher@goodwinlaw.com*
                                                   Elizabeth J. Low
15                                                 *ELow@goodwinlaw.com*
                                                   David Serati
16                                                 *DSerati@goodwinlaw.com*

17                                                 Attorneys for Defendants
                                                   CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE
18                                                 a/k/a GREGORY M. KURTZER; JULIA
                                                   ROSE a/k/a JULIA KURTZER; ROBERT
19                                                 ADOLPH; MATTHEW HAYDEN; ERIN
                                                   FONG; OPEN DRIVES, INC.; DAVID BUSS;
20                                                 and MARLIN PRAGER

21

22

23

24

25

26

27

28
                                         13

1

2        <u>**CERTIFICATE OF SERVICE**</u>

3        I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

4   United States District Court for the Northern District of California by using the CM/ECF system

5   on June 24, 2024.  I further certify that all participants in the case are registered CM/ECF users and

6   that service will be accomplished by the CM/ECF system.

7        I certify under penalty of perjury that the foregoing is true and correct.  Executed on

8   June 24, 2024.

9

10                                      /s/ *Neel Chatterjee*
                                      Neel Chatterjee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIQ Defendants' and Open Drives' Defendants Reply ISO
Motion to Dismiss and to Strike the SAC
Case No. 5:23-cv-00849-SVK