UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLABS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY ROSE, et al.,<br><br>    Defendants. | Case No.  23-cv-00849-SVK<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 83-84 |

Defendants allegedly accessed, destroyed or otherwise misappropriated documents on Plaintiff Sylabs, Inc.'s ("Sylabs") servers without authorization.  Sylabs now sues Defendants for trade-secret misappropriation and violation of the Computer Fraud and Abuse Act (the "CFAA"), and Defendants move to dismiss and strike certain allegations from the second amended complaint (the "SAC" at Dkt. 82).  *See* Dkts. 83-84 (the "Motions").  All necessary parties—Sylabs and named Defendants—have consented to the jurisdiction of a magistrate judge.[1]  *See* Dkts. 20, 42, 65.  The Court has determined that the Motions are suitable for resolution without oral argument.  *See* Civil Local Rule 7-1(b).  After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **DISMISSES** the CFAA claim **WITHOUT LEAVE TO AMEND** and **DENIES** the request to strike **WITHOUT PREJUDICE**.

///

///

---

[1] Sylabs also sued 50 Doe defendants.  *See* SAC ¶ 36.  These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction.  *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

## I. BACKGROUND

### A. Factual History

The following discussion of background facts is based on the allegations contained in the SAC, the truth of which the Court accepts for purposes of resolving the Motions. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). The core of Sylabs' allegations remains unchanged from its prior complaints. *See* Dkts. 59 at 1-4, 80 at 2. In brief, Sylabs created five technologies for the high-performance-computing industry. *See* SAC ¶¶ 48-80. Wanting to fast-track their own company in the industry, several Defendants who were then employed by Sylabs resigned, took Sylabs' non-public information from its servers, founded Defendant CTRL IQ, Inc. d/b/a/ CIQ ("CIQ"), as a competitor company and patented technologies based on the information they had obtained from Sylabs. *See id.* ¶¶ 92-155. Remaining Defendants invested in CIQ. *See id.* ¶¶ 31-34. Sylabs subsequently commenced this action to recover for the harm it suffered as a result of Defendants' acts.

### B. Procedural History

In its initial complaint, Sylabs asserted 11 causes of action, including trade-secret-misappropriation and CFAA claims. *See* Dkt. 1 ¶¶ 208-359. Upon Defendants' motions to dismiss, the Court dismissed all of those claims with leave to amend. *See* Dkt. 59. With respect to the CFAA claim, the Court explained that Sylabs did not allege that it suffered any technological harm. *See id.* at 12. In its first amended complaint, Sylabs pursued 21 causes of action, including amended trade-secret-misappropriation and CFAA claims. *See* Dkt. 61 ¶¶ 404-772. Defendants again moved to dismiss, and the Court dismissed all of Sylabs' claims except for the trade-secret-misappropriation claims. *See* Dkt. 80. With respect to the misappropriation claims, the Court narrowed the claims to cover only, *inter alia*, misappropriation of three specifically alleged trade secrets. *See id.* at 6-9. With respect to the CFAA claim, the Court explained that Sylabs did not identify the specific provisions of the CFAA that Defendants allegedly violated. *See id.* at 10. In the SAC, Sylabs now brings just three claims—two trade-secret-misappropriation claims and one CFAA claim. *See* SAC ¶¶ 156-266.

///

## II. THE COURT WILL DISMISS THE CFAA CLAIM WITHOUT LEAVE TO AMEND

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor. *See Boquist*, 32 F.4th at 773. However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (citation omitted).

### B. Discussion

Defendants primarily request that the Court dismiss the CFAA claim. One tranche of Defendants also believes that Sylabs attempts to pursue trade-secret-misappropriation claims in the SAC that go beyond what the Court permitted in its most-recent dismissal order, and those Defendants seek to narrow the misappropriation claims accordingly.

