1    NEEL CHATTERJEE (SBN 173985)
     *NChatterjee@goodwinlaw.com*
2    ELIZABETH J. LOW (SBN 308098)
     *ELow@goodwinlaw.com*
3    DAVID SERATI (SBN 329811)
     *DSerati@goodwinlaw.com*
4    **GOODWIN PROCTER LLP**
     601 Marshall Street
5    Redwood City, California 94063
     Tel.: +1 650 752 3100
6    Fax: +1 650 853 1038

7    JENNIFER BRIGGS FISHER (SBN 241321)
     *JFisher@goodwinlaw.com*
8    MICHAELA OGDEN (SBN 324493)
     *MOgden@goodwinlaw.com*
9    **GOODWIN PROCTER LLP**
     Three Embarcadero Center
10   San Francisco, California 94111
     Tel.: +1 415 733 6000
11   Fax: +1 415 677 9041

12   Attorneys for Defendants
     CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE a/k/a
13   GREGORY M. KURTZER; JULIA ROSE a/k/a
     JULIA KURTZER; ROBERT ADOLPH; MATTHEW
14   HAYDEN; ERIN FONG; OPEN DRIVES, INC.;
     DAVID BUSS; and MARLIN PRAGER

15

16                  UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                       SAN JOSE DIVISION

19   SYLABS, INC., a Delaware corporation,        Case No. 5:23-cv-00849-SVK

20                 Plaintiff,                      **DEFENDANTS' ANSWER TO
                                                   PLAINTIFF'S SECOND AMENDED
21         v.                                      COMPLAINT; AFFIRMATIVE
                                                   DEFENSES**
22   GREGORY ROSE a/k/a GREGORY M.
     KURTZER; JULIA ROSE a/k/a JULIA
23   KURTZER; ROBERT ADOLPH; MATTHEW               Courtroom:  6
     HAYDEN; ERIN FONG; CTRL IQ, INC. d/b/a        Judge:      Hon. Susan van Keulen
24   CIQ; OPEN DRIVES, INC.; DAVID BUSS;
     MARLIN PRAGER; JOEL WHITLEY; IAG
25   CAPITAL PARTNERS; and DOES 1 through
     50, inclusive,
26
                   Defendants.
27

28

---

*DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT*
CASE NO. 5:23-cv-00849-SVK

Defendants Gregory Rose a/k/a Gregory M. Kurtzer, Matthew Hayden, and CTRL IQ, INC. d/b/a CIQ (collectively, "Defendants"[1]) hereby answer the Second Amended Complaint (Dkt. 82, "SAC") filed by Plaintiff Sylabs, Inc. ("Sylabs" or "Plaintiff").  Defendants' responses expressly reserve all rights that Defendants have to file dispositive motions addressed to some or all of the claims asserted in the SAC.  Defendants provide this Answer based on a reasonable inquiry and their knowledge to date.  Investigations into the matters that are the subject of the SAC are ongoing. Defendants' responses below follow the numbering of the paragraphs of the SAC, including paragraphs that are mis-numbered.  For the avoidance of doubt, any allegation not expressly admitted herein by Defendants is denied by Defendants.  Furthermore, Defendants are not required to respond to headings, sub-headings, or appendices of the SAC, but, to the extent any response is required, unless otherwise expressly stated, Defendants deny the allegations and characterization of allegations set forth in the headings, sub-headings, and appendices of the SAC.

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants deny the allegations set forth in the first unnumbered paragraph of the SAC.

## I.    JURISDICTION AND VENUE

1.    Paragraph 1 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331.  Defendants furthermore admit the SAC purports to be an action arising under 18 U.S.C. § 1836(b).  Defendants deny that the Court has subject matter jurisdiction under 28 U.S.C. § 1338, as Sylabs does not bring any claims "under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."  28 U.S.C. § 1338(a).  Defendants  deny that this case arises under 18 U.S.C. § 1831 *et seq.*; 18 U.S.C. § 1030; 18 U.S.C. § 1962(c); and 18 U.S.C. § 1962(d), as the Court's May 8, 2024 Order (Dkt. 80) and September 26, 2024 Order Granting Motions to Dismiss and Denying Motion to Strike (Dkt. 90, "September  26, 2024 Order") dismissed the Racketeering Influenced and Corrupt Organizations Act ("RICO") and Computer Fraud and Abuse Act ("CFAA") claims without leave to amend.

---

[1] As defined and used herein, the term "Defendants" includes only Mr. Kurtzer, Mr. Hayden, and CIQ collectively.  It does not include any other defendants named in the Second Amended Complaint who have been dismissed.

2.      Paragraph 2 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Paragraph 3 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny there is complete diversity of citizenship and deny that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Defendants lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 3, and on that basis, deny them.

4.      Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that the Court has personal jurisdiction over them.  Defendants otherwise deny the allegations of Paragraph 4, and expressly deny that Defendants misappropriated any alleged trade secrets.

5.      Paragraph 5 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District.  Defendants otherwise deny the allegations of Paragraph 5, and expressly deny that "Defendants committed the complained of acts."

## II.      PRELIMINARY STATEMENT RE: CURING DEFICIENCIES IDENTIFIED IN THE 2ND MTD ORDER

6.      Paragraph 6 purports "to draw the Court's attention once again to the big picture" and quotes *Callahan v. United States*, 364 U.S. 587, 593-94 (1961), to which no response is required.  To the extent a response is required, Defendants state that Paragraph 6 is improper rhetoric and mischaracterizes Defendants' conduct, and that *Callahan v. United States*, 364 U.S. 587, 593-94 (1961), speaks for itself.  Defendants otherwise deny the allegations of Paragraph 6.

7.      Defendants deny the allegations of Paragraph 7, and expressly deny that Defendants misappropriated any alleged trade secrets.

\\

\\

8.      Paragraph 8 purports to summarize Section II of the SAC, to which no response is required.  To the extent a response is required, Defendants state that Section II of the SAC speaks for itself.  Defendants otherwise deny the allegations of Paragraph 8.[2]

9.      Paragraph 9 purports to summarize the Court's May 8, 2024 Order, to which no response is required.  To the extent a response is required, Defendants state that the Court's May 8, 2024 Order speaks for itself.  Defendants otherwise deny the allegations of Paragraph 9.

10.      Paragraph 10 purports to summarize and quote the Court's May 8, 2024 Order, to which no response is required.  To the extent a response is required, Defendants state that the Court's May 8, 2024 Order speaks for itself.  Defendants otherwise deny the allegations of Paragraph 10.

11.      Paragraph 11 purports to explain how Sylabs will amend Count II (violation of the CFAA).  The CFAA claim has been dismissed from this action without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 11.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 11.

12.      Paragraph 12 purports to summarize the Court's May 8, 2024 Order and explain the amendments in the SAC, to which no response is required. To the extent a response is required, Defendants state that the Court's May 8, 2024 Order speaks for itself.  Defendants otherwise deny the allegations of Paragraph 12.

13.      Paragraph 13 purports to summarize unspecified Court orders and asserts that "in this Complaint Sylabs has provided facts sufficient to cure the pleading deficiencies identified in the 2nd MTD Order so the Court can determine that Sylabs has stated a claim under CFAA (Count II) against."  The CFAA claim has been dismissed from this action without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 13.  To the extent a response is required, Defendants state that the Court's May 8, 2024 Order speaks for itself.  Defendants otherwise deny the allegations of Paragraph 13.

---

[2] Footnote 1 describes Sylabs' citations and purports to allege how Sylabs addresses "the Court's Admonishment in its 2nd MTD Order."  No response is required.  To the extent a response is required, Defendants state that the May 8, 2024 Order speaks for itself.

DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT
CASE NO. 5:23-cv-00849-SVK

1    **III.    PLAINTIFF**

2    12.    Defendants lack sufficient knowledge to form a belief as to the truth of the

3    allegations set forth in Paragraph 12, and on that basis, deny them.[3]

4    **IV.    DEFENDANTS**

5    **DEFENDANTS CIQ, GREG KURTZER, JULI[A] KURTZER, ADOLPH, HAYDEN, AND FONG**

6    13.    Paragraph 13 states a legal conclusion to which no response is required.  To the

7    extent a response is required, Defendants admit that Gregory Kurtzer is an individual and deny that

8    Mr. Kurtzer is a resident of the State of California.  Julia Kurtzer has been dismissed from this

9    action pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as

10   to the allegations set forth in Paragraph 13 related to her.  Defendants otherwise deny the allegations

11   of Paragraph 13, and expressly deny that Mr. Kurtzer committed any wrongful acts in this District

12   and that Sylabs suffered any damages as a result thereof.

