UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLABS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY ROSE, et al.,<br><br>    Defendants. | Case No. 23-cv-00849-SVK<br><br>**ORDER REGARDING AMENDED 2019.210 STATEMENT**<br><br>Re: Dkt. No. 117 |

    Pending before the Court is the Parties' Joint Statement Regarding Discovery Dispute Over Sylabs' Amended 2019.210 Disclosure (Dkt. 117) filed February 27, 2025 by Plaintiff Sylabs, Inc. ("Sylabs") and Defendants CTRL IQ, Inc. d/b/a CIQ; Gregory Rose a/k/a Gregory M. Kurtzer, and Matthew Hayden (collectively, "Defendants").[1]  The matter came on for hearing on March 20, 2024.

    Having considered the Joint Statement and the Parties' respective arguments, the Court finds that Plaintiffs' disclosure is not sufficiently particularized in three ways.  First, as to each alleged trade secret, SIF Technology, Fuzzball, and Armored Containers (collectively, the "Alleged Trade Secrets"), Plaintiff fails identify the nature of its trade secret.  More particularly, is Plaintiff claiming a concept, software to execute a concept, a combination of concept and software or something else?  Second, to the extent Plaintiff is asserting that its trade secrets lie in the function of its Alleged Trade Secrets, it has not sufficiently described how the Alleged Trade Secrets function.  Third, because of the nature of the allegations in this case, in particular

---

[1] A partial statement, containing only Defendants' position, was previously filed on February 24, (Dkt. 113), with a responsive letter brief filed by Plaintiff on February 25 (Dkt. 115).  The Court **TERMINATES** these filings, which did not comply with the Court's Standing Order requiring a Joint Statement for discovery disputes and notes that the underlying dispute is the same.

Plaintiff's allegations of "cyber destruction" of its Alleged Trade Secrets, (*see, e.g.*, Dkt. 82, ¶ 96), the "temporal aspect"—*i.e.*, when the Alleged Trade Secrets were secret, and at what time the secrecy was allegedly destroyed—is an important component of a trade secret's description. This temporal aspect of the Alleged Trade Secrets has not been sufficiently described. Accordingly, Plaintiff is hereby **ORDERED** to amend its § 2019.210 disclosures as follows:

(1) For each of its Alleged Trade Secrets, Plaintiff shall state whether it is asserting trade secrets in the concept, the function, or a combination of both concept and function of its technology.

(2) For any Alleged Trade Secret where Plaintiff is alleging that the function (or the combination thereof with the concept) is a trade secret, Plaintiff shall provide a more detailed description of ***how*** the trade secret functions.[2] Plaintiff should, to the extent necessary to describe the function with reasonable particularity, reference and produce the relevant source code.

(3) For each of its Alleged Trade Secrets, Plaintiff should evaluate whether SyLabs, Inc. (including, for this purpose, its employees and, during the relevant time-period, the individual defendants) published the Alleged Trade Secret. In conducting this evaluation, Plaintiff should examine the disclosures pointed to by Defendants in the Joint Statement as well as conduct a diligent investigation of its own publications. *See* Dkt. 117 at n. 5-6, n. 8. If Plaintiff determines an Alleged Trade Secret has not been published at all, Plaintiff need take no further action. If Plaintiff determines that an Alleged Trade Secret has been published by SyLabs but contends that this was part of the alleged cyber destruction caused by Defendants, Plaintiff shall **identify** the date and manner of publication.[3] Finally, if Plaintiff determines that only part of an Alleged

---

[2] Certain paragraphs of Plaintiff's First Amended 2019.210 Statement *begin* to provide such a description as to the concepts but are not sufficient as to the function. *See* Dkt. 117-1, ¶¶ 6-8 (SIF Technology), ¶¶ 11-12, 14 (Fuzzball), and ¶¶ 18-19, 22 (Armored Containers).

[3] The Court acknowledges that Defendants may disagree as to whether they were responsible for a particular publication. Such disagreement would present a fact issue relating to whether the Alleged Trade Secret was, in fact, a trade secret; but it does not affect the sufficiency of Plaintiff's

Trade Secret has been published, and does **not contend** that such publication was caused by Defendants as part of the alleged cyber destruction, then Plaintiff shall **identify** the date and manner of publication and **state particularly** what part of the Alleged Trade Secret Plaintiff contends remains unpublished and secret.

Plaintiff shall amend its 2019.210 statement in accordance with this Order by **April 18, 2025**. If there is any further dispute as to the sufficiency of the 2019.210 statement, the Parties must meet and confer promptly and robustly. Any unresolved dispute must be filed with the Court no later than **April 30, 2025**. The Parties may mutually agree to extend these deadlines by stipulation. All discovery related to trade secrets in this case shall be stayed pending Plaintiff's amendment. However, discovery into unrelated issues, if any, may continue.

**SO ORDERED.**

Dated: March 20, 2025

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge

---

2019.210 disclosure, so long as the temporal aspect of when the publication occurred is identified.

3