UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLABS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY ROSE, et al.,<br><br>    Defendants. | Case No. 23-cv-00849-SVK<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**<br><br>Re: Dkt. No. 121 |

This case involves Plaintiff Sylabs, Inc.'s ("Sylabs") allegations that Defendants accessed, destroyed or otherwise misappropriated Sylabs' trade secrets. Before the Court is Defendants' Motion for Leave to File their First Amended Answer and Counterclaims. Dkt. 121 (the "Motion"). As previously explained, all necessary Parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. 90 at 1. The Court has determined that the Motion is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Parties' briefing, the relevant law and the record in this action, the Court **GRANTS** Defendants' request. Defendants have leave to file the proposed amended answer at Dkt. 121-1.

## I.    BACKGROUND

The factual background of this dispute, as alleged by Sylabs, has been described in this Court's prior orders. *See* Dkts. 59 at 1-4, 80 at 2, 90 at 2. Relevant to the Motion, Sylabs alleges that, "wanting to fast-track their own company in the industry, several Defendants who were then employed by Sylabs resigned, took Sylabs' non-public information from its servers, founded Defendant CTRL IQ, Inc. d/b/a CIQ ("CIQ") … and patented technologies based on the information they had obtained from Sylabs." Dkt. 90 (summarizing Dkt. 82, the "SAC", ¶¶ 92-115). The key fact underlying this Motion and the Parties arguments is that, on April 29, 2020, Defendant Gregory Kurtzer ("Kurtzer") and Sylabs signed the Waiver, Release and Settlement

Agreement (the "Release") attached to the proposed amended answer as Ex. A. *See* Dkt. 121-1, ¶ 27 and Ex. A.[1]

The procedural history is similarly described in this Court's prior orders. *See* Dkts. 59 at 1-4, 80 at 2, 90 at 2. As relevant here, Defendants filed their first motion to dismiss, raising arguments based in part on the Release, on August 28, 2023. Dkt. 40 (CIQ Defendants' MTD). After months of amendment and further motion practice, on May 19, 2024, Sylabs filed the operative SAC. Dkt. 82. On October 10 Defendants filed their Answer to the SAC. Dkt. 93. An initial case management conference was held on February 11, 2025. Dkt. 107. A dispute is currently pending regarding the sufficiency of Sylabs' trade secret identification statement pursuant to California Code of Civ. P. § 2019.210 (the "2019.210 Statement"), and the Court has stayed all discovery related to trade secrets pending resolution of that dispute. *See* Dkts. 128, 134.

On March 13, 2025, Defendants timely filed their original motion seeking leave to amend; Defendants then filed a corrected motion, the Motion, early on March 14, 2025, which the Court deemed timely and accepted for consideration on March 17, 2025. Dkt. 123. Sylabs opposes the Motion, (*see* Dkt. 131), and the Parties completed briefing on April 8, 2025.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, aside from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Leave to amend should ordinarily be granted unless one or more of the following "*Foman* factors" is present: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure

---

[1] While the terms of the Release are confidential, and Defendants have thus filed the Release under seal, the *allegation* that Sylabs and Kurtzer entered into the Release on April 29, 2020 and various general descriptions of what the Release contained are public, as recited in unredacted portions of paragraphs 27-50 of Defendants' redacted proposed amended answer. Dkt. 121-1, ¶¶ 27-50. As explained in the Court's accompanying order, Defendants' attendant motion to seal (Dkt. 124) is **GRANTED**. However, the Court will refer only to public information in this Order in the interest of public access to judicial records. *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents,") (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Nothing in this Order turns on the precise, confidential terms of the Release.

2

to cure deficiencies by amendment; (4) undue prejudice to the opposing party; or (5) futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these factors, it is "prejudice to the opposing party that carries the greatest weight;" it is "the touchstone of the inquiry." *Id.* (internal quotations and citations omitted). However, "a strong showing of any of the remaining factors" may also warrant denial of leave to amend. *Id.*

### III. DISCUSSION

In opposing Defendants' Motion, Sylabs does not contest the "prior amendments" or "futility" *Foman* factors. *See* Dkt. 132. Instead, Sylabs focuses on (1) undue delay, (2) bad faith and (3) prejudice. *Id.* The Court addresses each factor in turn.

#### A. Undue Delay

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. 06-cv-03359 JF (RS), 2009 WL 667171, at *3 (N.D. Cal. Mar. 10, 2009) (quoting *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)). "Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (internal quotations and citations omitted). Here, Sylabs argues that Defendants' counterclaims are based entirely upon the Release and that Defendants knew about the Release nearly five years prior to the Motion because Defendant Kurtzer signed the Release on April 29, 2020. Dkt. 132 at 4-5.

Defendants do not contest the factual basis for Sylabs' argument—that they knew about the Release years ago or that it was first placed at issue in this litigation one and a half years ago in Defendants' first motion to dismiss—but instead argue that, because they complied with the Court's deadline to seek leave to amend, they cannot be found to have unduly delayed. Dkt. 133 at 6-7. Defendants argue that "compliance with the Court-ordered schedule cannot constitute delay." *Id.* at 6. The Ninth Circuit has squarely rejected this "timely-by-court-order" argument:

> By [Defendants'] reasoning, a district court initially has the discretion

> to determine whether a motion for leave to amend is prejudicial, made in bad faith, *would cause undue delay*, or is futile under Rule 15(a); but once the district court sets a schedule for pretrial motions pursuant to Rule 16(b), the court must accept all 'timely' motions filed before the court-appointed deadline. … In assessing timeliness, *we do not merely ask whether a motion was filed within the period of time allotted by the district court* in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953-54 (9th Cir. 2006) (rejecting the dissent's reasoning, to which Defendants' reasoning is similar) (emphasis added). The Ninth Circuit has found several times that a delay of seven months or eight months was undue where it was unexplained, *e.g.* by the discovery of new facts. *E.g.*, *id.* (seven months); *AmerisourceBergen*, 465 F.3d at 953 (9th Cir. 2006) (We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.").

