UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLABS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY ROSE, et al.,<br><br>    Defendants. | Case No. 23-cv-00849-SVK<br><br>**ORDER RE SECOND AMENDED 2019.210 STATEMENT**<br><br>Re: Dkt. No. 134 |

The dispute arising out of Plaintiff's 2019.210 statement continues with Plaintiff's Second Amended 2019.210 statement. Dkt. 134 ("Joint Statement"); Dkt. 134-1 ("Amended 2019.210 Statement"). The Court has reviewed the Parties' submissions, the relevant litigation history, including transcripts of prior proceedings (Dkt. 129) and this Court's previous order regarding Plaintiff's 2019.210 statement (Dkt. 128, "Previous Order") and relevant law. The Court determines that the remaining issues may be addressed without oral argument. Civ. L.R. 7-1(b).

The Court finds that, except as noted herein, the Amended 2019.210 Statement complies with the Previous Order. Significantly, Sylabs now claims only Fuzzball trade secrets and has withdrawn its claims regarding Sylabs' SIF and Armored Containers technologies. Amended 2019.210 Statement at 2. For ease of reference, the Court sets forth its specific conclusions as to each section of the Amended 2019.210 Statement below.

    **A. Section C: Sylabs' Trade Secrets Were Secret Until . . . .**

Sylabs has adequately identified March 23, 2020 as the line of demarcation between when Sylabs kept its Fuzzball technology secret and when the technology was allegedly published by Defendant Kurtzer. Amended 2019.210 Statement at 5. The Parties' dispute regarding this line of demarcation, argued in the Joint Statement, is a proper subject for discovery.

In addressing publication, Sylabs also makes a general reference to certain patent

applications filed by Defendants. Amended 2019.210 Statement at 6. Sylabs does not appear to be relying on the patent applications as a means of defining Fuzzball trade secrets, and such a general reference would not satisfy section 2019.210. Accordingly, Sylabs may not rely upon the patent applications to *establish* its trade secrets. Whether and to what extent Sylabs claims that its Fuzzball trade secrets (as described herein along with the necessary clarification identified below) were *published* in Defendants' patent applications is a proper subject for discovery.

**B. Section D: Sylabs' Trade Secrets**

1. Sylabs' "Background" section of the Amended 2019.210 Statement, paragraphs 1-6, provide context only and do not define the Fuzzball trade secrets.[1]

2. Sylabs adequately describes the Fuzzball concept, as directed in the Previous Order, in paragraphs 7, 9, 12 and 13. The remaining paragraphs, 8, 10-11, provide context only.

3. Sylabs' narrative description of Fuzzball's functions in paragraphs 16 and 18 inform, but do not complete, an adequate description of the disputed functionality. Paragraphs 14-15 and 17 provide context only.

4. Sylabs' description of Fuzzball functionality in paragraphs 19-29 inform, but do not complete, an adequate description of the disputed functionality.

5. Sylabs' citations to file directories and source code in paragraphs 31-48 as only examples of the disputed Fuzzball technology are problematic, thus Defendants' complaint that Sylabs uses open-ended language is well taken. Mere examples of offending source code are not enough. Sylabs' claims relating to source code are further complicated by the Joint Statement where Sylabs appears to assert that *all* Fuzzball-related source code is a trade secret, stating that "Fuzzball's source code is open to the world to view at GitHub at the following publicly accessible links . . . ." Joint Statement at 9. Defendants, and the Court, need to know the full scope of the source code that Sylabs claims as a trade secret.

Accordingly, **no later than May 16, 2025, Sylabs is to file a Statement of Clarification**

---

[1] Defendants ask the Court to strike all background/marketing narratives. The Court prefers to identify the paragraphs that describe the trade secrets with sufficient particularity pursuant to the Previous Order and Cal. Civ. C. § 2019.210. The paragraphs so identified will provide the parameters for discovery going forward.

**of 2019.210 Statement** stating whether 1) the specific citations in paragraphs 31-48 of the Amended 2019.210 Statement reflect all of the Fuzzball functionality that Sylabs claims as trade secrets; or 2) Sylabs is claiming all of the Fuzzball source code provided at the links on page 9 of the Joint Statement as a trade secret.  If the latter, Sylabs is to re-state the links in the Statement of Clarification.

If the Court determines that the Statement of Clarification comports with its instructions above, it will an issue an order accepting the Amended 2019.210 Statement, together with this Order and the Statement of Clarification, as satisfying the requirements of Cal. Civ. C. § 2019.210 and lifting the stay on trade-secret related discovery.

**SO ORDERED.**

Dated: May 9, 2025

SUSAN VAN KEULEN
United States Magistrate Judge