1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

SYLABS, INC.,                                      Case No.  23-cv-00849-SVK

8
                    Plaintiff,

9
        v.                                         **ORDER RE DISCOVERY DISPUTE AT
                                                   DKT. 161;  SETTING DISCOVERY
10
GREGORY ROSE, et al.,                              HEARING**

11
                    Defendants.                    Re: Dkt. No. 161

12          Before the Court is the Parties' Joint Submission wherein Defendants complain about

13   deficiencies in Plaintiff's document production and interrogatory responses.  Dkts. 161 (Joint

14   Submission), 161-1 (Joint Chart).  The Court has reviewed the disputed issues and the arguments

15   of counsel and **ORDERS** the Parties to proceed as follows in preparation for **a discovery hearing

16   via videoconference on January 27, 2026 at 10:00 a.m**.  All engagements ordered below are to

17   be conducted by <u>counsel with personal knowledge of the issues in dispute and with full authority

18   to negotiate and compromise</u> at the time of the engagement.

19      1.   **In re Plaintiff's Production of Documents**

20          a.   The issues of missing metadata and unaccounted for custodian productions appear to

21              be largely tied to a failure by Plaintiff to properly manage its ESI production.  **No later

22              than January 13, 2026**, the Parties and third party Consilio are to hold a joint

23              conference to address any open issues regarding Consilio working with Plaintiffs to

24              enable Plaintiffs to make a full and complete document production in accordance with

25              the Federal Rules of Civil Procedure, the ESI Order (Dkt. 112) and this Order,

26              including correcting past productions and facilitating the remaining productions

27              ordered herein.  The conference shall include specific information supplied by Plaintiff

28              as to volume and format of documents, a reasonable estimate of time to completion by

United States District Court
Northern District of California

Consilio and any other issues either Party identifies in preparation for or in the course of the production.

b. There also appears to be a separate issue of Plaintiff failing to conduct the requisite diligent search for documents. **No later than January 22, 2026,** Plaintiff must complete its review and supplemental production for each request for documents for which Plaintiff has represented to the Court that it "will make another search and provide a supplemental response to this request and will produce any additional documents located that are responsive to this request." Dkt. 161-1. Plaintiff's supplemental responses <u>must be verified</u>, even though verification of responses to document requests is not required by Fed. R. Civ. Proc. 34. If a date for production of responsive documents is subject to Consilio's schedule as noted in (a) above, the Consilio date shall control, except the date for verified supplemental responses shall not change.

c. Defendants complain of over-redaction, production of incomplete documents and partial screen shots. Dkt. 161 at 3-4. No specific documents are identified or addressed in the dispute chart. Accordingly, **no later than January 15, 2026**, the Parties are to meet and confer regarding specific documents at issue. <u>All Parties are admonished that privilege is the only proper ground for redaction and any such redaction must be accounted for on a privilege log which conforms with this Court's standing order.</u> A supplemental production by Plaintiff resulting from the Parties' meet and confer efforts is to be completed **no later than January 22, 2026**. If, however, a date for production of responsive documents is subject to Consilio's schedule as noted in (a) above, the Consilio date shall control.

d. Defendants' document requests directed to support for the Tarbell declaration are **DENIED without prejudice**. At this juncture, the Parties' focus must be on the completion of fact discovery, including production of documents and depositions. While the Tarbell declaration may overlap with issues in fact discovery, Defendants will have ample opportunity to explore the Tarbell declaration, and all support

therefore, in the course of expert discovery.

e.   The Court is alarmed that Plaintiff, who bears the burden of proof in this action, has allowed its inadequate production—particularly as it relates to essential metadata—to exist for the better part of the discovery period in this case.  The Court will continue to evaluate the prejudice not only to Defendants but to the Court resulting from Plaintiff's lack of diligence.  However, Defendants are not given leave to address this issue further at this time.

**2.   In re Plaintiff's Interrogatory Responses**

The Court refers the Parties to **Attachment A** hereto which reflects the Courts rulings as the disputed interrogatories.  **No later than January 22, 2026,** <u>verified</u>, supplemental responses are to be served by Plaintiff where required by Attachment A.

