UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYLABS, INC.,

               Plaintiff,

      v.

GREGORY ROSE, et al.,

               Defendants.

Case No.  23-cv-00849-SVK

**ORDER RE DISCOVERY DISPUTE RE INSPECTION OF SOURCE CODE**

Re: Dkt. No. 166

Before the Court is the Parties' dispute arising out of Plaintiffs' planned inspection of Defendant CTRL IQ, Inc. d/b/a CIQ's ("CIQ") source code.  Dkt. 166.  Specifically, the Parties dispute what information must be exchanged in advance of the inspection.  The Court is very familiar with the litigation history, the operative Protective Order (Dkt. 111) and the relevant law and determines that this matter may be resolved without oral argument. Civil L.R. 7-1(b).

Plaintiff has identified two persons who will inspect source code, Greg Crouse and Ritesh Kayathi.  Plaintiff attests to Mr. Kayathi's role as a member of FTI's Investigation and Technology Advisory Team who:

> is not a consulting or testifying expert;  [] has never been a consulting or testifying expert;  [and] has never offered an opinion, expert, consulting or otherwise.  Mr. Kayathi is a technology researcher at FTI and performs his duties at Mr. Crouse's direction.

Dkt. 166-2 at 2.  From these facts, it is reasonable to infer, as CIQ should have, that Mr. Kayathi is neither an expert nor a consultant within the meaning of section 2.7 of the Protective Order.  He is merely a technical assistant provided by the expert-services firm, a common practice in this Court's experience.  No further information regarding Mr. Kayathi need be provided in advance of his assisting Mr. Crouse with source code inspection.  However, Plaintiff must provide CIQ with Mr. Kayathi's signed Acknowledgement A, if it has not already done so, as ordered below.

United States District Court
Northern District of California

Regarding Mr. Crouse, there is no dispute that he is an "Expert."  As such, pursuant to section 7.4(a)(2) of the Protective Order, Plaintiff must disclose the persons or entities to whom Mr. Crouse has provided professional services in the preceding five years.  Dkt. 111 at 13-14. This provision is intended, and well understood, to require disclosure not only of the expert-services firm who may sign the expert's paycheck, the but the expert-services firm's clients for whom the expert has rendered professional services.  It is this disclosure that allows the producing party to evaluate, and if necessary raise, any risks regarding disclosure of its source code. Additionally, Plaintiff must provide Mr. Crouse's signed Acknowledgement A.  All of the foregoing information is to be provided in accordance with this Order as set forth below.

Finally, the Parties dispute the need for CIQ to provide technical information informally requested by Plaintiff to allow Mr. Crouse to "efficiently and expeditiously" conduct his review of the source code.  Some of the information is detailed and no easier for CIQ to retrieve and provide than it will be for Mr. Crouse to do so at the time of the inspection.  At least a couple of the categories, however, are easily available to CIQ and, at the end of the day, it is in both Parties' interest to have this inspection proceed efficiently so the case can move to resolution. Accordingly, CIQ is to provide Plaintiff with the following information from the list set forth in the Joint Statement:

2. Primary languages/technologies in the codebase (*e.g.*, Java, SQL, Python, etc.);

* * *

4. High-level map of the code repositories.

The Court notes that request no. 1 regarding print-outs is expressly addressed in section 9.8 of the Protective Order which will not be amended here.  *See* Dkt. 111 at 18.  The information above is to be provided as set forth below.

////

////

////

////

////

2

All information ordered herein is to be provided **no later Friday, January 23, 2026**. The Parties may agree to a modest extension of this deadline if necessary. In closing, the Court directs both Parties to Federal Rule of Civil Procedure 1 which requires that the Rules, and by association discovery disputes arising under the Rules, be addressed "to secure the just, speedy and inexpensive determination of every action and proceeding." The Parties can do better in meeting this mandate.

**SO ORDERED.**

Dated: January 21, 2026

SUSAN VAN KEULEN
United States Magistrate Judge