UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYLABS, INC.,

        Plaintiff,

        v.

GREGORY ROSE, et al.,

        Defendants.

Case No.  23-cv-00849-SVK

**ORDER RESOLVING DISCOVERY DISPUTES AT DKTS. 161, 171 AND 172**

Re: Dkt. Nos. 161, 171, 172

Pending before the Court are two discovery disputes.  First, Defendants challenge the sufficiency of Plaintiff's document production writ large.  Dkt. 161.  After the Court ordered certain preliminary measures and a supplemental joint dispute statement in advance of a hearing, (*see* Dkt. 162), Plaintiff made a supplemental production—"Sylabs Production #5"—and Defendants now challenge the sufficiency of that production, (Dkt. 172).  Separately, Defendants seek to compel Plaintiff to provide a further response to two interrogatories, Interrogatory nos. 21 and 23.  Dkt. 171.  These matters came on for hearing on February 12, 2026.  After considering the Parties' submissions and arguments, as well as the record in this matter and the relevant law, the Court stated its reasoning and rulings on the record.  For the convenience of the Court and the Parties, the Court summarizes its rulings herein.[1]

    **A.**    **Dkts. 161 & 172 – Defendants' Challenge to Sylabs' Production #5**

In order to ensure a complete production, the Court **ORDERS** Sylabs to direct Consilio to run **all of the search terms at pages 5-6 of Dkt. 172** on:

////

////

---

[1] In the event the Court's ruling on the record differs from this Order, this Order controls.

United States District Court
Northern District of California

- **All** of the data sources listed at page 5 (*i.e.*, GoogleDrives (both shared and individual), Desktop computers and workstations (work and personal); Laptop and tablet computers (work and personal); External hard drives and flash drives; Cell phones and mobile devices (work and personal); Microsoft 365: OneDrive; Outlook; SharePoint; Teams; Slack; Signal; GChat; Zoom Chat; WhatsApp; Telegram; Facebook Messenger; Instagram Direct Messages; WeChat; Line; Viber; Snapchat; iMessage; SMS/MMS (text messages); all other network shared drives used by Sylabs; and all other cloud servers used by Sylabs) for which they have not yet been run, **including** Slack and text messages **even where such collection requires Sylabs to collect individual laptops and/or cell phones**;

- **For each** of the custodians listed at page 5 (Jason Tuschen, Jason Torey, Giovanni Coglitore, Tony Gaughan, Michael Frisch, Adam Hughes, David Trudgian, Yannick Cote, Ian Kaneshiro, Divya Cote, Michael Bauer, Mike Gray, Satish Chebrolu, Marcelo Magallon, Cederic Clerget, John Dooley, Todd Brouillette, Keith Cunningham, Gregory Kurtzer, Matthew Hayden, and Robert Adolph).

Such production shall include a verification by Sylabs **and** by its vendor, Consilio, that it is complete except where Sylabs was unable to locate or unable to access a certain device or data source; for such cases, Sylabs shall state which device and custodian (*e.g.*, cell phone of Gregory Kurtzer) was not available to it.

Given the stage of litigation, **time is of the essence** and therefore Sylabs shall complete the above supplemental production **by February 26, 2026**.

Defendants' request for discovery sanctions is **DENIED without prejudice.**

**B.      Dkt. 171 – Sylabs' Responses to Interrogatory nos. 21 and 23**

For the reasons stated on the record, the Court finds that Sylabs' responses at this stage are sufficient as to the facts known to it.  Defendants request is **DENIED**.

////

////

////

2

**C.    Case Schedule Adjustment**

Finally, in light of the above ordered production and the request of the Parties, the Court will adjust the case schedule as discussed on the record.  A separate case scheduling order will issue.

**SO ORDERED.**

Dated: February 12, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3