UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYLABS, INC.,

        Plaintiff,

    v.

GREGORY ROSE, et al.,

        Defendants.

Case No.  23-cv-00849-SVK

**FURTHER DISCOVERY ORDER RE DKT. 184**

Re: Dkt. No. 184

Before the Court is the Parties' joint submission of three discovery disputes.  Dkt. 184. This Court previously decided the third dispute, granting Defendants' request for an extension to complete depositions. *See* Dkt. 186.  The Court now turns to the remaining disputes:  (1) Sylabs, Inc.'s ("Sylabs") objection to Defendants Rule 45 subpoena to non-party Nikolai Gallo and (2) Defendants' request to compel Sylabs to supplement its allegedly deficient responses to CTRL IQ, Inc.'s ("CIQ") Interrogatory no. 20, relating to Sylabs' denial of requests for admission ("RFAs") nos. 88-90.  The Court determines that this matter is suitable for resolution without oral argument. Civil L.R. 7-1(b).  Having considered the Parties' submissions, the relevant law and the record in this action, the Court resolves these disputes as follows.

### A.   Sylabs' Objections to the Gallo Subpoena are Overruled

Sylabs' objects to the Rule 45 subpoena on procedural grounds for failing to notice all of the relevant individuals and entities and as irrelevant, overbroad, vague and not proportional to the needs of the case. Dkt. 184 at 4-5.  None of Sylabs' objections, however, explain how **Sylabs** will be harmed, as opposed to the relevant non-Parties (Mr. Gallo and several other non-party entities and individuals).  "In general, a party has no standing to quash a subpoena served upon a third party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Botta v. PricewaterhouseCoopers LLP*, No. 18-CV-02615-RS (LB), 2018 WL

6257459, at *2 (N.D. Cal. Nov. 30, 2018) (collecting cases).  Sylabs makes no such claims.  To the extent there are procedural or substantive issues that implicate a non-party's due process or other rights, (*see* Dkt. 184 at 4-5), the non-parties are the ones with standing to challenge the subpoena.  Here, none of the non-parties have objected.  Dkt. 184 at 6-7 (explaining how Defendants and Mr. Gallo met and conferred to "narrow[] the document requests to minimize any potential burden on Mr. Gallo and to clarify that the requests are limited to non-privileged materials and expressly exclude personnel records.").

Accordingly, Sylabs' objections to the subpoena are **OVERRULED**.

**B.      Defendants' Request to Compel Further a Supplemental Response is Denied**

CIQ's Interrogatory no. 20 directed Sylabs:  "For each Request For Admission propounded by Defendants in this Action that You deny, identify all facts for the basis of Your denial."  Dkt. 184-1 at 18.  The RFAs at issue, nos. 88-90, asked Sylabs to admit that the three components of its asserted Fuzzball trade secret (the "concept," "functions," and "algorithms, software, & source code") were "embodied in open source code" available on GitHub.  *Id.* at 18-40.

Sylabs' supplemental response is a detailed factual narrative describing its contention that the Fuzzball trade secrets is embodied in "source code that was improperly opened sourced to GitHub by defendant Greg Kurtzer on March 26, 2020," but also in various internal whitepapers and in other documents.  *Id.*  Contrary to Defendants' contentions, this response is neither "non-responsive" nor "inconsistent" with the RFAs.  *Contra* Dkt. 184 at 9.  Accordingly, Defendants' request for a further supplemental response is **DENIED**.

**SO ORDERED.**

Dated: March 23, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

2