///

///

///

### 1. The CFAA Claim Fails Because Sylabs Does Not Sufficiently Allege That It Suffered The Requisite Loss

The CFAA "is primarily a criminal statute." *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1134 (9th Cir. 2009). The statute does, however, create a private right of action for conduct that "involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." *See* 18 U.S.C. § 1030(g). Of those five subclauses, Sylabs could possibly satisfy the requirements of only subclause (I), and it does not argue otherwise.[2] Under subclause (I), a plaintiff must show that a defendant's CFAA violation caused "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." *See id.* § 1030(c)(4)(A)(i)(I). Thus, for its CFAA claim to survive dismissal, Sylabs must sufficiently allege that it suffered a loss exceeding $5,000 in value in a one-year period caused by Defendants' CFAA violations. *See Brekka*, 581 F.3d at 1131-32. It has not done so.

The CFAA defines loss as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *See* 18 U.S.C. § 1030(e)(11). Such loss is limited to "costs caused by harm to computer data, programs, systems, or information services" and "focus[es] on technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data." *See Van Buren v. United States*, 593 U.S. 374, 391-92 (2021) (citation omitted). "This is a narrow conception of loss," which "clearly limits its focus to harms caused by computer intrusions, not general injuries unrelated to the hacking itself." *See Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1262-63 (9th Cir. 2019) (quotation marks omitted); *see also Van Buren*, 593 U.S. at 391-92 (limiting loss to costs flowing from technological harms "makes sense in a scheme aimed at preventing the typical consequences of hacking" (quotations marks and citation omitted)).

Sylabs enumerates various categories of "costs, wages, and fees incurred" as a result of

---

[2] Defendants raised this exact point in their briefing, and Sylabs did not contest it. *See* Dkt. 83 at 6 n.4.

4

Defendants' alleged CFAA violations (*see* SAC ¶ 237):

- To discover the hacking and harm caused by the hacking.
- To obtain evidence of the hacking and harm caused by the hacking.
- To "assess" the evidence obtained.
- To "conduct forensic analysis" of the evidence obtained.
- To "prepare forensic reports" of the evidence obtained.
- To "remedy" the harm caused by the hacking.
- "[A]ll other costs, wages, and fees incurred" in connection with the hacking.

To the extent these costs concern forensic analysis, they do not fall within the scope of loss. *See, e.g.*, *Lukasian House, LLC v. Ample Int'l, Inc.*, No. 11-cv-06449-JFW, 2012 WL 13009130, at *3 (C.D. Cal. Apr. 20, 2012). The catch-all category also does not qualify because it fails to satisfy the specificity requirement of Rule 12(b)(6) and is essentially conclusory. *See, e.g.*, *Whitaker v. Panama Joes Investors LLC*, 840 F. App'x 961, 964 (9th Cir. 2021) (affirming dismissal of complaint "primarily based on legal conclusions, and [which] lacked the requisite specificity to survive a challenge pursuant to Rule 12(b)(6)" (citations omitted)); *see also, e.g.*, SAC ¶¶ 218-29 (conclusory allegations of loss). The remaining categories arguably constitute loss as costs incurred to respond to and assess the harm caused by the hacking and costs incurred to restore the affected systems and data to their pre-hacking condition. *See* 18 U.S.C. § 1030(e)(11). But again, Sylabs fails to describe these costs with specificity (*e.g.*, how exactly it "remed[ied]" the harm caused by the hacking), fails to explain how these costs aggregate to over $5,000 in value and fails to explain that it incurred these costs within a one-year period. *See, e.g.*, *Brodsky v. Apple Inc.*, No. 19-cv-00712-LHK, 2019 WL 4141936, at *8-9 (N.D. Cal. Aug. 30, 2019) (dismissing CFAA claim based on "conclusory allegation" of loss); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 949 (N.D. Cal. 2014) (granting judgment as a matter of law to the defendants on CFAA claim where the plaintiff's "assessment of loss is entirely speculative because it is devoid of any specific details from which a factfinder could calculate an amount of loss" (quotation marks and citation omitted)).

Sylabs counters that it has sufficiently alleged loss based on Defendants' deletion of files.