13   14.    Robert Adolph has been dismissed from this action pursuant to the Court's

14   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

15   Paragraph 14.  To the extent a response is required, Defendants lack sufficient knowledge to form

16   a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis, deny them.

17   15.    Paragraph 15 states a legal conclusion to which no response is required.  To the

18   extent a response is required, Defendants admit that Matthew Hayden is an individual and resident

19   of California.  Defendants deny that Mr. Hayden resides in the Northern District of California.

20   Defendants otherwise deny the allegations of Paragraph 15, and expressly deny that Mr. Hayden

21   committed any wrongful acts in this District and that Sylabs suffered any damages as a result

22   thereof.

23   16.    Erin Fong has been dismissed from this action pursuant to the Court's September 26,

24   2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 16.

25   To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to

26   the truth of the allegations set forth in Paragraph 16, and on that basis, deny them.

27

28   [3] The SAC mis-numbers this paragraph as paragraph 12.  For the sake of consistency, Defendants have kept the numbering reflected in the SAC.

5

17.    Paragraph 17 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that CIQ is a Delaware corporation and that it was incorporated on or about April 1, 2020.  Defendants furthermore admit that CIQ is registered to do business in the State of California, and that its principal address is 1191 Solano Avenue, Unit 6687, Albany, California, 94706.

**DEFENDANTS OPEN DRIVES, BUSS, AND PRAGER**

18.    Open Drives, Inc. ("Open Drives") has been dismissed from this action pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 18.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 18, and on that basis, deny them.

19.    David Buss has been dismissed from this action pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 19.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 19, and on that basis, deny them.

20.    Marlin Prager has been dismissed from this action pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 20.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 20, and on that basis, deny them.

21.    Open Drives, Mr. Buss, and Mr. Prager have been dismissed pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 21.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 21, and on that basis, deny them.

**IAG ENTITIES AND WHITLEY**

22.    IAG Capital Fund II, LP, and IAG Capital Holdings II, LLC (collectively, the "IAG Entities") (erroneously sued as IAG Fund II, LP a/k/a IAG Capital Partners and IAG Capital Holdings II, LLC a/k/a IAG Capital Partners) have been dismissed from this action pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set

6

forth in Paragraph 22. To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis, deny them.

23.    The IAG Entities have been dismissed pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 23. To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis, deny them.

24.    Joel Whitley has been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 24. To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis, deny them.

25.    The IAG Entities and Mr. Whitley have been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 25. To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis, deny them.

**CO-CONSPIRATORS GREG KURTZER, JULIA KURTZER, ADOLPH, HAYDEN, FONG, BUSS, PRAGER, WHITLEY, CIQ, OPEN DRIVES, AND IAG**

26.    Defendants admit that Mr. Kurtzer is a Founder, the Chief Executive Officer, a director, and a secretary of CIQ. Defendants admit that Mr. Kurtzer is Sylabs' former Chief Executive Officer, a former member of Sylabs' board of directors. Defendants deny that Mr. Kurtzer is currently CIQ's chief financial officer. Defendants also deny the remaining allegations of Paragraph 26, and expressly deny that Mr. Kurtzer misappropriated, or conspired to misappropriate, Sylabs' alleged trade secrets or confidential information.

27.    Ms. Kurtzer has been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 27. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 27.

28.     Mr. Adolph has been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 28. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 28.

29.     Defendants admit that Mr. Hayden is currently CIQ's customer advocate. Defendants admit that Mr. Hayden was a project coordinator for Sylabs. Defendants otherwise deny the remaining allegations of Paragraph 29, and expressly deny that Mr. Hayden misappropriated, or conspired to misappropriate, Sylabs' alleged trade secrets or confidential information.

30.     Ms. Fong has been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 30. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 30.

31.     Mr. Buss has been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 31. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 31.

32.     Mr. Prager has been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 32. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 32.

33.     Mr. Whitley has been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 33. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 33.

34.     The IAG Entities and Open Drives have been dismissed from this action pursuant to the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegations set forth in Paragraph 34. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 34.

35.     Sylabs' Conspiracy and RICO claims have been dismissed from this action pursuant to the Court's May 8, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 35.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 35.

**DOE DEFENDANTS**

36.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 36, and on that basis, deny them.

## V.     PRELIMINARY COMMENT RE: THEFT OF TRADE SECRETS

37.     Paragraph 37 purports to summarize the legislative history of the Defend Trade Secrets Act of 2016 ("DTSA").  Accordingly, no response is required as to the allegations set forth in Paragraph 37.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 37, and on that basis, deny them.

38.     Paragraph 38 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that the SAC purports to arise under the DTSA, 18 U.S.C. § 1831 *et seq.*, and California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* ("CUTSA").  As the CFAA claim has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order, Defendants deny that the SAC arises under 18 U.S.C. § 1030 or that the claims in the SAC are asserted against Ms. Kurtzer, Mr. Adolph, Ms. Fong, Open Drives, Mr. Buss, Mr. Prager, Mr. Whitley, or the IAG Entities, all of whom have been dismissed from this action pursuant to the Court's September 26, 2024 Order.

## VI.     SYLABS' CYBER FORENSICS EXPERT: FORMER FBI AGENT, CHRISTOPHER TARBELL

39.     Paragraph 39 purports to summarize the allegations of the SAC.  Accordingly, no response is required as to the allegations set forth in Paragraph 39.  To the extent a response is required, Defendants state that the SAC speaks for itself.

40.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 40, and on that basis, deny them.

9

41.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 41, and on that basis, deny them.

42.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 42, and on that basis, deny them.

43.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 43, and on that basis, deny them.

44.     Paragraph 44 purports to characterize or summarize Exhibit 38, to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 44, and on that basis, deny them.

45.     Paragraph 45 purports to quote paragraph 29 of Exhibit 38, to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 45, and on that basis, deny them.

46.     Paragraph 46 purports to characterize, summarize, or quote Exhibit 38, to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 46, and on that basis, deny them.

47.     Paragraph 47 purports to characterize, summarize, or quote Exhibit 38, to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 47, and on that basis, deny them.

**VII.    SYLABS' TRADE SECRETS**

48.     Paragraph 48 purports to summarize and quote the Court's May 8, 2024 Order, to which no response is required.  To the extent a response is required, Defendants state that the Court's May 8, 2024 Order speaks for itself.  Defendants otherwise deny the allegations of Paragraph 48.

DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT
CASE NO. 5:23-cv-00849-SVK

49.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 49, and on that basis, deny them.[4]

50.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 50, and on that basis, deny them.[5]

51.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 51, and on that basis, deny them.[6]

**SYLABS' SINGULARITY PRO**

52.    The Court's May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they are based on SingularityPRO.  Accordingly, no response is required as to the allegations set forth in Paragraph 52.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 52, and on that basis, deny them.

53.    The Court's May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they are based on SingularityPRO.  Accordingly, no response is required as to the allegations set forth in Paragraph 53.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 53, and on that basis, deny them.

54.    The Court's May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they are based on SingularityPRO.  Accordingly, no response is required as to the allegations set forth in Paragraph 54.  To the extent a response is required, Defendants lack sufficient

---

[4] Footnote 3 purports to cite a website, https://www.ibm.com/topics/hpc, to which no response is required.  To the extent a response is required, Defendants state that the website, https://www.ibm.com/topics/hpc speaks for itself.  Defendants otherwise deny the allegations in footnote 3.

[5] Footnote 4 cites a website, https://www.nhc.noaa.gov/gtwo.php?basin=atlc&fdays=2, to which no response is required.  To the extent a response is required, Defendants state that the website, https://www.nhc.noaa.gov/gtwo.php?basin=atlc&fdays=2 speaks for itself.  Defendants otherwise deny the allegations in footnote 4.

[6] Footnote 5 cites a website, https://www.bloomberg.com/press-releases/2022-07-21/high-performance-computing-market-size-to-surpass-74-101-million-by-2030-says-p-s-intelligence, to which no response is required.

DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT
CASE NO. 5:23-cv-00849-SVK

knowledge to form a belief as to the truth of the allegations set forth in Paragraph 54, and on that basis, deny them.

55.     The Court's May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they are based on SingularityPRO.  Accordingly, no response is required as to the allegations set forth in Paragraph 55.   To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 55, and on that basis, deny them.