Simply put, even though the Motion was timely under this Court's scheduling order, it was nonetheless unreasonably delayed as compared to when Defendants learned about the Release (April 29, 2020 (five years)) or first began to litigate the Release (August 28, 2023 (one and a half years)) or included affirmative defenses based on the Release in their original answer (October 10, 2024 (five months)). Such a delay is undue considering the actual litigation over the Release in this case and Defendants' complete lack of explanation for their delay. *See Jackson*, 902 F.2d at 1388; *AmerisourceBergen*, 465 F.3d at 952 (9th Cir. 2006). However, no matter how frustrating this undue delay may be, because "delay alone will not justify the denial of leave to amend," (*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)), this Court must examine whether prejudice or bad faith are also present.

**B.   Bad Faith**

Sylabs argues that Defendants' request to add counterclaims is made in bad faith. Dkt. 132 at 9-10. However, Sylabs merely points back to the undue delay and to comments by courts in this district that "[e]xamples of bad faith have included—but are not limited to—instances in which a party makes a claim without alleging any newly discovered facts…." *Id.* at 9 (quoting *Ponten Spirit Holding AB v. Automile, Inc.*, No. 18-cv-05096-EDL, 2019 WL 7819472, at *4 (N.D. Cal. June 6, 2019) and *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159

4

(N.D. Cal. 2010)).

Notably, neither *Ponten* nor *Stearns* found bad faith in their respective circumstances. *Ponten*, 2019 WL 7819472, at *4; *Stearns*, 763 F. Supp. 2d at 1159. Here the Court cannot say that merely because Defendants delayed in bringing their counterclaims, even given undue delay, Defendants did so in bad faith. Nor is there any suggestion, beyond Sylabs' speculation, that Defendants have "delay[ed the] assertion of an affirmative defense [or counterclaim] for the purpose of forcing a party to incur unnecessary expenses," as would demonstrate bad faith. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Accordingly, there is no evidence of bad faith behind Defendants' delay.

### C.   Prejudice

Sylabs claims prejudice in three notable ways: delay, significant change to the proceedings and prejudice to Sylabs' ability to assert its own claims. First, Sylabs argues that, because of Defendants' delayed motion, there will be a need to "delay the proceedings." Dkt. 132 at 5-6. Given the current posture of the litigation, Sylabs' predictions are unfounded. Fact discovery does not close until December 31, 2025, and to date very little discovery has been conducted due to the pending dispute over Sylabs' 2019.210 Statement. *See* Dkt. 128 (staying "all discovery related to trade secrets … pending Plaintiff's [2019.210 statement] amendment."). Second, Sylabs argues that Defendants' proposed counterclaims "would greatly change the nature of the litigation." Dkt. 132 at 6 (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Slyabs' contention as to the nature of the counterclaims is not credible when, as Sylabs itself points out, the Release and related issues have been part of this case as potential defenses since the proverbial day one such that the Parties will litigate these issues regardless. Neither of these reasons support a finding of prejudice to Sylabs.

Sylabs' final argument is that, while Defendants are now adding breach of contract claims based on the Release, Sylabs forwent the opportunity to do the same based on preemption concerns it perceived in the Court's Order regarding Defendants' motion to dismiss the first amended complaint. *See* Dkt. 132 at 7-8 (citing Dkt. 80). However, there is nothing about *Defendants'* proposed counterclaims that prejudices Sylabs if its decision not to pursue contract

claims was based on its reading of the *Court's* prior ruling.[2]  Indeed, if Sylabs believed that breach-of-contract and intentional-misrepresentation claims were preempted and chose not to assert them, it remains free to challenge Defendants' counterclaims on such grounds.  There is also no prejudice to Sylabs because, in its answer to Defendants' new counterclaims, Sylabs is free to press its breach-of-contract or intentional misrepresentation theories as affirmative defenses (if it believes they are not preempted and can do so in good faith).  Accordingly, there is no prejudice to Sylabs based upon Defendants' proposed amendment.

## IV. CONCLUSION

Accordingly, the Court has considered the *Foman* factors and finds, although there is evidence of undue delay, there is no evidence of bad faith by Defendants or prejudice to Sylabs.  Because "delay alone is not sufficient to justify the denial of a motion requesting leave to amend" and because "rule 15's policy favoring amendments to pleadings should be applied with extreme liberality," (*DCD Programs*, 833 F.2d at 186-187), this Court will **GRANT** the Motion.  Defendants may file the proposed amended answer (at Dkt. 121-1) **no later than May 28, 2025.**

**SO ORDERED.**

Dated: May 7, 2025.

SUSAN VAN KEULEN
United States Magistrate Judge

---

[2] As the Court explained in its prior order, it did not reach the question of whether CUTSA preemption applied to Sylabs' breach-of-contract and intentional-misrepresentation claims.  Dkt. 80 at 17 n.5.