**3.   Meet and Confer re Discovery Schedule; Status Report to the Court**

In consideration of the foregoing orders and the impending close of fact discovery, the Parties are to meet and confer regarding the case schedule.  **No later than 12:00 p.m. on January 26 2026,** the Parties are to file a short, joint status report informing the Court of the following:

1.   Whether the Parties renew their December 5 request for modest adjustments to the case schedule (Dkt. 160) or propose further extensions;

2.   The status of Plaintiff's document productions pursuant to sections 1(a)-(c) above;

3.   The status of Plaintiff's supplemental responses pursuant to sections 1(b) and 2 above; and

4.   Whether there are issues that it would be productive to address on January 27, 2026 or whether the Parties request that the hearing be continued or vacated.

**SO ORDERED.**

Dated: January 12, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

# ATTACHMENT A

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

I.    <u>**Sylabs' Responses to CIQ's Interrogatories**</u>

| <u>Request</u> | <u>Response</u> | <u>Defendants' Proposed Compromises</u> | <u>Sylabs' Proposed Compromises</u> | <u>Court's Use Only</u> |
|---|---|---|---|---|
| <u>CIQ ROG No. 20</u>:  For each Request For Admission propounded by Defendants in this Action that You deny, identify all facts for the basis of Your denial. | Responding Party provides the following supplemental responses:<br><br>[Sylabs responses to RFA Nos. 13, 19, 22-28, 32-37, 41-42, 44 are included below] | Sylabs supplemental response continues to fail in identifying all facts for the basis of its denial to RFA Nos. 13, 19, 22-28, 32-37, 41-42, 44, as described below.<br><br>It is imperative that Sylabs comply with its discovery obligations because many of these admissions relate to key issues in this action, such as whether the Release was entered into under fraudulent conditions<br><br>Sylabs must supplement its Response to CIQ ROG No. 20 to identify all facts for the basis of its denials to RFA Nos 13, 19, 22-28, 32-37, 41-42, 44. | | *See* substantive rulings relating to each request, below. |
| <u>CIQ ROG No. 20 – RFA No. 13</u>:  "Admit that Jonathan Dooley was the Chief | Jonathan Dooley was the Chief Financial Officer of and shareholder in R-Stor, Inc., but not Sylabs. There was no employment relationship | This response is contradicted by Dooley's signature of the Release as "Sylabs" CFO.  The empty assertion falls far short of | <u>**NOTE:**</u> Defendants' request for judicial intervention is <u>not</u> ripe for judicial review. Specifically,  such intervention is unnecessary | Request **DENIED**.  Plaintiff's answer is sufficient. |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| Financial Officer of Sylabs in March and April 2020." | between Mr. Dooley and Sylabs. It appears that Mr. Dooley may have acted informally to assist Sylabs through his position as R-Stor, Inc.'s Chief Financial Officer. | identifying "all" facts for the basis of the denial, including what Sylabs means by "acted informally" and to what end Dooley "assisted" Sylabs.<br><br>Sylabs must immediately supplement its response to state all facts regarding Jonathan Dooley's role at Sylabs in March and April 2020. | because Sylabs has not refused to provide a response. Specifically, Sylabs has provided a valid response. It is a response with which Defendants disagree, but that does not make it an improper or inappropriate response. Defendants will be able to seek clarification (assuming it exists) during their deposition of Sylabs' Rule 30(b)(6) representatives. Further, the response rejects the premise by providing a specific response as to why Mr. Dooley was not Sylabs' chief financial officer. Of course, if Mr. Dooley was NOT the chief financial officer of Sylabs at the time of the execution of the Release, then the Release is unenforceable against Sylabs because no person with authority signed it on behalf of Sylabs. The burden of proof establishing the enforceability of the Release | |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | | | is with Defendants, not Sylabs. | |
| CIQ ROG No. 20 – RFA No. 19:  Admit that You voluntarily entered into the Release. | Sylabs has reconsidered its previous response to this request (set forth here) and stands on its original response: The Release is unenforceable because it was the product of fraud and contrary to public policy. Thus, Sylabs did not voluntarily enter into any Release. | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.  Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.  Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK        Attachment A re Disputed Discovery Requests and Responses

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| CIQ ROG No. 20 – RFA No. 22:  Admit that, as of April 29, 2020, the GK Released Parties in section 3(B) of the Release includes Matthew Hayden | Sylabs admits that the Release reads as follows: "B. [Omitted]." However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. In addition, the Release does not apply to defendant Hayden. Further, the Release, including section 3(B), is unenforceable because it was the product of fraud and contrary to public policy. Finally, defendant Hayden neither signed nor was a party to the Release, and section 3(B) of the Release does not identify or include defendant Hayden in its language. Finally, the Court has indicated that defendant Hayden does not have standing to enforce the Release (Dkt. 152, Sealed), and, therefore, he is not covered by the Release. | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.

Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.

Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendant Hayden is not covered by the Release. | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing facts underlying the asserted denial **due no later than January 22, 2026**. |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| CIQ ROG No. 20 – RFA No. 23: Admit that, as of April 29, 2020, the GK Released Parties in section 3(B) of the Release includes CIQ. | Sylabs has reconsidered its previous response to this request (set forth here) and stands on its original response: Sylabs admits that the Release reads as follows: "B. [Omitted]." However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. In addition, the Release, including section 3(B), is unenforceable because it was the product of fraud and contrary to public policy. Finally, defendant CIQ neither signed nor was a party to the Release, and section 3(B) of the Release does not identify or include defendant CIQ in its language. | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.<br><br>Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.<br><br>Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendant CIQ is not covered by the Release. | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| CIQ ROG No. 20 – RFA No. 24:  Admit that, as of April 29, 2020, the GK Released Parties in section 3(B) of the Release includes Gregory Kurtzer | Sylabs admits that the Release reads as follows: "B. [Omitted]." Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. In addition, the Release, including section 3(B), is unenforceable because it was the product of fraud and contrary to public policy. | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.

Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.

Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendant Kurtzer is not covered by the Release. | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| CIQ ROG No. 20 – RFA No. 25: Admit that pursuant to section 3 of the Release, You released and forever discharged the GK Released Parties from all claims "arising out of or relating to any of the acts, omissions, or other conduct prior to and including" April 29, 2020. | Sylabs admits that the Release reads as follows: "B. [Omitted]." Sylabs further admits that defendant CIQ neither signed nor was a party to the Release, and section 3(B) of the Release does not identify or include defendant CIQ in its language. Sylabs admits that defendant Hayden neither signed nor was a party to the Release, and section 3(B) of the Release does not identify or include defendant Hayden in its language. Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. In addition, | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.<br><br>Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.<br><br>Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that the GK Released Parties are not released from all claims "arising out of or relating | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

8

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | the Release, including section 3, is unenforceable because it was the product of fraud and contrary to public policy. | to any of the acts, omissions, or other conduct prior to and including" April 29, 2020. | | |
| CIQ ROG No. 20 – RFA No. 26:  Admit that pursuant to section 3 of the Release, You released and forever discharged Gregory Kurtzer from all claims "arising out of or relating to any of the acts, omissions, or other conduct prior to and including" April 29, 2020. | Sylabs admits that the Release reads as follows: "B. [Omitted]."  Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. In addition, the Release, including section 3, is unenforceable because it was the product of fraud and contrary to public policy. | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.<br><br>Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.<br><br>Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing facts underlying the asserted denial **due no later than January 22, 2026**. |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---------|----------|----------------------------------|------------------------------|------------------|
| | | all facts supporting its position that Defendant Kurtzer is not released from all claims "arising out of or relating to any of the acts, omissions, or other conduct prior to and including" April 29, 2020. | | |
| CIQ ROG No. 20 – RFA No. 27: Admit that pursuant to section 3 of the Release, You released and forever discharged Matthew Hayden from all claims "arising out of or relating to any of the acts, omissions, or other conduct prior to and including" April 29, 2020. | Sylabs admits that the Release reads as follows: "B. [Omitted]." However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. In addition, the Release does not apply to defendant Hayden. Further, the Release, including section 3, is unenforceable because it was the product of fraud and contrary to public policy. Finally, defendant Hayden neither signed nor was a party to the Release, and section 3 of the Release does not identify or include defendant Hayden in its language. Finally, the Court has indicated that defendant Hayden does not have standing to enforce the Release (Dkt. | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.\n\nGiven the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.\n\nSylabs must immediately supplement its response to state all facts supporting its position that the Release | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing facts underlying the asserted denial **due no later than January 22, 2026**. |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| 152, Sealed), and, therefore, he is not covered by the Release | was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendant Hayden is not released from all claims "arising out of or relating to any of the acts, omissions, or other conduct prior to and including" April 29, 2020. | | | |
| CIQ ROG No. 20 – RFA No. 28:  Admit that pursuant to section 3 of the Release, You released and forever discharged CIQ from all claims "arising out of or relating to any of the acts, omissions, or other conduct prior to and | Sylabs admits that the Release reads as follows: "B. [Omitted]."  Sylabs further admits that defendant CIQ neither signed nor was a party to the Release, and section 3 of the Release does not identify or include defendant CIQ in its language. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. In addition, the Release, including section 3, is unenforceable because it was the product of fraud and contrary to public policy. | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.<br><br>Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations. | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          **Attachment A re Disputed Discovery Requests and Responses**