*See* Dkts. 85 at 20-21, 86 at 19-20.  But, at best, such deletion constitutes "damage" under the CFAA, not loss, and the statute distinguishes between the two concepts.  *Compare* 18 U.S.C. § 1030(e)(8) (defining damage), *with id.* § 1030(e)(11) (defining loss).  Sylabs also alleges that Defendants' disclosure and use of the misappropriated information violated the CFAA.  *See* SAC ¶¶ 191-216.  But the Court has already held that the CFAA does not permit recovery for such conduct.  *See* Dkt. 59 at 12.  Lastly, Sylabs suggests that because the Court identified just one deficiency with the CFAA claim in its most-recent dismissal order (*see* Dkt. 80 at 10), Sylabs' curing of that deficiency in the SAC should ensure survival of the CFAA claim.  *See* Dkts. 85 at 1-3, 12-14, 86 at 1-3, 12-13.  However, Defendants raised several arguments in their previous motions to dismiss the CFAA claim, including that Sylabs failed to sufficiently allege that it suffered the requisite loss.  *See* Dkts. 40 at 16-17 (first round of dismissal briefing), 67 at 8-11 (second round of dismissal briefing), 68 at 9-13 (same).  The Court simply did not reach—and did not reject—those arguments in either of its prior dismissal orders.[3]  *See* Dkts. 59 at 12, 80 at 10.

The Court will therefore dismiss the CFAA claim.

### 2. Sylabs May Not Amend The CFAA Claim

The Court will not permit Sylabs to amend the CFAA claim because doing so would be futile and would prejudice Defendants.

**Futility.**  The Court has now dismissed the CFAA claim three times as insufficiently pled.  Such repeated dismissal indicates that further amendment of the claim would be futile and therefore counsels against permitting further amendment.  *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2020 WL 6381354, at *7 (N.D. Cal. Oct. 30, 2020) (dismissing claim without leave to amend where, *inter alia*, plaintiff "has already failed multiple times to adequately allege a . . . claim"); *Martin v. CSAA Ins. Exch.*, No. 17-cv-04066-MEJ, 2018 WL 1242069, at *4 (N.D. Cal. Mar. 8, 2018) (denying request for leave to amend where, *inter alia*, "Plaintiffs

---

[3] Indeed, courts need not "explicitly address each and every one of the arguments made by" parties in a motion.  *See Leftenant v. Blackmon*, No. 18-cv-01948-EJY, 2023 WL 5612501, at *1 n.2 (D. Nev. Aug. 29, 2023) (citations omitted).

6

repeatedly failed to cure deficiencies in their pleading"); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (citation omitted)).

Indeed, Sylabs has been on notice of its potential failure to sufficiently allege loss (*i.e.*, the reason for dismissal of the CFAA claim in this Order) since at least as early as Defendants' first attempt to dismiss the claim. *See* Section II.B.1, *supra*. The Court also directed Sylabs' attention to the CFAA's narrow definition of loss in its first dismissal order. *See* Dkt. 59 at 12. It goes without saying that courts expect parties to consider principles of law articulated in prior orders, and this Court also reasonably expects a plaintiff, when amending a complaint, to consider arguments raised by a defendant in seeking dismissal even if the Court never addressed those arguments. *See, e.g.*, *Daniels v. SCME Mortg. Bankers, Inc.*, 680 F. Supp. 2d 1126, 1127 (C.D. Cal. 2010) ("[B]ecause both Defendant's first Motion to Dismiss and this Court's prior Order put Plaintiff on notice of the requirements of TILA and RESPA, the Court GRANTS Defendant's Motion to Dismiss WITH PREJUDICE . . . ."); *see also Tutor v. Zwirn*, No. 10-cv-06867-DSF, 2010 WL 11553171, at *7 n.7 (C.D. Cal. Dec. 22, 2010) ("Although the Court did not need to address every argument raised in order to dispose of these motions [to dismiss], an amended complaint should also address the other valid arguments raised but not addressed explicitly in this order."). Sylabs' failure to account for those legal principles and arguments—twice—suggests that it simply cannot do so, which supports a finding of futility.