56.     The Court's May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they are based on SingularityPRO.  Accordingly, no response is required as to the allegations set forth in Paragraph 56.   To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 56, and on that basis, deny them.

## SYLABS' SINGULARITY IMAGE FILE TECHNOLOGY

57.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 57, and on that basis, deny them.

58.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 58, and on that basis, deny them.

59.     Defendants admit that Exhibit 54 appears to be a copy of U.S. Patent Application No. 2019/0377708.  Defendants otherwise lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 59, and on that basis, deny them.

60.     Defendants admit that Exhibit 54 appears to be a copy of U.S. Patent No. 11,640,372.   Defendants furthermore state that Exhibit 54 speaks for itself.   Defendants otherwise lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 60, and on that basis, deny them.

61.     As to the first sentence of Paragraph 61, Defendants lack sufficient knowledge to form a belief as to the truth of the allegation set forth in Paragraph 61, and on that basis, denies the first sentence.  The second sentence of Paragraph 61 purports to summarize the SAC, to which no

1    response is required.  To the extent a response is required, Defendants state that the SAC speaks

2    for itself.

3        62.    Defendants lack sufficient knowledge to form a belief as to the truth of the

4    allegations set forth in Paragraph 62, and on that basis, deny them.

5        63.    Defendants lack sufficient knowledge to form a belief as to the truth of the

6    allegations set forth in Paragraph 63, and on that basis, deny them.

7        64.    Defendants lack sufficient knowledge to form a belief as to the truth of the

8    allegations set forth in Paragraph 64, and on that basis, deny them.

9        65.    Defendants lack sufficient knowledge to form a belief as to the truth of the

10   allegations set forth in Paragraph 65, and on that basis, deny them.

11       66.    Defendants lack sufficient knowledge to form a belief as to the truth of the

12   allegations set forth in Paragraph 66, and on that basis, deny them.

13       67.    Defendants lack sufficient knowledge to form a belief as to the truth of the

14   allegations set forth in Paragraph 67, and on that basis, deny them.

15       68.    Defendants lack sufficient knowledge to form a belief as to the truth of the

16   allegations set forth in Paragraph 68, and on that basis, deny them.

17                                **Fuzzball**

18       69.    Defendants lack sufficient knowledge to form a belief as to the truth of the

19   allegations set forth in Paragraph 69, and on that basis, deny them.

20       70.    Defendants lack sufficient knowledge to form a belief as to the truth of the

21   allegations set forth in Paragraph 70, and on that basis, deny them.

22       71.    Defendants lack sufficient knowledge to form a belief as to the truth of the

23   allegations set forth in Paragraph 71, and on that basis, deny them.

24       72.    Defendants deny that they misappropriated Sylabs' alleged trade secrets, deny that

25   they patented Fuzzball as their own invention, and deny that they prosecuted fraudulent patent

26   applications and committed fraud on the USPTO.  Defendants lack sufficient knowledge to form a

27   belief as to the truth of the remaining allegations set forth in Paragraph 72, and on that basis, deny

28   them.

DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT
CASE NO. 5:23-cv-00849-SVK

**Sylabs' Armored Containers Technology**

73.    Defendants admit that Exhibit 54 appears to be a copy of U.S. Patent Application No. 2019/0377708.  Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 73, and on that basis, deny them.

74.    Paragraph 74 purports to allege the "background" of 15 U.S.C. § 638 and the Small Business Innovation Research Program ("SBIR"), to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 74, and on that basis, deny them.

75.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 75, and on that basis, deny them.

76.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 76, and on that basis, deny them.

77.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 77, and on that basis, deny them.

78.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 78, and on that basis, deny them.

79.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 79, and on that basis, deny them.

80.    Defendants deny that any patents were "stolen," that any patents assigned to CIQ are based on the alleged trade secrets, and that Defendants misappropriated any alleged trade secrets.  To the extent Paragraph 80 purports to summarize the Court's December 19, 2023 Order Granting Defendants' Motion to Dismiss (Dkt. 59, "December 19, 2023 Order") and the FAC, Defendants state that the December 19, 2023 Order and FAC speak for themselves.  Defendants admit that Exhibit 41 appears to be a copy of U.S. Patent No. 11,055,428.  To the extent a response is required, Defendants state that Exhibit 41 speaks for itself.  Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 80, and on that basis, deny them.

81.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 81, and on that basis, deny them.

82.     Paragraph 82, including Figure 3, states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 82.

**Sylabs' Efforts to Protect Its Trade Secrets**

83.     To the extent Paragraph 83 purports to summarize the December 19, 2023 Order, Defendants state that the December 19, 2023 Order speaks for itself.  To the extent the remaining allegations set forth in Paragraph 83 purport to characterize or summarize Exhibit 47, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 83, and on that basis, deny them.

84.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 84, and on that basis, deny them.

85.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 85, and on that basis, deny them.

86.     To the extent that Paragraph 86 purports to characterize or summarize Exhibit 47, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 86, and on that basis, deny them.

87.     To the extent that Paragraph 87 purports to characterize, summarize, or quote Exhibit 47, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 87, and on that basis, deny them.

88.     To the extent that Paragraph 86 purports to characterize or summarize Exhibit 47, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 88, and on that basis, deny them.  Defendants expressly deny that Defendants misappropriated any alleged trade secrets.

89.     Paragraph 89 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Exhibit 48 appears to be an Assignment of IP and Other Assets between Sylabs and Mr. Kurtzer; Exhibit 49 appears to be an Employee's Non-Disclosure, Invention Assignment and Confidential Information Agreement between Sylabs and Mr. Hayden; Exhibit 50 appears to be Employee's Non-Disclosure, Invention Assignment and Confidential Information Agreement between Sylabs and Ms. Fong; Exhibit 51 appears to be a Mutual Nondisclosure Agreement between Sylabs and Mr. Adolph; and Exhibit 52 appears to be a Bilateral Non-Disclosure and Confidentiality Agreement between Open Drives and Sylabs.  Ms. Fong, Mr. Adolph, and Open Drives have been dismissed from the CUTSA and DTSA claims pursuant to the Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim without leave to amend.  Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 89, and on that basis, deny them.

90.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 90, and on that basis, deny them.  Defendants expressly deny that Defendants "violated" any "DoD[] Nondisclosure Notice."

91.     Paragraph 91 purports to summarize the allegations of the SAC, to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 91.

**VIII.    ALLEGATIONS SUFFICIENTLY STATING CLAIMS AGAINST ALL DEFENDANTS FOR VIOLATIONS OF DTSA, CFAA, AND CUTSA**

92.     Defendants admit that Exhibit 37 appears to be a copy of U.S. Patent No. 10,970,113 (the "'113 patent"), which speaks for itself. .  Defendants deny the remaining allegations of Paragraph 92, and expressly deny that Defendants misappropriated Sylabs' alleged trade secrets or engaged in fraud.

93.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 93, and on that basis, deny them.

**DEFENDANTS' FRAUDULENT AND UNLAWFUL PATENTING OF TRADE SECRETS INVENTED AND OWNED BY SYLABS: CIQ'S SIX PATENTS ARE BASED ON THEFT OF SYLABS' TRADE SECRETS**

DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT
CASE NO. 5:23-cv-00849-SVK

94.     Paragraph 94 purports to summarize the allegations of the SAC, to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 94.

<strong>CIQ'S PATENTS BASED ON FUZZBALL TRADE SECRETS</strong>

95.     Paragraph 95 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that Exhibit 39 appears to be a copy of the '113 patent, Exhibit 40 appears to be a copy of U.S. Patent No. 11,310,342 (the "'342 patent"), and the faces of the '113 and '342 patents list the assignee as CTRL IQ, Inc.  Defendants otherwise deny the remaining allegations of Paragraph 95.

96.     Paragraph 96 states a legal conclusion to which no response is required.  In addition, the CFAA claim is dismissed pursuant to the Court's September 26, 2024 Order.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 96, and expressly deny that Defendants misappropriated Sylabs' alleged trade secrets.

<strong>CIQ'S PATENTS BASED ON ARMORED CONTAINERS TRADE SECRETS</strong>

97.     Paragraph 97 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that Exhibit 41 appears to be a copy of U.S. Patent No. 11,055,428 (the "'428 patent"), Exhibit 42 appears to be a copy of U.S. Patent No. 11,163,902 (the "'902 patent"), and the faces of the '428 and '902 patents list the assignee as CTRL IQ, Inc.  Defendants lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 97, and on that basis, deny them.