| **Request** | **Response** | **Defendants' Proposed Compromises** | **Sylabs' Proposed Compromises** | **Court's Use Only** |
|---|---|---|---|---|
| including" April 29, 2020. | | Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendant CIQ is not released from all claims "arising out of or relating to any of the acts, omissions, or other conduct prior to and including" April 29, 2020. | | |
| CIQ ROG No. 20 – RFA No. 32: Admit that You agreed in section 7 of the Release that, as of April 29, 2020, the GK Released Parties "are free to compete or develop any information, inventions, | Sylabs admits that Section 7 of the Release reads, in part, as follows: ". . . are free to compete or develop any information, inventions, programs, processes, services and products without any claim or interference from the other parties." Sylabs further admits that defendant CIQ neither signed nor was a party to the Release, and the above-referenced Section 7 of the Release does not identify or | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.<br><br>Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

| **Request** | **Response** | **Defendants' Proposed Compromises** | **Sylabs' Proposed Compromises** | **Court's Use Only** |
|---|---|---|---|---|
| programs, processes, services and products without any claim or interference from the other parties." | include defendant CIQ in its language. Sylabs admits that defendant Hayden neither signed nor was a party to the Release, and the above-referenced Section 7 of the Release does not identify or include defendant Hayden in its language. Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that Defendants are free to utilize Sylabs' trade secrets to compete against Sylabs. In addition, since Defendants unlawfully stole Sylabs' trade secrets, | that position is a bad faith attempt to avoid its discovery obligations.<br><br>Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendants are not "free to compete or develop any information, inventions, programs, processes, services and products without any claim or interference from the other parties." | | |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          **Attachment A re Disputed Discovery Requests and Responses**

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | inventions, programs, processes, services, customer information, financial information, and products, Sylabs further denies that Defendants are free to utilize Sylabs' trade secrets, inventions, programs, processes, services, customer information, financial information, and products to market or develop products or services. In addition, the Release, including the above-referenced portion of Section 7, is unenforceable because it was the product of fraud and contrary to public policy. | | | |
| CIQ ROG No. 20 – RFA No. 33:  Admit that You agreed in section 7 of the Release that, as of April 29, 2020, "[n]othing in this [Release] will be construed as a | Sylabs admits that Section 7 of the Release reads, in part, as follows: ". . . "[n]othing in this [Release] will be construed as a representation or agreement to restrict or in any manner affect or limit any party's present or future business activities." Sylabs further admits that defendant CIQ neither signed nor was a party to the Release, and the above- | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion. <br><br> Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026.** |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| representation or agreement to restrict or in any manner affect or limit any party's present or future business activities. | referenced Section 7 of the Release does not identify or include defendant CIQ in its language. Sylabs admits that defendant Hayden neither signed nor was a party to the Release, and the above-referenced Section 7 of the Release does not identify or include defendant Hayden in its language. Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that Defendants are free to utilize Sylabs' trade secrets to compete against Sylabs or conduct future | fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.<br><br>Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy. | | |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | business activities. In addition, since Defendants unlawfully stole Sylabs' trade secrets, inventions, programs, processes, services, customer information, financial information, and products, Sylabs further denies that Defendants are free to utilize Sylabs' trade secrets, inventions, programs, processes, services, customer information, financial information, and products to market or develop products or services, or to conduct future business activities. In addition, the Release, including the above-referenced portion of Section 7, is unenforceable because it was the product of fraud and contrary to public policy. | | | |
| CIQ ROG No. 20 – RFA No. 34: Admit that You agreed in section 8 of the Release that, as of April 29, | Sylabs admits that Section 8 of the Release reads, in part, as follows: ". . . are free to . . . solicit or attempt to solicit for employment or hire any personnel in any capacity from any Party." Sylabs further | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion. | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