**Prejudice.** Like both of its predecessors, the SAC is long—75 pages. Although the shortest of Sylabs' three pleadings, it still inundates Defendants with: (1) near-verbatim repetitions of non-substantive, lengthy phrasing (*see, e.g.*, SAC ¶¶ 192-229); (2) unnecessary summaries of the Court's prior orders (*see, e.g.*, *id.* ¶¶ 9-13, 158-59, 243-44); and (3) allegations bearing only a tangential relationship to the claims asserted (*see, e.g.*, *id.* ¶¶ 37, 39-42, 81, 100-02). Sylabs is certainly free to include these allegations in its pleading, but unnecessarily lengthy pleadings prejudice a defendant.[4] *See, e.g.*, *Cafasso, United States ex rel. v. Gen. Dynamics C4*

---

[4] Unnecessarily lengthy pleadings also overburden the Court.

*Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011); *Cal. Coal. for Fams. & Child. v. San Diego Cnty. Bar Ass'n*, No. 13-cv-01944-CAB, 2014 WL 12662937, at *3-4 (S.D. Cal. July 9, 2014), *aff'd*, 657 F. App'x 675 (9th Cir. 2016).  The Court raised this precise issue in its most-recent dismissal order (*see* Dkt. 80 at 17, 19), but Sylabs has evidently chosen not to heed the Court's concern.  Indeed, it appears that the SAC's shorter length stems not from an attempt to streamline allegations but as a natural consequence of the Court's dismissal without leave to amend of most of Sylabs' previously alleged claims.

Sylabs cites to *Breier v. Northern California Bowling Proprietors' Association*, 316 F.2d 787 (9th Cir. 1963), in arguing that the Court should grant leave to amend the CFAA claim.  *See* Dkts. 85 at 2-3, 14, 25, 86 at 2-3, 13, 24.  But as the Ninth Circuit acknowledged in *Breier*, a court may, as this Court does here, decline to grant leave to amend in light of the "futility of amendment" and "undue prejudice."  *See Breier*, 316 F.2d at 790 (citation omitted).

In sum, the Court will not subject Defendants to the arduous exercise of wading through a verbose pleading in search of the requisite elements of a CFAA claim—elements of which Sylabs has had notice since before it filed its first amended complaint.

### 3. Sylabs Cannot Pursue Trade-Secret-Misappropriation Claims In Excess Of What The Court Permitted In Its Prior Order

One tranche of Defendants seeks dismissal of Sylabs' trade-secret-misappropriation claims to the extent that they are based on misappropriation of Sylabs' "Corporate Assets" or "Data."  *See* Dkt. 84 at 4-5.  However, the Court has already dismissed these claims to the extent that they are based on misappropriation of information outside of three, specific, alleged trade secrets, and the Court did not grant Sylabs leave to amend these claims.  *See* Dkt. 80 at 6-9, 17-18, 20.  Sylabs, therefore, cannot pursue its misappropriation claims based on alleged misappropriation of "Corporate Assets" or "Data."  Accordingly, the Court will not grant Defendants' request to dismiss portions of the CFAA claim because that request is moot—the claims they seek to dismiss are not live.

///

///

### III. THE COURT WILL NOT STRIKE ANY ALLEGATIONS IN THE SAC

#### A. Legal Standard

Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (emphasis added) (citation omitted). Motions to strike are "drastic" and "generally disfavored." *See Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 723 (N.D. Cal. 2024) (citations omitted). Thus, "[i]n most cases, a motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Mason v. Ashbritt, Inc.*, No. 19-cv-01062-DMR, 2020 WL 789570, at *4 (N.D. Cal. Feb. 17, 2020) (quotation marks and citation omitted). "The decision as to whether to strike allegations is a matter within the Court's discretion." *Graves v. Sw. & Pac. Specialty Fin., Inc.*, No. 13-cv-01159-SBA, 2013 WL 5945851, at *2 (N.D. Cal. Nov. 4, 2013) (citation omitted).