98.     Paragraph 98 states a legal conclusion and purports to quote the Court's May 8, 2024 Order, to which no response is required.  To the extent a response is required, Defendants state that the May 8, 2024 Order speaks for itself and deny the remaining allegations of Paragraph 98.

99.     The Court's May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they were based on Sylabs' alleged SBIR trade secret and dismissed Ms. Kurtzer as a defendant.  Furthermore, the Court's September 26, 2024 Order dismissed the CFAA claim without

leave to amend.  Accordingly, no response is required to Paragraph 99.  To the extent a response is required, Defendants deny the allegations of Paragraph 99.

### DEFENDANTS' INEQUITABLE CONDUCT AND INTENTIONAL FRAUD PERPETRATED ON THE USPTO

100.    Paragraph 100 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 100, and expressly deny that Defendants misappropriated Sylabs' alleged trade secrets.

    a.   Paragraph 100(a) states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 100(a).

    b.   Paragraph 100(b) states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 100(b).

    c.   Paragraph 100(c) simply asserts "Inequitable conduct—fraud."  Accordingly, no response is required as to the allegations set forth in Paragraph 100(c).  To the extent a response is required, Defendants deny the allegations of Paragraph 100(c).

101.    Paragraph 101 purports to summarize and quote 37 C.F.R. § 1.56(a), to which no response is required.  To the extent a response is required, Defendants state that 37 C.F.R. § 1.56(a) speaks for itself.  Defendants otherwise deny the allegations set forth in Paragraph 101.

102.    Paragraph 102 states a legal conclusion and purports to quote 37 C.F.R. § 1.56(a).  Accordingly, no response is required as to the allegations set forth in Paragraph 102.  To the extent a response is required, Defendants state that 37 C.F.R. § 1.56(a) speaks for itself.  Defendants otherwise deny the allegations of Paragraph 102.

### DEFENDANTS' CYBER CORRUPTION, CYBER DESTRUCTION, CYBER THEFT, MISAPPROPRIATION, AND UNLAWFUL USE OF SYLABS' TRADE SECRETS, INTELLECTUAL PROPERTY, CORPORATE SECRETS, AND OTHER SENSITIVE INFORMATION

103.    Paragraph 103 purports to summarize *Van Buren v. United States*, 593 U.S. 374 (2021), and *Andrews v. Sirius XM Radio*, 932 F.3d 1253 (9th Cir. 2019), and states a legal conclusion.  Accordingly, no response is required as to the allegations set forth in Paragraph 103.  To the extent a response is required, Defendants state that the decisions in *Van Buren v. United States*, 593 U.S. 374 (2021), and *Andrews v. Sirius XM Radio*, 932 F.3d 1253 (9th Cir. 2019) speak

18

for themselves.  Defendants furthermore deny the allegations of Paragraph 103, and expressly deny that Defendants misappropriated Sylabs' alleged trade secrets.

104.    Paragraph 104 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 104.

105.    Paragraph 105 states a legal conclusion to which no response is required.  In addition, Ms. Kurtzer, Mr. Adolph, Ms. Fong, Mr. Buss, Mr. Prager, Open Drives, Mr. Whitley and the IAG Entities have been dismissed from the CUTSA and DTSA claims pursuant to the Court's May 8, 2024 Order, and the CFAA claim has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 105.

106.    Paragraph 106 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegation as to when "Sylabs was commencing preparation of its SBIR Proposal for presentation to the DoD," and on that basis, deny such allegation.  Defendants deny the remaining allegations set forth in Paragraph 106.

107.    Defendants deny the allegations set forth in Paragraph 107.

108.    Paragraph 108 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 108.

109.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations that "the U.S. Air Force awarded the SBIR Phase 1 contract to Sylabs on March 6, 2020" and on that basis, deny that allegation. Defendants deny the remaining allegations set forth in Paragraph 109.

110.    Paragraph 110 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 110.

111.    Defendants state that the May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they were based on Sylabs' alleged SBIR trade secret.  Accordingly, no response is required as to the allegations set forth in Paragraph 111.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 111.

112.    The Court's May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they were based on Sylabs' alleged SBIR trade secret.  Accordingly, no response is required as to the allegations set forth in Paragraph 112.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 112.

113.    Paragraph 113 purports to summarize and quote Exhibit 46, which appears to be an email thread dated March 11-12, 2020.  Accordingly, no response is required.  To the extent a response is required, Defendants state that Paragraph 113 misstates Exhibit 46, as it purports to quote only selective excerpts of the document.  Defendants otherwise deny the allegations set forth in Paragraph 113.

114.    Paragraph 114 purports to summarize Exhibit 46, which appears to be an email thread dated March 11-12, 2020, and states a legal conclusion.  Accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 114.

115.    Paragraph 115 purports to summarize and quote Exhibit 46, which appears to be an email thread dated March 11–12, 2020, and states a legal conclusion.  Furthermore, the CFAA claim has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 115.

116.    Paragraph 116 states a legal conclusion and purports to quote Exhibit 65.  Accordingly, no response is required.  To the extent a response is required, Defendants state deny the allegations set forth in Paragraph 116.

117.    The Court's May 8, 2024 Order dismissed the CUTSA and DTSA claims to the extent they were based on Sylabs' alleged SBIR trade secret.  Accordingly, no response is required as to the allegations set forth in Paragraph 117.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 117.

118.    Defendants deny the allegations set forth in Paragraph 118.

119.    Defendants admit that on March 22, 2020, Mr. Kurtzer resigned as Sylabs' Chief Executive Officer and that such resignation was effective March 31, 2020.  Defendants deny that

1   Mr. Hayden tendered his resignation on March 23, 2020, effective March 31, 2020. Ms. Kurtzer,

2   Ms. Fong, and Mr. Adolph have been dismissed from this action pursuant to the Court's May 8,

3   2024 and September 26, 2024 Orders. Accordingly, no response is required as to the allegations

4   related to Ms. Kurtzer, Ms. Fong, and Mr. Adolph. To the extent a response is required, Defendants

5   lack sufficient knowledge to form a belief as to the truth of the allegations related to Ms. Kurtzer,

6   Ms. Fong, and Mr. Adolph, and on that basis, deny them.

7        120.    Defendants admit that Mr. Kurtzer purchased the URL, CTRL-CMD.com, and deny

8   that Mr. Kurtzer purchased the CTRL-CMD.com URL on March 23, 2020. Defendants admit that,

9   on September 4, 2020, Control Command's name was changed to CTRL IQ, Inc. Defendants

10  otherwise deny the remaining allegations set forth in Paragraph 120.

11       121.    Defendants deny the allegations set forth in Paragraph 121.

12       122.    Mr. Adolph has been dismissed from this action pursuant to the Court's

13  September 26, 2024 Order. Furthermore, the Court's May 8, 2024 Order dismissed the CUTSA

14  and DTSA claims to the extent they were based on Sylabs' alleged SBIR trade secret. Accordingly,

15  no response is required as to the allegations set forth in Paragraph 122. To the extent a response is

16  required, Defendants deny the allegations set forth in Paragraph 122.

17       123.    Paragraph 123 states a legal conclusion to which no response is required. To the

18  extent a response is required, Defendants deny the allegations set forth in Paragraph 123.

19       124.    Mr. Buss has been dismissed from the CUTSA and DTSA claims pursuant to the

20  Court's May 8, 2024 Order, and the CFAA has been dismissed without leave to amend pursuant to

21  the Court's September 26, 2024 Order. Accordingly, no response is required as to the allegation

22  that "[i]t is important to note that defendant Buss attended this 12/19/19 Fuzzball Planning Meeting,

23  as well as other meetings" (emphasis omitted). Defendants otherwise lack sufficient knowledge to

24  form a belief as to the truth of the allegations set forth in Paragraph 124, and on that basis, deny

25  them.

26       125.    Paragraph 125 states a legal conclusion, and the CFAA claim has been dismissed

27  without leave to amend pursuant the Court's September 26, 2024 Order. Accordingly, no response

28  is required as to the allegations set forth in Paragraph 125. To the extent a response is required,

1    Defendants deny that Defendants misappropriated Sylabs' alleged trade secrets. Defendants

2    otherwise lack sufficient knowledge to form a belief as to the truth of the remaining allegations set

3    forth in Paragraph 125, and on that basis, deny them.

4        126.    Defendants lack sufficient knowledge to form a belief as to the truth of the

5    allegations set forth in Paragraph 126, and on that basis, deny them.

6        127.    Paragraph 127 states a legal conclusion to which no response is required. To the

7    extent a response is required, Defendants deny the allegations set forth in Paragraph 127.

8        128.    Paragraph 128 states a legal conclusion, and the CFAA claim has been dismissed

9    without leave to amend pursuant the Court's September 26, 2024 Order. Accordingly, no response

10   is required as to the allegations set forth in Paragraph 128. To the extent a response is required,

11   Defendants deny the allegations set forth in Paragraph 128.

12       129.    Defendants deny the allegations set forth in Paragraph 129.

13       130.    Paragraph 130 states a legal conclusion to which no response is required. To the

14   extent a response is required, Defendants deny the allegations set forth in Paragraph 130.

15       131.    Paragraph 131 states a legal conclusion, and the CFAA claim has been dismissed

16   without leave to amend pursuant the Court's September 26, 2024 Order. Accordingly, no response

17   is required as to the allegations set forth in Paragraph 131. To the extent a response is required,

18   Defendants deny the allegations set forth in Paragraph  131.

19       132.    The CFAA claim has been dismissed without leave to amend pursuant to the Court's

20   September 26, 2024 Order, and Mr. Adolph and Ms. Fong have been dismissed from the CUTSA

21   and DTSA claims pursuant to the Court's May 8, 2024 Order. Defendants otherwise deny the

22   allegations set forth in Paragraph 132.

23       133.    Paragraph 133 states a legal conclusion, and the CFAA claim has been dismissed

24   without leave to amend pursuant the Court's September 26, 2024 Order. Accordingly, no response

25   is required as to the allegations set forth in Paragraph 133. To the extent a response is required,

26   Defendants deny the allegations set forth in Paragraph 133.

27

28

**GREG KURTZER'S CYBER INTRUSION, CYBER CORRUPTION, AND CYBER DESTRUCTION, AND CYBER THEFT AND MISAPPROPRIATION**

134.    Paragraph 134 states a legal conclusion, and the CFAA claim has been dismissed without leave to amend pursuant the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 134.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 134.

**JULIA KURTZER'S CYBER INTRUSION, CYBER CORRUPTION, AND CYBER DESTRUCTION, AND CYBER THEFT AND MISAPPROPRIATION**

135.    Ms. Kurtzer has been dismissed from the CUTSA and DTSA claims pursuant to the Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim without leave to amend.  Accordingly, no response is required as to the allegations set forth in Paragraph 135.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 135.

136.    Ms. Kurtzer has been dismissed from the CUTSA and DTSA claims pursuant to the Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim without leave to amend.  Accordingly, no response is required as to the allegations set forth in Paragraph 136.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 136.

**MATTHEW HAYDEN'S CYBER INTRUSION, CYBER CORRUPTION, AND CYBER DESTRUCTION, AND CYBER THEFT AND MISAPPROPRIATION**

137.    Paragraph 137 states a legal conclusion, and the CFAA claim has been dismissed without leave to amend pursuant the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 137.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 137.

138.    Paragraph 138 states a legal conclusion, and the CFAA claim has been dismissed without leave to amend pursuant the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 138.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 138.

1    139.    Paragraph 139 states a legal conclusion, and the CFAA claim has been dismissed

2    without leave to amend pursuant the Court's September 26, 2024 Order.  Accordingly, no response

3    is required as to the allegations set forth in Paragraph 139.  To the extent a response is required,

4    Defendants deny the allegations set forth in Paragraph 139.

5    140.    Paragraph 140 states a legal conclusion, and the CFAA claim has been dismissed

6    without leave to amend pursuant the Court's September 26, 2024 Order.  Accordingly, no response

7    is required as to the allegations set forth in Paragraph 140.  To the extent a response is required,

8    Defendants deny the allegations set forth in Paragraph 140.

9    **ROBERT ADOLPH'S CYBER INTRUSION, CYBER CORRUPTION, AND CYBER DESTRUCTION, AND CYBER THEFT AND MISAPPROPRIATION**

10

11    141.    Mr. Adolph has been dismissed from the CUTSA and DTSA claims pursuant to the

12    Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

13    without leave to amend.  Accordingly, no response is required as to the allegations set forth in

14    Paragraph 141.  To the extent a response is required, Defendants deny the allegations set forth in

15    Paragraph 141.

16    142.    Mr. Adolph has been dismissed from the CUTSA and DTSA claims pursuant to the

17    Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

18    without leave to amend.  Accordingly, no response is required as to the allegations set forth in

19    Paragraph 142.  To the extent a response is required, Defendants deny the allegations set forth in

20    Paragraph 142.

21    143.    Mr. Adolph has been dismissed from the CUTSA and DTSA claims pursuant to the

22    Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

23    without leave to amend.  Accordingly, no response is required as to the allegations set forth in

24    Paragraph 143.  To the extent a response is required, Defendants deny the allegations set forth in

25    Paragraph 143.

26    144.    Mr. Adolph has been dismissed from the CUTSA and DTSA claims pursuant to the

27    Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

28    without leave to amend.  Accordingly, no response is required as to the allegations set forth in

1    Paragraph 144. To the extent a response is required, Defendants deny the allegations set forth in

2    Paragraph 144.

3    **ERIN FONG'S CYBER INTRUSION, CYBER CORRUPTION, AND CYBER DESTRUCTION, AND CYBER THEFT AND MISAPPROPRIATION**

4

5         145.    Ms. Fong has been dismissed from the CUTSA and DTSA claims pursuant to the

6    Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

7    without leave to amend. Accordingly, no response is required as to the allegations set forth in

8    Paragraph 145. To the extent a response is required, Defendants deny the allegations set forth in

9    Paragraph 145.

10        146.    Ms. Fong has been dismissed from the CUTSA and DTSA claims pursuant to the

11   Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

12   without leave to amend. Accordingly, no response is required as to the allegations set forth in

13   Paragraph 146. To the extent a response is required, Defendants deny the allegations set forth in

14   Paragraph 146.

15        147.    Ms. Fong has been dismissed from the CUTSA and DTSA claims pursuant to the

16   Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

17   without leave to amend. Accordingly, no response is required as to the allegations set forth in

18   Paragraph 147. To the extent a response is required, Defendants deny the allegations set forth in

19   Paragraph 147.

20        148.    Ms. Fong has been dismissed from the CUTSA and DTSA claims pursuant to the

21   Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

22   without leave to amend. Accordingly, no response is required as to the allegations set forth in

23   Paragraph 148. To the extent a response is required, Defendants deny the allegations set forth in

24   Paragraph 148.

25   **MARLIN PRAGER, DAVID BUSS, AND OPEN DRIVES' CYBER INTRUSION, CYBER CORRUPTION, AND CYBER DESTRUCTION, AND CYBER THEFT AND MISAPPROPRIATION**

26

27        149.    Mr. Prager, Mr. Buss, and Open Drives have been dismissed from the CUTSA and

28   DTSA claims pursuant to the Court's May 8, 2024 Order, and the Court's September 26, 2024

25

1    Order dismissed the CFAA claim without leave to amend.  Accordingly, no response is required as

2    to the allegations set forth in Paragraph 149.  To the extent a response is required, Defendants deny

3    the allegations set forth in Paragraph 149.

4    150.    Mr. Prager, Mr. Buss, and Open Drives have been dismissed from the CUTSA and

5    DTSA claims pursuant to the Court's May 8, 2024 Order, and the Court's September 26, 2024

6    Order dismissed the CFAA claim without leave to amend.  Accordingly, no response is required as

7    to the allegations set forth in Paragraph 150.  To the extent a response is required, Defendants deny

8    the allegations set forth in Paragraph 150.

9    151.    Mr. Buss has been dismissed from the CUTSA and DTSA claims pursuant to the

10    Court's May 8, 2024 Order, and the Court's September 26, 2024 Order dismissed the CFAA claim

11    without leave to amend.  Accordingly, no response is required as to the allegations set forth in

12    Paragraph 151.  To the extent a response is required, Defendants deny the allegations set forth in

13    Paragraph 151.

14    152.    Mr. Buss has been dismissed from the CUTSA and DTSA claims pursuant to the

15    Court's May 8, 2024 Order.  Furthermore, the Court's May 8, 2024 Order dismissed the CUTSA

16    and DTSA claims to the extent they were based on Sylabs' alleged SBIR trade secret, and the

17    Court's September 26, 2024 Order dismissed the CFAA claim without leave to amend.

18    Accordingly, no response is required as to the allegations set forth in Paragraph 152.  To the extent

19    a response is required, Defendants deny the allegations set forth in Paragraph 152.

20    **JOEL WHITLEY AND IAG DEFENDANTS' CYBER INTRUSION, CYBER CORRUPTION, AND CYBER
DESTRUCTION, AND CYBER THEFT AND MISAPPROPRIATION**

21

22    153.    Mr. Whitley and the IAG Entities have been dismissed from the CUTSA and DTSA

23    claims pursuant to the Court's May 8, 2024 Order, and the Court's September 26, 2024 Order

24    dismissed the CFAA claim without leave to amend.  Accordingly, no response is required as to the

25    allegations set forth in Paragraph 153.  To the extent a response is required, Defendants deny the

26    allegations set forth in Paragraph 153.

27    154.    Mr. Whitley and the IAG Entities have been dismissed from the CUTSA and DTSA

28    claims pursuant to the Court's May 8, 2024 Order, and the Court's September 26, 2024 Order

1    dismissed the CFAA claim without leave to amend.  Accordingly, no response is required as to the

2    allegations set forth in Paragraph 154.  To the extent a response is required, Defendants deny the

3    allegations set forth in Paragraph 154.

4          155.    Mr. Whitley and the IAG Entities have been dismissed from the CUTSA and DTSA

5    claims pursuant to the Court's May 8, 2024 Order, and the Court's September 26, 2024 Order

6    dismissed the CFAA claim without leave to amend.  Accordingly, no response is required as to the

7    allegations set forth in Paragraph 155.  To the extent a response is required, Defendants deny the

8    allegations set forth in Paragraph 155.

9    **IX.    CLAIMS FOR RELIEF**

10         156.    Paragraph 156 requires no response.

11                                          COUNT I

12                        VIOLATIONS OF DEFEND TRADE SECRETS ACT

13   (AGAINST DEFENDANTS GREGORY ROSE A/K/A GREGORY M. KURTZER; MATTHEW HAYDEN;
                         CTRL IQ, INC. D/B/A CIQ, ONLY)
14

15         157.    Paragraph 157 requires no response.   Defendants repeat and incorporate by

16   reference each of its responses to Paragraphs 1–156 of the SAC as though fully set forth herein.

17         158.    Paragraph 158 purports to summarize the Court's May 8, 2024 Order, to which no

18   response is required.  To the extent a response is required, Defendants state that the Court's May

19   8, 2024 Order speaks for itself.  Defendants otherwise deny the allegations of Paragraph 158.

20         159.    Paragraph 159 purports to summarize and quote the Court's May 8, 2024 Order, to

21   which no response is required.  To the extent a response is required, Defendants state that the

22   Court's May 8, 2024 Order speaks for itself.  Defendants otherwise deny the allegations of

23   Paragraph 159.

24         160.    Paragraph 160 purports to summarize the allegations of Sections VII–VIII of the

25   SAC, to which no response is required.  To the extent a response is required, Defendants state that

26   the CFAA claim was dismissed without leave to amend pursuant to the Court's September 26, 2024

27   Order.  Defendants otherwise deny the allegations set forth in Paragraph 160.

28

161.    Paragraph 161 states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the Court's May 8, 2024 Order dismissed Mr. Adolph, Ms. Kurtzer, Ms. Fong, Mr. Buss, Mr. Prager, and Open Drives from the CUTSA and DTSA claims and dismissed the RICO and civil conspiracy claims without leave to amend, and that the Court's September 26, 2024 Order dismissed the CFAA claim without leave to amend. Defendants otherwise deny the allegations set forth in Paragraph 161.

162.    Paragraph 162 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 162.

163.    Paragraph 163 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 163, and on that basis, deny them.

164.    Paragraph 164 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that the CFAA claim was dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Defendants otherwise deny the allegations set forth in Paragraph 164.

165.    Paragraph 165 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that the CFAA claim was dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Defendants otherwise deny the allegations set forth in Paragraph 165.

166.    Paragraph 166 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that the CFAA claim was dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Defendants otherwise deny the allegations set forth in Paragraph 166.

167.    Paragraph 167 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 167.

168.    Paragraph 168 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that the CFAA claim was dismissed without leave

1    to amend pursuant to the Court's September 26, 2024 Order.  Defendants otherwise deny the

2    allegations set forth in Paragraph 168.

3        169.    Paragraph 169 states a legal conclusion to which no response is required.  To the

4    extent a response is required, Defendants deny the allegations set forth in Paragraph 169.

5        170.    Paragraph 170 states a legal conclusion to which no response is required.  To the

6    extent a response is required, Defendants deny the allegations set forth in Paragraph 170.

7        171.    Paragraph 171 states a legal conclusion to which no response is required.  To the

8    extent a response is required, Defendants deny the allegations set forth in Paragraph 171.

9        172.    Paragraph 172 states a legal conclusion to which no response is required.  To the

10   extent a response is required, Defendants deny the allegations set forth in Paragraph 172.

11       173.    Defendants deny the allegations set forth in Paragraph 173.

12       174.    Defendants deny the allegations set forth in Paragraph 174.

13       175.    Defendants deny the allegations set forth in Paragraph 175.

14       176.    Paragraph 176 states a legal conclusion to which no response is required.  To the

15   extent a response is required, Defendants deny the allegations set forth in Paragraph 176.

16       177.    Paragraph 177 states a legal conclusion to which no response is required.  To the

17   extent a response is required, Defendants deny the allegations set forth in Paragraph 177.

18                                        COUNT II

19                    VIOLATIONS OF COMPUTER FRAUD AND ABUSE ACT

20   (AGAINST DEFENDANTS, GREGORY ROSE A/K/A GREGORY M. KURTZER, JULIA ROSE A/K/A
     JULIA KURTZER, ROBERT ADOLPH, MATTHEW HAYDEN, ERIN FONG, CTRL IQ, INC. D/B/A
21   CIQ, OPEN DRIVES, INC., DAVID BUSS, MARLIN PRAGER, JOEL WHITLEY, IAG FUND II, LP
     A/K/A IAG CAPITAL PARTNERS, AND IAG CAPITAL HOLDINGS II, LLC A/K/A IAG CAPITAL
22                                        PARTNERS)

23       178.    Paragraph 178 requires no response.  Defendants repeat and incorporate by

24   reference each of its responses to Paragraphs 1–177 of the SAC as though fully set forth herein.

25       179.    The CFAA has been dismissed without leave to amend pursuant to the Court's

26   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

27   Paragraph 179.  To the extent a response is required, Defendants deny the allegations set forth in

28   Paragraph 179.

1    180.    The CFAA has been dismissed without leave to amend pursuant to the Court's

2  September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

3  Paragraph 180.  To the extent a response is required, Defendants deny the allegations set forth in

4  Paragraph 180.

5    181.    The CFAA has been dismissed without leave to amend pursuant to the Court's

6  September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

7  Paragraph 181.  To the extent a response is required, Defendants deny the allegations set forth in

8  Paragraph 181.

9    182.    The CFAA has been dismissed without leave to amend pursuant to the Court's

10  September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

11  Paragraph 182.  To the extent a response is required, Defendants deny the allegations set forth in

12  Paragraph 182.

13    183.    The CFAA has been dismissed without leave to amend pursuant to the Court's

14  September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

15  Paragraph 183.  To the extent a response is required, Defendants deny the allegations set forth in

16  Paragraph 183.

17    184.    The CFAA has been dismissed without leave to amend pursuant to the Court's

18  September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

19  Paragraph 184.  To the extent a response is required, Defendants deny the allegations set forth in

20  Paragraph 184.

21    185.    The CFAA has been dismissed without leave to amend pursuant to the Court's

22  September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

23  Paragraph 185.  To the extent a response is required, Defendants deny the allegations set forth in

24  Paragraph 185.

25    186.    The CFAA has been dismissed without leave to amend pursuant to the Court's

26  September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

27  Paragraph 186.  To the extent a response is required, Defendants deny the allegations set forth in

28  Paragraph 186.

187.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 187.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 187.

188.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 188.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 188.

189.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 189.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 189.

190.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 190.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 190.

a.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 190(a).  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 190(a).

b.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 190(b).  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 190(b).

c.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 190(c).  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 190(c).

1         d.  The CFAA has been dismissed without leave to amend pursuant to the Court's

2    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

3    Paragraph 190(d).  To the extent a response is required, Defendants deny the allegations set forth

4    in Paragraph 190(d).

5         191.  The CFAA has been dismissed without leave to amend pursuant to the Court's

6    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

7    Paragraph 191.  To the extent a response is required, Defendants deny the allegations set forth in

8    Paragraph 191.

9         192.  The CFAA has been dismissed without leave to amend pursuant to the Court's

10    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

11    Paragraph 192.  To the extent a response is required, Defendants deny the allegations set forth in

12    Paragraph 192.

13         193.  The CFAA has been dismissed without leave to amend pursuant to the Court's

14    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

15    Paragraph 193.  To the extent a response is required, Defendants deny the allegations set forth in

16    Paragraph 193.

17         194.  The CFAA has been dismissed without leave to amend pursuant to the Court's

18    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

19    Paragraph 194.  To the extent a response is required, Defendants deny the allegations set forth in

20    Paragraph 194.

21         195.  The CFAA has been dismissed without leave to amend pursuant to the Court's

22    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

23    Paragraph 195.  To the extent a response is required, Defendants deny the allegations set forth in

24    Paragraph 195.

25         196.  The CFAA has been dismissed without leave to amend pursuant to the Court's

26    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

27    Paragraph 196.  To the extent a response is required, Defendants deny the allegations set forth in

28    Paragraph 196.

1    197.    The CFAA has been dismissed without leave to amend pursuant to the Court's

2    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

3    Paragraph 197.  To the extent a response is required, Defendants deny the allegations set forth in

4    Paragraph 197.

5    198.    The CFAA has been dismissed without leave to amend pursuant to the Court's

6    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

7    Paragraph 198.  To the extent a response is required, Defendants deny the allegations set forth in

8    Paragraph 198.

9    199.    The CFAA has been dismissed without leave to amend pursuant to the Court's

10   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

11   Paragraph 199.  To the extent a response is required, Defendants deny the allegations set forth in

12   Paragraph 199.

13   200.    The CFAA has been dismissed without leave to amend pursuant to the Court's

14   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

15   Paragraph 200.  To the extent a response is required, Defendants deny the allegations set forth in

16   Paragraph 200.

17   201.    The CFAA has been dismissed without leave to amend pursuant to the Court's

18   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

19   Paragraph 201.  To the extent a response is required, Defendants deny the allegations set forth in

20   Paragraph 201.

21   202.    The CFAA has been dismissed without leave to amend pursuant to the Court's

22   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

23   Paragraph 202.  To the extent a response is required, Defendants deny the allegations set forth in

24   Paragraph 202.

25   203.    The CFAA has been dismissed without leave to amend pursuant to the Court's

26   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

27   Paragraph 203.  To the extent a response is required, Defendants deny the allegations set forth in

28   Paragraph 203.

204.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 204.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 204.

205.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 205.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 205.

206.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 206.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 206.

207.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 207.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 207.

208.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 208.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 208.

209.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 209.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 209.

210.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 210.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 210.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

211.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 211.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 211.

212.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 212.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 212.

213.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 213.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 213.

214.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 214.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 214.

215.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 215.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 215.

216.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 216.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 216.

217.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 217.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 217.

218.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 218.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 218.

219.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 219.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 219.

220.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 220.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 220.

221.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 221.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 221.

222.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 222.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 222.

223.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 223.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 223.

224.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 224.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 224.

225.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 225.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 225.

226.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 226.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 226.

227.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 227.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 227.

228.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 228.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 228.

229.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 229.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 229.

230.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 230.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 230.

231.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 231.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 231.

1    232.    The CFAA has been dismissed without leave to amend pursuant to the Court's

2    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

3    Paragraph 232.  To the extent a response is required, Defendants deny the allegations set forth in

4    Paragraph 232.

5    233.    The CFAA has been dismissed without leave to amend pursuant to the Court's

6    September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

7    Paragraph 233.  To the extent a response is required, Defendants deny the allegations set forth in

8    Paragraph 233.

9    234.    The CFAA has been dismissed without leave to amend pursuant to the Court's

10   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

11   Paragraph 234.  To the extent a response is required, Defendants deny the allegations set forth in

12   Paragraph 234.

13   235.    The CFAA has been dismissed without leave to amend pursuant to the Court's

14   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

15   Paragraph 235.  To the extent a response is required, Defendants deny the allegations set forth in

16   Paragraph 235.

17   236.    The CFAA has been dismissed without leave to amend pursuant to the Court's

18   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

19   Paragraph 236.  To the extent a response is required, Defendants deny the allegations set forth in

20   Paragraph 236.

21   237.    The CFAA has been dismissed without leave to amend pursuant to the Court's

22   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

23   Paragraph 237.  To the extent a response is required, Defendants deny the allegations set forth in

24   Paragraph 237.

25   238.    The CFAA has been dismissed without leave to amend pursuant to the Court's

26   September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in

27   Paragraph 238.  To the extent a response is required, Defendants deny the allegations set forth in

28   Paragraph 238.

239.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 239.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 239.

240.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 240.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 240.

241.    The CFAA has been dismissed without leave to amend pursuant to the Court's September 26, 2024 Order.  Accordingly, no response is required as to the allegations set forth in Paragraph 241.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 241.

## COUNT III

### VIOLATIONS OF CALIFORNIA UNIFORM TRADE SECRETS ACT

### (AGAINST DEFENDANTS GREGORY ROSE A/K/A GREGORY M. KURTZER; MATTHEW HAYDEN; CTRL IQ, INC. D/B/A CIQ, ONLY)

242.    Paragraph 242 requires no response.   Defendants repeat and incorporate by reference each of its responses to Paragraphs 1–241 of the SAC as though fully set forth herein.

243.    Paragraph 243 purports to summarize the Court's May 8, 2024 Order, to which no response is required.  To the extent a response is required, Defendants state that the Court's May 8, 2024 Order speaks for itself.  Defendants otherwise deny the allegations of Paragraph 243.

244.    Paragraph 244 purports to summarize and quote the Court's May 8, 2024 Order, to which no response is required.  To the extent a response is required, Defendants state that the Court's May 8, 2024 Order speaks for itself.   Defendants otherwise deny the allegations of Paragraph 244.

245.    Paragraph 245 purports to summarize the allegations of Sections VII–VIII of the SAC, to which no response is required.  To the extent a response is required, Defendants state that

1    the CFAA claim was dismissed without leave to amend pursuant to the Court's September 26, 2024

2    Order.  Defendants otherwise deny the allegations set forth in Paragraph 245.

3         246.    Paragraph 246 states a legal conclusion to which no response is required. To the

4    extent a response is required, Defendants state that the Court's May 8, 2024 Order dismissed

5    Mr. Adolph, Ms. Kurtzer, and Ms. Fong from the CUTSA and DTSA claims and dismissed the

6    RICO and civil conspiracy claims without leave to amend, and that the Court's September 26, 2024

7    Order dismissed the CFAA claim without leave to amend.  Defendants otherwise deny the

8    allegations set forth in Paragraph 246.

9         247.    Paragraph 247 states a legal conclusion to which no response is required.  To the

10   extent a response is required, Defendants state that the CFAA claim was dismissed without leave

11   to amend pursuant to the Court's September 26, 2024 Order.  Defendants otherwise deny the

12   allegations set forth in Paragraph 247.

13        248.    Paragraph 248 states a legal conclusion to which no response is required.  To the

14   extent a response is required, Defendants lack sufficient knowledge to form a belief as to the truth

15   of the allegations in Paragraph 248, and on that basis, deny them.

16        249.    Paragraph 249 states a legal conclusion to which no response is required.  To the

17   extent a response is required, Defendants state that the CFAA claim was dismissed without leave

18   to amend pursuant to the Court's September 26, 2024 Order.  Defendants otherwise deny the

19   allegations set forth in Paragraph 249.

20        250.    Paragraph 250 states a legal conclusion to which no response is required.  To the

21   extent a response is required, Defendants state that the CFAA claim was dismissed without leave

22   to amend pursuant to the Court's September 26, 2024 Order.  Defendants otherwise deny the

23   allegations set forth in Paragraph 250.

24        251.    Paragraph 251 states a legal conclusion to which no response is required.  To the

25   extent a response is required, Defendants deny the allegations set forth in Paragraph 251.

26        252.    Paragraph 252 states a legal conclusion to which no response is required.  To the

27   extent a response is required, Defendants state that the CFAA claim was dismissed without leave

28

DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT
CASE NO. 5:23-cv-00849-SVK

1   to amend pursuant to the Court's September 26, 2024 Order. Defendants otherwise deny the

2   allegations set forth in Paragraph 252.

3       253.    Paragraph 253 states a legal conclusion to which no response is required. To the

4   extent a response is required, Defendants deny the allegations set forth in Paragraph 253.

5       254.    Paragraph 254 states a legal conclusion to which no response is required. To the

6   extent a response is required, Defendants deny the allegations set forth in Paragraph 254.

7       255.    Paragraph 255 states a legal conclusion to which no response is required. To the

8   extent a response is required, Defendants deny the allegations set forth in Paragraph 255.

9       256.    Paragraph 256 states a legal conclusion to which no response is required. To the

10  extent a response is required, Defendants deny the allegations set forth in Paragraph 256.

11      257.    Paragraph 257 states a legal conclusion to which no response is required. To the

12  extent a response is required, Defendants deny the allegations set forth in Paragraph 257.

13      258.    Paragraph 258 states a legal conclusion to which no response is required. To the

14  extent a response is required, Defendants deny the allegations set forth in Paragraph 258.

15      259.    Paragraph 259 states a legal conclusion to which no response is required. To the

16  extent a response is required, Defendants deny the allegations set forth in Paragraph 259.

17      260.    Paragraph 260 states a legal conclusion to which no response is required. To the

18  extent a response is required, Defendants deny the allegations set forth in Paragraph 260.

19      261.    Paragraph 261 states a legal conclusion to which no response is required. To the

20  extent a response is required, Defendants deny the allegations set forth in Paragraph 261.

21      262.    Paragraph 262 states a legal conclusion to which no response is required. To the

22  extent a response is required, Defendants deny the allegations set forth in Paragraph 262.

23      263.    Paragraph 263 states a legal conclusion to which no response is required. To the

24  extent a response is required, Defendants deny the allegations set forth in Paragraph 263.

25      264.    Paragraph 264 states a legal conclusion to which no response is required. To the

26  extent a response is required, Defendants deny the allegations set forth in Paragraph 264.

27      265.    Paragraph 265 states a legal conclusion to which no response is required. To the

28  extent a response is required, Defendants deny the allegations set forth in Paragraph 265.

1    266.    Paragraph 266 states a legal conclusion to which no response is required.  To the

2    extent a response is required, Defendants deny the allegations set forth in Paragraph 266.

3    **X.    DEMAND FOR TRIAL BY JURY**

4    267.    Defendants acknowledge that Sylabs has requested a jury trial, and Defendants

5    similarly request a trial by jury on all issues so triable.

6    **XI.    DEMAND FOR RELIEF**

7    268.    Defendants respectfully request that the Court deny Sylabs' prayers for relief, (1)

8    through (13), in their entirety and that Sylabs take nothing from its SAC.

9    <u>**AFFIRMATIVE DEFENSES**</u>

10    Subject to the responses above, Defendants allege and assert the following defenses in

11    response to the allegations, undertaking the burden of proof only as to those defenses deemed

12    affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition

13    to the defenses described below, subject to its responses above, Defendants specifically reserve all

14    rights to allege additional defenses that become known through the course of discovery.

15    **FIRST AFFIRMATIVE DEFENSE**

16    The SAC and each alleged claim contained therein fails to state a claim upon which relief

17    can be granted.

18    **SECOND AFFIRMATIVE DEFENSE**

19    Sylabs' claims are barred or limited by release, estoppel, laches, waiver, and/or other

20    equitable doctrines.  Sylabs intentionally released and/or waived any claims against Defendants by

21    entering into the April 29, 2020 Waiver, Release and Settlement Agreement.

22    **THIRD AFFIRMATIVE DEFENSE**

23    Sylabs' claims are barred, in whole or in part, by Sylabs's unclean hands.

24    **FOURTH AFFIRMATIVE DEFENSE**

25    Sylabs' claims are barred, in whole or in part, by the applicable statutes of limitations.

26    **FIFTH AFFIRMATIVE DEFENSE**

27    Sylabs' claims are barred, in whole or in part, because CIQ's accused technology was

28    independently developed by CIQ.

**SIXTH AFFIRMATIVE DEFENSE**

Sylabs' claims are barred, in whole or in part, because the information alleged to be Sylabs' trade secrets was readily ascertainable by proper means at the time of the alleged acquisition, use, or disclosure.

**SEVENTH AFFIRMATIVE DEFENSE**

Sylabs' claims are barred, in whole or in part, because Sylabs' alleged trade secrets are capable of independent discovery and independent development.

**EIGHTH AFFIRMATIVE DEFENSE**

Sylabs' claims are barred, in whole or in part, to the extent that Sylabs has disclosed the information alleged to be its trade secrets to third parties such that Sylabs caused the purported trade secrets to become public and thus incapable of protection as trade secrets.

**NINTH AFFIRMATIVE DEFENSE**

Sylabs' claims are barred, in whole or in part, because Sylabs cannot show acquisition, use, and/or disclosure by CIQ via improper means of the information alleged to be Sylabs' trade secrets.

**TENTH AFFIRMATIVE DEFENSE**

Sylabs' claims are barred, in whole or in part, because Sylabs cannot show any wrongful conduct undertaken by CIQ or that CIQ acquired, disclosed or used Sylabs' alleged trade secrets by improper means.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants deny that Sylabs owns any rights in any intellectual property created by Defendants, but even if it did, such ownership is joint with Defendants by virtue of Defendants' contribution to those works.

**TWELFTH AFFIRMATIVE DEFENSE**

Sylabs' monetary claims are barred, in whole or in part, because Sylabs has not appropriately or adequately mitigated its damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Sylabs' claims are barred, in whole or in part, because damages sustained by Sylabs, if any, were actually and proximately caused by Sylabs' own conduct or misconduct.

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2      Sylabs' claims for damages, if any, are barred, in whole or in part, because such damages,

3  to the extent they exist, are uncertain, vague, speculative, and/or remote and therefore not

4  recoverable.

5

**FIFTEENTH AFFIRMATIVE DEFENSE**

6      The SAC fails to state facts sufficient to entitle Sylabs to an award of punitive or exemplary

7  damages.

8

**RESERVATION OF RIGHTS**

9      Defendants have not yet completed a thorough investigation and study or completed

10  discovery of all facts and circumstances of the subject matter of the SAC, and accordingly, reserves

11  its right to amend, modify, revise or supplement this Answer, and to plead such further defenses

12  and take further action as it may deem necessary and proper in Defendants' defense upon

13  completion of said investigation and study.

14      WHEREFORE, Defendants prays for judgment as follows:

15      1.      That Sylabs take nothing by its SAC;

16      2.      That judgment be entered against Sylabs and in favor of Defendants;

17      3.      That Defendants be awarded their attorneys' fees incurred herein;

18      4.      That Defendants be awarded their costs incurred herein; and

19      5.      For such other and further relief as the Court deems just and proper.

20  \\

21  \\

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT
CASE NO. 5:23-cv-00849-SVK

1

Dated: October 10, 2024                                    GOODWIN PROCTER LLP

2

3                                                      By: */s/ Jennifer Briggs Fisher*

   Neel Chatterjee
4  *NChatterjee@goodwinlaw.com*
   Jennifer Briggs Fisher
5  *JFisher@goodwinlaw.com*
   Elizabeth J. Low
6  *ELow@goodwinlaw.com*
   David Serati
7  *DSerati@goodwinlaw.com*
   Michaela Ogden
8  *MOgden@goodwinlaw.com*

9  Attorneys for Defendants
   CTRL IQ, INC. d/b/a CIQ; GREGORY ROSE
10 a/k/a GREGORY M. KURTZER; JULIA
   ROSE a/k/a JULIA KURTZER; ROBERT
11 ADOLPH; MATTHEW HAYDEN; ERIN
   FONG; OPEN DRIVES, INC.; DAVID BUSS;
12 and MARLIN PRAGER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45

1

## CERTIFICATE OF SERVICE

2    I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3    United States District Court for the Northern District of California by using the CM/ECF system

4    on October 10, 2024.  I furthermore certify that all participants in the case are registered CM/ECF

5    users and that service will be accomplished by the CM/ECF system.

6    I certify under penalty of perjury that the foregoing is true and correct.  Executed on October

7    10, 2024.

8

9                                              /s/ *Jennifer Briggs Fisher*
                                                   Jennifer Briggs Fisher

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO SYLABS' SECOND AMENDED COMPLAINT
CASE NO. 5:23-cv-00849-SVK