| **Request** | **Response** | **Defendants' Proposed Compromises** | **Sylabs' Proposed Compromises** | **Court's Use Only** |
|---|---|---|---|---|
| 2020, the GK Released Parties "are free to . . . solicit or attempt to solicit for employment or hire any personnel in any capacity from any Party." | admits that defendant CIQ neither signed nor was a party to the Release, and the above-referenced Section 8 of the Release does not identify or include defendant CIQ in its language. Sylabs admits that defendant Hayden neither signed nor was a party to the Release, and the above-referenced Section 8 of the Release does not identify or include defendant Hayden in its language. Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that Defendants | Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.<br><br>Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendants are not "free to . . . solicit or attempt to solicit for employment or hire any personnel in any capacity from any Party." | | |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | are free to utilize Sylabs' trade secrets, employee information, independent contractor, joint-venture information, collaboration information, consultant information, advisor information, customer information, financial information, or other staff information unlawfully obtained. In addition, since Defendants unlawfully stole Sylabs' trade secrets, employee information, independent contractor, joint-venture information, collaboration information, consultant information, advisor information, customer information, financial information, or other staff information unlawfully obtained, Sylabs further denies that Defendants are free to utilize that information to solicit or attempt to solicit for employment or hire any personnel in any capacity from Sylabs. In addition, the Release, including the above- | | | |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | referenced portion of Section 8, is unenforceable because it was the product of fraud and contrary to public policy. | | | |
| CIQ ROG No. 20 – RFA No. 35: Admit that You agreed in section 8 of the Release that, as of April 29, 2020, the GK Released Parties "are free to . . . solicit business from, or offer to provide products or services that are similar to any product or service provided or that could be provided by any other Party or that are otherwise competitive with the business of any other Party, | Sylabs admits that Section 8 of the Release reads, in part, as follows: ". . . are free to . . . solicit business from, or offer to provide products or services that are similar to any product or service provided or that could be provided by any other Party or that are otherwise competitive with the business of any other Party, any customer of another Party." Sylabs further admits that defendant CIQ neither signed nor was a party to the Release, and the above-referenced Section 8 of the Release does not identify or include defendant CIQ in its language. Sylabs admits that defendant Hayden neither signed nor was a party to the Release, and the above-referenced Section 8 of the Release does not identify or include defendant Hayden in its language. Sylabs further | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.

Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.

Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| any customer of another Party." | admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that Defendants are free to utilize Sylabs' trade secrets, customer information, or financial information to solicit business from, or offer to provide products or services that are similar to any product or service provided or that could be provided by Sylabs or to conduct future business activities. In addition, since Defendants unlawfully stole Sylabs' trade secrets, inventions, programs, processes, services, customer | all facts supporting its position that Defendants are not "free to . . . solicit business from, or offer to provide products or services that are similar to any product or service provided or that could be provided by any other Party or that are otherwise competitive with the business of any other Party, any customer of another Party." | | |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          **Attachment A re Disputed Discovery Requests and Responses**

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | information, financial information, and products, Sylabs further denies that Defendants are free to utilize Sylabs' trade secrets, customer information, or financial information to solicit business from, or offer to provide products or services that are similar to any product or service provided or that could be provided by Sylabs, or to conduct future business activities. In addition, the Release, including the above-referenced portion of Section 8, is unenforceable because it was the product of fraud and contrary to public policy. | | | |
| CIQ ROG No. 20 – RFA No. 36:  Admit that the Release applies to Your allegation in paragraph 118 of the Complaint that "on March 18, 2020, defendant Greg | Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.  Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| Kurtzer commenced recruiting future employees and engineers, and solicited job applicants for defendant CIQ." | through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that Defendants were free to recruit Sylabs' employees and engineers to leave Sylabs with defendant Kurtzer and move to work at CIQ. The Release is unenforceable because it was the product of fraud and contrary to public policy. In addition, Requesting Party attaches an improper and incorrect scope, interpretation, and application of the Release. Further, neither defendant Hayden nor defendant CIQ signed or was a party to the Release. | was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.<br><br>Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendants were not "free to recruit Sylabs' employees and engineers to leave Sylabs with defendant Kurtzer and move to work at CIQ." | | |
| <u>CIQ ROG No. 20 – RFA No. 37</u>:  Admit that the Release applies to Your allegation in paragraph 121 of the Complaint | Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.<br><br>Given the central nature of the Release to the issues in | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| that that "Greg Kurtzer arranged for all sales inquiries and purchase requests to be held until April 1, 2020, when he would no longer be employed by Sylabs, and directed those sales inquiries and purchase requests to his Personal Email Accounts." | one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that Defendants were free to interfere with and take and redirect Sylabs' prospective sales, sales inquiries, pending sales inquiries, purchase requests to his personal email accounts. The Release is unenforceable because it was the product of fraud and contrary to public policy. In addition, Requesting Party attaches an improper and incorrect scope, interpretation, and application of the Release. Further, neither defendant Hayden nor defendant CIQ signed or was a party to the Release. | this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.<br><br>Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that the Release does not cover Defendants' alleged "interfere[ence] with and tak[ing] and redirect[ing] Sylabs' prospective sales, sales inquiries, pending sales inquiries, purchase requests to his personal email accounts." | | |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| CIQ ROG No. 20 – RFA No. 41: Admit that You released Gregory Kurtzer for "mov[ing] sales content to his personal Google Drive through Sylabs." | Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that Defendants were free to move sales content to his personal Google Drive through Sylabs. The Release is unenforceable because it was the product of fraud and contrary to public policy. In addition, Requesting Party attaches an improper and incorrect scope, interpretation, and application of the Release | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion. Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations. Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that the Release does not cover Defendants' allegedly "mov[ing] sales content to his personal | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          **Attachment A re Disputed Discovery Requests and Responses**

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | | Google Drive through Sylabs." | | |
| CIQ ROG No. 20 – RFA No. 42:  Admit that You acknowledged in the Release that, as of April 29, 2020, Gregory Kurtzer had 'provided access to [sales content on his Google Drive] to Adam Hughes who will have the ability to restore or move this content as directed by Sylabs. | Sylabs admits that the Release reads, in part, as follows: ". . . provided access to [sales content on his Google Drive] to Adam Hughes who will have the ability to restore or move this content as directed by Sylabs." Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that defendant Kurtzer is free to move or releases from moving Sylabs' sales content, customer information, or financial information off of Sylabs' | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.

Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations.

Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position the release does | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          **Attachment A re Disputed Discovery Requests and Responses**

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| | server then claim that he gave access to his private drive so Responding Party could reacquire the stolen information. In addition, the Release, including the above-referenced portion of the Release, is unenforceable because it was the product of fraud and contrary to public policy. | not cover Defendant Kurtzer allegedly "mov[ing] or release[ing] from moving Sylabs' sales content, customer information, or financial information off of Sylabs' server then claim that he gave access to his private drive so Responding Party could reacquire the stolen information." | | |
| CIQ ROG No. 20 – RFA No. 44:  Admit that You acknowledged in the Release that, as of April 29, 2020, "[n]either GK nor any of his Affiliates have access to any such local backups/copies [of Sylabs Proprietary Information]." | Sylabs admits that the Release reads, in part, as follows: ". . . [n]either GK nor any of his Affiliates have access to any such local backups/copies [of Sylabs  Proprietary Information]." Sylabs further admits that defendant Kurtzer's name appears in the Release and in his deposition Mr. Kurtzer admitted that he signed the Release. During his deposition Mr. Kurtzer further testified that he believed that he was one of the "GK Released Parties" under the Release and was released from all liability through the | Sylabs' improper legal conclusion that the Release was entered into under fraud identifies no facts in support of this conclusion.  Given the central nature of the Release to the issues in this action, and implications of Sylabs' position that the Release was entered into under fraud, Sylabs' refusal to state any facts supporting that position is a bad faith attempt to avoid its discovery obligations. | **COMPROMISE**: Sylabs will prepare a supplemental responsive to this request. | Request **GRANTED**. Supplemental response providing <u>facts</u> underlying the asserted denial **due no later than January 22, 2026**. |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---------|----------|----------------------------------|------------------------------|------------------|
| | Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further admits that defendant Kurtzer's name appears in the Release. However, Sylabs denies that the Release releases anyone from the claims in Sylabs' Complaint. Sylabs further denies that Defendants did not have access to any such local backups or copies of Sylabs' trade secrets or proprietary information. In addition, the Release, including the above-referenced portion of the Release, is unenforceable because it was the product of fraud and contrary to public policy. | Sylabs must immediately supplement its response to state all facts supporting its position that the Release was entered into under fraudulent conditions and/or contrary to public policy, and further identify all facts supporting its position that Defendants retained "access to any such local backups or copies of Sylabs' trade secrets or proprietary information." | | |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          Attachment A re Disputed Discovery Requests and Responses

## II.   Sylabs' Deficient Responses to Kurtzer's Interrogatories

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
| Kurtzer ROG No. 10: Identify and describe all facts and circumstances relating to Giovanni Coglitore's 2019 request and/or promise to compensate R-Stor executives with their end-of-year bonuses via Sylabs equity | Objection: Sylabs has reconsidered its previous response to this request (set forth here) and stands on its original objections:<br><br>1. It is not reasonably calculated to lead to admissible evidence and it is designed to harass and cause harm to Sylabs, and the only possible purpose of this request is to harass and cause hardship to Responding Party and needlessly increase the cost of litigation to Sylabs, as it requests information relating to a company and individuals who are not parties to this Action, i.e., R-Stor, Inc. and its executives, regarding information that is not reasonably related to this Action, i.e., executive compensation of non-parties at a non-party, R-Stor, Inc.<br><br>2. It is not reasonably calculated to lead to admissible | Sylabs' supplemental Response restates only objections with no substantive response.<br><br>Sylabs may not withhold any information on the basis that its Response may contain confidential information because the disclosure of non-party confidential information was contemplated and is governed by the Stipulated Protective Order in this case. See Dkt. 111.<br><br>This information is highly relevant to the claims and defenses in this action because Mr. Coglitore was funneling Sylabs' assets into R-Stor at the same time that Mr. Kurtzer was attempting to infuse capital into Sylabs—ultimately contributing significantly to Mr. Kurtzer's departure from Sylabs and the | **NOTE:** Sylabs stands by its response to this Request. Defendants' request for judicial intervention is <u>not</u> ripe for judicial review. Further, such intervention is unnecessary because Sylabs has not refused to provide a response. Specifically, Sylabs has provided a valid response. It is a response with which Defendants disagree, but that does not make it an improper or inappropriate response. | Request **GRANTED**. The inquiry is within the parameters of relevance and proportionality for purposes of discovery (pursuant to Fed. R. Civ. P. 26) even though it may ultimately not be admissible before a trier of fact (*see* Fed. R. Evid. 401 and 403). Plaintiff is provide a <u>verified</u> supplement response **no later than January 22, 2026.** |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---------|----------|----------------------------------|------------------------------|------------------|
| | evidence because there is no connection between the claims in this Action and anything that a non-party, Giovanni Coglitore, might or might not have done in 2019 at a company that is not a party to this Action, i.e., R-Stor, Inc.<br><br>3. It is not reasonably calculated to lead to admissible evidence because there is no connection between the information sought by this request and the facts reasonably related to this Action as it relates to confidential employee/executive information at a company that is not a party to this Action, i.e., R-Stor, Inc, including information relating to R-Stor, Inc.'s executives, who are also not parties to this Action.<br><br>4. It assumes a fact that is not established, i.e., that a non-party, Giovanni Coglitore, made requests and/or promises to non-parties, i.e., R-Stor, | breakdown of the business relationship. This context is essential to understanding the parties' motivations, the business environment, and any alleged obligations. The fact that R-Stor is a non-party does not absolve Sylabs' discovery obligations.<br><br>Sylabs must immediately its response to identify and describe all facts and circumstances relating to Giovanni Coglitore's 2019 request and/or promise to compensate R-Stor executives with their end-of-year bonuses via Sylabs equity. | | |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---------|----------|----------------------------------|------------------------------|------------------|
|  | Inc.'s executives, regarding executive compensation promised from a non-party company, i.e., R-Stor, Inc.<br><br>5. It is not reasonably calculated to lead to admissible evidence because the information requested is confidential and protected employee information about nonparties, i.e., R-Stor, Inc.'s executives, who are employees at a company that is not a party to this Action, i.e., R-Stor, Inc.<br><br>6. It is not reasonably calculated to lead to admissible evidence because the information requested is confidential and protected employee information about nonparties, i.e., R-Stor, Inc.'s executives, who are employees at a company that is not a party to this Action, i.e., R-Stor, Inc., which Responding Party has no control over or authorization to release. |  |  |  |

*Sylabs, Inc. v. Rose et al.*, Case No. 5:23-cv-00849-SVK          **Attachment A re Disputed Discovery Requests and Responses**

| <u>Request</u> | <u>Response</u> | <u>Defendants' Proposed Compromises</u> | <u>Sylabs' Proposed Compromises</u> | <u>Court's Use Only</u> |
|---|---|---|---|---|
| | 7. It is not reasonably calculated to lead to admissible evidence because Requesting Party's request appears to relate to claims of non-parties to this Action concerning claims that are not reasonably related to the claims in this Action. | | | |
| <u>Kurtzer ROG No. 11</u>: Identify and describe all facts and circumstances relating to Giovanni Coglitore's acquisition of all founder shares in Sylabs. | Objection: Sylabs has reconsidered its previous response to this request (set forth here) and stands on its original objections:<br><br>1. It is not reasonably calculated to lead to admissible evidence and it is designed to harass and cause harm to Sylabs, and the only possible purpose of this request is to harass and cause hardship to Sylabs and needlessly increase the cost of litigation to Sylabs, as it requests information relating to an individual who is not a party to this Action, i.e., Giovanni Coglitore, regarding information that is not | Sylabs' Supplemental Response states only objections with no substantive response<br><br>Sylabs may not withhold any information on the basis that its Response may contain confidential information because the disclosure of non-party confidential information was contemplated and is governed by the Stipulated Protective Order in this case. See Dkt. 111.<br><br>Furthermore, this information is highly relevant to the claims and defenses in this action for | **NOTE:** Sylabs stands by its response to this Request. Defendants' request for judicial intervention is <u>not</u> ripe for judicial review. Further, such intervention is unnecessary because Sylabs has not refused to provide a response. Specifically, Sylabs has provided a valid disagree, but that does not make it an improper or inappropriate response. response. It is a response with which Defendants | Request **GRANTED**. The inquiry is within the parameters of relevance and proportionality for purposes of discovery (pursuant to Fed. R. Civ. P. 26) even though it may ultimately not be admissible before a trier of fact (*see* Fed. R. Evid. 401 and 403). Plaintiff is provide a <u>verified</u> supplement response **no later than January 22, 2026.** |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---|---|---|---|---|
|  | reasonably related to this Action.<br><br>2. It is not reasonably calculated to lead to admissible evidence because there is no connection between the claims in this Action and anything that a non-party, Giovanni Coglitore, might or might not have acquired.<br><br>3. It is not reasonably calculated to lead to admissible evidence because there is no connection between the information sought by this request and the facts reasonably  related to this Action as it relates to confidential information relating to a non-party, Giovanni Coglitore.<br><br>4. It is not reasonably calculated to lead to admissible evidence because Requesting Party's request appears to relate to claims of non-parties to this Action concerning claims that are not reasonably | the same reasons. Mr. Coglitore's acquisition of founder shares in Sylabs is part of the broader pattern of asset diversion and corporate maneuvering that occurred while Mr. Kurtzer was attempting to invest in and support Sylabs. This information is essential to understanding the corporate governance issues, conflicts of interest, and business dynamics that led to Mr. Kurtzer's departure and subsequent founding of Defendant CIQ.<br><br>Sylabs must immediately supplement its response to identify and describe all facts and circumstances relating to Giovanni Coglitore's acquisition of all founder shares in Sylabs. |  |  |

| Request | Response | Defendants' Proposed Compromises | Sylabs' Proposed Compromises | Court's Use Only |
|---------|----------|----------------------------------|------------------------------|------------------|
|         | related to the claims in this Action. |                       |                              |                  |