#### B. Discussion

Defendants request that the Court strike nine categories of allegations in the SAC under Rule 12(f) as "[i]mmaterial and [i]mpertinent." *See* Dkt. 84 at 15-21. Respectfully, their request is "purely cosmetic" and a "time waster[]." *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. June 2024 update) (citations omitted). Yes, "the complaint is no model of conciseness and clarity" (*Hoffman Motors Corp. v. Alfa Romeo* S.p.A., 244 F. Supp. 70, 81 (S.D.N.Y. 1965)), but the Court will not strike allegations merely because Sylabs submitted a lengthy pleading. Indeed, the allegations in question are at least tangentially related to Sylabs' claims, and striking them would not likely impact Sylabs' prosecution of the case, Defendants' defenses or the scope of discovery.[5]

---

[5] Defendants suggest that Sylabs attempts to revive already dismissed claims through some of the allegations in question. *See* Dkt. 84 at 16-18. Having reviewed the allegations in question, the Court disagrees. In any event, the Court made clear in its prior order which claims have been dismissed and which claims remain (*see* Dkt. 80 at 20), and nothing that Sylabs alleges in the SAC can override that.

9

To address such seemingly inconsequential requests to strike, courts have required movants to demonstrate how declining to strike would prejudice them. *See N.Y.C. Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." (quotation marks and citation omitted)); *see, e.g.*, *Williams v. Exeter Fin. LLC*, No. 19-cv-05862-SVK, 2019 WL 6768317, at *1 (N.D. Cal. Dec. 11, 2019) (denying motion to strike because the movant did not show prejudice, and striking "would not simplify the litigation"). This Court agrees with the propriety of a prejudice requirement and will not strike any allegations in the SAC absent a showing of prejudice.[6]

Defendants conclusorily assert that failing to strike the allegations in question would prejudice them by "forc[ing them] to expend significant time and expense responding to, and engaging in discovery on, allegations that are 'redundant, immaterial, [or] impertinent' to the claims at issue." *See* Dkt. 88 at 12. But if the allegations are as immaterial and impertinent as Defendants insist, it is not clear why Defendants would have to spend <u>any</u> time or expense devoted to evaluating them in discovery, let alone significant time or expense. In any event, the Court

---

[6] District courts in California are split on whether a party must demonstrate prejudice in moving to strike. *Compare Westron v. Zoom Video Commc'ns, Inc.*, No. 22-cv-03147-YGR, 2023 WL 3149262, at *1 (N.D. Cal. Feb. 15, 2023) (requiring a showing of prejudice and encouraging parties not to "over-litigate"), *with Scott Griffith Collaborative Sols., LLC v. Falck N. Cal. Corp.*, No. 19-cv-06104-SBA, 2021 WL 4846935, at *3 (N.D. Cal. June 7, 2021) (declining to announce "strict rule that there must be a showing of prejudice"); *see also* Dkt. 88 at 11-12 (Defendants arguing that they need not demonstrate prejudice under Rule 12(f)). It does not appear that the Ninth Circuit has weighed in on this issue other than in an unpublished opinion where the court rejected the "contention that [it] should require the moving party to demonstrate prejudice in order to justify striking redundant material." *See Atl. Richfield Co. v. Ramirez*, No. 98-56372, 1999 WL 273241, at *2 (9th Cir. May 4, 1999). However, that decision is not binding on this Court (*see Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020)), and, as identified above, district courts sensibly continue to require a showing of prejudice. *See, e.g.*, *Mary Pickford Found. v. Timeline Films, LLC*, No. 12-cv-06070-PSG, 2013 WL 12131550, at *2 (C.D. Cal. Jan. 11, 2013) (declining to follow *Ramirez*); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) ("Moreover, in granting Fantasy's motion to strike, the district court correctly noted that the Zaentz/Argosy allegations created serious risks of prejudice to Fantasy . . . ."), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

requires more than conclusory averments of prejudice. *See, e.g.*, *Hukman v. Terrible Herbst, Inc.*, No. 21-cv-01279-ART, 2024 WL 3276381, at *1 (D. Nev. July 1, 2024) ("A mere conclusion that 'I will be prejudiced' is not enough to support a motion to strike.").

Accordingly, the Court will deny the request to strike without prejudice, and Defendants must seek leave from the Court before filing another request to strike any allegations in the SAC.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the CFAA claim **WITHOUT LEAVE TO AMEND** and **DENIES** the request to strike **WITHOUT PREJUDICE**.  The Parties shall appear for an initial case-management conference on **November 12, 2024**, and shall submit a joint case-management statement by **November 5, 2024**.

**SO ORDERED.**

Dated: September 26, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge